UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

VIRGIN RECORDS OF AMERICA, INC., et al.,

      Plaintiffs,

v.                               Civ. No. 06-01497 (MJD/RLE)

JAMMIE THOMAS,

      Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT'S STATEMENT OF THE CASE**

Background

    Defendant is a single mother living in greater Minnesota who is the victim of plaintiffs' Soldier of Fortune approach ("Kill them all and let God sort them out.") to digital piracy facilitated by sophisticated peer-to-peer ("P2P") businesses that have long been appropriately dealt with. In hopes of terrorizing the 60 million people who have used P2P networks, plaintiffs' have increasingly harnessed legal machinery, singling out those whom plaintiffs' know cannot afford to defend themselves. Acting through the Recording Industry of Association of America ("RIAA"), 5,460 lawsuits were commenced in 2004. In 2005, new lawsuits were added: in January, 717; in February, 753; in March 753; in April 1,130; in May, 740; and in June, 748.[1]

    On the two-year anniversary of the lawsuit campaign, the record labels had filed 11,561 individual lawsuits against individual music fans. Byron Acohido, "Fed Raid Pounces on Equipment for Digital Piracy," *USA Today*, August 26, 2004. In the majority

---

[1] RIAA press releases: September 30, 2004; January 24, 2005; February 28, 2005; March 23, 2005; April 12, 2005; May 26, 2005; and June 29, 2005.

of these cases the targets settled their cases for amounts ranging between $3,000 and $11,000. They had little choice – even if an individual has a defense, as does defendant in the matter at bar, it is generally more expensive ti hire a lawyer to fight than it would be to settle. Put another way, "Even when you can beat the rap, you can't beat the ride."

This Dispute

       Defendant categorically denies the allegations of the complaint that relate to any allegations that she ever used any P2P network, including Kazaa which has never resided on her computer. Defendant claims entitlement to her attorneys fees and costs pursuant to 17 U.S.C. §505.

Dated: July 24, 2006

Respectfully submitted,

CHESTNUT & CAMBRONNE, P.A

s/ Brian N. Toder
Brian N. Toder, #17869X
3700 Campbell Mithun Tower
222 South Ninth Street
Minneapolis, MN  55402
(651)653-0990
ATTORNEYS FOR DEFENDANT