**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
DULUTH DIVISION**

| | |
|---|---|
| VIRGIN RECORDS AMERICA, INC., a California corporation; CAPITOL RECORDS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; INTERSCOPE RECORDS, a California general partnership; WARNER BROS. RECORDS INC., a Delaware corporation; and UMG RECORDINGS, INC., a Delaware corporation,<br><br>        Plaintiffs,<br><br>vs.<br><br>Jammie Thomas,<br><br>        Defendant. | Case No.: 06cv1497-MJD/RLE<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION OF SPECIFIC FACTS** |

## INTRODUCTION

      This action seeks redress for the infringement of Plaintiffs' copyrighted sound recordings pursuant to the Copyright Act, 17 U.S.C. §§ 101, 106, 501-505. The instant Motion seeks summary adjudication of the following specific issues: (1) Plaintiffs' ownership of the copyrighted Sound Recordings at issue in this case, (2) proper registration of the copyrights in those Sound Recordings, and (3) and Defendant's lack of authorization to copy or distribute the Sound Recordings at issue. Plaintiffs are not seeing summary judgment against Defendant on the issue of Defendant's liability for the infringement of Plaintiffs' copyrights in the Sound Recordings. Rather, Plaintiffs respectfully submit that the Court's ruling on this motion for summary adjudication as to the specific issues above will significantly narrow the issues in this

case and help the parties and the Court avoid the unnecessary expense of litigating issues about which there is no dispute.

## BACKGROUND

Plaintiffs are recording companies that own or control exclusive rights to copyrights in sound recordings, including specifically the twenty-six (26) copyrighted sound recordings identified in Exhibit 1 hereto (the "Sound Recordings").[1] Since the early 1990s, Plaintiffs and other copyright holders have faced a massive and exponentially expanding problem of digital piracy over the Internet. Today, copyright infringers use various online media distribution systems to download (reproduce) and unlawfully disseminate (distribute) to others billions of perfect digital copies of Plaintiffs' copyrighted sound recordings each month. As a direct result of piracy over the P2P networks, Plaintiffs have sustained and continue to sustain financial losses.

On February 21, 2005, Plaintiffs' investigator, SafeNet, Inc., detected an individual using Internet Protocol ("IP") address 24.179.199.117 engaged in the infringement of Plaintiffs' copyrighted sound recordings. This individual was distributing 1,702 digital audio files—many of them Plaintiffs' copyrighted sound recordings—from the KaZaA "shared" folder on her computer. This individual was distributing these audio files for free over the Internet under the username "tereastarr@KaZaA" to potentially millions of other KaZaA users. SafeNet determined that Charter Communications, Inc. was the Internet Service Provider associated with IP address 24.179.199.117. Plaintiffs then filed a "Doe" lawsuit and obtained an order for expedited discovery to determine the identity of the infringer. In response to Plaintiffs' Rule 45

---

[1] The twenty-six copyrighted Sound Recordings in Exhibit 1 are a small subset of the sound recordings identified on Exhibit B to Plaintiffs' Complaint.

subpoena, Charter Communications identified Defendant Jammie Thomas as the subscriber responsible for IP address 24.179.199.117 on February 21, 2005.

The names of each of the 1,702 digital audio files that were being distributed from Defendant's computer are listed in Exhibit B to the Complaint.[2] The twenty-six Sound Recordings listed on Exhibit 1 hereto constitute a sample of the copyrighted works that Defendant infringed for which Plaintiffs are asserting their rights.

Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright of each of the twenty-six Sound Recordings listed on Exhibit 1 hereto. (Palerm Decl. ¶ 3; Cho Decl. ¶ 3; McMullan Decl. ¶ 3; Pariser Decl. ¶ 3.) Plaintiffs properly registered their copyrights in these Sound Recordings before the date that Defendant was found distributing the Sound Recordings for free over the Internet. (Palerm Decl. ¶ 4-5; Cho Decl. ¶ 4-5; McMullan Decl. ¶ 4-5; Pariser Decl. ¶ 4-5.) Plaintiffs at no time granted Defendant any authorization to copy or distribute any of Plaintiffs' copyrighted sound recordings, including the Sound Recordings at issue in this case. (Palerm Decl. ¶ 6; Cho Decl. ¶ 6; McMullan Decl. ¶ 6; Pariser Decl. ¶ 6.)

