## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA
## DULUTH DIVISION

| | |
|---|---|
| VIRGIN RECORDS AMERICA, INC., a California corporation; CAPITOL RECORDS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; INTERSCOPE RECORDS, a California general partnership; WARNER BROS. RECORDS INC., a Delaware corporation; and UMG RECORDINGS, INC., a Delaware corporation, <br><br>        Plaintiffs, <br><br>vs. <br><br>Jammie Thomas, <br><br>        Defendant. | Case No.: 06cv1497-MJD/RLE <br><br>**MOTION TO ENFORCE STIPULATION RE SPECIFIC FACTS OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE DISPOSITIVE MOTION AS TO SUCH FACTS** |

Plaintiffs respectfully move to enforce the parties' stipulation regarding specific facts or, in the alternative, for leave to file a dispositive motion as to such facts, and state as follows:

### BACKGROUND

1.  This action seeks redress for the infringement of Plaintiffs' copyrighted sound recordings pursuant to the Copyright Act, 17 U.S.C. §§ 101, 106, 501-505.

2.  On March 6, 2007, the Court entered an order setting a July 1, 2007 hearing date for dispositive motions and a trial ready date of August 1, 2007. (Doc. No. 17.)

3.  On or about May 14, 2007, counsel for Plaintiffs contacted the court to inquire as to the time for filing dispositive motions and were advised that dispositive motions did not need to be filed before July 1, 2007 as indicated in the Court's March 6, 2007 Order and that the Court

#1271305 v2

planned on resetting the August 1, 2007 trial ready date. Undersigned counsel was advised that dispositive motions could be filed anytime before July 1, 2007 and that the Court would set a hearing at the time of the motion.

4. Subsequently, counsel for Defendant advised Plaintiffs that he intended to withdraw from representing Defendant and that Defendant would move to continue the trial date to the fall of 2007. Plaintiffs agreed not to oppose the motion to continue the trial date.

5. On June 8, 2007, Defendant moved to continue the trial date (Doc. Nos. 29 and 30), which motion was granted on June 13, 2007 (Doc. No. 32). The Court's Order establishes a new trial ready date of October 1, 2007 "or 30 days after the Court renders its Order on any dispositive Motion (whichever is later)." Plaintiffs' counsel mistakenly understood that the Court's Order continuing the trial ready date also extended the time for filing dispositive motions, so long as such motions were fully briefed in advance of the new October 1, 2007 trial ready date.

6. At the hearing on Defendant's counsel's motion to withdraw from representing Defendant, Plaintiffs advised the Court that they intended to file a motion for partial summary judgment as to certain facts that are not in dispute in this case. Neither Defendant nor her counsel suggested at the hearing that Plaintiffs' motion would be out of time. After the hearing on Defendant's counsel's motion to withdraw, Plaintiffs contacted the Court to obtain a briefing schedule for their motion for partial summary judgment and learned at that time that the Court was treating the July 1, 2007 date as the deadline for filing dispositive motions and that Plaintiffs should seek leave to reopen this deadline if they wished to file any dispositive motion.

7. Immediately upon learning of the July 1, 2007 deadline, Plaintiffs contacted Defendant to inquire whether Defendant would oppose such an extension or, alternatively,

2

whether the parties could stipulate to certain facts about which there is no dispute and avoid unnecessary motions practice. Defendant's counsel advised Plaintiffs that Defendant would likely agree to limited stipulations rather than engage in unnecessary motions practice.

8. On August 6, 2007, Plaintiffs sent Defendant's counsel an email with a draft stipulation under which the parties agreed to stipulate, among other things, that (1) Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright with respect to the sound recordings listed on Exhibit A to the Complaint and Schedule 1 attached to the stipulation (the "Sound Recordings"); (2) that the Sound Recordings are subject to valid Certificates of Copyright Registration issued by the Register of Copyrights and were properly registered on or before October 31, 2003; and (3) that Plaintiffs placed proper notices of copyright pursuant to 17 U.S.C. § 402 on each respective album cover and compact disk of each of the Sound Recordings and did not authorize Defendant to copy or distribute to the public any of the Sound Recordings. (A copy of Plaintiffs' email and stipulation are attached hereto as Exhibit 1.) The stipulation between the parties largely covers the issue of ownership of copyrights to the Sound Recordings, an issue that no party could plausibly deny since Plaintiffs' ownership of these works is common knowledge within the recording industry.

9. On August 9, 2007, Defendant's counsel responded to Plaintiffs' email and stated: "I spoke to my client and sent her the draft stipulation. Her response is that we can so stipulate provided we have your written assurances that plaintiffs will not bring any summary judgment motions in this case." (A copy of Defendant's counsel's email is attached hereto as Exhibit 2.)

10. That same day, Plaintiffs sent Defendant's counsel an email providing the requested written assurances and confirming that once the stipulation was executed, "Plaintiffs
#1271305 v2

will not move for summary judgment." (A copy of Plaintiffs' email is attached hereto as Exhibit 3.)

11. Plaintiffs' counsel also contacted Defendant's counsel by telephone and provided assurances that Plaintiffs would not seek summary judgment on any other issues, including Defendant's liability for copyright infringement. During that conversation, Defendant's counsel stated that he would send an email authorizing placement of his e-signature on the stipulation, and would also send a copy of the stipulation with his written signature. (A copy of Plaintiffs' counsel's email confirming this conversation is attached as Exhibit 4.)

