UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

ORDER

* * * * * * * * * * * * * * * * * *

Virgin Records America, Inc.,
et al.,

                Plaintiffs,

vs.

Jammie Thomas,

                Defendants.         Civ. No. 06-1497 (MJD/RLE)

* * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Motion of the Defendant's counsel for leave to withdraw from his representation of the Defendant. A Hearing on the Motions was conducted on July 25, 2007, at which time, the Plaintiffs appeared by Laura G. Coates, Esq., and the Defendant appeared, telephonically, and by Brian N. Toder ("Toder"), Esq. For reasons which follow, Toder's Motion is denied.

## II. Factual Background

The Plaintiffs commenced this action, in which they allege copyright infringement in violation of Title 17 U.S.C. §101 et seq., and specifically, they claim that the Defendant used an online media distribution system, so as to illegally download, and distribute, copyrighted audio recordings. The Plaintiffs seek injunctive relief, as well as statutory, and other damages.

On July 7, 2007, Toder filed a Motion to withdraw from his continued representation of the Defendant in this matter. See, Docket No. 33. The Defendant, however, has not retained substitute counsel, and does not consent to Toder's request to withdraw. In support of his Motion, Toder submitted, for our in camera review, a showing to support his interest in terminating his representation of the Defendant. Additionally, at the Hearing, Toder submitted, for our review, a copy of a Retainer Agreement that had been signed by Toder, and the Defendant, billing records from the Defendant's account with Toder's law firm, excerpts from the Deposition of the Defendant, that was taken on March 14, 2007, and a printout from a webpage. Subsequent to the Hearing, Toder submitted a complete transcript of the Defendant's Deposition testimony. For reasons which follow, we are unable to find good cause for the withdrawal of Toder, and therefore, we deny his Motion. We make clear,

however, that the request to withdraw by Toder is understandable, and in every way professionally based, but it is, nonetheless, insufficiently justified under the circumstances, here.

III. Discussion

A. Toder's Motion to Withdraw as the Defendant's Counsel.

Motions, by counsel of Record, to withdraw from their representation of a client, are inherently fact-specific, and are not readily amenable to a bright-line, doctrinaire approach. Rather, the factual circumstances, which drive the Motions, must be considered in the context of the attorney's duties to the Court, to the client, and to the profession. In this District, where an attorney seeks to withdraw, without a substitution of counsel -- as is the case here -- leave of Court is required. See, D. Minn. LR83.7(c).[1] We view the requirement, that a withdrawal of counsel in the absence of substitute counsel is only allowed with Court leave, to evince the Court's paramount interest in the administration of justice. As the Court explained, in Hasbro,

---

[1]D. Minn. LR83.7(c) provides as follows:

> Withdrawal without substitution may be granted only by a motion made before the Court, for good cause shown. Notice of the motion shall be provided to the client, and the motion shall be scheduled in accordance with LR7.1.

- 3 -

Inc. v. Serafino, 966 F. Supp. 108, 110 (D. Mass. 1997), quoting Hammond v. T.J. Litle & Co., 809 F. Supp. 156, 159 (D. Mass. 1992):

> [T]here exists an interest beyond that of the client or the attorney, namely, the interests of the Court. "An attorney who agrees to represent a client in a court proceeding assumes the responsibility to the court as well as to the client. Both attorney and client agree to a relationship between them that bears also upon their respective obligations to the court."

Beyond the duties owed to the Court, counsel are obligated to adhere to the governing Rules of Professional Responsibility.

In this District, we apply the Minnesota Rules of Professional Conduct in appraising the behavior of attorneys who practice before us. See D. Minn. LR83.6(d)(2). Those Rules recognize circumstances which mandatorily commend the withdrawal of counsel, as well as circumstances which render such a withdrawal permissive. See, Rule 1.16(a) and (b), Minnesota Rules of Professional Conduct. Here, Toder suggests that his continued representation of the Defendant would cause him to violate the Minnesota Rule of Professional Conduct. In addition, Toder alleges that the attorney/client relationship has completely broken down, and that he will incur an unreasonable financial burden if he is required to continue in his representation of the Defendant.

For understandable reasons, the Court neither controls, nor desires to control, the access that litigants have to the attorney of their choice. However, once an attorney has noted his or her appearance in this Court, on behalf of a litigant, the Court requires control over whether the litigant should continue to be represented by that attorney. Without such control, the Court's ability to manage its calendar, and to administer justice, would unavoidably suffer.

