IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| VIRGIN RECORDS AMERICA, INC., a California corporation; CAPITOL RECORDS INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; INTERSCOPE RECORDS, a California general partnership; WARNER BROS. RECORDS INC., a Delaware corporation; and UMG RECORDINGS, INC., a Delaware corporation,<br><br>                  Plaintiffs,<br><br>v.<br><br>Jammie Thomas,<br><br>                  Defendant. | Case No. 06-cv-1497 (MJD/RLE)<br><br>DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO ENFORCE STIPULATION RE SPECIFIC FACTS OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE DISPOSITIVE MOTION AS TO SUCH FACTS (DKT. 41) |

## INTRODUCTION

Plaintiffs have filed a Motion for Summary Judgment (Dkt. 39), a memorandum of law in support of their motion (Dkt. 40-1), and accompanying exhibits (Dkt. 40-2), all concurrently with a motion to enforce a purported stipulation, and only alternatively a motion to modify the Scheduling Order and amendments thereto (Dkts. 11, 17 and 32) which provide that, "Counsel are forewarned that the dispositive Motion deadline and Trial date **will not** be changed." (emphasis in the original).

1

Accordingly, defendant respectfully requests that the Court strike the dispositive and non-dispositive motions which plaintiffs concede are untimely. If the Court allows an amendment to the Scheduling Order and reaches the merits of plaintiffs' motion to enforce a purported stipulation, defendant will demonstrate that a meeting of the minds was not reached on any stipulation, that "summary adjudication," i.e., partial summary judgment, is not appropriate, and defendant should have the benefit of its requested jury trial, putting to plaintiffs their burden of proof respecting the allegations they allege as "given."

## BACKGROUND

1. Following the July 25, 2007 hearing on defendant's counsel's motion to withdraw as counsel, counsel for plaintiffs advised the undersigned that plaintiff would likely bring a motion for summary judgment, but would wait until the Court decided the motion to withdraw. Plaintiffs' Motion to Enforce Stipulation re Specific Facts, etc., p. 2

2. On August 6, 2007, plaintiffs emailed a draft stipulation seeking to establish that a) plaintiffs, at all relevant times had exclusive copyright ownership the "sound recordings" listed on Exhibit A to the Complaint and Schedule 1 attached [to the draft Stipulation] (the "Sound Recordings"); b) the Sound Recordings are subject to valid Certificates of Copyright Registration; and c) plaintiffs placed proper notices of copyright on the album covers of the Sound Recordings. There was no Schedule 1 attached. Exhibit 1 to Brian N. Toder Declaration ("Toder Decl.").

3. On August 9, 2007, plaintiffs emailed another proposed stipulation which contained additional language that attempted to explain how a reader could deduce who

2

the copyright holder was. Again there was no Schedule 1 attached. Exhibit 2 to Toder Decl.

4. Counsel for the parties had a discussion where it was made perfectly clear that counsel for defendants would agree, provided that the discovery documents produced by plaintiffs substantiated the same. Counsel for plaintiffs advised that such documents so substantiated. At first, counsel for defendant said he would take counsel for plaintiffs word on that, but after discussions with his client, thought it prudent to actually examine such documents. Defendant's counsel asked counsel for plaintiffs to actually send the relevant documents to facilitate the due diligence. Toder Decl.

5. At 1:34 p.m. on August 17, 2007, plaintiffs sent defendant an email attaching Certificates of "Copyright Registration for the sound recordings as issue." That email promised further documentation, as the attachments were copies of certificates for fewer than the number plaintiffs refer to in the proposed stipulation. Exhibit 3 to Toder Decl.

6. At 3:16 p.m. on August 17, 2007, plaintiffs sent defendant another email advising that the rest of the documents could not be sent because the file is too large, and that defendant's counsel would have to look at the images produced in the course of discovery which were on a disk and had a beginning Bates number of 0571. Exhibit 4 to Toder Decl.

7. On August 21, 2007, having the benefit of examining those documents claimed by plaintiffs to support the proposed stipulation, and having the benefit of further discussions between defendant and defendant's counsel, defendant sent an email to

plaintiffs' counsel advising that it would not stipulate as requested. Exhibit 5 to Toder Decl.

