# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA
### DULUTH DIVISION

VIRGIN RECORDS AMERICA, INC., a
California corporation; CAPITOL
RECORDS, INC., a Delaware
corporation; SONY BMG MUSIC
ENTERTAINMENT, a Delaware general
partnership; ARISTA RECORDS LLC, a
Delaware limited liability company;
INTERSCOPE RECORDS, a California
general partnership; WARNER BROS.          Case No.: 06cv1497-MJD/RLE
RECORDS INC., a Delaware corporation;
and UMG RECORDINGS, INC., a                **STIPULATED JURY INSTRUCTIONS**
Delaware corporation,

          Plaintiffs,

vs.

Jammie Thomas,

          Defendant.

---

      Pursuant to the Court's Order of August 3, 2007, Plaintiffs and Defendant jointly submit

the attached set of jury instructions on which they have agreed.

1

Dockets.Justia.com

Respectfully submitted this 17th day of September 2007.

s/ Laura G. Coates
Felicia J. Boyd (No. 186168)
Laura G. Coates (No. 350175)
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
Telephone: (612) 766-7000
Facsimile:  (612) 766-1600

Richard L. Gabriel (pro hac vice)
Timothy M. Reynolds (pro hac vice)
David A. Tonini (pro hac vice)
Andrew B. Mohraz (pro hac vice)
HOLME ROBERTS & OWEN LLP
1700 Lincoln, Suite 4100
Denver, Colorado 80203
Telephone: (303) 861-7000
Facsimile: (303) 866-0200

ATTORNEYS FOR PLAINTIFFS

/s Brian N. Toder
Brian N. Toder (No.17869X)
CHESTNUT & CAMBRONNE, P.A.
3700 Campbell Mithun Tower
222 South 9th Street
Minneapolis, MN 55402
Telephone: (612) 339-7300
Facsimile: (612) 336-2940

ATTORNEYS FOR DEFENDANT

JOINT INSTRUCTION NO. 1

## 1.01  GENERAL:  NATURE OF CASE; BURDEN OF PROOF; DUTY OF JURY; CAUTIONARY

Ladies and Gentlemen:  I will take a few moments now to give you some initial instructions about this case and about your duties as jurors.  At the end of the trial I will give you further instructions.  I may also give you instructions during the trial.  Unless I specifically tell you otherwise, all such instructions - both those I give you now and those I give you later - are equally binding on you and must be followed.

This is a civil case brought by the plaintiffs against the defendant.  The plaintiffs, Virgin Records America, Inc., Capitol Records, Inc., Sony BMG Music Entertainment, Arista Records LLC, Interscope Records, Warner Bros. Records Inc., and UMG Recordings, Inc., allege that the defendant, Jammie Thomas, infringed their copyrights in certain sound recordings by using an online, peer-to-peer file sharing system to download the sound recordings and distribute them to others without authorization from the plaintiffs.  The defendant denies that allegation.  It will be your duty to decide from the evidence whether the plaintiffs are entitled to a verdict against the defendant.

From the evidence you will decide what the facts are.  You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life.  You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict.  You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent with other evidence that you believe.

Do not allow sympathy or prejudice to influence you.  The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

8TH CIR. CIVIL JURY INSTR. § 1.01 (2007)

## 1.02  EVIDENCE; LIMITATIONS

I have mentioned the word "evidence."  "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated - that is, formally agreed to by the parties; and any facts that have been judicially noticed - that is facts which I say you must accept as true.

Certain things are not evidence.  I will list those things for you now:

1.  Statements, arguments, questions and comments by lawyers are not evidence.

2.  Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3.  Objections are not evidence.  Lawyers have a right and sometimes an obligation to object when they believe something is improper.  You should not be influenced by the objection. If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4.  Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered.

5.  Anything you see or hear about this case outside the courtroom is not evidence.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for one particular purpose, and not for any other purpose.  I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

8TH CIR. CIVIL JURY INSTR. § 1.02 (2007)

## 1.03  BENCH CONFERENCES AND RECESSES

During the trial it may be necessary for me to speak with the lawyers out of your hearing, either by having a bench conference here while you are present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence which govern the trial, and to avoid confusion and error.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.

8TH CIR. CIVIL JURY INSTR. § 1.03 (2007)

JOINT INSTRUCTION NO. 4

At the end of the trial you must make your decision based on what you recall of the evidence.  You will not have a written transcript to consult.  You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  And do not let note-taking distract you so that you do not hear other answers by the witness.  The Clerk will provide each of you with a pad of paper and a pen or pencil.  At each recess, leave them _____.

When you leave at night, your notes will be secured and not read by anyone.

8TH CIR. CIVIL JURY INSTR. § 1.03 (2007)

JOINT INSTRUCTION NO. 5

1.05  CONDUCT OF THE JURY

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

Second, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

Third, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me.  If someone should try to talk to you about the case during the trial, please report it to me.

Fourth, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case - you should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.  If a person from one side of the lawsuit sees you talking to a person from the other side - even if it is simply to pass the time of day - an unwarranted and unnecessary suspicion about your fairness might be aroused.  If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, remember it is because they are not supposed to talk or visit with you either.

Fifth, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio, television or Internet reports about the case or about anyone involved with it.  In fact, until the trial is over I suggest that you avoid reading any newspapers or news journals and listening to any television, radio or Internet newscasts.  I do not know whether there might be any news reports of this case, but if there are you might inadvertently find yourself reading or listening to something before you could do anything about it.  If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over.  I can assure you, however, that by the time you have heard the evidence in this case, you will know what you need to decide it.

