**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
DULUTH DIVISION**

| | |
|---|---|
| VIRGIN RECORDS AMERICA, INC., a California corporation; CAPITOL RECORDS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; INTERSCOPE RECORDS, a California general partnership; WARNER BROS. RECORDS INC., a Delaware corporation; and UMG RECORDINGS, INC., a Delaware corporation, | Case No.: 06cv1497-MJD/RLE  **PLAINTIFFS' PROPOSED JURY INSTRUCTIONS** |
| Plaintiffs, | |
| vs. | |
| Jammie Thomas, | |
| Defendant. | |

Pursuant to the Court's Order of August 3, 2007, Plaintiffs respectfully submit the attached proposed jury instructions to which the parties have not agreed.

1

Respectfully submitted this 17th day of September 2007.

/s Laura G. Coates
Felicia J. Boyd (No. 186168)
Laura G. Coates (No. 350175)
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
Telephone: (612) 766-7000
Facsimile: (612) 766-1600

Richard L. Gabriel (pro hac vice)
Timothy M. Reynolds (pro hac vice)
David A. Tonini (pro hac vice)
Andrew B. Mohraz (pro hac vice)
HOLME ROBERTS & OWEN LLP
1700 Lincoln, Suite 4100
Denver, Colorado 80203
Telephone: (303) 861-7000
Facsimile: (303) 866-0200

ATTORNEYS FOR PLAINTIFFS

fb.us.2298039.01

PLAINTIFFS' INSTRUCTION NO. 1

This is an action for copyright infringement. A "copyright" is the exclusive right to copy. A copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, mask works fixed in semiconductor chip products, or a computer program.

The owner of a copyright generally has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time. One who reproduces or distributes a copyrighted work during the term of the copyright, infringes the copyright, unless licensed by the copyright owner.

In this case, the plaintiffs contend that they are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright with respect to certain copyrighted sound recordings, and that the defendant, Jammie Thomas, without the permission or consent of the plaintiffs, used an online media distribution system known as KaZaA to download the plaintiffs' copyrighted recordings and to distribute the copyrighted recordings to the public. The plaintiffs contend that Ms. Thomas's actions constitute infringement of the plaintiffs' copyrights and exclusive rights under copyright.

3B Kevin F. O'Malley, Jay E. Grenig, and Hon. William C. Lee, Federal Jury Practice & Instructions § 160.01 (2005) (modified)

PLAINTIFFS' INSTRUCTION NO. 2

3.04  BURDEN OF PROOF

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim depends upon that fact. The party who has the burden of proving a fact must prove it by the preponderance of the evidence. To prove something by the preponderance of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable.

The preponderance of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard which applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

8TH CIR. CIVIL JURY INSTR. § 3.04 (2007)

PLAINTIFFS' INSTRUCTION NO. 3

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar situations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations, and other organizations stand equal before the law, and are to be treated as equals.

3 Kevin F. O'Malley, Jay E. Grenig, and Hon. William C. Lee, Federal Jury Practice & Instructions § 103.12 (2005).

PLAINTIFFS' INSTRUCTION NO. 4

The first thing that the plaintiffs must prove is that the plaintiffs are the owners of works protected by the Copyright Act. In order to prove this, the plaintiffs must show either that the plaintiffs are the owners of the works in issue, or that the plaintiffs' relationship with the owners of those works permits the plaintiffs to claim ownership of those works.

The plaintiffs' certificates of registration of the plaintiffs' copyrights are what is called *prima facie* evidence of the element of ownership. In other words, if there is no evidence against the plaintiffs as to that element, the registration certificate alone is sufficient to establish that element.

3B Kevin F. O'Malley, Jay E. Grenig, and Hon. William C. Lee, Federal Jury Practice & Instructions § 160.22 (2005) (modified).

PLAINTIFFS' INSTRUCTION NO. 5

      In addition to establishing that the plaintiffs are the copyright owners of the works in question, the plaintiffs must also prove that the defendant infringed the plaintiffs' rights in those works.

3B Kevin F. O'Malley, Jay E. Grenig, and Hon. William C. Lee, Federal Jury Practice & Instructions § 160.26 (2005) (modified).

PLAINTIFFS' INSTRUCTION NO. 6

      The plaintiffs claim in this case that the defendant violated their exclusive rights to reproduce and distribute their copyrighted works. One who reproduces or distributes a copyrighted work during the term of the copyright infringes the copyright, unless licensed by the copyright owner.

