IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| VIRGIN RECORDS AMERICA, INC., a California corporation; CAPITOL RECORDS INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; INTERSCOPE RECORDS, a California general partnership; WARNER BROS. RECORDS INC., a Delaware corporation; and UMG RECORDINGS, INC., a Delaware corporation,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>Jammie Thomas,<br><br>　　　　　　　　Defendant. | Case No. 06-cv-1497 (MJD/RLE)<br><br>**DEFENDANT'S**<br>STATEMENT OF THE CASE |

  Defendant is a single mother, residing in greater Minnesota who did not download anything from Kazaa or any other peer to peer network. Ironically, defendant is one of plaintiffs' best customers having bought hundreds of dollars worth of their CD's, yet she has shared the same fate as thousands of other individuals who have been sued by various recording company plaintiffs who follow the motto usually attributed to Soldier of Fortune magazine: "Kill them all; let God sort them out."

Acting through the Recording Industry of Association of America ("RIAA"), 5,460 lawsuits were commenced in 2004. In 2005, new lawsuits were added: in January, 717; in February, 753; in March 753; in April 1,130; in May, 740; and in June, 748.[1] Today approximately 20,000 such suits have been filed.[2]

Because the defendants selected are typically lower income, and cannot afford to defend in an expensive suit where they are forced to prove a negative, they typically settle and make payments on an installment plan, even if they did not do what was alleged.[3]

This case is a paradigm example of the continued efforts of plaintiffs to teach America a lesson. There is, however, a problem for plaintiffs. It is doubtful they own the copyrights they allege are theirs.

Plaintiffs, responding to defendant's written discovery calculated to determine ownership of the subject recordings, produced Certificates of Copyright, many of which are ancient, and many of which positively identify entities other than plaintiffs as the Copyright holders. Plaintiffs' counsel undertook Herculean efforts to get defendant to stipulate to ownership which in light of the discovery, defendant refused to do.

Last week, Friday, *after* the hearing on plaintiffs' motions to enforce a purported stipulation, plaintiffs produced over 700 pages of assorted documents

---

[1] RIAA press releases: September 30, 2004; January 24, 2005; February 28, 2005; March 23, 2005; April 12, 2005; May 26, 2005; and June 29, 2005.
[2] Eric Bangerman, Art Technica, artstechnica.com, September 10, 2007.
[3] The undersigned represented defendants in two similar suits in the District of Minnesota which resulted in settlements. In both cases plaintiffs conceded that the named defendant did not engage in the conduct alleged, but by settling, defendants were able to protect family members not a party to the litigation.

that they claim establish a chain of ownership from the original certificates. Whether such documents prove ownership is a contested, highly material issue that is to be determined at trial.

The issue of ownership is critical, because this is not a case where we have a single plaintiff organization suing as one entity. There are six plaintiffs, and to the extent that an individual plaintiff fails to show ownership, the prevailing party is entitled to attorneys fee against that party.

Plaintiffs will attempt to prove that downloading occurred to an ISP address Charter Communications claims is licensed to defendant. If true, that does not prove defendant downloaded anything as there are alternative theories. Defendant, however, is in the unenviable position of having to prove a negative. Accordingly, defendant must necessarily rely on the cross examination of Charter Communication witnesses.

Plaintiffs also have a problem with the expected testimony and qualifications of their expert, and defendant will seek to voir dire such expert in advance of his testimony regarding his qualifications.

Dated: September 17, 2007	**CHESTNUT & CAMBRONNE, P.A.**

By /s  Brian N. Toder
   Brian N. Toder #17869X
   3700 Campbell Mithun Tower
   222 South Ninth Street
   Minneapolis, MN 55402
   (612) 339-7300
   Fax (612)336-2940

**ATTORNEYS FOR DEFENDANT**