# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA
# DULUTH DIVISION

| | |
|---|---|
| VIRGIN RECORDS AMERICA, INC., a California corporation; CAPITOL RECORDS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; INTERSCOPE RECORDS, a California general partnership; WARNER BROS. RECORDS INC., a Delaware corporation; and UMG RECORDINGS, INC., a Delaware corporation, | Case No.: 06cv1497-MJD/RLE<br><br>**PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE DISPUTING ADMITTED FACTS** |
| Plaintiffs, | |
| vs. | |
| Jammie Thomas, | |
| Defendant. | |

Plaintiffs respectfully move this Court for an Order, pursuant to Rules 26(e)(2), 36(b), and 37(c)(1) of the Federal Rules of Civil Procedure, precluding Defendant from introducing any evidence to dispute: (1) Plaintiffs' ownership of the copyrighted sound recordings at issue in this case (the "Sound Recordings"); (2) Plaintiffs' proper registration of the copyrights in those Sound Recordings; and (3) the fact that Plaintiffs did not authorize Defendant to copy or distribute those Sound Recordings. In support of their motion, Plaintiffs state as follows:

## STATEMENT OF FACTS

There are 26 Sound Recordings at issue in this case. Plaintiffs identified eight (8) Sound Recordings on Exhibit A to the Complaint ("Exhibit A") in which Plaintiffs own the copyrights and that Plaintiffs allege Defendant was unlawfully distributing on February 21, 2005. (Compl.,

Doc. No. 1.) Plaintiffs identified nineteen (19) additional Sound Recordings on Schedule 1 produced to Defendant in discovery ("Schedule 1") in which Plaintiffs own the copyrights and that Plaintiffs have alleged Defendant was unlawfully distributing on February 21, 2005. (*See* Exhibit 1.) Plaintiffs are proceeding on eighteen (18) of the Schedule 1 Sound Recordings in this case and on all of the Sound Recordings listed on Exhibit A.

In Defendant's Responses to Plaintiffs' Request for Admissions and in her deposition testimony, Defendant admitted that she has no evidence to dispute Plaintiffs' copyright ownership in the Sound Recordings, Plaintiffs' proper and timely registration of the copyrights in those Sound Recordings, and the fact that Plaintiffs did not authorize her to copy or distribute those Sound Recordings. Specifically, Defendant admitted that she has no evidence to dispute that Plaintiffs own or control the exclusive rights to the copyrights in the Sound Recordings listed on Exhibit A and Schedule 1. (*See* Def.'s Resp. to Req. for Admis. No. 14, relevant excerpts of which are attached hereto as Exhibit 2; Thomas Dep. at 216:4-22, relevant excerpts of which are attached hereto as Exhibit 3.) Similarly, Defendant admitted that she has no evidence to dispute: (1) that Plaintiffs' registrations of the copyrights in the Sound Recordings at issue in this case were both timely and proper and (2) that the Sound Recordings listed on Exhibit A and Schedule 1 were duly registered with the United States Copyright Office prior to the date of infringement in this case. (*See* Def.'s Resp. to Req. for Admis. No. 16, Ex. 2; Thomas Dep. at 217:21-25, 218:1-10, Ex. 3.) Defendant further admitted that she has no evidence to dispute that each copyright registration for the Sound Recordings listed on Exhibit A and Schedule 1 were valid. (*See* Def.'s Resp. to Req. for Admis. No. 20, Ex. 2; Thomas Dep. at 218:14-22, Ex. 3.) Finally, Defendant admitted that she has no evidence to dispute the fact that none of Plaintiffs authorized her to make available the Sound Recordings listed on Exhibit A and

Schedule 1 to be downloaded or copied onto a computer hard drive.  (*See* Def.'s Resp. to Req. for Admis. No. 24, Ex. 2; Thomas Dep. at 218:23-25, 219:1-10, Ex. 3.)

Consistent with these admissions, on August 9, 2007, Defendant agreed to stipulate to these undisputed facts.  (*See* email correspondence from defense counsel dated August 9, 2007, a copy of which is attached hereto as Exhibit 4.)  A few weeks later, however, Defendant abruptly changed her mind and refused to stipulate to these facts, despite her foregoing responses to Plaintiffs' Request for Admissions and her deposition testimony that clearly and unequivocally show that Defendant has no evidence to dispute any of these facts.  To date, Defendant has not supplemented her Responses to Plaintiffs' Request for Admissions, nor has she made any changes to her deposition testimony, despite having had ample opportunity to do so.

