# EXHIBIT 1

# SCHEDULE 1
# THOMAS, JAMMIE (MN)

| Copyright Plaintiff | Artist | Song Title | Album Title | SR |
|---|---|---|---|---|
| UMG Recordings, Inc. | Guns N Roses | Welcome to the Jungle | Appetite for Destruction | 85-358 |
| UMG Recordings, Inc. | Vanessa Williams | Save the Best for Last | Comfort Zone | 141-365 |
| UMG Recordings, Inc. | Janet Jackson | Let's Wait Awhile | Control | 69-529 |
| SONY BMG MUSIC ENTERTAINMENT | Gloria Estefan | Here We Are | Cuts Both Ways | 107-742 |
| Warner Bros. Records Inc. | Goo Goo Dolls | Iris | Dizzy Up the Girl | 246-538 |
| SONY BMG MUSIC ENTERTAINMENT | Journey | Faithfully | Frontiers | 43-223 |
| Arista Records LLC | Sarah McLachlan | Possession | Fumbling Towards Ecstasy | 200-152 |
| UMG Recordings, Inc. | Aerosmith | Cryin' | Get A Grip | 153-061 |
| UMG Recordings, Inc. | Godsmack | Moon Baby | Godsmack | 241-879 |
| Warner Bros. Records Inc. | Linkin Park | One Step Closer | Hybrid Theory | 288-402 |
| UMG Recordings, Inc. | Def Leppard | Pour Some Sugar on Me | Hysteria | 90-420 |
| UMG Recordings, Inc. | Reba McEntire | One Honest Heart | If You See Him | 256-807 |
| SONY BMG MUSIC ENTERTAINMENT | Gloria Estefan | Coming Out of the Dark | Into The Light | 208-812 |
| SONY BMG MUSIC ENTERTAINMENT | Gloria Estefan | Rhythm is Gonna Get You | Let It Loose | 83-468 |
| UMG Recordings, Inc. | Bryan Adams | Somebody | Reckless | 58-024 |
| Interscope Records | No Doubt | Bathwater | Return Of Saturn | 279-727 |
| Interscope Records | No Doubt | Hella Good | Rock Steady | 305-872 |
| UMG Recordings, Inc. | Sheryl Crow | Run, Baby, Run | Tuesday Night Music Club | 209-823 |
| UMG Recordings, Inc. | Guns N Roses | November Rain | Use Your Illusion I | 134-647 |

THOMAS, J (NM)0570

EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| VIRGIN RECORDS AMERICA, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> JAMMIE THOMAS, <br><br> Defendant. | Case No. 06cv1497-MJD/RLE <br><br> **DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUEST FOR ADMISSIONS** |

TO: Plaintiffs and their counsel of record, Felicia J. Boyd, Kara L. Benson, Laura G. Coates, Faegre & Benson LLP, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN, 55402-3901

Pursuant to Federal Rule of Civil Procedure 36, Defendant Jammie Thomas responds to Plaintiffs' First Set of Request for Admissions as follows:

### REQUEST FOR ADMISSION NO. 1:

Admit that YOU subscribed to the Internet service provided by SERVICE PROVIDER that connected the COMPUTER to the Internet as of February 21, 2005.

### RESPONSE:

Admit

### REQUEST FOR ADMISSION NO. 2:

Admit that YOU owned the COMPUTER as of February 21, 2005.

### RESPONSE:

Admit

PLAINTIFFS' EXHIBIT A RECORDINGS on Exhibit A attached to the Complaint in this action, does own or control exclusive rights to the copyright in each such SOUND RECORDING next to which the Plaintiff is listed.

**RESPONSE:**

Defendant objects to this Request because it is calculated to require defendant to conduct an overly burdensome inquiry. Defendant has made a reasonable inquiry and the information known or readily obtainable by defendant is insufficient to admit or deny the request.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOU have no evidence to dispute that each Plaintiff listed as owning a copyright in one or more of PLAINTIFFS' EXHIBIT A RECORDINGS on Exhibit A attached to the Complaint in this action, does own or control exclusive rights to the copyright in each such SOUND RECORDING next to which the Plaintiff is listed.

**RESPONSE:**

Admit

**REQUEST FOR ADMISSION NO. 15:**

Admit that each of PLAINTIFFS' EXHIBIT A RECORDINGS was duly registered with the United States Copyright Office prior to the first date on which YOU downloaded or MADE AVAILABLE each such SOUND RECORDING.

