INSTRUCTION NO. _____

This is an action for copyright infringement. A "copyright" is the exclusive right to copy. A copyrighted work can be literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, mask works fixed in semiconductor chip products, or a computer program.

The owner of a copyright generally has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time. One who reproduces or distributes a copyrighted work during the term of the copyright, infringes the copyright, unless licensed by the copyright owner.

In this case, each plaintiff contends it is, and at all relevant times has been, the copyright owner or licensee of exclusive rights under United States copyright with respect to certain copyrighted sound recordings, and that the defendant, Jammie Thomas, without the permission or consent of such plaintiff, used an online media distribution system known as KaZaA to download the plaintiffs' copyrighted recordings and to distribute the copyrighted recordings to the public. Each plaintiff contends that Ms. Thomas' actions constitute infringement of it copyrights and exclusive rights under copyright.

7 Kevin F. O'Mally, Jay E. Grenig, and Hon. William C. Lee, Federal Jury Practice & Instructions § 160.01 (2005) (modified)

INSTRUCTION NO. \_\_\_

2.08A  EVIDENCE ADMITTED AGAINST ONLY ONE PARTY

     Each party is entitled to have the case decided solely on the evidence which applies to that party.  Some of the evidence in this case is limited under the rules of evidence to one of the parties, and cannot be considered against the others.

3 Kevin F. O'Malley, et al., FEDERAL JURY PRACTICE AND INSTRUCTIONS:  Civil § 102.41 (5th ed. 2000)

INSTRUCTION NO. \_\_\_

3.04  BURDEN OF PROOF

      In these instructions you are told that your verdict depends on whether you find certain facts have been proved.  The burden of proving a fact is upon the party whose claim depends upon that fact.  The party who has the burden of proving a fact must prove it by the preponderance of the evidence.  To prove something by the preponderance of the evidence is to prove that it is more likely true than not true.  It is determined by considering all of the evidence and deciding which evidence is more believable.  If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved.

      The preponderance of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

      You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard which applies in criminal cases.  It does not apply in civil cases such as this.  You should, therefore, put it out of your minds.


8TH CIR. CIVIL JURY INSTR. § 3.04 (2007)

INSTRUCTION NO. ___

The first thing that each plaintiff must prove is that it is the owner of works protected by the Copyright Act. In order to prove this, such plaintiff must show either that it is the owner of the works in issue, or that such plaintiff is licensed by the owners of those working permitting the plaintiff to claim ownership of those works or the exclusive rights to the works.

A plaintiff's certificates of registration of its copyright is what is called *prima facie* evidence of the element of ownership. In other words, if there is no evidence against a plaintiff as to that element, the registration certificate alone is sufficient to establish that element.

7 Kevin F. O'Malley, Jay E. Grenig, and Hon. William C. Lee, Federal Jury Practice & Instructions § 160.22 (2005) (modified).

INSTRUCTION NO. ___


Each plaintiff claims in this case that the defendant violated its exclusive rights to reproduce and distribute its copyrighted works. One who reproduces or distributes a copyrighted work during the term of the copyright infringes the copyright, unless licensed by the copyright owner.



7 Kevin F. O'Malley, Jay E. Grenig, and Hon. William C. Lee, Federal Jury Practice & Instructions § 160.01 (2005) (modified).

INSTRUCTION NO. \_\_\_

**§ 160.90. Generally**

     If you find that plaintiff VIRGIN RECORDS AMERICA, INC., had a valid copyright and you find that that copyright was infringed by defendant, then you should find for plaintiff VIRGIN RECORDS AMERICA, INC. You must then decide on the amount of damages plaintiff VIRGIN RECORDS AMERICA, INC. is entitled to recover.
     If, however, you find that such plaintiff did not prove an infringement by defendant, you should find for defendant and not decide any amount of damages.


3B **Fed**. **Jury Prac**. & **Instr**. **§ 160**.90 (5th ed.) (modified)

INSTRUCTION NO. \_\_\_

**§ 160.90. Generally**

If you find that plaintiff CAPITOL RECORDS INC., had a valid copyright and you find that that copyright was infringed by defendant, then you should find for plaintiff CAPITOL RECORDS INC. You must then decide on the amount of damages plaintiff CAPITOL RECORDS INC. is entitled to recover.

