UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MINUTE ORDER

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Virgin Records America, Inc.,
et al.,

                     Plaintiffs,

   vs.

Jammie Thomas,

                     Defendants.           Civ. No. 06-1497 (MJD/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Plaintiffs' Motion To Enforce Stipulation Re: Specific Facts, or in the alternative, For Leave To File Dispositive Motion As To Specific Facts, and the Plaintiffs' Motion for Summary Adjudication of Specific Facts. A Hearing on the Plaintiffs' Motions was conducted on September 13, 2007, at which time, the Plaintiffs appeared by Andrew B. Mohraz, Esq., and the Defendant appeared

by Brian N. Toder, Esq.  For reasons expressed at the Hearing, and briefly summarized below, the Plaintiffs' Motion To Enforce Stipulation Re: Specific Facts, or in the alternative, For Leave To File Dispositive Motion As To Specific Facts is denied, and the Plaintiffs' Motion for Summary Adjudication of Specific Facts is denied, as moot.

## II.  Factual Background

In this action, the Plaintiffs allege that the Defendant infringed their copyrights, in violation of Title 17 U.S.C. §§101, et seq., and specifically, they claim that the Defendant used an online media distribution system, so as to illegally download, and distribute, copyrighted audio recordings.  The Plaintiffs seek injunctive relief, as well as statutory, and other damages.

On August 24, 2007, the Plaintiffs filed a Motion to Enforce Stipulation Re: Specific Facts, see, Docket No. 41, in which they asked the Court to enforce a Stipulation that allegedly had been entered by all of the parties or, alternatively, they requested leave to file a dispositive Motion regarding those facts. Simultaneously, the Plaintiffs filed a Motion for Summary Adjudication of Specific Facts relating to their claims against the Defendant for copyright infringement.  See, Docket No. 39.

III.  Discussion

By their Motions, the Plaintiffs ask the Court to issue an Order that would enforce the terms of their alleged joint Stipulation, or grant them Summary Judgment as to the facts, they claim, were the subject of the Stipulation.  Specifically, the Plaintiffs claim that the following facts were the subject of the Stipulation, and should no longer be in contest: (1) that the Plaintiffs are the owners of twenty-six (26) copyrighted sound recordings that are at issue in this action; (2) that the Plaintiffs properly registered those copyrighted sound recordings; and (3) that the Defendant lacked authorization to copy or to distribute those sound recordings.  See, Plaintiffs' Memorandum in Support, Docket No. 40.

The Defendant opposes the Plaintiffs' Motions, and represents that no Stipulation was ever agreed upon by the parties, and that the Plaintiffs should not be granted leave to file a Motion for Summary Adjudication as the deadline for filing dispositive Motions has passed.

Having reviewed the materials in Record, we are unable to find that the parties reached a meeting of the minds that would constitute a valid Stipulation so as to eliminate certain factual claims from being at issue.  The Defendant acknowledges that the Plaintiffs originally asked her to stipulate to the contested facts, on August 6, 2007,

see, Declaration of Brian N. Toder, Docket No. 51, at Exhibit 1, and that, on that date, they sent a draft of a proposed Stipulation, via email, to the Defendant's counsel, although that draft omitted a list of the contested sound recordings that the Defendant had requested to review. By email dated August 9, 2007, the Plaintiffs sent the Defendant's counsel a second proposed Stipulation, that also omitted the referenced list of sound recordings. Id. at Exhibit 2.

On the same date, the Defendant's counsel responded to the Plaintiffs' email, and stated that the Defendant would be willing to sign a stipulation "provided we have your written assurances that plaintiffs will not bring any summary judgment motions in this case," Plaintiffs' Motion to Enforce Stipulation, supra at Exhibit 2, and the Plaintiffs responded by an email that stated "[o]nce [the Stipulation] is executed, Plaintiffs[] will not move for summary judgment." Id. at Exhibit 3. The Defendant did not return a signed copy of the proposed Stipulation and, on August 21, 2007, the Defendant sent an email to the Plaintiffs' counsel advising them that she would not stipulate as requested. Declaration of Brian N. Toder, supra at Exhibit 5.

At the Hearing, the Plaintiffs argued that they were prepared to submit a Declaration of Timothy M. Reynolds ("Reynolds"), who is counsel for the Plaintiffs, to the effect that he had received authorization, from the Defendant's counsel, to

electronically sign the proposed Stipulation. On inquiry by the Court, however, defense counsel categorically denied that assertion, and advised the Court that he had never authorized the Plaintiffs to sign his name to any of the draft Stipulations. The Defendant's counsel is an officer of this Court, has frequently appeared before this Court with distinction, and we are presented with no reason to doubt his direct representation that he never authorized the Plaintiffs' counsel to sign any proposed Stipulation on his behalf. On this limited Record, we find no reason to credit the position of one party over the other. Had the Plaintiffs submitted a signed document, or competent evidence that an agreement had been reached, we might be presented with a different issue, but we are not at liberty to find an agreement, where the Record fails to support one.

Since we decline to enforce the Stipulation, given the absence of a meeting of the minds, the Plaintiffs ask for leave to file a Motion for Summary Judgment as to the contested facts. We note that the deadline for filing dispositive Motions in this case was July 1, 2007. See, Docket No. 17. The Plaintiffs acknowledge that the deadline for filing a dispositive Motion has passed, but argue that, while they were prepared to timely file a Motion for Summary Judgment, they delayed because of their reliance on the what they perceived to be the Defendant's agreement to sign the Stipulation.

Under such circumstances, the wisest choice would be to contact the Court, on a contemporaneous basis, so as to request an extension of the dispositive Motion deadline. This the Plaintiffs did not do. Indeed, as recounted by the Plaintiffs, they did not approach the Defendant concerning a proposed Stipulation until August of 2007, which was after the deadline established in our Scheduling Order. Since we have no enforceable Stipulation, we deny the Plaintiffs' Motion for a Summary Adjudication, as moot

We are mindful that Rule 16(b), Federal Rules of Civil Procedure, states that a Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." See, <u>Rule 16(b), Federal Rules of Civil Procedure</u>. The good cause standard is an exacting one, and requires a demonstration that the Scheduling Order "cannot reasonably be met despite the diligence of the party seeking the extension." <u>North Star Mutual Ins. Co. v. Zurich Ins. Co.</u>, 269 F. Supp. 2d 1140, 1144 (D. Minn. 2003), citing <u>Rule 16(b), Federal Rules of Civil Procedure</u>. We find no showing of good cause here, for reasons we have detailed. This case is "Ready for Trial" and, we understand, has been set for an imminent Trial.

Lastly, as we observed, at the close of the Hearing, if the parties are able to stipulate to facts which are not seriously in dispute, it will save both sides, and the Jury, from addressing issues that will not ultimately impact on the result of the Trial, and could lessen the litigation expenses should this case proceed to a full Trial. Accordingly, we renew our directive that the parties meet and confer with the goal of focusing the issues of fact that should properly remain in dispute, given a rapidly approaching Trial date.  See, Docket No. 53.

NOW, THEREFORE, It is --

ORDERED:

1.    That the Plaintiffs' Motion To Enforce Stipulation Re: Specific Facts, or in the alternative, For Leave to File Dispositive Motion As To Such Facts [Docket No. 41] is DENIED.

2.    That the Plaintiffs' Motion for Summary Adjudication [Docket No. 39] is DENIED, as moot.

BY THE COURT:

Dated:  September 19, 2007        s/Raymond L. Erickson
                                  Raymond L. Erickson

                                                  CHIEF U.S. MAGISTRATE JUDGE