IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| VIRGIN RECORDS AMERICA, INC., a California corporation; CAPITOL RECORDS INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; INTERSCOPE RECORDS, a California general partnership; WARNER BROS. RECORDS INC., a Delaware corporation; and UMG RECORDINGS, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Jammie Thomas,<br><br>Defendant. | Case No. 06-cv-1497 (MJD/RLE)<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS'** MOTION IN LIMINE TO EXCLUDE EVIDENCE DISPUTING ADMITTED FACTS |

On September 18, 2006, when defendant admitted in her response to Plaintiffs' First Set of Request for Admissions that she had no evidence to dispute plaintiffs' ownership of any copyrights, the only paperwork she had thus far received was the Complaint with two exhibits listing well over one thousand recordings.[1] Plaintiffs' Complaint states that they own all of the titles of Exhibit A and certain of the sound recordings listed on Exhibit B. Complaint, ¶ 13. Dkt. 1.

---

[1] Defendant was also served with Plaintiffs' Certificate of Interested Persons (Dkt. 2) where plaintiffs identify their parent corporations. Plaintiff also received Plaintiffs' Statement of the Case which sheds no light on each plaintiff's copyright ownership, if any. Dkt. 7.

On January 2, 2007, defendant served written discovery so that she could determine which plaintiff owned which copyright, if any.

On February 12, 2007, plaintiffs collectively responded to defendants interrogatories, requests for admission and production of documents,[2] and where specifically asked in Interrogatories Nos. 6, 7 and 8 to identify the owners of which copyright and when such rights were acquired (*See also*, Plaintiffs' Response to Defendant's Request for Production of Documents, Exh. No. 6, Toder Decl. in Opposition, Exh. 3), plaintiffs objected on the grounds of vagueness, relevance, premature because discovery is ongoing, not reasonably calculated to lead to discovery of admissible evidence, and then directed defendant to two charts they produced for the instant litigation which merely listed titles and named plaintiffs. Plaintiffs further responded by referring defendant to documents concurrently produced.

> [C]opies of the certificates of registration for each sound recording listed in Exhibit A and Schedule 1 are being produced herewith. See documents bates labeled Thomas, J (MN) 016 to 031 and 570 to 608.

Toder Declaration in Opposition, Exh. 1, Int. No. 6, p. 7.

Thomas, J (MN) 016 to 031 and 570 to 608 are a collection of 27 certificates of copyright.[3] Fourteen (14) of these 27 certificates identify copyright holders who are not plaintiffs in the above entitled matter.[4] This is the only

---

[2] Respectively, Exh's. 1, 2 and 3 to Toder Decl.in Opposition.
[3] They are reproduced as Exh. 4 to Toder Decl.in Opposition.
[4] These 14, collected in Toder Decl. in Opposition, Exh. 4, are Bates stamped: 0016, 0018, 0571, 0573, 0575, 0577, 0579, 0581, 0585, 0587, 0589, 0595, 0597 and 0601.

2

evidence respecting ownership or exclusive rights that plaintiffs revealed to defendant throughout the entire course of discovery. This evidence reveals that on the day certain recordings which are the subject matter of the instant litigation were registered, they were owned by the likes of The David Geffen Company, Geffen Records, Inc., A& M Records, Inc., Polygram Records, Inc., MCA Records Nashville, CBS, Inc. and Virgin Records, Ltd. Toder Decl. in Opposition, Exh. 4.

Defendant continues to admit that she has no evidence to dispute which recording each plaintiff presently or at all times material owns copyrights to, if any. She has no evidence, because plaintiffs decided that some benefit would accrue to them by withholding such evidence, thereby flagrantly violating the discovery rules.

When plaintiffs realized that they were about to be hoisted on their own petards, they sought to a) enforce a non-existent stipulation establishing their ownership; b) file a motion for summary judgment supported only with four self-serving declarations that they owned the copyrights; and c) bring the instant motion.

Counsel representing all plaintiffs appeared before Chief Magistrate Judge Raymond A. Erickson on September 13, 2007, arguing, as they do now, that they should be able to file a "Motion for Summary Adjudication of Specific Facts," a motion calculated to establish their ownership without having to prove the same.

(Dkt's. 41 and 39) Judge Erickson denied the motion (Dkt. 73),[5] but what is interesting is that plaintiffs' counsel, after conceding that plaintiffs' discovery responses did in fact identify entities other than plaintiffs as copyright holders, advised the Court that he had a "stack" of documents that fixed the problem. That "stack" was never produced in discovery. That "stack" was first provided to defendant *after* the hearing, seven months after it should have been produced and within two weeks of the trial date. That "stack" of over 700 pages of documents does not prove that each plaintiff owns copyrights as alleged in the Complaint.[6]

## CONCLUSION

The most material fact that each plaintiff has the burden of proving in a copyright infringement case is ownership or a legal right to exclusive use of the copyright. Plaintiffs should not be rewarded for their flagrant and intentional failure to produce in discovery documents establishing such ownership or exclusive rights.

Defendant has never admitted that plaintiffs have the requisite ownership; she has only admitted that she was never provided with any evidence establishing each plaintiff's ownership, exclusive rights or the lack thereof. The cause of

---

[5] Plaintiffs unsuccessfully attempted to convince the Court, as they do now, that the parties stipulated to ownership. They offer Exhibit 4 to their motion which is an email describing what defendant said to her counsel, but not what defendant's counsel said to plaintiffs' counsel which was that a stipulation continued to be contingent on documentation establishing the need to stipulate. Plaintiffs' counsel said the previously produced Certificates of Copyright so established, but that obviously turned out not to be true. Judge Erickson found that there was never a stipulation and would not permit the (already filed) filing of the "Motion for Summary Adjudication" long after the deadline for the filing of dispositive motions. Dkt. 73.
[6] That "stack" of diverse and unrelated documents is identified as a single exhibit, Exh. 4 in Plaintiffs' Amended Exhibit List (Dkt. 77) and is the subject of the concurrently filed Defendant's Motion in Limine to Preclude the Admission of Plaintiffs' Trial Exhibit 4 Pursuant to Rules 26 and 37.

defendant's ignorance is plaintiffs' conduct in discovery. Their motion should be denied in all respects.

Respectfully submitted,

Dated: September 24, 2007            **CHESTNUT & CAMBRONNE, P.A.**

By /s Brian N. Toder
   Brian N. Toder #17869X
   3700 Campbell Mithun Tower
   222 South Ninth Street
   Minneapolis, MN 55402
   (612) 339-7300
   Fax (612)336-2940

**ATTORNEYS FOR DEFENDANT**