# EXHIBIT 1

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
DULUTH DIVISION

VIRGIN RECORDS AMERICA, INC.,
et al.,

          Plaintiffs,

vs.

JAMMIE THOMAS,

          Defendant.

Case No.: 06cv1497-MJD/RLE

**PLAINTIFFS' RESPONSES TO DEFENDANT'S INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiffs respond as follows to Defendant Jammie Thomas' Interrogatories:

## **GENERAL OBJECTIONS**

Plaintiffs make the following general objections to Defendant's discovery requests:

1.      Plaintiffs object to the discovery requests to the extent that they request information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiffs specifically reserve the right to demand the return of any documents that may be produced inadvertently during discovery if it is determined that such documents may contain privileged material.

2.      Insofar as the production of any documents by Plaintiffs in response to Defendant's discovery requests may be deemed to be a waiver of any privilege or rights, such waiver will be deemed a limited waiver with respect to that particular document only. Any inadvertent production of any document shall not be deemed or construed to constitute a waiver of any privilege or right of Plaintiffs, and Plaintiffs reserve the right to demand that Defendant return any such document and all copies thereof.

#1222058 v2

3. Plaintiffs object to the discovery requests to the extent that they are overly broad with regard to subject matter and time period for which information is requested. The discovery requests are also vague, ambiguous, and unduly burdensome. They seek information and documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiffs object to the discovery requests to the extent that they are premature because discovery in this action is ongoing and additional information may be discovered in the future that conceivably could be responsive to one or more of the discovery requests propounded by Defendant. Plaintiffs reserve all rights to rely on all information, whether or not provided in response to any particular discovery request, in connection with this action.

5. Plaintiffs object to the discovery requests to the extent that they fail to identify documents requested with reasonable particularity, as required by Fed. R. Civ. P. 34.

6. Plaintiffs reserve the right to modify, amend, or supplement these answers and objections and specifically reserve their right to move for appropriate protective orders.

7. Plaintiffs object to Defendant's instructions and definitions in their entirety.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

Interrogatory No. 1: Identify the person or persons responding to these Interrogatories.

Response: Plaintiffs direct Defendant to the verification pages of these responses.

Interrogatory No. 2: With respect to all entities identified in the Complaint and identified in your Certificate of Interested Persons, identify individuals who are employed by you who have direct knowledge of any infringement allegedly committed by defendant as alleged in the Complaint and state all facts known by such individual relating to any infringement allegedly committed by defendant.

Response: Plaintiffs object on the grounds that this Interrogatory is vague and ambiguous. Plaintiffs further object on the grounds that this Interrogatory seeks information that is not within Plaintiffs' possession, custody or control, and because it is premature in that discovery is ongoing. Plaintiffs also object to this Interrogatory on the ground that it contains two distinct subparts and, therefore, is actually two interrogatories. Plaintiffs also object on the grounds that this Interrogatory seeks information that is protected by the work-product doctrine or attorney-client privilege. Subject to and without waiving these objections, Plaintiffs state as follows: none.

Interrogatory No. 3: Identify all individuals who have direct knowledge of any alleged infringement by defendant other than those individuals identified in your previous response, and state all facts known by such individual relating to any infringement allegedly committed by defendant.

Response: Plaintiffs object on the grounds that this Interrogatory is vague and ambiguous. Plaintiffs further object on the grounds that this Interrogatory seeks information that is not within Plaintiffs' possession, custody or control, and because it is premature in that discovery is ongoing. Plaintiffs also object to this Interrogatory on the ground that it contains two distinct subparts and, therefore, is actually two interrogatories. Plaintiffs also object on the grounds that this Interrogatory seeks information that is protected by the work-product doctrine or attorney-client privilege. Subject to and without waiving these objections, Plaintiffs state as follows:

Every day, and during the relevant time period herein, millions of individuals utilize online media distribution systems over peer-to-peer networks such as KaZaA to engage in the

largely anonymous, illegal file-swapping of billions of perfect copies of digital music files, including Plaintiffs' copyrighted sound recordings as alleged in the Complaint.

