# EXHIBIT 2

Dockets.Justia.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA
# DULUTH DIVISION

VIRGIN RECORDS AMERICA, INC., *et al.*,

        Plaintiffs,

vs.

JAMMIE THOMAS,

        Defendant.

Case No.: 06cv1497-MJD/RLE

**PLAINTIFFS' RESPONSE TO DEFENDANT'S REQUESTS FOR ADMISSION**

Pursuant to Federal Rule of Civil Procedure 36, Plaintiffs respond as follows to Defendant Jammie Thomas' Requests for Admission:

## GENERAL OBJECTIONS

Plaintiffs make the following general objections to Defendant's discovery requests:

1.    Plaintiffs object to the discovery requests to the extent that they request information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiffs specifically reserve the right to demand the return of any documents that may be produced inadvertently during discovery if it is determined that such documents may contain privileged material.

2.    Insofar as the production of any documents by Plaintiffs in response to Defendant's discovery requests may be deemed to be a waiver of any privilege or rights, such waiver will be deemed a limited waiver with respect to that particular document only. Any inadvertent production of any document shall not be deemed or construed to constitute a waiver of any privilege or right of Plaintiffs, and Plaintiffs reserve the right to demand that Defendant return any such document and all copies thereof.

#1222025 v2

3. Plaintiffs object to the discovery requests to the extent that they are overly broad with regard to subject matter and time period for which information is requested. The discovery requests are also vague, ambiguous, and unduly burdensome. They seek information and documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiffs object to the discovery requests to the extent that they are premature, because discovery in this action is ongoing and additional information may be discovered in the future that conceivably could be responsive to one or more of the discovery requests propounded by Defendant. Plaintiffs reserve all rights to rely on all information, whether or not provided in response to any particular discovery request, in connection with this action.

5. Plaintiffs object to the discovery requests to the extent that they fail to identify the documents requested with reasonable particularity, as required by Fed. R. Civ. P. 34.

6. Plaintiffs reserve the right to modify, amend, or supplement these answers and objections and specifically reserve their right to move for appropriate protective orders.

7. Plaintiffs object to Defendant's instructions and definitions in their entirety.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION

Request for Admission No. 1: Admit that you have no evidence regarding any person other than defendant that has conducted any downloading on defendant's computer of the materials allegedly infringed in the Complaint.

Response: Plaintiffs object on the grounds that this Request is vague and ambiguous. Subject to and without waiving this objection, this statement is admitted.

Request for Admission No. 2: Admit that you have no direct evidence of defendant downloading software from an online media distribution system onto her computer.

#1222025 v2

Response: Plaintiffs object on the grounds that this Request is vague and ambiguous. Subject to and without waiving this objection, this statement is denied.

Request for Admission No. 3: Admit that you have no direct evidence of defendant enabling an online media distribution system on his computer to make the allegedly infringed materials available for download to the public.

Response: Plaintiffs object on the grounds that this Request is vague and ambiguous. Subject to and without waiving this objection, this statement is denied.

Request for Admission No. 4: Admit that it is possible for individuals utilizing the internet to identify themselves as someone else.

Response: Plaintiffs object on the grounds that this Request is vague and ambiguous and does not call for the admission of any matter within the scope of Rule 26(b)(1).

Request for Admission No. 5: Admit that someone other than defendant, when utilizing an online media distribution system, identified him or herself as defendant.

Response: Plaintiffs object on the grounds that this Request is vague and ambiguous. Subject to and without waiving this objection, this statement is denied.

Request for Admission No. 6: Admit that you have no direct evidence that defendant had any knowledge of alleged impermissible use by anyone in her household of the online media distribution system identified in your complaint during the period of the alleged impermissible use.

Response: Plaintiffs object on the grounds that this Request is vague and ambiguous. Subject to and without waiving this objection, this statement is denied.

Request for Admission No. 7: Admit that a filename for a document available via the internet does not necessarily correspond with the actual content of the file.

Response: Plaintiffs object on the grounds that this Request is vague and ambiguous and does not call for the admission of any matter within the scope of Rule 26(b)(1).

Request for Admission No. 8: Admit that a computer linked to the internet can become the repository of content not installed by or at the direction of the owner.

Response: Plaintiffs object on the grounds that this Request is vague and ambiguous and does not call for the admission of any matter within the scope of Rule 26(b)(1).

Request for Admission No. 9: Admit that a computer linked to the internet can become the repository of content not installed by or at the direct of a person in whose name contracts for services through an Internet Service Provider.

