# EXHIBIT 3

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
DULUTH DIVISION

| | |
|---|---|
| VIRGIN RECORDS AMERICA, INC., *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> JAMMIE THOMAS, <br><br> Defendant. | Case No.: 06cv1497-MJD/RLE <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANT'S REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs respectfully submit these responses to Defendant Jammie Thomas's Request for Documents.

## GENERAL OBJECTIONS

Plaintiffs make the following general objections to Defendant's discovery requests:

1.  Plaintiffs object to the discovery requests to the extent that they request information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiffs specifically reserve the right to demand the return of any documents that may be produced inadvertently during discovery if it is determined that such documents may contain privileged material.

2.  Insofar as the production of any documents by Plaintiffs in response to Defendant's discovery requests may be deemed to be a waiver of any privilege or rights, such waiver will be deemed a limited waiver with respect to that particular document only. Any inadvertent production of any document shall not be deemed or construed to constitute a waiver of any privilege or right of Plaintiffs, and Plaintiffs reserve the right to demand that Defendant return any such document and all copies thereof.

#1221856 v2

3. Plaintiffs object to the discovery requests to the extent that they are overly broad with regard to subject matter and time period for which information is requested. The discovery requests are also vague, ambiguous, and unduly burdensome. They seek information and documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiffs object to the discovery requests to the extent that they are premature, because discovery in this action is ongoing and additional information may be discovered in the future that conceivably could be responsive to one or more of the discovery requests propounded by Defendant. Plaintiffs reserve all rights to rely on all information, whether or not provided in response to any particular discovery request, in connection with this action.

5. Plaintiffs object to the discovery requests to the extent that they fail to identify the documents requested with reasonable particularity, as required by Fed. R. Civ. P. 34.

6. Plaintiffs reserve the right to modify, amend, or supplement these answers and objections and specifically reserve their right to move for appropriate protective orders.

7. Plaintiffs object to Defendant's instructions and definitions in their entirety.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

<u>Request for Production No. 1</u>: All documents concerning any alleged registration by Defendant as a user of any online media distribution system.

<u>Response</u>: Plaintiffs object to this request on the grounds that it is vague and ambiguous, not reasonably calculated to lead to the discovery of admissible evidence, and mischaracterizes Plaintiffs' allegations. Plaintiffs further object on the grounds that this Request seeks information that is not within Plaintiffs' possession, custody or control. Subject to and without waiving these objections, Plaintiffs state that there are no responsive documents.

#1221856 v2

Request for Production No. 2: All correspondence between and among plaintiffs that are related to any of your allegations of infringement in your Complaint.

Response: Plaintiffs object on the grounds that this Request is vague and ambiguous, overly broad, and unduly burdensome. Plaintiffs further object on the ground that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object on the grounds that this Request seeks information protected by the work-product doctrine and the attorney-client privilege. Subject to and without waiving these objections, Plaintiffs state that there are no responsive documents.

Request for Production No. 3: All documents concerning this lawsuit or any allegations contained therein.

Response: Plaintiffs object on the grounds that this Request is vague and ambiguous, overly broad, and unduly burdensome. Plaintiffs further object on the ground that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object on the grounds that this Request seeks information protected by the work-product doctrine and the attorney-client privilege. Subject to and without waiving these objections, to the extent that this Request seeks documents relating to Defendant's infringement of Plaintiffs' copyrights, Plaintiffs are producing or have already produced documents bates labeled Thomas, J (MN) 001 to 608 and unlabeled sound recordings.

Request for Production No. 4: All substantive documents associated with the calculation of your allegations [sic] "great and irreparable injury" or proof of damages.

Response: Plaintiffs object on the grounds that this Request is vague and ambiguous, unintelligible, seeks documents that are not relevant to this lawsuit, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object on the

