IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| VIRGIN RECORDS AMERICA, INC., a California corporation; CAPITOL RECORDS INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; INTERSCOPE RECORDS, a California general partnership; WARNER BROS. RECORDS INC., a Delaware corporation; and UMG RECORDINGS, INC., a Delaware corporation,<br><br>               Plaintiffs,<br><br>v.<br><br>Jammie Thomas,<br><br>               Defendant. | Case No. 06-cv-1497 (MJD/RLE)<br><br>**DEFENDANT'S**<br>MOTION IN LIMINE<br>TO PRECLUDE THE ADMISSION<br>**OF PLAINTIFFS' TRIAL EXHIBIT 4**<br>PURSUANT TO RULES 26 AND 37 |

Pursuant to Fed. R. Civ. P. 26(e)(2) and 37(c)(1), defendant moves this Court for an Order precluding the admission of Trial Exhibit 4, identified on Plaintiffs Amended Exhibit List (Dkt. 77).

**STATEMENT OF FACTS**

Defendant's concurrently filed "Defendant's Response to Plaintiffs' Motion in Limine to Exclude Evidence Disputing admitted Facts (Dkt. 78) and Toder Declaration in Opposition (Dkt. 79) establish the facts necessary for this Court to fairly consider defendant's above entitled motion. Were that response not filed, the factual basis of the response herein would be verbatim to that response.

Accordingly, defendant respectfully requests that docket document numbers 78 and 79 are incorporated herein by reference as though fully set forth.

In a nutshell, a) a critical element of a cause of action for infringement is ownership or exclusive use of the copyright alleged to be infringed; b) defendant specifically asked plaintiffs through written discovery to produce documents establishing the requisite ownership; c) instead of providing a meaningful response, plaintiffs produced a collection of 27 Certificates of Copyright of which 14 identified entities other than plaintiffs as owners; d) plaintiffs produced no other documents in the entire course of discovery; e) having had no intention to supplement their discovery responses, plaintiffs unsuccessfully attempted to persuade the Court to allow an untimely filing of a motion for partial summary judgment to establish ownership by means of four self serving declarations; f) during the September 13, 2007 hearing on plaintiffs' motion, plaintiffs advised the Honorable Raymond A. Erickson (after conceding that the certificates identified entities other than plaintiffs as copyright owners) that they had a "stack" of documents that would show a chain of title from the certificates produced to the above-named defendants.

Plaintiffs' motion was denied in all respects. The "stack" is plaintiffs' Trial Exhibit 4, a collection of a number of unrelated documents, each of which is subject to several and different evidentiary challenges, but most importantly, the "stack" was never produced through the course of discovery; defendant was given

a copy of these 784 pieces of paper *after* the hearing, *seven months* after they were supposed to be produced in discovery and *two weeks* before trial.

## ARGUMENT

Fed. R. Civ. P. 37(c)(1) provides in pertinent part that, "(1) A party that without substantial justification fails to . . . amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial . . . information not so disclosed."

Fed. R. Civ. P 26(e)(2) provides in pertinent part that,

> (2) A party is under a duty seasonably to amend a prior response to an interrogatory, request for production . . . if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Plaintiffs' duty to amend their answers to interrogatories and responses to Defendant's Request for Production of Documents regarding each plaintiff's ownership or exclusive use of the subject copyrights arose the day they went out the door. Plaintiffs presumably had knowledge of which entity owned which copyright, but elected to serve responses that were "in some material respect incomplete" and "incorrect" within the meaning of Rule 26(e)(2).

Quoting from Plaintiffs' Motion in Limine to Exclude Evidence Disputing Admitted Facts (Dkt. 68):

> Moreover, under Fed. R. Civ. P. 26(e)(2), a party has a duty to seasonably amend a prior response . . . if the party learns that the response is incomplete or incorrect. Fed. R. Civ. P. 26(e)(2); *see also Voegeli v. Lewis*, 568 F.2d 89, 96 n. 12 (8th Cir. 1977)

3

(regarding duty to seasonably amend prior discovery response when party obtains information upon the basis of which the party knows the response was incorrect when made). When a party fails to amend a prior discovery response under Rule 26(e)(2) on a timely basis, that party may not introduce as evidence at trial supplemental or allegedly corrective information that should have been seasonably provided. Fed. R. Civ. P. 37 (c)(1).

Defendant agrees.

## CONCLUSION

None of the plaintiffs should be permitted to introduce as evidence at trial their never-produced-in-discovery Trial Exhibit 4, and defendant respectfully requests that the Court so order.

Respectfully submitted,

Dated: September 24, 2007                **CHESTNUT & CAMBRONNE, P.A.**

By /s  Brian N. Toder
   Brian N. Toder #17869X
   3700 Campbell Mithun Tower
   222 South Ninth Street
   Minneapolis, MN 55402
   (612) 339-7300
   Fax (612)336-2940

**ATTORNEYS FOR DEFENDANT**