IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| VIRGIN RECORDS AMERICA, INC., a California corporation; CAPITOL RECORDS INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; INTERSCOPE RECORDS, a California general partnership; WARNER BROS. RECORDS INC., a Delaware corporation; and UMG RECORDINGS, INC., a Delaware corporation,<br><br>      Plaintiffs,<br><br>v.<br><br>Jammie Thomas,<br><br>      Defendant. | Case No. 06-cv-1497 (MJD/RLE)<br><br><br><br>**DEFENDANT'S MEMORANDUM**<br>IN SUPPORT OF HER THREE<br>DOCKET 67 MOTIONS IN LIMINE |

On September 17, 2007, defendant filed three motions in limine (Dkt. 67). This memorandum sets forth defendant's grounds for the Orders sought.

### 1. That plaintiffs, as a single entity, are suing defendant.

There are 27 subject recordings in this case and seven individual plaintiffs. Besides the issue of an infringing act, there are bona fide issues respecting ownership of the copyrights. One or more plaintiffs may own the copyrights to one or more subject recordings; one or more plaintiffs may have owned no copyrights that were alleged to have been the subject of an infringing act by defendant.

If damages are ultimately awarded, one or more plaintiffs may receive more or less than another; one or more plaintiffs may be required to pay attorneys fees to defendant.

Defendant will be unfairly prejudiced by the appearance that she is being targeted by an entire industry. For example, if on cross examination the credibility of one plaintiff's witness is severely damaged, the benefit defendant would get from that cross-examination would be diluted by lumping together all plaintiffs.

Accordingly, the Court is respectfully requested to order plaintiffs to not argue to the jury that plaintiffs are an organization of any kind suing defendant, and that they are nothing other than seven individual entities with separate causes of action.

### 2. That downloading a recording from a peer-to-peer network, in and of itself, constitutes an act of infringement.

It is expected that plaintiffs will argue (as evidenced by their proposed instructions) that the only act of infringement necessary to establish infringement as an element of their claim is that defendant downloaded songs from a peer to peer network without proof of any other conduct.

The only thing plaintiffs believe they know for certain is that downloading was done to an IP address registered to Jammie Thomas. There is no evidence, nor could there be, that anything happened on her computer. Certainly there is no evidence of any conduct by defendant. Accordingly, the Court is respectfully

asked to order the preclusion of statements by counsel for plaintiffs that the only element necessary to establish a legally sufficient act of infringement is the act of downloading to defendant's ISP address.

### 3. That there is evidence of similar alleged conduct involving defendants not party to this action.

Defendant is gravely concerned that plaintiffs will transform the proceeding into a forum where they can preach the evils of peer-to-peer network infringing on a national scale. What does or does not happen on a national scale is not relevant to the trial of the matter at bar. If plaintiffs are allowed to make such statements to the jury, defendant will necessarily have to counter with the fact that in a large number of cases, and in all the cases brought and resolved thus far in the District of Minnesota (two known to the undersigned) plaintiffs admittedly sued the wrong person (wrong family member).

Focusing on cases and events not involving defendant unfairly prejudices defendant, who respectfully requests that the Court order the preclusion of statements by all counsel that describe conduct not involving defendant.

Respectfully submitted,

Dated: September 24, 2007          **CHESTNUT & CAMBRONNE, P.A.**

By /s Brian N. Toder
   Brian N. Toder #17869X
   3700 Campbell Mithun Tower
   222 South Ninth Street
   Minneapolis, MN 55402
   (612) 339-7300
   Fax (612)336-2940

**ATTORNEYS FOR DEFENDANT**