IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
DULUTH DIVISION

| | |
|---|---|
| VIRGIN RECORDS AMERICA, INC., a California corporation; CAPITOL RECORDS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; INTERSCOPE RECORDS, a California general partnership; WARNER BROS. RECORDS INC., a Delaware corporation; and UMG RECORDINGS, INC., a Delaware corporation,<br><br>        Plaintiffs,<br><br>vs.<br><br>Jammie Thomas,<br><br>        Defendant. | Case No.: 06cv1497-MJD/RLE<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE ADMISSION OF PLAINTIFFS' TRIAL EXHIBIT 4** |

Plaintiffs respectfully submit this response in opposition to Defendant's Motion in Limine (Doc. No. 81) to Exclude the Admission of Plaintiffs' Trial Exhibit 4. As grounds for their opposition, Plaintiffs state as follows:

**INTRODUCTION AND SUMMARY OF ARGUMENT**

Defendant's motion seeks to bar Plaintiffs under Rules 26(e) and 37(c) from introducing evidence establishing a chain of title to a number of the sound recordings at issue in this case. As grounds for her motion, Defendant contends that she "specifically asked" Plaintiffs to produce chain of title documents and that Plaintiffs purportedly failed to timely amend their responses and produce these documents under Rule 26(e). For the reasons explained below, both arguments are without factual or legal merit, and Defendant's motion should be denied.

1

#1278945 v1

First, Defendant never requested chain of title documents from Plaintiffs, either "specifically" or generally, in any of her discovery. Thus, Plaintiffs were not required to produce such documents to Defendant or to supplement their discovery responses.

Second, Plaintiffs were substantially justified in producing the chain of title documents to Defendant when they did. Plaintiffs produced copies of the certificates of registration for their sound recordings early on in this case, and Defendant admitted both in written discovery and at her deposition, taken long *after* Plaintiffs had produced the certificates of registration, that she had no evidence to dispute Plaintiffs' ownership. Based in part on Defendant's admissions, and in lieu of filing a motion for summary judgment, Plaintiffs then obtained what they thought was a stipulation regarding the issue of ownership from Defendant. Up until the time that Defendant advised Plaintiffs that she would no longer stipulate, Defendant had never contested Plaintiffs' evidence of ownership in any of her discovery responses or in her deposition. As soon as Defendant advised Plaintiffs that she was disputing Plaintiffs' evidence of ownership, and the Court denied Plaintiffs' motion to enforce the stipulation Plaintiffs believed had been reached, Plaintiffs produced the chain of title documents.

Third, the timing of Plaintiffs' production of these documents has caused no harm to Defendant whatsoever. The material portions of these documents are not complex and merely show a chain of title from the entity that originally registered the sound recording to Plaintiffs. Defendant never claimed that she was harmed by the timing of the production of these documents, and she did not raise this issue in her objections to Plaintiffs' trial exhibits, which the parties had discussed on two separate occasions and also filed with the Court. Indeed, Defendant's motion in limine makes no claim that Defendant has been harmed in any way. Nor

could Defendant make such a claim, as the documents are straightforward and address only the very narrow issue of chain of title.

Finally, as demonstrated in Plaintiffs' motion in limine (Doc. No. 68 at 2), Defendant has never raised an evidentiary issue with respect to the ownership of any of Plaintiffs' sound recordings, and should not be permitted to do so now. If, however, Defendant is going to be allowed to challenge ownership for the first time at this late stage of the proceedings, then fundamental fairness dictates that Plaintiffs be allowed to introduce the relevant chain of title documents, in addition to witness testimony and other evidence of copyright ownership.

## STATEMENT OF FACTS

Plaintiffs produced their Rule 26(a)(1) disclosures to Defendant on May 30, 2006 and specifically disclosed the "[c]ertificate of copyright registration for each sound recording at issue." (Exhibit A to Reynolds Decl.) In her responses to Plaintiffs' First Request for Production of Documents, served on September 18, 2006, Defendant admitted that she has "no evidence to dispute" that Plaintiffs own or control the copyrights to the sound recordings listed on Exhibit A to the Complaint. (Resp. to Req. for Admiss. No. 14, Exhibit B to Reynolds Decl.)

