# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA
### DULUTH DIVISION

VIRGIN RECORDS AMERICA, INC., a
California corporation; CAPITOL
RECORDS, INC., a Delaware
corporation; SONY BMG MUSIC
ENTERTAINMENT, a Delaware general
partnership; ARISTA RECORDS LLC, a
Delaware limited liability company;
INTERSCOPE RECORDS, a California
general partnership; WARNER BROS.
RECORDS INC., a Delaware corporation;
and UMG RECORDINGS, INC., a
Delaware corporation,

               Plaintiffs,

vs.

Jammie Thomas,

               Defendant.

Case No.: 06cv1497-MJD/RLE

**DECLARATION OF
TIMOTHY M. REYNOLDS IN
SUPPORT OF PLAINTIFFS'
OPPOSITION TO DEFENDANT'S
MOTION IN LIMINE TO PRECLUDE
THE ADMISSION OF PLAINTIFFS'
TRIAL EXHIBIT 4**

---

I, Timothy M. Reynolds, declare:

1.      I am a partner with the law firm of Holme Roberts & Owen LLP, counsel to Plaintiffs in this matter and national counsel to the plaintiff record companies in lawsuits similar to this one. I make the statements in this declaration based upon my personal knowledge, and I am competent to testify regarding any matters set forth herein.

2.      Plaintiffs produced their Rule 26(a)(1) disclosures to Defendant on May 30, 2006 and specifically disclosed the "[c]ertificate of copyright registration for each sound recording at issue." (*See* Exhibit A hereto.) In her responses to Plaintiffs' First Request for Production of Documents, served on September 18, 2006, Defendant admitted that she has "no evidence to

Dockets.Justia.com

dispute" that Plaintiffs own or control the copyrights to the sound recordings listed on Exhibit A to the Complaint.  (*See* Resp. to Req. for Admiss. No. 14, Exhibit B hereto.)

3.     Plaintiffs produced copies of the certificates of registration for the sound recordings on Exhibit A on December 28, 2006.  On February 12, 2007, responding to Defendant's written discovery, Plaintiffs advised Defendant that they were also pursuing claims on the sound recordings listed on Schedule 1 and produced to Defendant the certificates of registration for the Schedule 1 sound recordings.  (*See* Resp. to Interrog. Nos. 5-8, Exhibit C hereto.)  Nowhere in Defendant's written discovery did Defendant "specifically" or generally ask for any chain of titled documents.  Nor, as I recall, did Defendant raise any objection to Plaintiffs' discovery responses or request further documents or information from Plaintiffs.

4.     Plaintiffs took Defendant's deposition on May 1, 2007, more than three months *after* they had produced all of the certificates of registration to Defendant.  During Defendant's deposition, with her counsel present, Defendant was shown a copy of her Response to Plaintiffs' Request for Admission No. 14.  Defendant then reconfirmed that she has no evidence to dispute Plaintiffs' ownership or control of the exclusive rights in the Exhibit A recordings and also testified that she has "no evidence to dispute" Plaintiffs' ownership or control of the exclusive rights in the Schedule 1 sound recordings.  (*See* Thomas Dep. at 215:11 to 216:22, Exhibit D hereto.)  Neither Defendant nor her counsel raised any concern whatsoever regarding the documents that Plaintiffs had produced evidencing their ownership of the copyrights at issue.

5.     Based in part on Defendant's admissions that she had no evidence to dispute the issue of ownership, and in an effort to streamline the issues for trial, I contacted Defendant's counsel by telephone and suggested that, in lieu of unnecessary motions practice on the issue, the parties stipulate to the issue of ownership.  During that conversation, counsel for Defendant

asked whether Plaintiffs had produced documents establishing ownership. I reminded Defendant's counsel that Plaintiffs had produced the certificates of registration long ago and that Plaintiffs' representatives would testify to ownership, but stated that the parties should not waste their or the Court's time regarding a matter that Defendant had repeatedly conceded she had no evidence to dispute.

6.     Plaintiffs then sent Defendant a draft stipulation, and Defendant's counsel responded with an email stating:

> I spoke to my client and sent her the draft stipulation. Her response is that we can so stipulate provided we have your written assurances that plaintiffs will not bring any summary judgment motions in this case.

(*See* Email dated August 9, 2007, Exhibit E hereto.) After Plaintiffs provided Defendant with assurance that they would not seek summary judgment, Defendant's counsel authorized me in a telephone conversation to attach his e-signature to the stipulation. At this point, I believed Defendant had stipulated and that the matter had been concluded. Defendant's contention that her stipulation to ownership was "contingent" on documents showing a "need to stipulate" is not accurate. Defendant's stipulation was contingent on nothing but Plaintiffs' agreement not to file a motion for summary judgment.

