## JURY INSTRUCTION NO. 1

Members of the jury, the instructions I gave at the
beginning of the trial and during the trial remain in
effect.  I now give you some additional instructions.

You must, of course, continue to follow the
instructions I gave you earlier, as well as those I give
you now.  You must not single out some instructions and
ignore others, because all are important.

The instructions I am about to give you now are in
writing and will be available to you in the jury room.
Again, all instructions, whenever given and whether in
writing or not, must be followed.

Do not allow sympathy or prejudice to influence you.
The law demands of you a just verdict, unaffected by
anything except the evidence, your common sense, and the
law as I give it to you.

# JURY INSTRUCTION NO. 2

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated—that is, formally agreed to by the parties; and any facts that have been judicially noticed—that is facts which I say you must accept as true.

Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions and comments by the lawyers trying this case are not evidence.

2. Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3. Objections are not evidence. Lawyers have a right and sometimes an obligation to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered.

5. Anything you see or hear about this case outside the courtroom is not evidence.

**JURY INSTRUCTION NO. 3**

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdicts should be.

During this trial I have occasionally asked questions of witnesses. Do not assume that because I asked questions I hold any opinion on the matters to which my questions related.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony, and the extent to which their testimony is consistent with other evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may

think it deserves.  In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

## JURY INSTRUCTION NO. 5

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim depends upon that fact. The party who has the burden of proving a fact must prove it by the greater weight of the evidence. To prove something by the greater weight of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable. If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved.

The greater weight of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard, which applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

# JURY INSTRUCTION NO. 6

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence of the case.

I am advised that reports about this trial are appearing in the newspapers, on television and radio, and on the internet. The person who wrote or is reporting the story may not have listened to all of the testimony as you have, may be getting information from people who you will not see here in Court under oath and subject to cross-examination, may emphasize an unimportant point, or may simply be wrong. The case must be decided by you solely and exclusively on the evidence received here in court.

**JURY INSTRUCTION NO. 7**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  An exception to this rule exists for "expert witnesses."  An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling.  Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

**JURY INSTRUCTION NO. 8**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar situations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations and other organizations, stand equal before the law, and are to be treated as equals.

This is an action for copyright infringement. A "copyright" is the exclusive right to copy. A copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, mask works fixed in semiconductor chip products, or a computer program.

The owner of a copyright generally has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time. One who reproduces or distributes a copyrighted work during the term of the copyright infringes the copyright, unless licensed by the copyright owner.

In this case, each plaintiff contends it is, and at all relevant times has been, the copyright owner or licensee of exclusive rights under United States copyright with respect to certain copyrighted sound recordings, and that the defendant, Jammie Thomas, without the permission or consent of such plaintiff, used an online media distribution system known as Kazaa to download the plaintiffs' copyrighted

recordings and/or to distribute the copyrighted recordings to the public. Each plaintiff contends that Ms. Thomas' actions constitute infringement of its copyrights and exclusive rights under copyright.

**JURY INSTRUCTION NO. 10**

I will now instruct you on the elements of the plaintiffs' claim for copyright infringement. In order to prevail on their copyright infringement claim, the plaintiffs must prove two things:

First: The plaintiffs are the owners of works protected by the Copyright Act.

Second: The defendant infringed one or more of the rights granted by the Act.

Each of these aspects has several elements that I will explain to you.

**JURY INSTRUCTION NO. 11**

The first thing that each plaintiff must prove is that it is the owner of works protected by the Copyright Act. In order to prove this, such plaintiff must show either that it is the owner of the works in issue, or that such plaintiff is licensed by the owners of those works, permitting the plaintiff to claim ownership of those works or the exclusive rights to the works.

A plaintiff's certificate of registration of its copyright is what is called *prima facie* evidence of the element of ownership. In other words, if there is no evidence against a plaintiff as to that element, the registration certificate alone is sufficient to establish that element.

**JURY INSTRUCTION NO. 12**

In addition to establishing that the plaintiffs are the copyright owners of the works in question, the plaintiffs must also prove that the defendant infringed the plaintiffs' rights in those works.

**JURY INSTRUCTION NO. 13**

Each plaintiff claims in this case that the defendant violated its exclusive rights to reproduce and distribute its copyrighted works. One who either reproduces or distributes a copyrighted work during the term of the copyright infringes the copyright, unless licensed by the copyright owner.

**JURY INSTRUCTION NO. 14**

The act of downloading copyrighted sound recordings on a peer-to-peer network, without license from the copyright owners, violates the copyright owners' exclusive reproduction right.

