**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESTOA**

---

CAPITOL RECORDS INC, *et al.*,          )
                                        )
                    Plaintiffs          )
                                        )
        v.                              )        Civil Action No. 06-cv-1497
                                        )
JAMMIE THOMAS,                          )        **UNOPPOSED**
                                        )
                    Defendant           )

---

**UNITED STATES OF AMERICA'S ACKNOWLEDGMENT OF**
**CHALLENGE TO THE CONSTITUTIONALITY OF**
**AN ACT OF CONGRESS**
**AND**
**MOTION FOR TIME TO DETERMINE IF**
**INTERVENTION IS APPROPRIATE**

The United States of America hereby submits this Acknowledgment of Challenge to the

Constitutionality of an Act of Congress and Motion for Time to Determine if Intervention is

Appropriate, and moves the Court to grant it time to determine if intervention is appropriate, and

in support thereof, states as follows:

1.      On or about October 5, 2007, a jury found defendant had infringed plaintiffs'

copyrights and awarded plaintiffs damages per each infringement [docket no. 100].

Accordingly, this Court entered judgment against defendant [docket no. 106].

2.      On or about October 15, 2007, defendant moved this Court for a new trial, or in

the alternative, for remittitur [docket no. 109]. As grounds for that motion, defendant contends

that the statutory damages provision of the Copyright Act, 17 U.S.C. § 504(c), is

unconstitutional.

3.      Federal Rule of Civil Procedure 5.1 establishes that a party challenging the

constitutionality of a federal statute must notify the Court and the United States of such a challenge. <u>See</u> Federal Rule of Civil Procedure 5.1(a) ("A party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statue must promptly (1) file a notice of constitutional question stating the question and identifying the paper that raises it . . . and (2) serve the notice and paper on the Attorney General of the United States if a federal statute is challenged").

4.      On October 18, 2007, pursuant to Federal Rule of Civil Procedure 5.1, defendant filed notice with the Court that she has called into question the constitutionality of 17 U.S.C. § 504(c) [docket no. 112].

5.      Counsel for the United States respectfully advises the Court that the United States is in the process of deciding whether to intervene in this action to defend the constitutionality of the provision of the Copyright Act. The United States is authorized to intervene in any federal court action in which the constitutionality of an Act of Congress is drawn into question. 28 U.S.C. § 2403(a). Under Department of Justice regulations, the approval of the Solicitor General is required for the United States to intervene to defend the constitutionality of a federal statute. <u>See</u> 28 C.F.R. § 0.21 ("The Solicitor General may in consultation with each agency or official concerned, authorize intervention by the Government in cases involving the constitutionality of acts of Congress.").

6.      The process of obtaining approval to intervene from the Solicitor General generally takes several weeks. The process may take a longer time in this case because the United States has not previously had to intervene to defend this particular statutory provision. Furthermore, Federal Rule of Civil Procedure 5.1(c) states that "the attorney general may

intervene within 60 days after the notice of the constitutional question is filed or after the court certifies the challenge, whichever is earlier." Although the United States is entitled to have 60 days after the notice of the constitutional question is filed to decide whether it wishes to intervene, the United States is respectfully requesting the Court for 45 days from this Acknowledgment to decide whether to intervene.

7. The United States understands that this Court may reach a final decision on this motion without reaching the constitutional question. The United States also understands that Federal Rule of Civil Procedure 5.1(c) states that "[b]efore the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional." Should this Court reach a final decision on the motion without reaching the constitutional question or should it uphold the statute's constitutionality before the United States has made a decision on whether it will intervene, it will become unnecessary for the United States to intervene.

8. Accordingly, the United States respectfully moves that it be allowed until December 3, 2007, 45 days from this Acknowledgment, to notify the Court whether it intends to file a motion to intervene and to file a brief regarding plaintiffs' motion for a new trial, or in the alternative, for remittitur. If the United States decides not to intervene before that date, it will notify the Court promptly.

9. Undersigned counsel for the United States has consulted with counsel for both the plaintiffs and the defendant. They do not oppose this motion.

Dated: October 19, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

RACHEL K. PAULOSE
United States Attorney

 /s/ *Greg Brooker* 
GREG BROOKER
Assistant United States Attorney

THEODORE C. HIRT
Assistant Branch Director

 /s/ *Adam D. Kirschner* 
ADAM D. KIRSCHNER
IL Bar No. 6286601
Trial Attorney
Civil Division, Federal Programs Branch
United States Department of Justice
20 Massachusetts Ave., N.W., Room 7126
P.O. Box 883
Washington, D.C. 20044
Tel.: (202) 353-9265
Fax: (202) 616-8470
Email: adam.kirschner@usdoj.gov

Attorneys for the United States of America