## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| CAPITOL RECORDS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; INTERSCOPE RECORDS, a California general partnership; WARNER BROS. RECORDS INC., a Delaware corporation; and UMG RECORDINGS, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> Jammie Thomas, <br><br> Defendant. | Case No.: 06cv1497-MJD/RLE <br><br><br><br><br> **PLAINTIFFS' MOTION TO AMEND JUDGMENT** |

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Plaintiffs respectfully move the Court to amend the October 5, 2007 Judgment (Doc. No. 106) to include an injunction as requested by Plaintiffs in the Complaint (Doc. No. 1). As explained below, courts routinely grant injunctive relief to copyright holders under 17 U.S.C. § 502. Furthermore, an injunction pursuant to 17 U.S.C. §§ 502 and 503 in this matter will prohibit Defendant from causing additional irreparable injury to Plaintiffs. In support of their motion, Plaintiffs state as follows:

### STATEMENT OF FACTS

On April 19, 2006, Plaintiffs filed the Complaint in this matter (Compl., Doc. No. 1) based on evidence that Defendant was distributing and/or had downloaded 1,702 copyrighted sound recordings using the KaZaA online media distribution system on February 21, 2005. In addition to seeking statutory damages under 17 U.S.C. § 504(c) for infringement of Plaintiffs' copyrights and exclusive rights under copyright (Compl. ¶ 18), Plaintiffs also requested that the

Court grant injunctive relief under 17 U.S.C. §§ 502 and 503, prohibiting Defendant from further infringing Plaintiffs' copyrights and ordering Defendant to destroy all copies of sound recordings made in violation of Plaintiffs' exclusive rights (Compl. ¶ 19). Plaintiffs requested such injunctive relief because Defendant's conduct "is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money." (*Id.*) Accordingly, Plaintiffs requested that the Court enter the following injunction as part of any judgment against Defendant:

> Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (*i.e.*, download) any of Plaintiffs' Recordings, to distribute (*i.e.*, upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

(Compl. at 5-6.)

On October 4, 2007, the jury impaneled in this case returned a verdict against Defendant, finding that Defendant willfully infringed 24 of the copyrighted sound recordings owned by Plaintiffs in this case. (Doc. No. 100). The jury further awarded statutory damages under 17 U.S.C. §504(c) to Plaintiffs in the amount of $9,250 per sound recording infringed by Defendant. (*Id.*) On October 5, 2007, the Court entered a Judgment (Doc. No. 106) against Defendant in this matter, ordering Defendant liable for the following damages:

> "Judgment is entered in favor of plaintiffs and against defendant as follows: Capitol Records, Inc. - $9,250 for 1 sound recording; Sony BMG Music Entertainment - $9,250 for each of the 6 sound recordings; Arista Records, LLC - $9,250 for each of the 2 sound recordings; Interscope Records - $9,250 for each of the 3 sound recordings; Warner Bros. - $9,250 for each of the 3 sound recordings; UMG Recordings, Inc. - $9,250 for each of the 9 sound recordings."

(*Id.* at 1) The Judgment accords with Plaintiffs' request for statutory damages from Defendant's infringement as petitioned in the Complaint (Compl. at 6) but does not include the requested injunctive relief (*Id.*).

## ARGUMENT

### THIS COURT SHOULD PERMANENTLY ENJOIN DEFENDANT FROM FUTURE INFRINGEMENT OF PLAINTIFFS' COPYRIGHTS.

**A.** **Plaintiffs are Entitled to an Injunction Against Defendant Because Defendant Infringed Plaintiffs' Copyrights.**

Plaintiffs respectfully submit that they are entitled to a permanent injunction against Defendant. The Copyright Act provides:

> Any court having jurisdiction of a civil action arising under this title may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.