Plaintiffs respectfully submit that there are no issues of material fact with respect to Plaintiffs' ownership of the copyrighted Sound Recordings, proper registration of the Sound Recordings, and the fact that Defendant never received any authorization to copy or distribute Plaintiffs' Sound Recordings. Registration of the copyrights, in fact, creates a presumption of ownership of those copyrights. Micro Star v. Formgen Inc., 154 F.3d 1107, 1110 (9th Cir.

---

[2] Exhibit B to the Complaint is a copy of the shared folder on Defendant's computer that contained the 1,702 digital audio files that Defendant was distributing to millions of users on a peer-to-peer network at the time Plaintiffs' investigator caught her doing so.

1998); 17 U.S.C. § 410(c). Therefore, Plaintiffs request entry of judgment as a matter of law on these issues.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 56, summary judgment is proper where the moving party demonstrates that no genuine issue exists as to any material fact and it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Rule 56(d) authorizes the district courts, where practicable, to "ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted" and to "make an order specifying the facts that appear without substantial controversy." Fed. R. Civ. P. 56(d); France Stone Co. v Charter Township of Monroe, 790 F. Supp. 707, 710 (E.D. Mich. 1992) (granted motion for partial summary judgment as to facts that were beyond dispute).

Not every factual dispute precludes summary judgment: rather there must be "no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis added). The standards for granting partial summary judgment are the same as those which apply to a motion for summary judgment on all issues in an action. See France Stone, 790 F. Supp. at 710; Rivera v. United States, 2007 U.S. Dist. LEXIS 30960, at *7 (W.D. Tex. 2007).

The moving party bears the initial burden of showing an absence of evidence supporting the nonmoving party's case. Celotex, 477 U.S. at 325. Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter. Id. The nonmoving party may not rest solely on the allegations contained in the pleadings; it must instead designate "specific facts showing there is a genuine issue for trial." Celotex, 477 U.S. at 324; see also Fed. R. Civ. P. 56(e).

**ARGUMENT**

In order to prevail in a copyright action under the Copyright Act, a plaintiff must show: (1) ownership of a valid copyright, and (2) unauthorized copying or distribution of the copyrighted work. Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991) ("To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."); General Universal Sys. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004) ("To establish a prima facie case of copyright infringement, a copyright owner must prove "(1) ownership of a valid copyright, and (2) copying [by the defendant] of constituent elements of the work that are original."). "Reduced to most fundamental terms, there are only two elements necessary to the plaintiff's case in an infringement action: ownership of the copyright by the plaintiff and copying [or public distribution or public display] by the defendant." 4 M. & D. Nimmer, NIMMER ON COPYRIGHT § 13.01, at 13-5 & n.4 (2002) ("NIMMER"). No claim can be brought under the Copyright Act unless the copyrighted work has been registered with the United States Copyright Office. 17 U.S.C. § 411.

In this motion, Plaintiffs request an order finding that no genuine issue of material fact remains regarding Plaintiffs' ownership of the copyrighted Sound Recordings, Plaintiffs' registration of the Sound Recordings with the United States Copyright Office, and the lack of authorization for Defendant's copying and distribution of Plaintiffs' Sound Recordings.

**1.   Plaintiffs Own The Copyrights To The Sound Recordings At Issue.**

Plaintiffs own valid copyrights in each of the twenty-six registered Sound Recordings listed on Exhibit 1 hereto and, thus, have exclusive rights under copyright (e.g., reproduction and distribution rights) in the Sound Recordings. (Palerm Decl. ¶ 3; Cho Decl. ¶ 3; McMullan Decl. ¶ 3; Pariser Decl. ¶ 3.) Defendant has not presented and cannot present any facts to dispute

that Plaintiffs are the owners or licensees of valid copyrights to these Sound Recordings. Indeed, Defendant admitted that she has no evidence to dispute Plaintiffs' ownership of the sound recordings listed on Exhibit A to the Complaint. (See Def.'s Resp. to Request for Admission No. 14, attached as Exhibit 2 hereto.) Consequently, Plaintiffs' ownership of the copyrights for the Sound Recordings at issue is not in dispute.