12. Then, without any explanation, on August 21, 2007, Defendant's counsel advised Plaintiffs that Defendant would not execute the stipulation. Upon questioning, Defendant's counsel made it clear that Defendant has no evidence to dispute any of the facts to which she had previously stipulated, but that she had changed her mind regarding the stipulation and would no longer agree to it.

## ARGUMENT

13. The parties' stipulation specifically states that it is being entered into for all purposes, including for purposes of the final pretrial conference and order under Rule 16. (See Exhibit 1 hereto.) A party is bound by any stipulations in a pretrial order and can escape such stipulation only to prevent manifest injustice. See Gaworski v. ITT Commercial Fin. Corp., 17 F.3d 1104, 1111 n.6 (8th Cir. 1994) (citing Graefenhain v. Pabst Brewing Co., 870 F.2d 1198, 1206 (7th Cir. 1989) (a stipulation regarding trial proceedings are binding "unless relief from the stipulation is necessary to prevent a 'manifest injustice'") . The Court also has inherent authority to enforce stipulations among the parties. See Graefenhain, 870 F.2d at 1206 ("the district court has 'broad discretion' to decide whether to hold a party to its stipulations"); Foster v. City of

#1271305 v2

New York, 2000 U.S. Dist. LEXIS 1251, at *8 (S.D.N.Y. Feb. 7, 2000) (agreements resolving litigation are as enforceable as any other contract); Hamilton v. Willms, 2007 U.S. Dist. LEXIS 21336, at *28 (E.D. Cal. March 6, 2007) (same). This is especially so where the stipulation is of a concrete nature and where the parties assented to the stipulation. See id.; see also 73 Am. Jur. 2d Stipulations § 2.

14.   Here, the parties' stipulation is concrete and was agreed to unequivocally by the parties. The stipulation will streamline the presentation of evidence, and avoid wasting the parties' and the Court's time on unnecessary motions practice. The stipulation causes no unfair prejudice to Defendant in any way because Defendant has no evidence whatsoever to dispute any of the facts set forth in the stipulation. On the contrary, if the stipulation were not enforced, Plaintiffs would suffer significant prejudice because they would be forced, at significant expense, to put on substantial evidence about which there is no dispute, including travel costs for multiple witnesses from around the country. In addition, because there is no genuine dispute as to the stipulated facts, the presentation of such evidence would also waste the Court's and the parties' time during trial

15.   In the alternative, in the event the Court is not inclined to enforce the parties' stipulation, Plaintiffs ask that they be allowed to file a motion for summary adjudication as to the stipulated facts. (A copy of Plaintiffs' motion for summary adjudication is being filed contemporaneously herewith.) As explained above, Plaintiffs mistakenly believed that the Court's June 13, 2007 Order granting Defendant's unopposed motion to reset the trial ready date also extended the time for filing dispositive motions, so long as such motions were fully briefed in advance of the new October 1, 2007 trial ready date. Immediately upon learning of the mistake, Plaintiffs contacted Defendant to discuss an extension of the dispositive motion

5

deadline. Had Plaintiffs been able to file their motion at that time, the matters could have been fully briefed well in advance of the October 1, 2007 trial ready date. Plaintiffs did not move to reopen the deadline, however, for one reason—i.e., because they had a stipulation from Defendant as to the matters they would have raised in such a motion. If Defendant is now allowed to withdraw her stipulation, Plaintiffs respectfully request that they be allowed to file their motion out of time. The motion can still be briefed in advance of the October 1, 2007 trial ready date, and Plaintiffs respectfully submit that resolution of the motion would significantly streamline the trial and avoid unnecessary expenditure of time and resources litigating facts that about which there is no genuine dispute.

## CONCLUSION

For all of these reasons, Plaintiffs respectfully request an order enforcing the parties' stipulation as set forth in Exhibit 1 hereto. In the alternative, Plaintiffs request an order granting them leave to file their motion for summary adjudication as to the stipulated facts, which motion is being filed contemporaneously herewith.

A form of order is attached for the Court's convenience.

#1271305 v2

Respectfully submitted this 24th day of August 2007.

s/Felicia J. Boyd
Felicia J. Boyd (No. 186168)
Laura G. Coates (No. 350175)
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
Telephone: (612) 766-7000
Facsimile: (612) 766-1600

Timothy M. Reynolds (pro hac vice)
David A. Tonini (pro hac vice)
Andrew B. Mohraz (pro hac vice)
HOLME ROBERTS & OWEN LLP
1700 Lincoln, Suite 4100
Denver, Colorado 80203
Telephone: (303) 861-7000
Facsimile: (303) 866-0200

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 24, 2007, a copy of the foregoing

**MOTION TO ENFORCE STIPULATION RE SPECIFIC FACTS** was served upon the

Defendant via United States Mail as follows:

BRIAN N. TODER
CHESTNUT & CAMBRONNE, P.A.
3700 Campbell Mithun Tower
222 South 9th Street
Minneapolis, MN 55402
*Attorney for Defendant*

                                            s/Felicia J. Boyd
                                            Felicia J. Boyd
                                            Faegre & Benson LLP
                                            2200 Wells Fargo Center
                                            90 South Seventh Street
                                            Minneapolis, Minnesota 55402-3901

fb.us.2256010.01