What constitutes "good cause" for withdraw of counsel, without substitution, cannot be readily defined, or categorized, but must be evaluated on a case-by-case basis, and determined by examining the reasons proffered for the asserted need to withdraw. See, <u>Spearman v. Salminen</u>, 379 N.W.2d 627, 632 (Minn. App. 1986). We have, in the past, found that good cause exists where counsel cannot adequately represent the client without traversing the governing Rules of Professional Conduct, or where a degree of fractiousness, between the client and counsel, has developed which inhibits "the just, speedy, and inexpensive determination of [the] action." <u>Rule 1, Federal Rules of Civil Procedure</u>; see also, <u>Welch v. Niagra Falls Gazette</u>, 2000 WL 1737947 (W.D.N.Y., November 17, 2000)(attorney can withdraw if presentation of the case to the Court might subject the attorney to sanctions for pursuing a meritless claim). On the other hand, we have held the mere prospect that the action may not be

as financially rewarding as counsel might have earlier anticipated, without more, would not satisfy the good cause showing. See, <u>Welch v. Niagra Falls Gazette</u>, supra (holding that an attorney cannot withdraw simply because the case is weaker than originally thought, as that is a risk attendant to agreeing to representation).

Given these precepts, and having thoroughly considered all of the grounds that Toder has advanced in support of his Motion, we conclude that he should not be allowed to withdraw from his representation of the Defendant, as he has not demonstrated that he is in jeopardy of violating his professional responsibilities, or of subjecting himself to sanctions. Were we convinced otherwise, we would allow the withdrawal. Moreover, we are deeply concerned that this action will not be able to progress in an orderly fashion, were we to permit the withdrawal of Toder. This case is rapidly approaching its conclusion. A Motion to Enforce Judgment Re: Specific Facts has been filed by the Plaintiffs, and is currently noticed to be heard before this Court on September 13, 2007. In addition, the District Court has set the Trial in this matter for October 1, 2007 -- barely a month away.

We recognize that Toder is concerned about receiving payment for the considerable services that he has already performed for the Defendant, and that he might be called upon to incur in the future. However, we note that the Defendant has

offered to continue to make regular, monthly payments to Toder, which evinces a good faith effort, on her part, to make good on her debt to him, and is also an indication that communications have not, in fact, broken down between Toder, and his client, to such an extent as to warrant a withdrawal. Moreover, the simple fact is that, at this late date, it would be less expensive for the Defendant to retain her current legal counsel, than to fund a newly retained attorney's familiarization with the factual, and legal issues, that are involved in defending against the Plaintiffs' claims.

"In addressing motions to withdraw as counsel, district courts have typically considered whether 'the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." Whiting v. Lacara, 187 F.3d 317, 320-21 (2nd Cir. 1999), quoting Brown v. National Survival Games, Inc., 1994 WL 660533 at *3 (N.D.N.Y., November 18, 1994); see also, Vachula v. General Electric Capital Corp., 199 F.R.D. 454, 458 (D. Conn. 2000). Leaving the Defendant to proceed pro se, until such time as she can afford to secure substitute counsel, will assuredly impose upon the Court, and the Plaintiffs, the additional burdens, and delays, that would be occasioned by the Defendant's lay representation of herself, without professional, legal training. Given past experience, we reasonably project that those burdens, and delays, would be considerable. Although we accept that judicial economy does not outweigh all of the

other factors which bear upon the issue, allowing the withdrawal of Toder, at this juncture, would not advance the interests of justice.

At the Hearing, the Defendant stated that she had sought new counsel, to effect a substitution, but had not been able to find an attorney whose representation she could afford. We encourage the Defendant to continue to seek substitute representation, if that is her personal choice, and to that extent, she might wish to solicit assistance from any local Legal Aid Societies, or Volunteer Attorney Programs, who may agree to represent her legal interests without a major expenditure of funds. On this Record, however, we conclude that the burdens upon the Defendant, the Plaintiffs, and the Court, by granting Toder's Motion to Withdraw, starkly outweigh the asserted interests which underlie Toder's request for leave to withdraw.

Lastly, by letter dated August 21, 2007, the Plaintiffs have requested that we cancel the Settlement Conference that is currently set for September 24, 2007. The Plaintiffs allege that the Defendant has stated, through her counsel, that she is not interested in a monetary settlement, but that she has also refused to agree to a cancellation of the Conference. To insure that the Court has an accurate understanding of her position, we direct the Defendant to contact the Court regarding her interest in addressing a settlement of this case, within one (1) week of the date of

this Order. Following our consideration of that response, we will decide whether the Settlement Conference should proceed, or be cancelled.

NOW, THEREFORE, It is --

ORDERED:

1. That the Motion of Defendant's Counsel to Withdraw Without Substitution [Docket No. 33] is DENIED.

2. That the Defendant is direct to advise the Court as to her interest in considering a settlement of this case within one (1) week of the date of this Order.

BY THE COURT:

Dated: August 31, 2007       *s/Raymond L. Erickson*
                             Raymond L. Erickson
                             CHIEF U.S. MAGISTRATE JUDGE