**ARGUMENT**

The proposed stipulation states that "Plaintiffs are, and at all relevant times have been, the copyright owners of licensees of exclusive rights under United States copyright with respect to the sound recordings listed on Exhibit A to the Complaint and Schedule 1 attached hereto (the "Sound Recordings")." There was no "Schedule 1" attached to the proposed stipulation emailed to defendant. Exhibit 1to Toder Decl.[1]

In responding to defendant's Interrogatory No. 5 which was designed to ascertain what titles defendant allegedly infringed that were actually subject to plaintiffs' copyrights, after first objecting that the Interrogatory was premature because discovery is ongoing,[2] plaintiffs referred to "Schedule 1 which is being produced herewith." The "Schedule 1" produced was a single-page document bearing Bates number 0570 identifying 19 titles. Exhibit 6 to Toder Decl.

Also produced was a collection of documents purported to be certificates of registration, some more than 25 years old. These identify copyright owners at a certain

---

[1] In their motion, plaintiffs state at page 3, "(A copy of Plaintiffs' email and stipulation are attached hereto as Exhibit 1." The email was so attached, but not the attachment to the email, i.e., the proposed stipulation. Dkt. 41-2.

[2] Interestingly, plaintiffs argue that defendant conceded that she had no evidence disputing "that each copyright registration for each sound recording identified in PLAINTIFFS' EXHIBIT A RECORDINGS is valid," as evidenced by Defendant's Response to Plaintiffs' First Set of Admissions, response to Request No. 20. (Exhibit 2 to plaintiffs' Memorandum of Law in Support of Motion for Summary Adjudication of Specific Facts, filed as Dkt. 40-2). That was certainly true on September 18, 2006, before plaintiff responded to defendant's discovery requests.

4

point in time, but they do not provide evidence of subsequent assignment or license. They most certainly do not provide support to a requested stipulation that plaintiffs were copyright owners at the relevant times.

Moreover, some of the copyright holders identified in Exhibit A to the Complaint and Schedule 1are not parties to the instant matter. For example:

- ⟩ UMG Recordings, Inc., a Delaware corporation is the plaintiff alleged to own "Appetite for Destruction," USCO serial number SR 85-358. The Certificate of Registration for USCO serial number SR 85-358 identifies The David Geffen Company as the owner. Exhibit 7 to Toder Decl.

- ⟩ UMG Recordings, Inc., a Delaware corporation is the plaintiff alleged to own "Vanessa Williams/The Comfort Zone," USCO serial number SR 141-365. The Certificate of Registration for USCO serial number SR 141-365 identifies Polygram Records, Inc. as the owner. Exhibit 8 to Toder Decl.

- ⟩ UMG Recordings, Inc., a Delaware corporation is the plaintiff alleged to own "Control (janet jackson)," USCO serial number SR 69-529. The Certificate of Registration for USCO serial number SR 69-529 identifies A&M Records, Inc. as the owner. Exhibit 9 to Toder Decl.

- ⟩ Sony BMG Music Entertainment, a Delaware partnership, is the plaintiff alleged to own "Frontiers, Artist: Journey," USCO serial number SR 43-223. The Certificate of Registration for USCO serial number SR 43-223 identifies CBS, Inc. as the owner. Exhibit 10 to Toder Decl.

- Sony BMG Music Entertainment, a Delaware partnership, is the plaintiff alleged to own "Let it Loose/Gloria Estefan & Miami Sound Machine," USCO serial number SR 83-468. The Certificate of Registration for USCO serial number SR 83-468 identifies CBS, Inc. as the owner. Exhibit 11 to Toder Decl.

- UMG Recordings, Inc., a Delaware corporation is the plaintiff alleged to own "Get a Grip, Artist: Aerosmith," USCO serial number SR 153-061. The Certificate of Registration for USCO serial number SR 153-061 identifies Geffen Records, Inc. as the owner. Exhibit 12 to Toder Decl.