Sixth, do not do any research or make any investigation on your own about any matter involved in this case.  By way of examples, that means you must not consult a dictionary, textbook, encyclopedia, talk with a person you consider knowledgeable, or go to the Internet for information about some issue or person in this case.  In fairness, learn about this case from the evidence you receive here at the trial and apply it to the law as I give it to you.

Seventh, cell phones are not permitted in the jury room during deliberation.

Eighth, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

8TH CIR. CIVIL JURY INSTR. § 1.05 (2007)

JOINT INSTRUCTION NO. 6

2.01  DUTIES OF JURY:  RECESSES

We are about to take [our first] [a] recess and I remind you of the instruction I gave you earlier.  During this recess or any other recess, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else.  If anyone tries to talk to you about the case, please let me know about it immediately.  [Do not read, watch or listen to any news reports of the trial.]  Finally, keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

8TH CIR. CIVIL JURY INSTR. § 2.01 (2007)

## 2.02  STIPULATED TESTIMONY

The plaintiffs and the defendant have stipulated - that is, they have agreed - that if _____ were called as a witness he [she] would testify in the way counsel have just stated. You should accept that as being _____'s testimony, just as if it had been given here in court from the witness stand.

8TH CIR. CIVIL JURY INSTR. § 2.02 (2007)

JOINT INSTRUCTION NO. 8

## 2.03  STIPULATED FACTS

The plaintiffs and the defendant have stipulated -- that is, they have agreed -- that certain facts are as counsel have just stated.  You should, therefore, treat those facts as having been proved.

8TH CIR. CIVIL JURY INSTR. § 2.03 (2007)

JOINT INSTRUCTION NO. 9

2.04  JUDICIAL NOTICE

I have decided to accept as proved the following fact[s]: _____.

You must accept [this] [these] fact[s] as proved.

8TH CIR. CIVIL JURY INSTR. § 2.04 (2007)

## 2.10A  DEMONSTRATIVE SUMMARIES NOT RECEIVED AS EVIDENCE

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, or other underlying evidence in the case.  Those charts or summaries are used for convenience.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the books, records or other underlying evidence.

8TH CIR. CIVIL JURY INSTR. § 2.10A (2007)

## 2.10B  RULE 1006 SUMMARIES

You will remember that certain [schedules] [summaries] [charts] were admitted in evidence.  You may use those [schedules] [summaries] [charts] as evidence, even though the underlying documents and records are not here.  [However, the [accuracy] [authenticity] of those [schedules] [summaries] [charts] has been challenged.  It is for you to decide how much weight, if any, you will give to them.  In making that decision, you should consider all of the testimony you heard about the way in which they were prepared.]

8TH CIR. CIVIL JURY INSTR. § 2.10B (2007)

## 3.01  EXPLANATORY

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect.  I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now.  You must not single out some instructions and ignore others, because all are important.  This is true even though some of those I gave you at the beginning of and during trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room.  I emphasize, however, that this does not mean they are more important than my earlier instructions.  Again, all instructions, whenever given and whether in writing or not, must be followed.

8TH CIR. CIVIL JURY INSTR. § 3.01 (2007)

3.02  JUDGE'S OPINION

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict[s] should be.

During this trial I have occasionally asked questions of witnesses.  Do not assume that because I asked questions I hold any opinion on the matters to which my questions related.

8TH CIR. CIVIL JURY INSTR. § 3.02 (2007)

## 3.03  CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness' intelligence, the opportunity a witness had to see or hear the things testified about, a witness' memory, any motives a witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.  You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

8TH CIR. CIVIL JURY INSTR. § 3.03 (2007)

Certain testimony was presented to you through depositions. Depositions are the sworn, recorded answers to questions asked of witnesses in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned these witnesses under oath. A court reporter was present and recorded the testimony. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you insofar as possible in the same way as if the witness had been present and had testified from the witness stand in court.

United States Court of Appeals Fifth Judicial Circuit Pattern Jury Instructions 2004 (Civil Cases) Cautionary Instructions 2.23 (modified).

JOINT INSTRUCTION NO. 16

I will now instruct you on the elements of the plaintiffs' claim for copyright infringement.  In order to prevail on their copyright infringement claim, the plaintiffs must prove two things:

First: The plaintiffs are the owners of works protected by the Copyright Act.

Second: The defendant infringed one or more of the rights granted by the Act.

Each of these aspects has several elements that I will explain to you.

3B Kevin F. O'Malley, Jay E. Grenig, and Hon. William C. Lee, Federal Jury Practice & Instructions § 160.21 (2005).

JOINT INSTRUCTION NO. 17

"Willful" means that a defendant had knowledge that his or her actions constituted copyright infringement.

3B Kevin F. O'Malley, Jay E. Grenig, and Hon. William C. Lee, Federal Jury Practice & Instructions § 160.54 (2005).

## 3.06  ELECTION OF FOREPERSON; DUTY TO DELIBERATE; COMMUNICATIONS WITH COURT; CAUTIONARY; UNANIMOUS VERDICT; VERDICT FORM

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

First, when you go to the jury room, you must select one of your members as your foreperson.  That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.  Remember at all times that you are not partisans.  You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors.  I will respond as soon as possible either in writing or orally in open court.  Remember that you should not tell anyone - including me - how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions.  The verdict must be unanimous.  Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case.  The form reads: (...read form...).  You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

8TH CIR. CIVIL JURY INSTR. § 3.06 (2007)