3B Kevin F. O'Malley, Jay E. Grenig, and Hon. William C. Lee, Federal Jury Practice & Instructions § 160.01 (2005) (modified).

PLAINTIFFS' INSTRUCTION NO. 7

The act of downloading copyrighted sound recordings on a peer-to-peer network, without license from the copyright owners, violates the copyright owners' exclusive reproduction right.

*See* 17 U.S.C. § 106(1); *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster Ltd.*, 545 U.S. 913, 923, 929 (2005); *BMG Music v. Gonzalez*, 430 F.3d 888, 893 (7th Cir. 2005); *In Re: Aimster Copyright Litig.*, 334 F.3d 643, 645 (7th Cir. 2003); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014 (9th Cir. 2001); *MGM Studios Inc. v. Grokster Inc.*, 259 F.Supp. 2d 1029, 1034-35 (C.D. Cal. 2001).

PLAINTIFFS' INSTRUCTION NO. 8

The act of distributing and/or making copyrighted sound recordings available for electronic distribution on a peer-to-peer network, without license from the copyright owners, violates the copyright owners' exclusive right of distribution, regardless of whether actual distribution has been shown.

*See* 17 U.S.C. § 106(3); *BMG Music v. Gonzalez*, 430 F.3d 888, 889 (7th Cir. 2005); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014 (9th Cir. 2001); *Hotaling v. Church of Jesus Christ of Latter-Day Saints*, 118 F.3d 199, 203 (4th Cir. 1997); *Atlantic Recording Corp. v. Howell*, No CV06-2076-PHX-NWB, 2007 WL 2409549 (D. Ariz. Aug. 20, 2007); *Sony Music Entertainment Inc. v. Scott*, No. 03-CV-6886 (BSJ) (S.D.N.Y. Jan. 3, 2006).

PLAINTIFFS' INSTRUCTION NO. 9

      If you find that the plaintiffs have valid copyrights and you find that those copyrights were infringed by the defendant, then you should find for the plaintiffs. You must then decide on the amount of damages the plaintiffs are entitled to recover.

3B Kevin F. O'Malley, Jay E. Grenig, and Hon. William C. Lee, Federal Jury Practice & Instructions § 160.90 (2005).

PLAINTIFFS' INSTRUCTION NO. 10

In this case, the plaintiffs have elected to recover "statutory damages" instead of the plaintiffs' actual damages and profits.

Under the Copyright Act, plaintiffs are entitled to a sum of not less than $750 or more than $30,000 per act of infringement (that is, per sound recording downloaded or distributed without license), as you consider just. If, however, you find that the defendant's conduct was willful, then plaintiffs are entitled to a sum of up to $150,000 per act of infringement (that is, per sound recording downloaded or distributed without license), as you consider just.

In determining the just amount of statutory damages, you may consider the willfulness of the defendant's conduct, the defendant's innocence, the defendant's continuation of infringement after notice or knowledge of the copyright or in reckless disregard of the copyright, the effect of the defendant's prior or concurrent copyright infringement activity, and whether profit or gain was established.

3B Kevin F. O'Malley, Jay E. Grenig, and Hon. William C. Lee, Federal Jury Practice & Instructions § 160.93 (2005) (modified).

PLAINTIFFS' INSTRUCTION NO. 11

Knowledge may be either actual or inferred from the evidence. Moreover, knowledge can be established by intentional concealment of copyright infringement

*GMA Accessories, Inc. v. Olivia Miller, Inc.*, 139 Fed. Appx. 301, 303 (2d Cir. 2005); *Island Software & Computer Serv. v. Microsoft Corp.*, 413 F.3d 257, 264 (2d Cir. 2005); *RSO Records, Inc. v. Peri*, 596 F. Supp. 8 (S.D.N.Y. 1984); *Johnson v. Salomon*, 1977 U.S. Dist. LEXIS 15735 (D. Minn. May 25, 1977).

PLAINTIFFS' INSTRUCTION NO. 12

      You are instructed that documents and information that defendant intentionally failed to preserve, including but not limited to files contained in her computer hard drive, would have been advantageous to plaintiffs and disadvantageous to defendant.

Stevenson v. Union Pacific Railroad Co., 354 F.3d 739, 746-47 (8th Cir. 2004); E*Trade Securities LLC v. Deutsche Bank AG, 230 F.R.D. 582, 592-93 (D. Minn. 2005).