## ARGUMENT

**UNDER SETTLED RULES AND CASE LAW, DEFENDANT CANNOT INTRODUCE EVIDENCE AT TRIAL THAT IS CONTRARY TO FACTS THAT SHE HAS ADMITTED IN DISCOVERY**

Under Fed. R. Civ. P. 36(b), any matter admitted is conclusively established.  Fed. R. Civ. P. 36(b); *see also Orange Shaw Lincoln Mercury v. San Bernadino*, 1992 U.S. App. LEXIS 29921, at *2-3 (9th Cir. 1992) (refusing to permit party to withdraw admissions after opposing party filed motion in limine to preclude presentation at trial of any contradictory evidence to those admitted facts).  Moreover, under Fed. R. Civ. P. 26(e)(2), a party has a duty to seasonably amend a prior response to a request for admission if the party learns that the response is incomplete or incorrect.  Fed R. Civ. P. 26(e)(2); *see also Voegeli v. Lewis*, 568 F.2d 89, 96 n. 12 (8th Cir. 1977) (regarding duty to seasonably amend prior discovery response when party obtains information upon the basis of which the party knows the response was incorrect when made).  When a party fails to amend a prior discovery response under Rule 26(e)(2) on a timely basis,

3

that party may not introduce as evidence at trial supplemental or allegedly corrective information that should have been seasonably provided. Fed. R. Civ. P. 37(c)(1).

Similarly, under Fed. R. Civ. P. 30(e), a deponent has 30 days after receipt of the deposition transcript to review the transcript and sign a statement reciting any changes in her testimony. As this Court has held, where deposition testimony is deliberate, clear, and unequivocal, it can constitute a judicial admission that binds a party deponent. *Glass v. IDS Fin. Servs., Inc.*, 778 F. Supp. 1029, 1064 (D. Minn. 1991).

Here, it is undisputed that Defendant explicitly and consistently stated in both her responses to Plaintiffs' Request for Admissions and in her deposition that she has no evidence to dispute Plaintiffs' copyright ownership of the Sound Recordings at issue, Plaintiffs' timely and proper registration of the copyrights in those Sound Recordings, or the fact that Plaintiffs never authorized her to copy or distribute the Sound Recordings. Moreover, it is undisputed that Defendant has never supplemented her Responses to Plaintiffs' Request for Admissions and that she has never corrected her deposition testimony in regard to her testimony as to the above-described facts.

Based upon the Federal Rules of Civil Procedure and the settled authority set forth above, because Defendant has admitted – indeed, repeatedly admitted – all of the foregoing facts, each of those facts has been conclusively established in this case. Moreover, because Defendant has not seasonably corrected either her prior discovery responses or her sworn deposition testimony, she cannot now seek to change those responses by attempting to present contrary evidence or by disputing these facts at trial. Indeed, to allow Defendant to do so now, on the eve of trial, would severely and irreparably prejudice Plaintiffs, because Plaintiffs will have been denied any opportunity to pursue these issues further in discovery.

## CONCLUSION

For all of these reasons, Plaintiffs respectfully request that this Court enter an Order precluding Defendant from introducing evidence to dispute: (1) Plaintiffs' ownership of the copyrighted Sound Recordings at issue in this case, (2) Plaintiffs' proper registration of the copyrights in those Sound Recordings, and (3) the fact that Plaintiffs did not authorize Defendant to copy or distribute those Sound Recordings.

A form of order is attached for the Court's convenience.

Respectfully submitted this 17th day of September 2007.

        s/ Laura G. Coates
        Felicia J. Boyd (No. 186168)
        Laura G. Coates (No. 350175)
        FAEGRE & BENSON LLP
        2200 Wells Fargo Center
        90 South Seventh Street
        Minneapolis, Minnesota 55402-3901
        Telephone: (612) 766-7000
        Facsimile: (612) 766-1600

        Richard L. Gabriel (pro hac vice)
        Timothy M. Reynolds (pro hac vice)
        David A. Tonini (pro hac vice)
        Andrew B. Mohraz (pro hac vice)
        HOLME ROBERTS & OWEN LLP
        1700 Lincoln, Suite 4100
        Denver, Colorado 80203
        Telephone: (303) 861-7000
        Facsimile: (303) 866-0200

        ATTORNEYS FOR PLAINTIFFS

fb.us.2298390.01