**RESPONSE:**

Defendant objects to this Request because it is calculated to require defendant to conduct an overly burdensome inquiry. Defendant has made a reasonable inquiry and

the information known or readily obtainable by defendant is insufficient to admit or deny the request.

## REQUEST FOR ADMISSION NO. 16:

Admit that YOU have no evidence to dispute that each of PLAINTIFFS' EXHIBIT A RECORDINGS were duly registered with the United States Copyright Office prior to the first date on which you downloaded or MADE AVAILABLE each such SOUND RECORDING.

## RESPONSE:

Admit

## REQUEST FOR ADMISSION NO. 17:

Admit that all of PLAINTIFFS' EXHIBIT A RECORDINGS bore United States copyright notices over the last three years prior to the filing of the Complaint in this case.

## RESPONSE:

Defendant objects to this Request because it is calculated to require defendant to conduct an overly burdensome inquiry. Defendant has made a reasonable inquiry and the information known or readily obtainable by defendant is insufficient to admit or deny the request.

## REQUEST FOR ADMISSION NO. 18:

Admit that YOU had access to copies of PLAINTIFFS' EXHIBIT A RECORDINGS, which bore United States copyright notices over the last three years prior to the filing of the Complaint in this case.

**RESPONSE:**

Deny

**REQUEST FOR ADMISSION NO. 19:**

Admit that each copyright registration for each sound recording identified in PLAINTIFFS' EXHIBIT A RECORDINGS is valid.

**RESPONSE:**

Defendant objects to this Request because it is calculated to require defendant to conduct an overly burdensome inquiry. Defendant has made a reasonable inquiry and the information known or readily obtainable by defendant is insufficient to admit or deny the request.

**REQUEST FOR ADMISSION NO. 20:**

Admit that YOU have no evidence to dispute that each copyright registration for each sound recording identified in PLAINTIFFS' EXHIBIT A RECORDINGS is valid.

**RESPONSE:**

Admit

**REQUEST FOR ADMISSION NO. 21:**

Admit that none of Plaintiffs have ever authorized YOU to copy or download any of PLAINTIFFS' EXHIBIT A RECORDINGS onto a computer hard drive.

**RESPONSE:**

Defendant objects to this request as being vague in that copying a cd to a hard drive implicates the Fair Use Doctrine which may or may not arguably be a form of

7

authorization by one or more plaintiffs.

## REQUEST FOR ADMISSION NO. 22:

Admit that when YOU downloaded each of PLAINTIFFS' EXHIBIT A RECORDINGS onto THE COMPUTER, YOU willfully infringed the copyright in each sound recording.

## RESPONSE:

Defendant objects to this request because it erroneously assumes defendant downloaded any recordings from Plaintiffs' Exhibit A. Deny.

## REQUEST FOR ADMISSION NO. 23:

Admit that on or before the date of the filing of the Complaint in this action YOU MADE AVAILABLE PLAINTIFFS' EXHIBIT A RECORDINGS via an ONLINE MEDIA DISTRIBUTION SYSTEM.

## RESPONSE:

Deny

## REQUEST FOR ADMISSION NO. 24:

Admit that none of Plaintiffs ever has authorized YOU to MAKE AVAILABLE PLAINTIFFS' EXHIBIT A RECORDINGS to be downloaded or copied onto the computer hard drive of any other PERSON.

## RESPONSE:

Admit

## REQUEST FOR ADMISSION NO. 25:

Admit that after YOU received the Complaint in this action, YOU deleted some

the information known or readily obtainable by defendant is insufficient to admit or deny the request.

## REQUEST FOR ADMISSION NO. 29:

Admit that YOU have no evidence to dispute that each sound recording identified in PLAINTIFFS' EXHIBIT A RECORDINGS is identical to corresponding sound recording registered with the United States Copyright Office.

## RESPONSE:

Admit

## REQUEST FOR ADMISSION NO. 30:

Admit that YOU have used "tereastarr" as an any part of an email address, instant messenger address, screen name, user name, alias or nickname.

## RESPONSE:

Admit

Dated: September 18, 2006

CHESTNUT & CAMBRONNE, P.A.