If, however, you find that such plaintiff did not prove an infringement by defendant, you should find for defendant and not decide any amount of damages.

3B **Fed**. **Jury Prac**. & **Instr**. **§ 160**.90 (5th ed.) (modified)

INSTRUCTION NO. \_\_\_

**§ 160.90. Generally**

    If you find that plaintiff SONY BMG MUSIC ENTERTAINMENT, had a valid copyright and you find that that copyright was infringed by defendant, then you should find for plaintiff SONY BMG MUSIC ENTERTAINMENT. You must then decide on the amount of damages plaintiff SONY BMG MUSIC ENTERTAINMENT is entitled to recover.
    If, however, you find that such plaintiff did not prove an infringement by defendant, you should find for defendant and not decide any amount of damages.

3B **Fed**. **Jury Prac**. & **Instr**. **§ 160**.90 (5th ed.) (modified)

INSTRUCTION NO. \_\_\_

**§ 160.90. Generally**

 If you find that plaintiff ARISTA RECORDS LLC, had a valid copyright and you find that that copyright was infringed by defendant, then you should find for plaintiff ARISTA RECORDS LLC.  You must then decide on the amount of damages plaintiff ARISTA RECORDS LLC is entitled to recover.
 If, however, you find that such plaintiff did not prove an infringement by defendant, you should find for defendant and not decide any amount of damages.


3B **Fed**. **Jury Prac**. & **Instr**. **§ 160**.90 (5th ed.) (modified)

INSTRUCTION NO. \_\_\_

**§ 160.90. Generally**

     If you find that plaintiff INTERSCOPE RECORDS, had a valid copyright and you find that that copyright was infringed by defendant, then you should find for plaintiff INTERSCOPE RECORDS  You must then decide on the amount of damages plaintiff INTERSCOPE RECORDS is entitled to recover.
     If, however, you find that such plaintiff did not prove an infringement by defendant, you should find for defendant and not decide any amount of damages.


3B **Fed**. **Jury Prac**. & **Instr**. **§ 160**.90 (5th ed.) (modified)

INSTRUCTION NO. \_\_\_

**§ 160.90. Generally**

If you find that plaintiff WARNER BROS. RECORDS INC., had a valid copyright and you find that that copyright was infringed by defendant, then you should find for plaintiff WARNER BROS. RECORDS INC. You must then decide on the amount of damages plaintiff WARNER BROS. RECORDS INC. is entitled to recover.

If, however, you find that such plaintiff did not prove an infringement by defendant, you should find for defendant and not decide any amount of damages.

3B **Fed**. **Jury Prac**. & **Instr**. **§ 160**.90 (5th ed.) (modified)

INSTRUCTION NO. \_\_\_

**§ 160.90. Generally**

      If you find that plaintiff UMG RECORDINGS, INC., had a valid copyright and you find that that copyright was infringed by defendant, then you should find for plaintiff UMG RECORDINGS, INC.  You must then decide on the amount of damages plaintiff UMG RECORDINGS, INC. is entitled to recover.
      If, however, you find that such plaintiff did not prove an infringement by defendant, you should find for defendant and not decide any amount of damages.


3B **Fed**. **Jury Prac**. & **Instr**. **§ 160**.90 (5th ed.) (modified)

INSTRUCTION NO. \_\_\_

**§ 160.93. Statutory damages**

In this case, each plaintiff has elected to recover "statutory damages" instead of its' actual damages and profits.

Under the Copyright Act, each plaintiff is entitled to a sum of not less than $750 or more than $30,000 per act of infringement, if any, as you consider just.

In determining the just amount of statutory damages for an infringing defendant, you may consider the willfulness of the defendant's conduct, the defendant's innocence, the defendant's continuation of infringement after notice or knowledge of the copyright or in reckless disregard of the copyright, effect of the defendant's prior or concurrent copyright infringement activity, and whether profit or gain was established.

3B **Fed**. **Jury Prac**. & **Instr**. **§ 160**.93 (5th ed.) (modified)