Peer-to-peer services, like the KaZaA network used by Defendant, are designed so that users can easily and anonymously connect with like-minded infringers. A new user first downloads the necessary software from one of the peer-to-peer providers. Once the software is installed and launched, the user is connected both to the provider's central computers and to other users of the service (typically millions of people at a time) to search for, copy and distribute copyrighted works on other users' computers. The software creates a "share" folder on each user's computer in which to store the files the user downloads from the service, which are then distributed to other users. Moreover, to enable users to search the computers of complete strangers, the software scans the "share" folders of those connected to the network, extracts information from each user's files, and automatically creates indices of the sound recordings and other works available for copying and distribution.

"Prompts" appear on the users' computer screen to facilitate searches for desired songs, movies, or other content. For example, the software directs users to search for "audio files" by artist, song title, album title, or music category (such as "Top 40"). A user who wants recordings by a particular artist simply types the artist's name in the appropriate search prompt and clicks a search button. Within seconds, the service searches the indices and returns a list of copies of the desired work that are available to copy.

To obtain a copyrighted work, the user clicks on an entry from the list of search results. The service then automatically retrieves a perfect digital copy of the desired sound recording from the computers of one or more other users. In a short time, the copying user has a new, permanent audio copy that he or she can listen to or transfer to a digital device as often as

desired. Each time a user makes an unauthorized copy, that copy immediately is distributed to others, resulting in an exponentially multiplying creation and redistribution of perfect digital copies.

Defendant was found distributing the sound recordings found on Exhibit B to the Complaint on February 21, 2005. On that date, at approximately at 23:09:01 EST, a third-party investigator called SafeNet (f/k/a MediaSentry) detected an individual who was engaged in the distribution of approximately 1,702 sound recordings, many of them Plaintiffs' copyrighted sound recordings, using the screen name "tereastarr@KaZaA" and Internet Protocol ("IP") address 24.179.199.117. In response to a Federal Court subpoena, Charter Communications, Inc. subsequently identified IP address 24.179.199.117 as being registered to Defendant Jammie Thomas as of the date and time in question. Defendant has stated that she used the screen name "tereastarr@charter.net."

In further response, beyond Plaintiffs' counsel, Plaintiffs identify:

A representative of Charter Communications. Charter Communications' representative may be contacted through Steve Higgins, Esq., Thompson Coburn, One US Bank Plaza, Saint Louis, MO 63101. Charter Communications' representative may have information regarding their identification of Ms. Thomas' account as the source of infringing activity.

A representative of SafeNet. SafeNet's representative may be contacted through Thomas M. Mullaney, Esq., 708 Third Avenue, Suite 2500, New York, New York 10017, (212) 661-9860. SafeNet's representative may have information regarding the investigation that revealed infringement within Ms. Thomas' household.

Mark McDevitt, Vice President, Online Anti-Piracy, Recording Industry Association of America. Mr. McDevitt may be contacted through Plaintiffs' counsel. Mr. McDevitt may have information regarding the authenticity of sound recordings that were distributed by Ms. Thomas.

Dr. Doug Jaconson. Dr. Jacobson may be contacted through Plaintiffs' counsel. Dr. Jacobson has information concerning the software that was being used to infringe Plaintiffs' copyrights, SafeNet's investigation in this case, Charter Communication's response to Plaintiffs' subpoena in this case, and the pleadings in this case.

5

Defendant Jammie Thomas. Ms. Thomas' contact information is known to her. Others known to Defendant.

Interrogatory No. 4: Did you or your agent trace the user "tereastarr" to Jammie Thomas, the individual?

a. If your answer is in the affirmative, identify who so traced, and;

b. State in detail and not summary fashion all details respecting such trace.

c. If you or agent did not so trace, identify who so traced, and

d. State in detail and not summary fashion all details respecting such trace.