Response: Plaintiffs object on the grounds that this Request is vague and ambiguous and does not call for the admission of any matter within the scope of Rule 26(b)(1).

Request for Admission No. 10: With respect to Exhibit A of the Complaint, admit that you have correctly identified the copyright owner of each recording titled therein.

Response: Plaintiffs object on the grounds that this Request is vague and ambiguous. Subject to and without waiving this objection, Plaintiffs admit that, with respect to each of the sound recordings listed on Exhibit A to the Complaint, the entity listed as "Copyright Owner" next to that sound recording is, and at all relevant times has been, the copyright owner or licensee of exclusive rights under United States copyright for that sound recording.

Request for Admission No. 11: With respect to Exhibit B of the Complaint, admit that, at the time you filed the Complaint, you knew who the copyright owner of each song identified therein was.

Response: Plaintiffs object on the grounds that this Request is vague and ambiguous and premature. Subject to and without waiving these objections, given the large number of audio

files contained within Defendant's share folder, Plaintiffs did not conduct a full analysis as to the ownership of every sound recording. Plaintiffs have provided Defendant with Exhibit A to the Complaint and Schedule 1 that contain sound recordings owned or exclusively licensed by Plaintiffs on which they are proceeding.

Request for Admission No. 12: With respect to Exhibit B of the Complaint, admit that, at the time you filed the Complaint, you did not know who the copyright owner of each song identified therein.

Response: Plaintiffs object on the grounds that this Request is vague and ambiguous and premature. Subject to and without waiving these objections, given the large number of audio files contained within Defendant's share folder, Plaintiffs did not conduct a full analysis as to the ownership of every sound recording. Plaintiffs have provided Defendant with Exhibit A to the Complaint and Schedule 1 that contain sound recordings owned or exclusively licensed by Plaintiffs on which they are proceeding.

Request for Admission No. 13: Admit that some of the recordings identified in Exhibit B of the Complaint are owned or exclusively licensed to entities other than plaintiffs in these proceedings.

Response: Plaintiffs object on the grounds that this Request is vague and ambiguous and premature. Subject to and without waiving these objections, given the large number of audio files contained within Defendant's share folder, Plaintiffs did not conduct a full analysis as to the ownership of every sound recording. Plaintiffs have provided Defendant with Exhibit A to the Complaint and Schedule 1 that contain sound recordings owned or exclusively licensed by Plaintiffs on which they are proceeding.

Request for Admission No. 14: Admit that some of the recordings identified in Exhibit B of the Complaint are subject to valid certificates of copyright registration issued by the Register of Copyrights to entities other than plaintiffs in these proceedings.

Response: Plaintiffs object on the grounds that this Request is vague and ambiguous and does not call for the admission of any matter within the scope of Rule 26(b)(1).

Request for Admission No. 15: Admit that pursuant to 17 U.S.C. § 505, a defendant may be awarded attorneys fees and costs if such defendant is the prevailing party.

Response: Plaintiffs object on the grounds that this Request does not call for the admission of any matter within the scope of Rule 26(b)(1).

Request for Admission No. 16: Admit that, at the point you received defendant's Requests for Admissions, neither you, nor your agents or individuals working under your direct, examined defendant's computer.

Response: Plaintiffs object on the grounds that this Request is vague and ambiguous and does not call for the admission of any matter within the scope of Rule 26(b)(1).

Dated: 2-12-07          By:  /s/ David A. Tonini
                             David A. Tonini (*Pro Hac Vice*)
                             Holme Roberts & Owen LLP
                             1700 Lincoln, Suite 4100
                             Denver, Colorado 80203
                             Telephone: (303) 866-0399
                             Facsimile: (303) 866-0200
                             E-mail: david.tonini@hro.com

                             Felicia J. Boyd (No. 186168)
                             Laura G. Coates (No. 350175)
                             Faegre & Benson LLP
                             2200 Wells Fargo Center
                             90 South Seventh Street
                             Minneapolis, Minnesota 55402-3901
                             Telephone: (612) 766-7000
                             Facsimile: (612)766-1600
                             E-mail: lcoates@faegre.com

                             ATTORNEYS FOR PLAINTIFFS

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 12, 2007, a copy of the foregoing **PLAINTIFFS' RESPONSE TO DEFENDANT'S REQUESTS FOR ADMISSION** was served upon the Defendant via United States Mail as follows:

>BRIAN N. TODER
>CHESTNUT & CAMBRONNE, P.A.
>3700 Campbell Mithun Tower
>222 South 9th Street
>Minneapolis, MN 55402
>*Attorney for Defendant*

*[signature]*

8

#1222025 v2