grounds that this Request is overly broad and unduly burdensome. Subject to and without waiving these objections, Plaintiffs elect to seek statutory damages pursuant to 17 U.S.C. § 504(c) for Defendant's infringement of Plaintiffs' copyrighted sound recordings. Plaintiffs further state that irreparable injury is presumed under the copyright laws upon a finding of infringement. In *MGM Studios, Inc. v. Grokster Ltd.*, 125 S. Ct. 2764, 2782 (2005), the United States Supreme Court characterized the magnitude of online piracy as "infringement on a gigantic scale." As a direct result of piracy over P2P networks, Plaintiffs have sustained and continue to sustain devastating financial losses. Indeed in a recently issued report, the Department of Justice concluded the online media distribution systems are "one of the greatest emerging threats to intellectual property ownership," estimated that "millions of users access P2P networks," and determined that "the vast majority" of those users "illegally distribute copyrighted materials through the networks." Report of the Department of Justice's Task Force on Intellectual Property, available at http://www.cybercrime.gov/iptaskforce_report.pdf, at 39 (October 2004). Downloading unauthorized copies of Plaintiffs' copyrighted works undermines Plaintiffs' legitimate market for those works. In addition, downloads from P2P networks compete with licensed broadcasts and undermine the income available to authors. Plaintiffs' losses from online music piracy have resulted in layoffs of thousands of employees in the music industry. All of these facts further demonstrate the extent of damages and irreparable injury that Plaintiffs have suffered as a result of the online piracy committed by Defendant and other P2P users.

Request for Production No. 5: All electronic data used in your investigation, which includes any information, data or data compilations which are received, stored, transmitted or generated by any electronic form including, but not limited to, computers,

computer discs or cd roms, computer hard drives, computer files, e-mails and voice mails, including but not limited to small hand held electronic devices that are related to your allegation of infringement in your Complaint.

Response: Plaintiffs object on the grounds that this Request is vague and ambiguous, overly broad, and unduly burdensome. Plaintiffs further object on the ground that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object on the grounds that this Request seeks information that is protected by the work-product doctrine and attorney-client privilege. Subject to and without waiving these objections, to the extent that this Request seeks documents relating to Defendant's infringement of Plaintiffs' copyrights, Plaintiffs are producing or have already produced documents bates labeled Thomas, J (MN) 001 to 608 and unlabeled sound recordings.

Request for Production No. 6: All documents supporting any claim alleged in your Complaint.

Response: Plaintiffs object on the grounds that this Request is overly broad and unduly burdensome, seeks documents that are not relevant in this lawsuit, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object on the grounds that this Request seeks information that is protected by the work-product doctrine and attorney-client privilege. Subject to and without waiving these objections, Plaintiffs are producing or have already produced documents bates labeled Thomas, J (MN) 001 to 608 and unlabeled sound recordings.

Request for Production No. 7: All documents identified in your Answers to Interrogatories that were served with this request, or used or relied by you in preparation of your answers thereto.

<u>Response</u>: Plaintiffs object on the grounds that this Request is overly broad and unduly burdensome, seeks documents that are not relevant in this lawsuit, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object on the grounds that this Request seeks information that is protected by the work-product doctrine and attorney-client privilege. Subject to and without waiving these objections, Plaintiffs are producing or have already produced documents bates labeled Thomas, J (MN) 001 to 608 and unlabeled sound recordings.

<u>Request for Production No. 8</u>: All documents you intend to offer as evidence at trial, including but not limited to documentary evidence and tangible items.

<u>Response</u>: Plaintiffs object on the grounds that this Request is premature because discovery is ongoing. Plaintiffs also object on the grounds that this Request seeks information that is protected by the work-product doctrine. Subject to and without waiving this objection, Plaintiffs will identify all documents they intend to use at trial as ordered by the Court.

#1221856 v2

Dated: 2-12-07         By: _____
                           David A. Tonini (*Pro Hac Vice*)
                           Holme Roberts & Owen LLP
                           1700 Lincoln, Suite 4100
                           Denver, Colorado 80203
                           Telephone: (303) 866-0399
                           Facsimile: (303) 866-0200
                           E-mail: david.tonini@hro.com

                           Felicia J. Boyd (No. 186168)
                           Laura G. Coates (No. 350175)
                           Faegre & Benson LLP
                           2200 Wells Fargo Center
                           90 South Seventh Street
                           Minneapolis, Minnesota 55402-3901
                           Telephone: (612) 766-7000
                           Facsimile: (612)766-1600
                           E-mail: lcoates@faegre.com

                           ATTORNEYS FOR PLAINTIFFS

7

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 12, 2007, a copy of the foregoing **PLAINTIFFS' RESPONSE TO DEFENDANT'S REQUESTS PRODUCTION OF DOCUMENTS** was served upon the Defendant via United States Mail as follows:

>BRIAN N. TODER
>CHESTNUT & CAMBRONNE, P.A.
>3700 Campbell Mithun Tower
>222 South 9th Street
>Minneapolis, MN 55402
>*Attorney for Defendant*

_____