Plaintiffs produced copies of the certificates of registration for the sound recordings on Exhibit A on December 28, 2006. (Reynolds Decl. ¶ 3.) On February 12, 2007, responding to Defendant's written discovery, Plaintiffs advised Defendant that they were also pursuing claims on the sound recordings listed on Schedule 1 and produced to Defendant the certificates of registration for the Schedule 1 sound recordings. (Resp. to Interrog. Nos. 5-8, Exhibit C to Reynolds Decl.) Nowhere in Defendant's written discovery did Defendant "specifically" or generally ask for any chain of title documents, as she now claims. (Reynolds Dec. ¶ 3.) Nor did

3

Defendant raise any objection to Plaintiffs' discovery responses or request further documents or information from Plaintiffs. (*Id.*)

Plaintiffs took Defendant's deposition on May 1, 2007, more than three months ***after*** they had produced all of the certificates of registration to Defendant. During Defendant's deposition, with her counsel present, Defendant was shown a copy of her Response to Plaintiffs' Request for Admission No. 14, where she admitted she had no evidence to dispute Plaintiffs' ownership or control of the copyrights in the Exhibit A sound recordings. (Thomas Dep. at 215:11 to 216:22, Exhibit D to Reynolds Decl.) Defendant then reconfirmed that she has no evidence to dispute Plaintiffs' ownership or control of the exclusive rights in the Exhibit A recordings and also testified that she has "no evidence to dispute" Plaintiffs' ownership or control of the exclusive rights in the Schedule 1 sound recordings. (*Id.*) Neither Defendant nor her counsel raised any concern whatsoever regarding the documents that Plaintiffs had produced evidencing their ownership of the copyrights at issue. (Reynolds Dec. ¶ 4.)

Based on Defendant's admissions that she had no evidence to dispute the issue of ownership, and in an effort to streamline the issues for trial, Plaintiffs contacted Defendant and suggested that, in lieu of unnecessary motions practice on the issue, the parties stipulate to the issue of ownership. (*Id.* ¶ 5.) During that conversation, counsel for Defendant asked whether Plaintiffs had produced documents establishing ownership. (*Id.*) Undersigned counsel reminded Defendant's counsel that Plaintiffs had produced the certificates of registration long ago and that Plaintiffs' representatives would testify to ownership, but stated that the parties should not waste their or the Court's time regarding a matter that Defendant had repeatedly conceded she had no evidence to dispute. (*Id.*)

4

Plaintiffs then sent Defendant a draft stipulation, and Defendant's counsel responded with an email stating:

> I spoke to my client and sent her the draft stipulation. Her response is that we can so stipulate provided we have your written assurances that plaintiffs will not bring any summary judgment motions in this case.

(Email dated August 9, 2007, Exhibit E to Reynolds Decl.) After Plaintiffs provided Defendant with assurance that they would not seek summary judgment, Defendant's counsel authorized Plaintiffs to attach his e-signature to the stipulation. (Reynolds Decl. ¶ 6.) At this point, Plaintiffs believed they had a stipulation and that the matter had been concluded. (*Id.*)

On August 21, 2007, however, Defendant's counsel advised Plaintiffs that Defendant had changed her mind and would not agree to the stipulation. (*Id.* ¶ 7.) Defendant subsequently advised Plaintiffs that she intended to challenge ownership because 14 of the 27 certificates that Plaintiffs had produced to Defendant some seven months earlier showed initial registrants that appeared different from Plaintiffs. (*Id.*) Plaintiffs moved to enforce the stipulation regarding ownership that Plaintiffs' believed had been reached, but Magistrate Judge Erickson denied Plaintiffs' motion. Immediately thereafter, now confronted for the first time with having to face Defendant's challenge to Plaintiffs' evidence of ownership, Plaintiffs produced chain of title documents establishing the link between Plaintiffs and the initial registrants with respect to the 14 certificates at issue. (*Id.*) It is those chain of title documents that Defendant now seeks to bar from evidence.[1]

---

[1] Defendant's contention that her stipulation to ownership was "contingent" on documents showing a need to stipulate is not accurate. Defendant's stipulation was contingent on nothing but Plaintiffs' agreement not to file a motion for summary judgment. (*Id.*) Indeed, had the stipulation been contingent on additional documents, there would be no issue, as Plaintiffs have provided Defendant with the chain of title documents for the 14 certificates.