7.     On August 21, 2007, however, Defendant's counsel advised me that Defendant had changed her mind and would not agree to the stipulation. Defendant subsequently advised Plaintiffs that she intended to challenge ownership because 14 of the 27 certificates that Plaintiffs had produced to Defendant some seven months earlier showed initial registrants that appeared different from Plaintiffs. Plaintiffs moved to enforce the stipulation regarding ownership that Plaintiffs' believed had been reached, but Magistrate Judge Erickson denied Plaintiffs' motion. Immediately thereafter, now confronted for the first time with having to face Defendant's challenge to Plaintiffs evidence of ownership, Plaintiffs produced chain of title documents

establishing the link between Plaintiffs and the initial registrants with respect to the 14 certificates at issue.

8.      At no time prior to filing her motion in limine did Defendant ever suggest to Plaintiffs that the production of these documents was untimely, that Defendant was harmed in any way, or that Defendant would seek to bar Plaintiffs from using these documents at trial. Although the parties conducted two telephonic conferences to discuss objections to trial exhibits, Defendant never argued against admission of these documents under either Rule 26 or Rule 37. Her only objections to these documents were under F.R.E. 401, 403, 602, and 901.

I declare under penalty of perjury and the laws of the United States of America that the foregoing is true and correct.

Dated this 26th day of September 2007.

*/s/ Timothy M. Reynolds*
Timothy M. Reynolds

**EXHIBIT A**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA
### DULUTH DIVISION

VIRGIN RECORDS AMERICA, INC., a
California corporation; CAPITOL
RECORDS, INC., a Delaware
corporation; SONY BMG MUSIC
ENTERTAINMENT, a Delaware general
partnership; ARISTA RECORDS LLC, a
Delaware limited liability company;
INTERSCOPE RECORDS, a California
general partnership; WARNER BROS.
RECORDS INC., a Delaware corporation;
and UMG RECORDINGS, INC., a
Delaware corporation,

        Plaintiffs,

vs.

JAMMIE THOMAS,

        Defendant.

Case No.: 06cv1497-MJD/RLE

**INITIAL DISCLOSURE STATEMENT**

---

TO:    Defendant, Jammie Thomas, through defendant's counsel of record:

        BRIAN N. TODER
        CHESTNUT & CAMBRONNE, P.A.
        204 NORTH STAR BANK BUILDING
        4661 HIGHWAY 61
        WHITE BEAR LAKE, MN 55110

        Plaintiffs VIRGIN RECORDS AMERICA, INC.; CAPITOL RECORDS, INC.; SONY

BMG MUSIC ENTERTAINMENT; ARISTA RECORDS LLC; INTERSCOPE RECORDS;

WARNER BROS. RECORDS INC.; and UMG RECORDINGS, INC. (collectively, "Plaintiffs")

make the following disclosures pursuant to Federal Rules of Civil Procedure, Rule 26(a)(1):

1

**A.** **Individuals Likely to Have Discoverable Information That Plaintiffs May Use to Support Their Claims**

1.     A representative of the Recording Industry Association of America and/or a representative of MediaSentry, Inc. may testify regarding issues relating to the operation of on-line media distribution systems, and the search for, capture, and downloading from Defendant Jammie Thomas's ("Defendant") computer of the sound recordings at issue in this case. These witnesses may be contacted through Plaintiffs' counsel.

2.     A representative of each Plaintiff may be asked to testify on a range of issues, including issues relating to Plaintiff's requests for money damages and injunctive relief. These witnesses may be contacted only through Plaintiffs' counsel.

3.     A representative of the Defendant's Internet Service Provider, Charter Communications, Inc. ("Service Provider"), who may have information evidencing illegal acts performed on Defendant's computer while using her Service Provider account.

4.     Defendant, who has information relating to the illegal downloading and distribution of songs through her computer.

5.     Other members of Defendant's current and/or former household, if any, who possess information regarding the illegal downloading and distribution of songs through her computer.

Plaintiffs reserve the right to call witnesses subsequently identified by Defendant or otherwise identified during the course of discovery.

**B. Documents and Things That Plaintiffs May Use to Support Their Claims or Defenses**

1. Certificate of copyright registration for each sound recording at issue.

2. Subpoena served upon Service Provider pursuant to Rule 45 of the Federal Rules of Civil Procedure, and Service Provider's response thereto.

3. Screen shots of Defendant's shared folder, which were attached to the Complaint as Exhibit B.

4. Copies of the recordings identified on Exhibit A to Plaintiffs' Complaint, as downloaded from Defendant's computer.

5. News reports, articles, public service announcements, and other print media informing the public that the use of an on-line media distribution system to download, distribute and/or make available copyrighted sound recordings to others constitutes copyright infringement.