**JURY INSTRUCTION NO. 15**

The act of making copyrighted sound recordings available for electronic distribution on a peer-to-peer network, without license from the copyright owners, violates the copyright owners' exclusive right of distribution, regardless of whether actual distribution has been shown.

**JURY INSTRUCTION NO. 16**

If you find that plaintiff CAPITOL RECORDS INC. had a valid copyright and you find that that copyright was infringed by defendant, then you should find for plaintiff CAPITOL RECORDS INC. You must then decide on the amount of damages plaintiff CAPITOL RECORDS INC. is entitled to recover.

If, however, you find that such plaintiff did not prove an infringement by defendant, you should find for defendant and not decide any amount of damages.

**JURY INSTRUCTION NO. 17**

If you find that plaintiff SONY BMG MUSIC ENTERTAINMENT had a valid copyright and you find that that copyright was infringed by defendant, then you should find for plaintiff SONY BMG MUSIC ENTERTAINMENT.  You must then decide on the amount of damages plaintiff SONY BMG MUSIC ENTERTAINMENT is entitled to recover.

If, however, you find that such plaintiff did not prove an infringement by defendant, you should find for defendant and not decide any amount of damages.

## JURY INSTRUCTION NO. 18

If you find that plaintiff ARISTA RECORDS LLC had a valid copyright and you find that that copyright was infringed by defendant, then you should find for plaintiff ARISTA RECORDS LLC. You must then decide on the amount of damages plaintiff ARISTA RECORDS LLC is entitled to recover.

If, however, you find that such plaintiff did not prove an infringement by defendant, you should find for defendant and not decide any amount of damages.

**JURY INSTRUCTION NO. 19**

If you find that plaintiff INTERSCOPE RECORDS had a valid copyright and you find that that copyright was infringed by defendant, then you should find for plaintiff INTERSCOPE RECORDS. You must then decide on the amount of damages plaintiff INTERSCOPE RECORDS is entitled to recover.

If, however, you find that such plaintiff did not prove an infringement by defendant, you should find for defendant and not decide any amount of damages.

**JURY INSTRUCTION NO. 20**

If you find that plaintiff WARNER BROS. RECORDS INC. had a valid copyright and you find that that copyright was infringed by defendant, then you should find for plaintiff WARNER BROS. RECORDS INC. You must then decide on the amount of damages plaintiff WARNER BROS. RECORDS INC. is entitled to recover.

If, however, you find that such plaintiff did not prove an infringement by defendant, you should find for defendant and not decide any amount of damages.

**JURY INSTRUCTION NO. 21**

If you find that plaintiff UMG RECORDINGS, INC. had a valid copyright and you find that that copyright was infringed by defendant, then you should find for plaintiff UMG RECORDINGS, INC. You must then decide on the amount of damages plaintiff UMG RECORDINGS, INC. is entitled to recover.

If, however, you find that such plaintiff did not prove an infringement by defendant, you should find for defendant and not decide any amount of damages.

**JURY INSTRUCTION NO. 22**

In this case, each plaintiff has elected to recover "statutory damages" instead of its actual damages and profits.

Under the Copyright Act, each plaintiff is entitled to a sum of not less than $750 or more than $30,000 per act of infringement (that is, per sound recording downloaded or distributed without license), as you consider just. If, however, you find that the defendant's conduct was willful, then each plaintiff is entitled to a sum of up to $150,000 per act of infringement (that is, per sound recording downloaded or distributed without license), as you consider just.

In determining the just amount of statutory damages for an infringing defendant, you may consider the willfulness of the defendant's conduct, the defendant's innocence, the defendant's continuation of infringement after notice or knowledge of the copyright or in reckless disregard of the copyright, effect of the defendant's prior or concurrent copyright infringement activity, and whether profit or gain was established.

**JURY INSTRUCTION NO. 23**

"Willful" means that a defendant had knowledge that his or her actions constituted copyright infringement.

**JURY INSTRUCTION NO. 24**

There are two types of evidence that are generally presented during a trial — direct evidence and circumstantial evidence.  Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact.  The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence.  You should weigh all the evidence in the case.

**JURY INSTRUCTION NO. 25**

The knowledge that a person possesses at any given time may not ordinarily be proved directly, because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence, which may aid in your determination of that person's knowledge.

## JURY INSTRUCTION NO. 26

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

First, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the court security officer, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone - including me - how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law that I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. The form reads: [THE FORM WAS READ TO THE JURY]. You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the court security officer that you are ready to return to the courtroom.