17 U.S.C. § 502(a); *see also Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 968 (8th Cir. 2005) (affirming injunctive relief and reiterating that Section 502 of the Copyright Act authorizes the district court to grant "final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright"); *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 790 (5th Cir. 1999) (same); *Pac. & S. Co. v. Duncan*, 744 F.2d 1490, 1499 n. 17 (11th Cir. 1984) (Copyright Act authorizes an injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright"). "Injunctions regularly are issued pursuant to the mandate of Section 502, because the 'public interest is the interest in upholding copyright

protections.'" *Taylor Corp.*, 403 F.3d at 968 (further adding that "it is virtually axiomatic that the public interest can only be served by upholding copyright protections, and correspondingly, preventing the misappropriation of the skills, creative energies, and resources which are invested in the protected work."); *Autoskill Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1499 (10th Cir. 1993) ("Injunctions are routinely issued pursuant to the mandate of Section 502 because the public interest is the interest in upholding copyright protections."); *see also Apple Computer Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983) (same).

In this case, the entry of an injunction is "necessary to preserve the integrity of the copyright laws which seek to encourage individual efforts and creativity by granting valuable enforceable rights." *Atari Inc. v. N. Am. Philips Consumer Elec. Corp.*, 672 F.2d 607, 620 (7th Cir. 1982) (preliminary injunction); *see also Taylor Corp.*, 403 F.3d at 968 (upholding district court's entry of a permanent injunction in addition to damages awarded to plaintiff); *Morley Music Co. v. Café Cont'l, Inc.*, 777 F. Supp. 1579, 1583 (S.D. Fla. 1991) ("A Plaintiff is entitled to a permanent injunction in a copyright action when liability has been established and where there is a threat of continuing violations.").

Here, Defendant has been found to have willfully infringed copyrights owned by Plaintiffs. (Doc. No. 106.) The jury found that Defendant willfully infringed 24 of the copyrighted sound recordings owned by Plaintiffs by distributing and/or copying those recordings without authorization. (Doc. No. 100.) Furthermore, the evidence established that Defendant was distributing 1,702 sound recordings using the KaZaA online media distribution system to millions of other users. As copyright holders, Plaintiffs are entitled to avoid the irreparable damage that will occur if Defendant continues to infringe upon Plaintiffs' copyrights.

## B. An Injunction is Necessary to Prevent Further Irreparable Harm by Defendant to Plaintiffs' Copyrights.

Once infringement has been established, irreparable harm is presumed in copyright infringement actions. *See, e.g., National Football League v. McBee & Bruno's, Inc.*, 792 F.2d 726, 729 (8th Cir. 1986); *Atari*, 672 F.2d at 620; *MGE UPS Sys. v. Fakouri Elec. Eng'g*, 2004 U.S. Dist. LEXIS 19274, at *8 (N.D. Tex. 2004) ("When a plaintiff seeks an injunction under the Copyright Act, the plaintiff establishes a rebuttable presumption of irreparable harm when the plaintiff shows that a valid copyright has been infringed."); *CBS Broad., Inc. v. Echostar Commc'ns. Corp.*, 276 F. Supp. 2d 1237, 1255 (S.D. Fla. 2003); *Universal City Studios v. Reimerdes*, 82 F. Supp. 2d 211, 215 (S.D.N.Y. 2000).

Once irreparable injury is presumed, injunctive relief is appropriate because damages alone are not an adequate remedy. *See, e.g., Universal City Studios v. Reimerdes*, 111 F. Supp. 2d 294, 343-344 (S.D.N.Y. 2000) ("[D]ifficulties [in calculating damages in copyright cases] have led to the presumption that copyright and trademark infringement cause irreparable injury, i.e. injury for which damages are not an adequate remedy."). Thus, Plaintiffs respectfully submit that an injunction in this case "is not only warranted but required." *See A&M Records, Inc. v. Napster*, 239 F.3d 1004, 1027 (9th Cir. 2001). Indeed, such injunctions are "regularly issued" because of the strong public interest in copyright protections. *Taylor Corp.*, 403 F.3d at 968; *Arista Records, Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003). Additionally, pursuant to the equitable powers provided under 17 U.S.C. § 503(b) (2000), this Court has the power to order the destruction of all infringing copies in Defendant's possession as part of a final order or decree. *See Rogers v. Koons*, 960 F.2d 301, 313 (2d Cir. 1992).