### 2. Plaintiffs Properly Registered The Copyrights In The Sound Recordings At Issue.

Plaintiffs properly registered the copyrights in the Sound Recordings at issue with the U.S. Copyright Office. (Palerm Decl. ¶ 4-5; Cho Decl. ¶ 4-5; McMullan Decl. ¶ 4-5; Pariser Decl. ¶ 4-5.) Plaintiffs' copyright registration for each of the Sound Recordings was effective prior to the date Defendant was caught distributing them to other Internet users. (Palerm Decl. ¶ 4-5; Cho Decl. ¶ 4-5; McMullan Decl. ¶ 4-5; Pariser Decl. ¶ 4-5.) Here again, Defendant admits that she has no evidence to dispute that Plaintiffs duly registered the sound recordings on Exhibit A to the Complaint prior to the time she downloaded or distributed them. (See Def.'s Resp. to Request for Admission Nos. 16 and 20, attached as Exhibit 2 hereto.) Accordingly, there is no issue of fact regarding whether Plaintiffs properly registered the copyrighted the Sound Recordings at issue before the time of Defendant's infringement.

### 3. Plaintiffs Never Granted Defendant Any Authorization To Copy Or Distribute Plaintiffs' Sound Recordings.

The Copyright Act enumerates the exclusive rights granted to the owner of a copyright. "Engaging in or authorizing any of these categories without the copyright owner's permission violates the exclusive right of the copyright owner and constitutes infringement of the copyright." *Playboy Enters., Inc. v. Frena*, 839 F. Supp. 1552, 1555-56 (M.D. Fla. 1993) (citing 17 U.S.C. § 501(a)). Under the Copyright Act a copyright owner has "exclusive rights ***to do and to authorize*** any of the following: (1) ***to reproduce*** the copyrighted work in copies or

phonorecords; . . . ; (3) *to distribute* copies or phonorecords of the copyrighted work to the public . . . ." 17 U.S.C. § 106(1), (3) (emphasis added). "Anyone who violates any of the exclusive rights of the copyright owner as provided by section[] 106 . . . is an infringer of the copyright." 17 U.S.C. 501(a).

Plaintiffs never in any way granted Defendant any authority to copy or distribute copies of Plaintiffs' Sound Recordings. (Palerm Decl. ¶ 6; Cho Decl. ¶ 6; McMullan Decl. ¶ 6; Pariser Decl. ¶ 6.) Defendant has not put forth and cannot put forth any evidence to show that she at any point received authorization of this sort from Plaintiffs. Defendant, in fact, admits that Plaintiffs never gave her permission to distribute the sound recordings identified on Exhibit A to the Complaint. (See Def.'s Resp. to Request for Admission No. 24, attached as Exhibit 2 hereto.) Accordingly, Defendant's lack of authorization to copy or distribute Plaintiffs' copyrighted Sound Recordings is not in dispute.

## CONCLUSION

For all of these reasons, Plaintiffs respectfully submit that no issues of material fact exist as to the issues of, and request an order finding that, (1) Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright with respect to the Sound Recordings at issue in this case, (2) that the Sound Recordings are and were the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights before the date that Defendant was allegedly found distributing the Sound Recordings over the Internet, and (3) that Plaintiffs did not authorize Defendant to copy or distribute the Sound Recordings. Plaintiffs further request such other relief as the Court deems just and necessary.

A proposed form of order is attached for the Court's convenience.

Respectfully submitted this 24th day of August 2007.

 s/Felicia J. Boyd
 Felicia J. Boyd (No. 186168)
 Laura G. Coates (No. 350175)
 FAEGRE & BENSON LLP
 2200 Wells Fargo Center
 90 South Seventh Street
 Minneapolis, Minnesota 55402-3901
 Telephone: (612) 766-7000
 Facsimile: (612) 766-1600

 Timothy M. Reynolds (pro hac vice)
 David A. Tonini (pro hac vice)
 Andrew B. Mohraz (pro hac vice)
 HOLME ROBERTS & OWEN LLP
 1700 Lincoln, Suite 4100
 Denver, Colorado 80203
 Telephone: (303) 861-7000
 Facsimile: (303) 866-0200

 ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 24, 2007, a copy of the foregoing

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION OF SPECIFIC FACTS** was served upon the Defendant via United States Mail as follows:

BRIAN N. TODER
CHESTNUT & CAMBRONNE, P.A.
3700 Campbell Mithun Tower
222 South 9th Street
Minneapolis, MN 55402
*Attorney for Defendant*

                                                    s/Felicia J. Boyd
                                                    Felicia J. Boyd
                                                    Faegre & Benson LLP
                                                    2200 Wells Fargo Center
                                                    90 South Seventh Street
                                                    Minneapolis, Minnesota 55402-3901

fb.us.2256089.01