- UMG Recordings, Inc., a Delaware corporation is the plaintiff alleged to own "Def Leppard/Hysteria" USCO serial number SR 90-420. The Certificate of Registration for USCO serial number SR 90-420 identifies Mercury Records as the owner. Exhibit 13 to Toder Decl.

- UMG Recordings, Inc., a Delaware corporation is the plaintiff alleged to own "Title: If You See Him, Artist: Reba McEntire," USCO serial number SR 256-807. The Certificate of Registration for USCO serial number SR 256-807 identifies MCA Records Nashville, a division of MCA Records, Inc. as the owner. Exhibit 14 to Toder Decl.

- UMG Recordings, Inc., a Delaware corporation is the plaintiff alleged to own "Reckless (bryan adams)," USCO serial number SR 58-024. The Certificate of Registration for USCO serial number SR 58-024 identifies A&M Records, Inc. as the owner. Exhibit 15 to Toder Decl.

- UMG Recordings, Inc., a Delaware corporation is the plaintiff alleged to own "Tuesday Night Music Club (Sheryl Crow)," USCO serial number SR 209-823. The Certificate of Registration for USCO serial number SR 209-823 identifies A&M Records, Inc. as the owner. Exhibit 16 to Toder Decl.

- UMG Recordings, Inc., a Delaware corporation, is the plaintiff alleged to own "Use Your Illusion I, Artist: Guns N'Roses," USCO serial number SR 134-647. The Certificate of Registration for USCO serial number SR 134-647 identifies The David Geffen Company as the owner. Exhibit 17 to Toder Decl.

- Sony BMG Music Entertainment, a Delaware partnership, is the plaintiff alleged to own "Escape, Artist: Journey," USCO serial number SR 30-088. The Certificate of Registration for USCO serial number SR 30-088 identifies CBS, Inc. as the owner. Exhibit 18 to Toder Decl.

- Virgin Records America, Inc., a California corporation is the plaintiff alleged to own Janet Jackson "Janet," USCO serial number SR 174-392. The Certificate of Registration for USCO serial number SR 174-392 identifies "Virgin Records, Ltd." as the owner. Exhibit 19 to Toder Decl.

- UMG Recordings, Inc., a Delaware corporation is the plaintiff alleged to own "Godsmack," USCO serial number SR 241-879. The Certificate of Registration for USCO serial number SR 241-879 identifies Universal Records, Inc. as the owner. Exhibit 20 to Toder Decl.

Plaintiffs need only prove two things to prevail: a) that they owned the exclusive copyrights; and b) that there was an act of infringement. With respect to the latter, defendant is confident that a verdict will be directed in her favor, because plaintiffs do not have, and could not have, any evidence of any alleged act of infringement. With respect to the former, defendant does not have, nor ever has had the financial means to depose plaintiffs to ascertain the extent of their ownership, depending instead on meaningful, written discovery and her right of cross examination at trial. What defendant received instead was a proposed stipulation that is based on questionable, non-conclusive documentation, but is calculated to foreclose her right to cross examine witnesses on a critical element of plaintiffs' cause of action.

All of the foregoing was considered by defendant and her counsel, and the conclusion contraindicated stipulating. Accordingly, defendant did not stipulate as evidenced by plaintiffs' request for a signed stipulation (Exs. 3 and 4 to Plaintiffs' Motion to Enforce Stipulation, etc; Dkt. 41-2) which signed stipulation never became extant.

## CONCLUSION

There was no meeting of the minds cementing an agreement to stipulate, especially in view of what the documents proffered by plaintiffs in support of the proposed stipulation ultimately revealed. Plaintiffs had every opportunity to file a motion for partial summary judgment well within the time permitted by the scheduling order and elected not to do so. The issue involved is far too material to preclude cross examination by defendant, therefore plaintiffs' motion should in all respects be denied.

8

Respectfully submitted,

Dated: September 6, 2007  **CHESTNUT & CAMBRONNE, P.A.**

By /s/ Brian N. Toder
Brian N. Toder (No. 17869X)
3700 Campbell Mithun Tower
222 South Ninth Street
Minneapolis, MN 55402
(612) 339-7300
Fax (612)336-2940

**ATTORNEYS FOR DEFENDANT**