By _____
Brian N. Toder, #17869X
3700 Campbell Mithun Tower
222 South Ninth Street
Minneapolis, MN 55402
(612) 339-7300
Fax (612)336-2940

**ATTORNEYS FOR DEFENDANT**

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
- - - - - - - - - - - - - - - - - - - - - - - - - -

VIRGIN RECORDS AMERICA,
INC., et al.,

    Plaintiffs,

vs.                Case No. 06cv1497 (MJD/RLE)

JAMMIE THOMAS,

    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - -


DEPOSITION

The following is the deposition of

JAMMIE THOMAS, taken before Jenelle K. Lundgren,

Notary Public, pursuant to Notice of Taking

Deposition, at 222 South Ninth Street, Minneapolis,

Minnesota, commencing at 1:00 p.m., Tuesday, May 1,

2007.




\*    \*    \*

Page 196

APPEARANCES:

On Behalf of the Plaintiffs via telephone:

Timothy Reynolds, Esquire
HOLME ROBERTS & OWEN, LLP
1700 Lincoln Street
Suite 4100
Denver, Colorado 80203-4541
Phone: (303) 861-7000
e-mail: timothy.reynolds@hro.com

On Behalf of the Defendant:
Brian Toder, Esquire
CHESTNUT & CAMBRONNE
222 South Ninth Street
3700 Campbell Mithun Tower
Minneapolis, Minnesota 55402
Phone: (612) 339-7300
e-mail: btoder@chestnutcambronne.com

Also Present:
Eric Stanley

Page 197

DEPOSITION REFERENCE INDEX

EXAMINATION:
By Mr. Reynolds: 4

OBJECTIONS:
By Mr. Toder: 220, 250, 259

EXHIBIT REFERENCE INDEX
EXHIBIT 14, MARKED, Schedule 1, Jammie Thomas......209
EXHIBIT 15, MARKED, Defendant's Response to
   Plaintiffs' First Set of
   Interrogatories....................211
EXHIBIT 16, MARKED, Defendant's Response to
   Plaintiffs' First Set of
   Request for Admissions..............215
EXHIBIT 17, REFERENCED, Photos....................223
EXHIBIT 18, REFERENCED, Printout of Screen.........225
EXHIBIT 19, REFERENCED, Printout of Screen.........226
EXHIBIT 20, MARKED, Printout of Screen.............222
EXHIBIT 21, REFERENCED, Printout of Screen.........227
EXHIBIT 22, REFERENCED, Printout of Screen.........229
EXHIBIT 23, MARKED, Printout of Screen.............223
EXHIBIT 24, REFERENCED, Printout of Screen.........232
EXHIBIT 25, REFERENCED, Printout of Screen.........233

Page 198

PROCEEDINGS
  Whereupon, the deposition of JAMMIE THOMAS was commenced at 1:12 p.m. as follows:

JAMMIE THOMAS,
  after having been first duly sworn,
  deposes and says under oath as follows:
  ***
EXAMINATION
BY MR. REYNOLDS:
  Q. Good afternoon, Ms. Thomas. My name is Tim Reynolds, and we met once before at the first portion of your deposition; that's right?
  A. I believe so. I'm not sure. I don't remember your names from the first deposition, so.
  Q. Okay. Well, I am the attorney who took the first portion of your deposition back in March, and we're here today for the continuation of your deposition. Are you ready to proceed?
  A. Yes.
  Q. And I just want to refresh your memory about some of the things that we can do to make the deposition go more smoothly. And if you -- as I indicated earlier, it's very important that you

Page 199

understand my questions, and so I ask if you don't understand the questioning, will you please let me know?
  A. Yes.
  Q. Also, if you don't hear one of my questions, will you please let me know that, too?
  A. Yes.
  Q. And because the court reporter is taking down everything we say, and especially because we're on the telephone, it's very important that we don't talk over one another. So I will let you finish your answers before I ask my next question, and I would ask that you please let me finish my question before answering. Okay?
  A. Yes.
  Q. It's also very important that you answer verbally using yes or no or whatever as opposed to saying uh-huh or huh-uh or gesturing. Okay?
  A. Yes.
  Q. And you understand that you're testifying under oath today?
  A. Yes.
  Q. And you understand you're testifying under oath just as you did in your first deposition?
  A. Yes.