Response: Plaintiffs object to this Interrogatory on the grounds that it is vague and ambiguous. Plaintiffs further object on the grounds that Defendant purports to ask in one interrogatory five distinct subparts and, therefore, actually propounds five interrogatories. Plaintiffs further object on the grounds that this Interrogatory seeks information that is not within Plaintiffs' possession, custody or control. Subject to and without waiving these objections, Plaintiffs direct Defendant to Plaintiffs' Response to Interrogatory No. 3. In further response, please see the documents that are being or have been produced that are bates labeled Thomas, J (MN) 004-515.

Interrogatory No. 5: With respect to paragraph 13 of the Complaint, specifically plaintiffs' allegations that "copyrighted recordings include but are not limited to each of the sound recordings identified in Exhibit A . . ." and "certain of the sound recordings listed on Exhibit B . . .," identify what "certain sound recordings listed on Exhibit B" you are claiming copyrights were allegedly infringed upon by defendant.

Response: Plaintiffs object on the grounds that this Interrogatory is premature because discovery is ongoing. Subject to and without waiving this objection, Plaintiffs intend to pursue

#1222058 v2

claims on the copyrighted sound recordings identified in Exhibit A to Plaintiffs' Complaint, as well as for the sound recordings identified on a "Schedule 1" which is being produced herewith. Plaintiffs reserve the right to modify, amend, or supplement this answer to add copyrighted sound recordings listed on Exhibit B to Plaintiffs' Complaint.

Interrogatory No. 6: With respect to Exhibit A of the Complaint, identify each specific recording title whose copyright is owned by you and when such copyright was obtained.

   a.  For each recording title in Exhibit A whose copyright you do not own, identify which plaintiff owns the copyright and/or owned it during the period of time relative to your claims against defendant.

   b.  For each recording title in Exhibit A whose copyright is not owned by you or other plaintiffs above-named, identify who owned such copyright during the period of time relative to your claims against defendant.

Response: Plaintiffs object to this Interrogatory on the grounds that it is vague and ambiguous. Plaintiffs further object on the grounds that Defendant purports to ask in one interrogatory three distinct subparts and, therefore, actually propounds three interrogatories. Subject to and without waiving these objections, Plaintiffs direct Defendant to Exhibit A to Plaintiffs' Complaint and to Schedule 1, which identify the owners or exclusive licensees of the sound recordings listed therein. Plaintiffs also state that copies of the certificates of registration for each sound recording listed in Exhibit A and Schedule 1 are being produced herewith. See documents bates labeled Thomas, J (MN) 016 to 031 and 570 to 608.

Interrogatory No. 7: With respect to Exhibit A of the Complaint, for each specific recording title, identify who at all times material hereto had the legal right for the exclusive use of the copyright if not you or any plaintiff above-named.

7

#1222058 v2

Response: Plaintiffs object on the grounds that this Interrogatory is vague and ambiguous, overly broad, and unduly burdensome. Plaintiffs further object on the grounds that this Interrogatory seeks information that is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, Plaintiffs state that they are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright with respect to the sound recordings identified on Exhibit A to Plaintiffs' Complaint and on Schedule 1.

Interrogatory No. 8: With respect to each specific recording title identified in your Response to Interrogatory 5, further identify each such specific recording title whose copyright is owned by you and when such copyright was obtained.

a. For each specific recording title identified in your Response to Interrogatory 5 whose copyright you do not own, identify which plaintiff owns the copyright and/or owned it during the time relative to your claims against defendant.

Response: Plaintiffs object on the grounds that this Interrogatory seeks information that is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object on the grounds that Defendant purports to ask in one interrogatory two distinct subparts and, therefore, actually propounds two interrogatories. Subject to and without waiving these objections, Plaintiffs direct Defendant to Plaintiffs' responses to Interrogatory Nos. 6 and 7.

Interrogatory No. 9: With respect to paragraph 15 of the Complaint, where you allege that you are "informed" that defendant has used an online media distribution system to download the copyrighted recordings, describe in detail and not summary fashion, how you were "informed," identifying all sources of information that caused you to make such an allegation.

8

#1222058 v2

Response: Plaintiffs object on the grounds that this Interrogatory is vague and ambiguous. Subject to and without waiving this objection, Plaintiffs direct Defendant to Plaintiffs' response to Interrogatory No. 3.