At no time prior to filing her motion in limine did Defendant ever suggest to Plaintiffs that the production of the documents at issue was untimely, that Defendant was harmed in any way, or that Defendant would seek to bar Plaintiffs from using these documents at trial. (*Id.* ¶ 8) Indeed, although the parties conducted two telephonic conferences to discuss objections to trial exhibits, Defendant never argued against admission of these documents under either Rule 26 or Rule 37. (*Id.*) Her only objections to these documents were under F.R.E. 401, 403, 602, and 901. (*Id.*, *see also* Doc. No. 77 at 1, Def.'s Obj. to Pls.' Exh. 4.)

**ARGUMENT**

**A.  Defendant made no specific request for any chain of title documents.**

At page 2 of her motion, Defendant contends that she "specifically asked" Plaintiffs to produce documents establishing ownership. This contention is factually inaccurate, which is why Defendant's motion fails to cite or quote any document or other discovery request.

A party seeking production of documents must describe the documents "with reasonable particularity." Fed. R. Civ. P. 34(b); *Westhemeco Ltd. v. New Hampshire Ins. Co.*, 82 F.R.D. 702, 709 (S.D.N.Y. 1979) (holding that the party "failed to request these documents with the 'reasonable particularity' required by Rule 34"). Here, Defendant does not, and cannot, point to a single one of her discovery requests that asks Plaintiffs to produce any chain of title documents. (*See* Def.'s Req. for Prod., Exhibit 3 to Toder Decl., Doc. No. 79.) Accordingly, Plaintiffs had no obligation to produce these documents either in response to Defendant's discovery or under Rule 26(e), as Defendant now contends.[2] Indeed, Defendant herself apparently did not believe that she had asked Plaintiffs for these documents as she never raised

---

[2] Nor did Plaintiffs have any obligation to produce these documents under Rule 26(a)(1) because, up until the time that Defendant sought to challenge Plaintiffs' evidence of ownership, Plaintiffs did not intend to offer these documents as exhibits at trial.

6

any objection to Plaintiffs discovery responses or requested further documents or information from Plaintiffs. For this reason alone, Defendant's motion should be denied.

**B.      Plaintiffs' disclosure of the chain of title documents was substantially justified and harmless to Defendant.**

To the extent that Defendant seeks to bar Plaintiffs' chain of title documents under Rule 37, her motion still fails. Evidence should not be excluded under Rule 37 where the alleged late disclosure is substantially justified or harmless to the moving party. Fed. R. Civ. P. 37(c)(1). Substantial justification exists where there is an issue about which reasonable people could genuinely differ on whether a party was bound to comply with a discovery rule. Charles A. Wright, et al., *Federal Practice and Procedure* § 2288 (2d ed. 1994). When deciding if a late disclosure should be permitted, the Court should consider the following factors: (1) the reason for failing to disclose the information, (2) the importance of the information, (3) the opposing party's need for time to prepare for the testimony, and (4) whether a continuance would be useful. *Citizens Bank v. Ford Motor Co.*, 16 F.3d 965, 967 (8th Cir. 1994) (affirming a finding of substantial justification); *Patterson v. F.W. Woolworth Co.*, 786 F.2d 874, 880 (8th Cir. 1986) (same). Consideration of these factors here militates in favor of denying Defendant's motion to bar Plaintiffs' evidence.

First, Plaintiffs did not produce the chain of title documents during the course of discovery because there was no need to do so. As demonstrated above, Plaintiffs had produced the certificates of registration to Defendant, Defendant had repeatedly admitted that she had no evidence to dispute Plaintiffs' ownership, and Plaintiffs reasonably believed that the parties had reached a stipulation on the issue. Moreover, Defendant never requested these documents in discovery. The moment it became apparent that Defendant intended to challenge ownership to certain of the sound recordings because 14 of the 27 certificates appeared to show different

7

initial registrants, Plaintiffs produced documents linking Plaintiffs to the initial registrants. Under these circumstances, the timing of Plaintiffs' production of these documents was substantially justified. *See Patterson*, 786 F.2d at 880 (disclosure of evidence to refute an issue that became apparent late in a case was substantially justified). Nor should there be any suggestion of bad faith on the part of Plaintiffs, who had no reason to know that Defendant would change her mind at the last minute and seek to challenge Plaintiffs' evidence of ownership. *See Citizens Bank*, 16 F.3d at 967 (absence of evidence of bad faith favors allowing the disclosure).