Plaintiffs reserve the right to use information, documents and things subsequently obtained from Defendant and/or third parties during the course of discovery.

**C. Computation of Damages**

Plaintiffs seek the following damages:

1. Statutory damages for each infringement of each sound recording pursuant to the Copyright Act, 17 U.S.C. § 504;

2. Plaintiffs' attorneys' fees, costs and interest;

3. A permanent injunction as set forth in Plaintiffs' Complaint; and

4. Such other and further relief as the Court may deem just and proper.

**D. Insurance**

Not applicable

Plaintiffs make these disclosures based upon information that is currently known and reasonably available to them. Plaintiffs reserve the right to supplement these disclosures in the event that further responsive information comes to light in the course of ongoing investigation and discovery.

Dated: _____       By:   s/ Laura G. Coates
                                     _____
                                     Felicia J. Boyd (No. 186168)
                                     Kara L. Benson (No. 248290)
                                     Laura G. Coates (No. 350175)
                                     Faegre & Benson LLP
                                     2200 Wells Fargo Center
                                     90 South Seventh Street
                                     Minneapolis, Minnesota 55402-3901
                                     Telephone: (612) 766-7000
                                     Facsimile: (612)766-1600
                                     E-mail: lcoates@faegre.com

                                     ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on [insert date], a copy of the foregoing **INITIAL DISCLOSURE STATEMENT** was served upon the Defendant via United States Mail as follows:

> BRIAN N. TODER
> CHESTNUT & CAMBRONNE, P.A.
> 204 NORTH STAR BANK BUILDING
> 4661 HIGHWAY 61
> WHITE BEAR LAKE, MN 55110
> *Attorney for Defendant*

<div style="margin-left:auto">

_____

Laura G. Coates
Faegre & Benson LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901

</div>

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| VIRGIN RECORDS AMERICA, INC., et al., | Case No. 06cv1497-MJD/RLE |
| Plaintiffs, | **DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUEST FOR ADMISSIONS** |
| v. | |
| JAMMIE THOMAS, | |
| Defendant. | |

TO:  Plaintiffs and their counsel of record, Felicia J. Boyd, Kara L. Benson, Laura G. Coates, Faegre & Benson LLP, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN, 55402-3901

Pursuant to Federal Rule of Civil Procedure 36, Defendant Jammie Thomas

responds to Plaintiffs' First Set of Request for Admissions as follows:

## REQUEST FOR ADMISSION NO. 1:

Admit that YOU subscribed to the Internet service provided by SERVICE

PROVIDER that connected the COMPUTER to the Internet as of February 21, 2005.

## RESPONSE:

Admit

## REQUEST FOR ADMISSION NO. 2:

Admit that YOU owned the COMPUTER as of February 21, 2005.

## RESPONSE:

Admit

PLAINTIFFS' EXHIBIT A RECORDINGS on Exhibit A attached to the Complaint in this action, does own or control exclusive rights to the copyright in each such SOUND RECORDING next to which the Plaintiff is listed.

**RESPONSE:**

Defendant objects to this Request because it is calculated to require defendant to conduct an overly burdensome inquiry. Defendant has made a reasonable inquiry and the information known or readily obtainable by defendant is insufficient to admit or deny the request.

## REQUEST FOR ADMISSION NO. 14:

Admit that YOU have no evidence to dispute that each Plaintiff listed as owning a copyright in one or more of PLAINTIFFS' EXHIBIT A RECORDINGS on Exhibit A attached to the Complaint in this action, does own or control exclusive rights to the copyright in each such SOUND RECORDING next to which the Plaintiff is listed.

**RESPONSE:**

Admit

## REQUEST FOR ADMISSION NO. 15:

Admit that each of PLAINTIFFS' EXHIBIT A RECORDINGS was duly registered with the United States Copyright Office prior to the first date on which YOU downloaded or MADE AVAILABLE each such SOUND RECORDING.

**RESPONSE:**

Defendant objects to this Request because it is calculated to require defendant to conduct an overly burdensome inquiry. Defendant has made a reasonable inquiry and

the information known or readily obtainable by defendant is insufficient to admit or deny the request.

## REQUEST FOR ADMISSION NO. 29:

Admit that YOU have no evidence to dispute that each sound recording identified in PLAINTIFFS' EXHIBIT A RECORDINGS is identical to corresponding sound recording registered with the United States Copyright Office.

## RESPONSE:

Admit

## REQUEST FOR ADMISSION NO. 30:

Admit that YOU have used "tereastarr" as an any part of an email address, instant messenger address, screen name, user name, alias or nickname.

## RESPONSE:

Admit

Dated: September 18, 2006

CHESTNUT & CAMBRONNE, P.A.