Here, the ease, scope, and history of Defendant's infringement warrant the requested injunction. Defendant's infringements were widespread and continuous. She downloaded and

distributed over 1,702 sound recordings, including the 24 copyrighted sound recordings that the jury found she willfully infringed. (Doc. No. 100.) Furthermore, the nature of Defendant's means of infringement—a peer-to-peer file sharing network with tens of millions of potential users—has resulted in the distribution of Plaintiffs' copyrighted sound recordings to innumerable other people, who, in turn, are likely to further distribute Plaintiffs' sound recordings to others. *See MGM Studios Inc. v. Grokster*, 259 F. Supp. 2d 1029, 1032-33 (C.D. Cal. 2001). The extent of the viral, or exponential, infringement set in motion by Defendant is literally incalculable. *Reimerdes*, 111 F. Supp. 2d at 331-32 (the distribution of digital works via the Internet "is exponential rather than linear," and "threatens to produce virtually unstoppable infringement of copyright."). Absent an injunction, there is nothing to stop Defendant from downloading and distributing more of Plaintiffs' copyrighted sound recordings through an online media distribution system. Injunctive relief therefore is required to prevent further irreparable harm. Accordingly, Plaintiffs seek entry of an injunction, as requested in the Complaint. (*See* Compl. ¶ 19.)

### C. The Injunction Requested by Plaintiffs Reflects Standard Injunctions Entered by Courts in Copyright Infringement Cases.

Broad injunctions such as the one requested here are regularly entered in copyright infringement cases. *See BMG Music v. Gonzalez*, 430 F.3d 888, 892-93 (7th Cir. 2005) (affirming lower court's injunction preventing the Defendant from further infringement of Plaintiffs' copyrighted sound recordings); *Sony Music Entm't, Inc. v. Global Arts Prod.*, 45 F. Supp. 2d 1345, 1347-48 (S.D. Fla. 1999) (enjoining defendants from infringing any of the copyrighted works owned by Plaintiff, including, but not limited to, those listed in the complaint); *Canopy Music, Inc. v. Harbor Cities Broad., Inc.*, 950 F. Supp. 913, 916 (E.D. Wis.

1997); *Picker Int'l Corp. v. Imaging Equip. Serv., Inc.*, 931 F. Supp. 18, 44 (D. Mass. 1995); *Jobette Music Co., Inc. v. Hampton*, 864 F. Supp. 7, 9 (S.D. Miss. 1994).

For the same reasons, and because Plaintiffs continually create new works—works that would be vulnerable to infringement and require litigation if the injunction were limited to existing works—the requested injunction follows standard practice in copyright cases by covering works to be created in the future. *See Olan Mills, Inc. v. Linn Photo Co.*, 23 F.3d 1345, 1349 (8th Cir. 1994) (stating that injunctions are entered for "works not yet in existence"); *Princeton Univ. Press v. Mich. Document Servs., Inc.*, 99 F.3d 1381, 1392 (6th Cir. 1996) ("The weight of authority supports the extension of injunctive relief to future works."); *Basic Books, Inc. v. Kinko's Graphics Corp.*, 758 F. Supp. 1522, 1542 (S.D.N.Y. 1991) (enjoining infringement of present and future copyrighted works). The injunction would not, of course, prohibit Defendant from utilizing the Internet for legitimate, noninfringing purposes.

## CONCLUSION

For all of these reasons, Plaintiffs respectfully request that this Court amend the October 5, 2007 Judgment (Doc. No. 106) to include an injunction as requested by Plaintiffs in the Complaint (Compl. at 5-6).

Respectfully submitted this 19th day of October 2007.

fb.us.2370016.01

s/ Leita Walker
Felicia J. Boyd (No. 186168)
Leita Walker (No. 387095)
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
Telephone: (612) 766-7000
Facsimile: (612) 766-1600

Richard L. Gabriel (pro hac vice)
Timothy M. Reynolds (pro hac vice)
David A. Tonini (pro hac vice)
Andrew B. Mohraz (pro hac vice)
HOLME ROBERTS & OWEN LLP
1700 Lincoln, Suite 4100
Denver, Colorado 80203
Telephone: (303) 861-7000
Facsimile: (303) 866-0200

ATTORNEYS FOR PLAINTIFFS