2 (Pages 196 to 199)
Pat Carl & Associates (763) 591-0535 or (800) 591-9PCA (722) patcarl@patcarl.com
52f9e78c-c512-49b9-95de-e31e46812aff

Page 216

1 No. 14 on page 5? Do you have that in front of you?
2    A.  Request for admission, just a second.
3 Okay. No. 14, yes.
4    Q.  Okay. It says, "Admit that you have no
5 evidence to dispute that each plaintiff listed as
6 owning a copyright in one or more of plaintiffs'
7 Exhibit A recordings on Exhibit A attached to the
8 complaint in this action does own or control exclusive
9 rights to the copyright in each sound recording next
10 to which the plaintiff is listed," and your response
11 is that you had to admit this statement; correct?
12    A.  That's correct.
13    Q.  And I would like to ask you the same
14 question with respect to Exhibit 14, Deposition
15 Exhibit 14. Do you admit that you have no evidence to
16 dispute that each plaintiff listed as owning a
17 copyright in one or more of the sound recordings
18 listed on Schedule 1 does actually own or control
19 exclusive rights to the copyright in each one of those
20 sound recordings?
21    A.  I admit I have no evidence to dispute
22 it.
23    Q.  If you could to turn to request for
24 admission 16 on page 6?
25    A.  Yes.

Page 217

1    Q.  This question asks you to "admit that
2 you have no evidence to dispute that each of
3 plaintiffs' Exhibit A recordings were duly registered
4 with the United States Copyright Office prior to the
5 first date on which you downloaded or made available
6 each sound recording," and you admit this response.
7 Do you see that? I'm sorry, did you --
8    MR. TODER:  We need to confer a second
9 here.
10    MR. REYNOLDS:  Sure.
11    MR. TODER:  Go ahead and clarify your
12 answer.
13    THE DEPONENT:  For admission No. 16, I
14 admit that I don't have any evidence to dispute that
15 plaintiffs' Exhibit A recordings were duly registered
16 with the United States Copyright Office, but I do not
17 admit that I downloaded or made available any of those
18 sound recordings.
19    (Mr. Stanley entered the room.)
20 BY MR. REYNOLDS:
21    Q.  Okay. Do you also admit that you have
22 no evidence to dispute that each of plaintiffs'
23 Schedule 1 recordings were duly registered with the
24 United States Copyright Office?
25    A.  I admit I have no evidence to dispute

Page 218

1 that.
2    Q.  Okay. And can we agree then, putting a
3 time frame on it, that you would admit that you have
4 no evidence to dispute that the sound recordings --
5 that each of plaintiffs' sound recordings on Schedule
6 1 and Exhibit A were duly registered with the
7 copyright office more than three years before the
8 complaint was filed?
9    A.  I do admit that I have no evidence to
10 dispute that.
11    Q.  If you could turn to request for
12 admission No. 20 on page 7?
13    A.  Yes.
14    Q.  Is says, "Admit that you have no
15 evidence to dispute that each copyright registration
16 for each sound recording identified in plaintiffs'
17 Exhibit A recordings is valid," and you admit that;
18 correct?
19    A.  Yes.
20    Q.  You also make the same admission with
21 respect to the Schedule 1 recordings?
22    A.  Yes.
23    Q.  And request for admission No. 24 on
24 page 8 --
25    A.  Yes.

Page 219

1    Q.  -- it says, "admit that none of
2 plaintiffs ever has authorized you to make available
3 plaintiffs' Exhibit A recordings to be downloaded or
4 copied onto the computer hard drive of any other
5 person," and you admit that. Do you see that?
6    A.  Yes.
7    Q.  And do you make the same admission that
8 plaintiffs had never authorized you to make available
9 plaintiffs' Schedule 1 recordings?
10    A.  Yes.
11    Q.  And then request for admission No. 29
12 on page 10?
13    A.  Yes.
14    Q.  It says, "Admit that you have no
15 evidence to dispute that each sound recording
16 identified in plaintiffs' Exhibit A recordings is
17 identical to corresponding sound recordings registered
18 with the United States Copyright Office," and you
19 admit that. Do you see that?
20    A.  Yes.
21    Q.  Do you make the same admission, that
22 you have no evidence to dispute that each sound
23 recording identified in Schedule 1 is identical to the
24 corresponding sound recording registered with the
25 United States Copyright Office?

Page 260

1 questions at this time.
2     THE DEPONENT: I just have one question
3 for you. During my last deposition, after we were off
4 the record, did I not give you Justin's phone number?
5     MR. REYNOLDS: Yes, you did. We have
6 contacted Mr. Gervais, but we don't have his address.
7     MR. TODER: He won't give it to you?
8     MR. REYNOLDS: That's my understanding.
9 We have not been able to contact him.
10     THE COURT REPORTER: Do you want this
11 on the record?
12     MR. TODER: That's okay.
13     MR. REYNOLDS: I don't think we need to
14 be on the record.
15     (Whereupon, the deposition of JAMMIE
16 THOMAS was concluded at 2:53 p.m.)