Interrogatory No. 10: With respect to paragraph 17 of the Complaint where you again use the word "informed," set forth in detail, and not summary fashion, how you were so informed and what information you had in advance of making such an allegation.

Response: Plaintiffs object on the grounds that this Interrogatory is vague and ambiguous. Subject to and without waiving this objection, Plaintiffs direct Defendant to Plaintiffs' response to Interrogatory No. 3.

Interrogatory No. 11: With respect to paragraph 19 of the Complaint, describe in detail and not in summary fashion the specific "conduct" you alleged that defendant is presenting causing [sic] that requires the court to issue a restraining order.

Response: Plaintiffs refer Defendant to Plaintiffs' Complaint ¶¶ 15-18. Please also refer to Plaintiffs' response to Interrogatory No. 3. Plaintiffs further state that irreparable injury is presumed under the copyright laws upon a finding of infringement. In *MGM Studios, Inc. v. Grokster Ltd.*, 125 S. Ct. 2764, 2782 (2005), the United States Supreme Court characterized the magnitude of online piracy as "infringement on a gigantic scale." As a direct result of piracy over P2P networks, Plaintiffs have sustained and continue to sustain devastating financial losses. Indeed in a recently issued report, the Department of Justice concluded the online media distribution systems are "one of the greatest emerging threats to intellectual property ownership," estimated that "millions of users access P2P networks," and determined that "the vast majority" of those users "illegally distribute copyrighted materials through the networks." Report of the Department of Justice's Task Force on Intellectual Property, available at

9

#1222058 v2

http://www.cybercrime.gov/iptaskforce_report.pdf, at 39 (October 2004). Downloading unauthorized copies of Plaintiffs' copyrighted works undermines Plaintiffs' legitimate market for those works. In addition, downloads from P2P networks compete with licensed broadcasts and undermine the income available to authors. Plaintiffs' losses from online music piracy have resulted in layoffs of thousands of employees in the music industry. All of these facts further demonstrate the extent of damages and irreparable injury that Plaintiffs have suffered as a result of the online piracy committed by Defendant and other P2P users.

Interrogatory No. 12: Provide the following information for each file that was allegedly downloaded:

a. File Name;

b. File Size in Bytes;

c. Either the CRC (Cyclical Redundancy Check) checksum or the message digest employing either MD5 (Message Digest, algorithm 5) or SHA1 (Secure Hash Algorithm 1) message digest of the file;

d. Internet protocol address of the server from which the file was allegedly downloaded;

e. The online media distribution package used to download the file;

f. Date and time the file was downloaded;

g. Internet protocol address assigned to the defendant at the time file was downloaded.

Response: Plaintiffs object on the grounds that this Interrogatory is vague and ambiguous, overly broad, and unduly burdensome. Plaintiffs' further object on the grounds that this Interrogatory seeks irrelevant information, and is not reasonably calculated to lead to the

10

discovery of admissible evidence. Plaintiffs further object on the grounds that Defendant purports to ask in one interrogatory nine distinct subparts and, therefore, propounds nine interrogatories. Plaintiffs also object on the grounds that this Interrogatory exceeds twenty-five interrogatories, including subparts, permitted by the Federal Rules of Civil Procedure. Plaintiffs also object on the grounds that this Interrogatory seeks information that is not within Plaintiffs' possession, custody or control. Subject to and without waiving the foregoing objections, Plaintiffs refer Defendant to the documents produced herewith that are bates labeled Thomas, J (MN) 042 to 449.

Interrogatory No. 13: State the full name, address and qualifications of each expert whom you expect to call as an expert witness at the trial of this case, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion expected to be expressed by such expert, and attach a copy of his or hers curriculum vitae, and a copy of any report, including factual observations and opinions, which has been prepared by any such expert.

Response: Plaintiffs object on the grounds that this Interrogatory exceeds twenty-five interrogatories, including subparts, permitted by the Federal Rules of Civil Procedure. Subject to and without waiving this objection, Plaintiffs refer Defendant to the Designation and Expert Report of Dr. Doug Jacobson that was served on Defendant on January 3, 2007.