Second, this evidence has only recently become important to Plaintiffs' claim of ownership with respect to the 14 sound recordings. The purpose of trial is to arrive at the truth, and these documents, together with the testimony of Plaintiffs' witnesses, will establish beyond any question that Plaintiffs own or control the 14 sound recordings at issue. *See Citizens Bank*, 16 F.3d at 967 (exclusion of evidence that was "relevant to the heart of the case" would inhibit the court's "search for the truth."); *Patterson*, 786 F.2d at 880 (important evidence to refute a claim identified late in a case was permitted).

Finally, as to the third and fourth factors, Defendant has not argued, let alone made any showing, that she has been harmed in any way by Plaintiffs' production of these documents. As discussed above, the material portions of these documents are not complex, and merely show a chain of title from the entity that originally registered the sound recording to Plaintiffs. Defendant never claimed she was harmed by the timing of the production of these documents and did not even raise this issue in her objections to Plaintiffs' trial exhibits. Nor has Defendant suggested that she is incapable of reviewing these documents before trial or that she requires a continuance of the trial. In any event, Defendant has not claimed and could not claim that she

8

was denied the opportunity to seek deposition testimony on these documents. Defendant did not seek to take a single deposition in this case during the course of discovery. Nor did Defendant request the opportunity to depose Plaintiffs' witnesses concerning chain of title issues after the production of these documents, which request Plaintiffs would have accommodated. Defendant's failure to raise a preclusion argument before now, failure to take any steps to alleviate any purported harm, and failure to argue the presence of harm or the need for a continuance, all militate in favor of denying her motion to bar Plaintiffs from introducing this evidence. *See Citizens Bank*, 16 F.3d at 967 (opponent's failure to request a continuance favors admission of the evidence); *Patterson*, 786 F.2d at 880 ("a claim of prejudice or surprise is vitiated by [the party's] failure to request a continuance").

For all of these reasons, to the extent Plaintiffs' production of these documents was untimely at all, which Plaintiffs deny, such production was substantially justified and harmless to Defendant. Accordingly, the Court should deny Defendant's motion and allow Plaintiffs to seek admission of the chain of title documents at trial. Simply stated, if the Court will allow Defendant to change her position and challenge Plaintiffs' evidence of copyright ownership for the first time on the eve of trial, then fundamental fairness dictates that Plaintiffs be allowed to introduce the relevant chain of title documents along with their other evidence of copyright ownership.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully ask that the Court deny Defendant's Motion in Limine (Doc. No. 81). A form of order is attached for the Court's convenience.

Respectfully submitted this 26th day of September 2007.

                                                               _____
Felicia J. Boyd (No. 186168)
Laura G. Coates (No. 350175)
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
Telephone: (612) 766-7000
Facsimile: (612) 766-1600

Richard L. Gabriel (pro hac vice)
Timothy M. Reynolds (pro hac vice)
David A. Tonini (pro hac vice)
Andrew B. Mohraz (pro hac vice)
HOLME ROBERTS & OWEN LLP
1700 Lincoln, Suite 4100
Denver, Colorado 80203
Telephone: (303) 861-7000
Facsimile: (303) 866-0200

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on September 26, 2007, a copy of the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE ADMISSION OF PLAINTIFFS' TRIAL EXHIBIT 4** was filed electronically with the Clerk of Court through ECF and was served upon the Defendant via hand delivery to the following:

BRIAN N. TODER
CHESTNUT & CAMBRONNE, P.A.
3700 Campbell Mithun Tower
222 South 9th Street
Minneapolis, MN 55402
*Attorney for Defendant*

 

Laura G. Coates
Faegre & Benson LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901