By

Brian N. Toder, #7869X
3700 Campbell Mithun Tower
222 South Ninth Street
Minneapolis, MN 55402
(612) 339-7300
Fax (612)336-2940

**ATTORNEYS FOR DEFENDANT**

**EXHIBIT C**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
DULUTH DIVISION**

VIRGIN RECORDS AMERICA, INC.,
*et al.*,

        Plaintiffs,

vs.

JAMMIE THOMAS,

        Defendant.

Case No.: 06cv1497-MJD/RLE

**PLAINTIFFS' RESPONSES TO
DEFENDANT'S INTERROGATORIES**

---

Pursuant to Federal Rule of Civil Procedure 33, Plaintiffs respond as follows to

Defendant Jammie Thomas' Interrogatories:

## GENERAL OBJECTIONS

Plaintiffs make the following general objections to Defendant's discovery requests:

1.      Plaintiffs object to the discovery requests to the extent that they request

information that is protected from disclosure by the attorney-client privilege and/or the attorney

work-product doctrine. Plaintiffs specifically reserve the right to demand the return of any

documents that may be produced inadvertently during discovery if it is determined that such

documents may contain privileged material.

2.      Insofar as the production of any documents by Plaintiffs in response to

Defendant's discovery requests may be deemed to be a waiver of any privilege or rights, such

waiver will be deemed a limited waiver with respect to that particular document only. Any

inadvertent production of any document shall not be deemed or construed to constitute a waiver

of any privilege or right of Plaintiffs, and Plaintiffs reserve the right to demand that Defendant

return any such document and all copies thereof.

Defendant Jammie Thomas. Ms. Thomas' contact information is known to her.
Others known to Defendant.

Interrogatory No. 4: Did you or your agent trace the user "tereastarr" to Jammie Thomas, the individual?

  a.    If your answer is in the affirmative, identify who so traced, and;

  b.    State in detail and not summary fashion all details respecting such trace.

  c.    If you or agent did not so trace, identify who so traced, and

  d.    State in detail and not summary fashion all details respecting such trace.

Response: Plaintiffs object to this Interrogatory on the grounds that it is vague and ambiguous. Plaintiffs further object on the grounds that Defendant purports to ask in one interrogatory five distinct subparts and, therefore, actually propounds five interrogatories. Plaintiffs further object on the grounds that this Interrogatory seeks information that is not within Plaintiffs' possession, custody or control. Subject to and without waiving these objections, Plaintiffs direct Defendant to Plaintiffs' Response to Interrogatory No. 3. In further response, please see the documents that are being or have been produced that are bates labeled Thomas, J (MN) 004-515.

Interrogatory No. 5: With respect to paragraph 13 of the Complaint, specifically plaintiffs' allegations that "copyrighted recordings include but are not limited to each of the sound recordings identified in Exhibit A . . ." and "certain of the sound recordings listed on Exhibit B . . .," identify what "certain sound recordings listed on Exhibit B" you are claiming copyrights were allegedly infringed upon by defendant.

Response: Plaintiffs object on the grounds that this Interrogatory is premature because discovery is ongoing. Subject to and without waiving this objection, Plaintiffs intend to pursue

6

claims on the copyrighted sound recordings identified in Exhibit A to Plaintiffs' Complaint, as well as for the sound recordings identified on a "Schedule 1" which is being produced herewith. Plaintiffs reserve the right to modify, amend, or supplement this answer to add copyrighted sound recordings listed on Exhibit B to Plaintiffs' Complaint.

Interrogatory No. 6: With respect to Exhibit A of the Complaint, identify each specific recording title whose copyright is owned by you and when such copyright was obtained.

      a.     For each recording title in Exhibit A whose copyright you do not own, identify which plaintiff owns the copyright and/or owned it during the period of time relative to your claims against defendant.

      b.     For each recording title in Exhibit A whose copyright is not owned by you or other plaintiffs above-named, identify who owned such copyright during the period of time relative to your claims against defendant.

Response: Plaintiffs object to this Interrogatory on the grounds that it is vague and ambiguous. Plaintiffs further object on the grounds that Defendant purports to ask in one interrogatory three distinct subparts and, therefore, actually propounds three interrogatories. Subject to and without waiving these objections, Plaintiffs direct Defendant to Exhibit A to Plaintiffs' Complaint and to Schedule 1, which identify the owners or exclusive licensees of the sound recordings listed therein. Plaintiffs also state that copies of the certificates of registration for each sound recording listed in Exhibit A and Schedule 1 are being produced herewith. See documents bates labeled Thomas, J (MN) 016 to 031 and 570 to 608.

Interrogatory No. 7: With respect to Exhibit A of the Complaint, for each specific recording title, identify who at all times material hereto had the legal right for the exclusive use of the copyright if not you or any plaintiff above-named.