Page 261

1     I, JAMMIE THOMAS, do hereby certify that
2 I have read the foregoing deposition and found the
3 same to be true and correct except as follows, (noting
4 the page and line number of the change or addition as
5 desired and the reason why):
6     Page   Line     Correction

25     JAMMIE THOMAS

Page 262

1 STATE OF MINNESOTA )
                     )ss.  CERTIFICATE
2 COUNTY OF RAMSEY    )
3     BE IT KNOWN that I, Jenelle Lundgren, took the
foregoing deposition of JAMMIE THOMAS;
4
    That the witness, before testifying, was by me
5 first duly sworn to testify the whole truth and
nothing but the truth relative to said cause;
6
    That the testimony of said witness was recorded
7 in shorthand by me and was reduced to typewriting
under my direction;
8
    That the foregoing deposition is a true record of
9 the testimony given by said witness;
10    That the reading and signing of the foregoing
deposition by the said witness were not waived by the
11 witness and respective counsel;
12    That I am not related to any of the parties
hereto, nor an employee of them, nor interested in the
13 outcome of the action;
14    That the cost of the original has been charged to
the party who noticed the deposition, and that all
15 parties who ordered copies have been charged at the
same rate for such copies;
16
    WITNESS MY HAND AND SEAL this 14th day of May,
17 2007.
18
        JENELLE LUNDGREN, Notary Public

## SCHEDULE 1
## THOMAS, JAMMIE (MN)

| Copyright Plaintiff | Artist | Song Title | Album Title | SR |
|---|---|---|---|---|
| UMG Recordings, Inc. | Guns N Roses | Welcome to the Jungle | Appetite for Destruction | 85-358 |
| UMG Recordings, Inc. | Vanessa Williams | Save the Best for Last | Comfort Zone | 141-365 |
| UMG Recordings, Inc. | Janet Jackson | Let's Wait Awhile | Control | 69-529 |
| SONY BMG MUSIC ENTERTAINMENT | Gloria Estefan | Here We Are | Cuts Both Ways | 107-742 |
| Warner Bros. Records Inc. | Goo Goo Dolls | Iris | Dizzy Up the Girl | 246-538 |
| SONY BMG MUSIC ENTERTAINMENT | Journey | Faithfully | Frontiers | 43-223 |
| Arista Records LLC | Sarah McLachlan | Possession | Fumbling Towards Ecstasy | 200-152 |
| UMG Recordings, Inc. | Aerosmith | Cryin' | Get A Grip | 153-061 |
| UMG Recordings, Inc. | Godsmack | Moon Baby | Godsmack | 241-879 |
| Warner Bros. Records Inc. | Linkin Park | One Step Closer | Hybrid Theory | 288-402 |
| UMG Recordings, Inc. | Def Leppard | Pour Some Sugar on Me | Hysteria | 90-420 |
| UMG Recordings, Inc. | Reba McEntire | One Honest Heart | If You See Him | 256-807 |
| SONY BMG MUSIC ENTERTAINMENT | Gloria Estefan | Coming Out of the Dark | Into The Light | 208-812 |
| SONY BMG MUSIC ENTERTAINMENT | Gloria Estefan | Rhythm is Gonna Get You | Let It Loose | 83-468 |
| UMG Recordings, Inc. | Bryan Adams | Somebody | Reckless | 58-024 |
| Interscope Records | No Doubt | Bathwater | Return Of Saturn | 279-727 |
| Interscope Records | No Doubt | Hella Good | Rock Steady | 305-872 |
| UMG Recordings, Inc. | Sheryl Crow | Run, Baby, Run | Tuesday Night Music Club | 209-823 |
| UMG Recordings, Inc. | Guns N Roses | November Rain | Use Your Illusion I | 134-647 |


DEPOSITION EXHIBIT
Thomas 14
5-1-07

THOMAS, J (NM)0570

EXHIBIT 4

-----Original Message-----
**From:** Brian Toder [mailto:btoder@chestnutcambronne.com]
**Sent:** Thursday, August 09, 2007 8:36 AM
**To:** Timothy M Reynolds
**Cc:** jammlet@millelacsojibwe.nsn.us
**Subject:** Virgin Records v. Thomas

Tim,

I spoke to my client and sent her the draft stipulation. Her response is that we can so stipulate provided we have your written assurances that plaintiffs will not bring any summary judgment motions in this case.

Brian