Interrogatory No. 14: Identify what facts you have to support your contention that the ISP KaZaA was traced to defendant.

Response: Plaintiffs object on the grounds that this Interrogatory is vague and ambiguous and mischaracterizes Plaintiffs' contentions. Plaintiffs further object on the grounds that this Interrogatory seeks information that is not within Plaintiffs' possession, custody or

control. Plaintiffs also object on the grounds that this Interrogatory exceeds twenty-five interrogatories, including subparts, permitted by the Federal Rules of Civil Procedure. Subject to and without waiving these objections, to the extent this Interrogatory seeks information linking IP address 24.179.199.117 to Defendant, Plaintiffs refer Defendant to Plaintiffs' response to Interrogatories Nos. 3 and 4.

Interrogatory No. 15: Identify any third party you used to investigate any relationship between defendant and ISP KaZaA.

Response: Plaintiffs object on the grounds that this Interrogatory is vague and ambiguous. Plaintiffs also object to this Interrogatory on the grounds that it seeks information protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs also object on the grounds that this Interrogatory exceeds twenty-five interrogatories, including subparts, permitted by the Federal Rules of Civil Procedure. Subject to and without waiving these objections, to the extent this Interrogatory seeks information regarding Plaintiffs' evidence of Defendant's use of KaZaA, Plaintiffs refer Defendant to Plaintiffs' response to Interrogatories Nos. 3 and 4.

Interrogatory No. 16: With respect to your response to the previous interrogatory, identify in chronological order the events of the complete investigation.

Response: Please see Plaintiffs' objections and response to Interrogatory 15.

Interrogatory No. 17: Calculate and describe the "great and irreparable injury" or damages you alleged have been sustained by any alleged conduct by defendant, not including attorneys' fees or costs of this litigation.

Response: Plaintiffs object on the grounds that this Interrogatory is vague and ambiguous. Plaintiffs also object on the grounds that this Interrogatory seeks information that is

not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object on the grounds that this Interrogatory exceeds twenty-five interrogatories, including subparts, permitted by the Federal Rules of Civil Procedure. Subject to and without waiving these objections, Plaintiffs elect to seek statutory damages pursuant to 17 U.S.C. § 504(c) for Defendant's infringement of Plaintiffs' copyrighted sound recordings. In further response, Plaintiffs refer Defendant to Plaintiffs' response to Interrogatory No. 11.

Dated: 2-12-07

By: _____
David A. Tonini (*Pro Hac Vice*)
Holme Roberts & Owen LLP
1700 Lincoln, Suite 4100
Denver, Colorado 80203
Telephone: (303) 866-0399
Facsimile: (303) 866-0200
E-mail: david.tonini@hro.com

Felicia J. Boyd (No. 186168)
Laura G. Coates (No. 350175)
Faegre & Benson LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
Telephone: (612) 766-7000
Facsimile: (612)766-1600
E-mail: lcoates@faegre.com

ATTORNEYS FOR PLAINTIFFS

#1222058 v2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 12, 2007, a copy of the foregoing **PLAINTIFFS' RESPONSES TO DEFENDANT'S INTERROGATORIES** was served upon the Defendant via United States Mail as follows:

>BRIAN N. TODER
>CHESTNUT & CAMBRONNE, P.A.
>3700 Campbell Mithun Tower
>222 South 9th Street
>Minneapolis, MN 55402
>*Attorney for Defendant*

## VERIFICATION

STATE OF NEW YORK

COUNTY OF NEW YORK

I, Alasdair McMullan, declare that, I have read the foregoing responses of VIRGIN RECORDS AMERICA, INC. and CAPITOL RECORDS, INC. to Jammie Thomas' Interrogatories and know their contents. I am an authorized agent of the Plaintiffs VIRGIN RECORDS AMERICA, INC. and CAPITOL RECORDS, INC. in this action, and am authorized to make this verification for and on their behalf, and I make this verification for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on this 8TH day of January, 2007. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Alasdair McMullan