Response: Plaintiffs object on the grounds that this Interrogatory is vague and ambiguous, overly broad, and unduly burdensome. Plaintiffs further object on the grounds that this Interrogatory seeks information that is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, Plaintiffs state that they are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright with respect to the sound recordings identified on Exhibit A to Plaintiffs' Complaint and on Schedule 1.

Interrogatory No. 8: With respect to each specific recording title identified in your Response to Interrogatory 5, further identify each such specific recording title whose copyright is owned by you and when such copyright was obtained.

a.    For each specific recording title identified in your Response to Interrogatory 5 whose copyright you do not own, identify which plaintiff owns the copyright and/or owned it during the time relative to your claims against defendant.

Response: Plaintiffs object on the grounds that this Interrogatory seeks information that is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object on the grounds that Defendant purports to ask in one interrogatory two distinct subparts and, therefore, actually propounds two interrogatories. Subject to and without waiving these objections, Plaintiffs direct Defendant to Plaintiffs' responses to Interrogatory Nos. 6 and 7.

Interrogatory No. 9: With respect to paragraph 15 of the Complaint, where you allege that you are "informed" that defendant has used an online media distribution system to download the copyrighted recordings, describe in detail and not summary fashion, how you were "informed," identifying all sources of information that caused you to make such an allegation.

not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs also object on the grounds that this Interrogatory exceeds twenty-five interrogatories,

including subparts, permitted by the Federal Rules of Civil Procedure.  Subject to and without

waiving these objections, Plaintiffs elect to seek statutory damages pursuant to 17 U.S.C. §

504(c) for Defendant's infringement of Plaintiffs' copyrighted sound recordings.  In further

response, Plaintiffs refer Defendant to Plaintiffs' response to Interrogatory No. 11.


Dated:  _2-12-07_                    By:    _____

David A. Tonini (*Pro Hac Vice*)
Holme Roberts & Owen LLP
1700 Lincoln, Suite 4100
Denver, Colorado 80203
Telephone: (303) 866-0399
Facsimile: (303) 866-0200
E-mail: david.tonini@hro.com

Felicia J. Boyd (No. 186168)
Laura G. Coates (No. 350175)
Faegre & Benson LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
Telephone:  (612) 766-7000
Facsimile:  (612)766-1600
E-mail:  lcoates@faegre.com

ATTORNEYS FOR PLAINTIFFS

13

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 12, 2007, a copy of the foregoing

**PLAINTIFFS' RESPONSES TO DEFENDANT'S INTERROGATORIES** was served upon

the Defendant via United States Mail as follows:

> BRIAN N. TODER
> CHESTNUT & CAMBRONNE, P.A.
> 3700 Campbell Mithun Tower
> 222 South 9th Street
> Minneapolis, MN 55402
> *Attorney for Defendant*

18

**EXHIBIT D**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
- - - - - - - - - - - - - - - - - - - - - - - - - - - -
VIRGIN RECORDS AMERICA,
INC., et al.,

      Plaintiffs,

vs.              Case No. 06cv1497 (MJD/RLE)

JAMMIE THOMAS,

      Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - -

DEPOSITION

      The following is the deposition of

JAMMIE THOMAS, taken before Jenelle K. Lundgren,

Notary Public, pursuant to Notice of Taking

Deposition, at 222 South Ninth Street, Minneapolis,

Minnesota, commencing at 1:00 p.m., Tuesday, May 1,

2007.

*   *   *

## Page 196

```
1   APPEARANCES:
2
    On Behalf of the Plaintiffs via telephone:
3
      Timothy Reynolds, Esquire
4     HOLME ROBERTS & OWEN, LLP
      1700 Lincoln Street
5     Suite 4100
      Denver, Colorado 80203-4541
6     Phone: (303) 861-7000
      e-mail: timothy.reynolds@hro.com
7
8   On Behalf of the Defendant:
9     Brian Toder, Esquire
      CHESTNUT & CAMBRONNE
10    222 South Ninth Street
      3700 Campbell Mithun Tower
11    Minneapolis, Minnesota 55402
      Phone: (612) 339-7300
12    e-mail: btoder@chestnutcambronne.com
13
14  Also Present:
15  Eric Stanley
16
17
18
19
20
21
22
23
24
25
```

## Page 197

```
1        DEPOSITION REFERENCE INDEX
2
3   EXAMINATION:
4   By Mr. Reynolds: 4
5
6   OBJECTIONS:
7   By Mr. Toder: 220, 250, 259
8
9        EXHIBIT REFERENCE INDEX
10  EXHIBIT 14, MARKED, Schedule 1, Jammie Thomas......209
11  EXHIBIT 15, MARKED, Defendant's Response to
12    Plaintiffs' First Set of
13    Interrogatories.....................211
14  EXHIBIT 16, MARKED, Defendant's Response to
15    Plaintiffs' First Set of
16    Request for Admissions..............215
17  EXHIBIT 17, REFERENCED, Photos.....................223
18  EXHIBIT 18, REFERENCED, Printout of Screen.........225
19  EXHIBIT 19, REFERENCED, Printout of Screen.........226
20  EXHIBIT 20, MARKED, Printout of Screen.............222
21  EXHIBIT 21, REFERENCED, Printout of Screen.........227
22  EXHIBIT 22, REFERENCED, Printout of Screen.........229
23  EXHIBIT 23, MARKED, Printout of Screen.............223
24  EXHIBIT 24, REFERENCED, Printout of Screen.........232
25  EXHIBIT 25, REFERENCED, Printout of Screen.........233
```

## Page 198

```
1
2            PROCEEDINGS
3      Whereupon, the deposition of JAMMIE THOMAS was
4   commenced at 1:12 p.m. as follows:
5
6            JAMMIE THOMAS,
7         after having been first duly sworn,
8         deposes and says under oath as follows:
9                  ***
10           EXAMINATION
11  BY MR. REYNOLDS:
12      Q.   Good afternoon, Ms. Thomas. My name is
13  Tim Reynolds, and we met once before at the first
14  portion of your deposition; that's right?
15      A.   I believe so. I'm not sure. I don't
16  remember your names from the first deposition, so.
17      Q.   Okay. Well, I am the attorney who took
18  the first portion of your deposition back in March,
19  and we're here today for the continuation of your
20  deposition. Are you ready to proceed?
21      A.   Yes.
22      Q.   And I just want to refresh your memory
23  about some of the things that we can do to make the
24  deposition go more smoothly. And if you — as I
25  indicated earlier, it's very important that you
```

## Page 199

```
1   understand my questions, and so I ask if you don't
2   understand the questioning, will you please let me
3   know?
4       A.   Yes.
5       Q.   Also, if you don't hear one of my
6   questions, will you please let me know that, too?
7       A.   Yes.
8       Q.   And because the court reporter is
9   taking down everything we say, and especially because
10  we're on the telephone, it's very important that we
11  don't talk over one another. So I will let you finish
12  your answers before I ask my next question, and I
13  would ask that you please let me finish my question
14  before answering. Okay?
15      A.   Yes.
16      Q.   It's also very important that you
17  answer using yes or no or whatever as opposed
18  to saying uh-huh or huh-uh or gesturing. Okay?
19      A.   Yes.
20      Q.   And you understand that you're
21  testifying under oath today?
22      A.   Yes.
23      Q.   And you understand you're testifying
24  under oath just as you did in your first deposition?
25      A.   Yes.
```

2 (Pages 196 to 199)

Page 212

1   Deposition Exhibit 15. This is a copy of your
2   responses to plaintiffs' first set of interrogatories
3   in this case. Do you recognize this document?
4       A.   Yes.
5       Q.   And are these your sworn responses to
6   plaintiffs' interrogatories?
7       A.   Yes.
8       Q.   If you could turn to interrogatory No.
9   7 on page 3?
10      A.   Yes.
11      Q.   You list a number of individuals who
12  used your computer during the three years before the
13  complaint was filed. Do you have a current address
14  for Justin Gervais?
15      A.   No.
16      Q.   Do you know whether he still lives at
17  this 1605 -- I don't know how to pronounce that. Is
18  it Hughitt Avenue?
19      A.   Hughitt Avenue. And that might be his
20  address.
21      Q.   You don't know?
22      A.   No.
23      Q.   Do you know anyone who would know Mr.
24  Gervais's address?
25      A.   Mr. Gervais.

Page 213

1       Q.   Besides Mr. Gervais?
2       A.   His family.
3       Q.   How about his son? Would his son know
4   his current address?
5       A.   No.
6       Q.   Do you have a way of getting Mr.
7   Gervais's address?
8       A.   Do I have a way? I could call him.
9       Q.   Take a look at interrogatory No. 9.
10      A.   Yes.
11      Q.   This question asks you to "identify all
12  persons who downloaded an online media distribution
13  system on the computer during the three years prior to
14  the date the complaint in this action was filed," and
15  you answered, "None. There's never been an online
16  media distribution system downloaded on defendant's
17  computer." And then it says, "iTunes and Musicmatch
18  are bundled software that came with the purchase of
19  the computer"?
20      A.   That's correct.
21      Q.   Okay. Is it your understand that
22  I-tunes is bundled with the computer that you
23  purchased?
24      A.   I believe it was.
25      Q.   Do you know whether I-tunes was

Page 214

1   actually downloaded and installed onto the computer in
2   2005?
3       A.   I don't know.
4       Q.   Did you download and install I-tunes?
5       A.   No.
6       Q.   Do you ever use I-tunes?
7       A.   No.
8       Q.   Do you have any reason to dispute that
9   I-tunes was downloaded and installed to your computer
10  in 2005?
11      A.   No.
12      Q.   Could you turn to interrogatory No. 14
13  on page 5?
14      A.   All right.
15      Q.   This question asks you to "identify, by
16  title of recording and recording artist, all the sound
17  recordings that you copied or downloaded onto the
18  computer using an online distribution system during
19  the three years before the complaint in this action
20  was filed," and you answered "none." Do you see that?
21      A.   Yes.
22      Q.   Have you ever used an online media
23  distribution system to download music over the
24  Internet?
25      A.   No.

Page 215

1       Q.   If you could turn to --
2            MR. REYNOLDS: I would actually like to
3   mark the next exhibit. This would be 16, and it's the
4   defendant's response to plaintiffs' first set of
5   requests for admissions.
6            (Whereupon, Thomas Deposition
7            Exhibit No. 16 was marked for
8            identification.)
9            MR. TODER: Done.
10  BY MR. REYNOLDS:
11      Q.   Ms. Thomas, in front of you is
12  Deposition Exhibit 16, which is your responses to
13  plaintiffs' first set of requests for admissions. Do
14  you recognize this document?
15      A.   Yes, I do.
16      Q.   And are these your responses to
17  plaintiffs' request for admissions?
18      A.   Yes.
19      Q.   I would like you to also take out
20  Deposition Exhibit 14 that we were looking at a moment
21  ago and just keep that in front of you.
22      A.   All right.
23      Q.   I have a series of questions that I
24  wanted to ask you concerning Deposition Exhibit 14.
25  But looking at your response to request for admission

6 (Pages 212 to 215)

52f9e78c-c512-49b9-95de-e31e46812aff

## Page 216

1 No. 14 on page 5? Do you have that in front of you?
2     A.   Request for admission, just a second.
3 Okay. No. 14, yes.
4     Q.   Okay. It says, "Admit that you have no
5 evidence to dispute that each plaintiff listed as
6 owning a copyright in one or more of plaintiffs'
7 Exhibit A recordings on Exhibit A attached to the
8 complaint in this action does own or control exclusive
9 rights to the copyright in each sound recording next
10 to which the plaintiff is listed," and your response
11 is that you had to admit this statement; correct?
12     A.   That's correct.
13     Q.   And I would like to ask you the same
14 question with respect to Exhibit 14, Deposition
15 Exhibit 14. Do you admit that you have no evidence to
16 dispute that each plaintiff listed as owning a
17 copyright in one or more of the sound recordings
18 listed on Schedule 1 does actually own or control
19 exclusive rights to the copyright in each one of those
20 sound recordings?
21     A.   I admit I have no evidence to dispute
22 it.
23     Q.   If you could to turn to request for
24 admission 16 on page 6?
25     A.   Yes.

## Page 217

1     Q.   This question asks you to "admit that
2 you have no evidence to dispute that each of
3 plaintiffs' Exhibit A recordings were duly registered
4 with the United States Copyright Office prior to the
5 first date on which you downloaded or made available
6 each sound recording," and you admit this response.
7 Do you see that? I'm sorry, did you --
8     MR. TODER: We need to confer a second
9 here.
10     MR. REYNOLDS: Sure.
11     MR. TODER: Go ahead and clarify your
12 answer.
13     THE DEPONENT: For admission No. 16, I
14 admit that I don't have any evidence to dispute that
15 plaintiffs' Exhibit A recordings were duly registered
16 with the United States Copyright Office, but I do not
17 admit that I downloaded or made available any of those
18 sound recordings.
19     (Mr. Stanley entered the room.)
20 BY MR. REYNOLDS:
21     Q.   Okay. Do you also admit that you have
22 no evidence to dispute that each of plaintiffs'
23 Schedule 1 recordings were duly registered with the
24 United States Copyright Office?
25     A.   I admit I have no evidence to dispute

## Page 218

1 that.
2     Q.   Okay. And can we agree then, putting a
3 time frame on it, that you would admit that you have
4 no evidence to dispute that the sound recordings --
5 that each of plaintiffs' sound recordings on Schedule
6 1 and Exhibit A were duly registered with the
7 copyright office more than three years before the
8 complaint was filed?
9     A.   I do admit that I have no evidence to
10 dispute that.
11     Q.   If you could turn to request for
12 admission No. 20 on page 7?
13     A.   Yes.
14     Q.   Is says, "Admit that you have no
15 evidence to dispute that each copyright registration
16 for each sound recording identified in plaintiffs'
17 Exhibit A recordings is valid," and you admit that;
18 correct?
19     A.   Yes.
20     Q.   You also make the same admission with
21 respect to the Schedule 1 recordings?
22     A.   Yes.
23     Q.   And request for admission No. 24 on
24 page 8 --
25     A.   Yes.

## Page 219

1     Q.   -- it says, "admit that none of
2 plaintiffs ever has authorized you to make available
3 plaintiffs' Exhibit A recordings to be downloaded or
4 copied onto the computer hard drive of any other
5 person," and you admit that. Do you see that?
6     A.   Yes.
7     Q.   And do you make the same admission that
8 plaintiffs had never authorized you to make available
9 plaintiffs' Schedule 1 recordings?
10     A.   Yes.
11     Q.   And then request for admission No. 29
12 on page 10?
13     A.   Yes.
14     Q.   It says, "Admit that you have no
15 evidence to dispute that each sound recording
16 identified in plaintiffs' Exhibit A recordings is
17 identical to corresponding sound recordings registered
18 with the United States Copyright Office," and you
19 admit that. Do you see that?
20     A.   Yes.
21     Q.   Do you make the same admission, that
22 you have no evidence to dispute that each sound
23 recording identified in Schedule 1 is identical to the
24 corresponding sound recording registered with the
25 United States Copyright Office?

7 (Pages 216 to 219)

Page 260

1   questions at this time.
2           THE DEPONENT: I just have one question
3   for you. During my last deposition, after we were off
4   the record, did I not give you Justin's phone number?
5           MR. REYNOLDS: Yes, you did. We have
6   contacted Mr. Gervais, but we don't have his address.
7           MR. TODER: He won't give it to you?
8           MR. REYNOLDS: That's my understanding.
9   We have not been able to contact him.
10          THE COURT REPORTER: Do you want this
11  on the record?
12          MR. TODER: That's okay.
13          MR. REYNOLDS: I don't think we need to
14  be on the record.
15          (Whereupon, the deposition of JAMMIE
16  THOMAS was concluded at 2:53 p.m.)
17
18
19
20
21
22
23
24
25

Page 261

1           I, JAMMIE THOMAS, do hereby certify that
2   I have read the foregoing deposition and found the
3   same to be true and correct except as follows, (noting
4   the page and line number of the change or addition as
5   desired and the reason why):
6   Page    Line    Correction
7   ____    ____    _____
8   ____    ____    _____
9   ____    ____    _____
10  ____    ____    _____
11  ____    ____    _____
12  ____    ____    _____
13  ____    ____    _____
14  ____    ____    _____
15  ____    ____    _____
16  ____    ____    _____
17  ____    ____    _____
18  ____    ____    _____
19  ____    ____    _____
20  ____    ____    _____
21  ____    ____    _____
22  ____    ____    _____
23  ____    ____    _____
24
25          JAMMIE THOMAS

Page 262

1   STATE OF MINNESOTA )
                       )ss.    CERTIFICATE
2   COUNTY OF RAMSEY  )
3       BE IT KNOWN that I, Jenelle Lundgren, took the
    foregoing deposition of JAMMIE THOMAS;
4
        That the witness, before testifying, was by me
5   first duly sworn to testify the whole truth and
    nothing but the truth relative to said cause;
6
        That the testimony of said witness was recorded
7   in shorthand by me and was reduced to typewriting
    under my direction;
8
        That the foregoing deposition is a true record of
9   the testimony given by said witness;
10      That the reading and signing of the foregoing
    deposition by the said witness were not waived by the
11  witness and respective counsel;
12      That I am not related to any of the parties
    hereto, nor am an employee of them, nor interested in the
13  outcome of the action;
14      That the cost of the original has been charged to
    the party who noticed the deposition, and that all
15  parties who ordered copies have been charged at the
    same rate for such copies;
16
        WITNESS MY HAND AND SEAL this 14th day of May,
17  2007.
18
            JENELLE LUNDGREN, Notary Public
19
20
21
22
23
24
25

18  (Pages 260 to 262)

52f9e78c-c512-49b9-95de-e31e46812aff

**EXHIBIT E**

## Timothy M Reynolds

**From:** Brian Toder [btoder@chestnutcambronne.com]
**Sent:** Thursday, August 09, 2007 8:36 AM
**To:** Timothy M Reynolds
**Cc:** jammiet@millelacsojibwe.nsn.us
**Subject:** Virgin Records v. Thomas

Tim,

I spoke to my client and sent her the draft stipulation. Her response is that we can so stipulate provided we have your written assurances that plaintiffs will not bring any summary judgment motions in this case.

Brian