FILED
CLERK, U.S. DISTRICT COURT

JUN 10, 1999

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA PICTURES TELEVISION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>C. ELVIN FELTNER, et al.,<br><br>Defendants. | Case No. CV 91-6847 ER (CTx)<br><br>ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT AND MOTION FOR A NEW TRIAL; ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES |

The Court has read and considered the papers filed in connection with the Defendant C. Elvin Feltner's Motion for Judgment Notwithstanding the Verdict and for a New Trial, and now HEREBY DENIES this motion for the following reasons:

[1] Under the Rules of Civil Procedure, a motion for judgment notwithstanding the verdict is treated as a motion for a judgment as a matter of law under Rule 50(b). Such a motion, if brought after a jury verdict, must be a renewed motion for judgment, and can only be brought if the motion was also brought or renewed at the close of all evidence. Rule 50(b), Farley Trans. Co. v. Santa Fe Trans. Co., 786 F.2d 1342, 1346 (9th Cir. 1985). The Defendant brought a

EXHIBIT A

1 motion for a judgment as a matter of law at the close of the Plaintiff's case, but did not renew it
2 at the close of all evidence. The Defendant is barred from bringing such a motion now, after the
3 jury verdict. Even if the motion for judgment as a matter of law were properly before the Court,
4 the Court would deny this motion because the Court also denies the motion for a new trial.

5 [2] The Defendant seeks a new trial on several grounds. First, the Defendant alleges that
6 the verdict is excessive, asserting that (1) there was no proof of harm to the Plaintiff or proof of
7 benefit to the Defendant, (2) the Plaintiff presented no evidence that the infringement was
8 willful, (3) the amount of the award "shocks the conscience," (4) the award is excessively
9 punitive, and (5) the verdict amount is unconstitutional. None of these legal assertions constitute
10 grounds for a new trial, and the factual assertions are baseless. To receive statutory damages, the
11 Plaintiff did not need to prove the damages actually suffered, and the Plaintiff did not need to
12 prove benefit to the Defendant. There was ample circumstantial and indirect evidence that
13 Feltner knew his conduct was illegal and that the infringement was willful. The amount of the
14 award does not shock the conscience, considering that the Court found that as a matter of law the
15 Defendant was liable for 440 separate infringements. The Defendant also cannot argue that the
16 award was overly punitive, or violated due process, since the award amount fell squarely within
17 the statutory range provided by the statutory damages provision of section 504(c).

18 [3] Second, the Defendant contends that certain evidence was improperly excluded at
19 trial. The Court excluded evidence, as described by the Defendant's counsel at the hearing for
20 this motion, from both the bench trial and the jury trial on the grounds that the Defendant failed
21 to respond to discovery related to this issue. This exclusion was a proper remedy for the failure
22 to provide this information to the Plaintiff, under Fed. Rule Civ. Pro. 37(c)(1). The Defendant
23 also contends that the Court excluded evidence of "wrongdoing" on the part of the Plaintiff, in
24 the form evidence that the Plaintiff purposefully failed to sign the assignments of the licenses.
25 This evidence is not relevant, and does not indicate wrongdoing by the Plaintiff that should be
26 considered by the jury. The Defendant also claims the Court improperly excluded evidence of
27 the recovery of some of the licensing fees in bankruptcy proceedings, but that evidence was read
28 to the jury in the form of a stipulation. The Court will not grant a new trial on any of these

grounds.

[4] Third, the Defendant points to several alleged defects in the Court's jury instructions. The Court finds that the Defendant's challenges to the jury instructions do not constitute grounds for a new trial, since the instructions were a correct statement of the law.

[5] Fourth, the Defendant contends that the jury returned an improper "quotient verdict," which was reached by averaging individual juror's determination of damages. In support of this claim, the Defendant submits an affidavit of an investigator who interviewed one juror. The juror stated that at one point in the deliberations the jurors averaged their individual valuations of the damages. This statement is not admissible evidence, however, because it is a statement describing the deliberations and statements made during deliberations, which the Court should not consider under Federal Rule of Evidence 606(b). Even if the Court could properly consider such evidence, it does not show an improper verdict. An illegal quotient verdict arises only when the jurors agree in advance to be bound by the average, and do not further deliberate or unanimously agree that a particular result is just. National R.R. Passenger Corp. v. Two Parcels of Land, 822 F.2d 1261, 1268 (2d Cir. 1987). There is no evidence that the jurors did not unanimously agree to the amount of damages awarded, and in fact the jurors each indicated the verdict was their own when polled by the Court.

[6] Fifth, the Defendant contends that the jury must have awarded more than $100,000 for infringements of the "Who's the Boss" program, because the Defendant aired the same episodes on two separate stations. This argument is just another framing of the argument that the Defendant is not responsible for 440 separate infringements. The Court already ruled, however, that each station's airing of an episode constituted a separate infringement, and instructed the jury that the Defendant was found liable for 440 infringements.

[7] The Defendant also raises several grounds for a judgment as a matter of law and a new trial which have been raised before in the litigation, and which the Court has already ruled on. These grounds include the contention that there were less than 440 infringements, the contention that the Plaintiff lacks standing to bring the suit, and the contention that the Supreme Court invalidated the entire statutory damages provision of the Copyright Act. The Court rejects

1 these grounds for the same reasons as previously stated in prior rulings.

2 [8] The Court DENIES the Defendant's motion for a judgment notwithstanding the
3 verdict or for a new trial.

4 [9] The Court has also read and considered the papers filed in connection with the
5 Plaintiff's motion for attorneys' fees, and now DENIES the motion for the following reasons:

6 [10] The Copyright Act of 1976 allows a court, in its discretion, to award the full costs to
7 either party, including reasonable attorneys' fees to the prevailing party. 17 U.S.C. § 505. The
8 Ninth Circuit has held that courts should consider, among other factors, the factors laid out in the
9 Third Circuit case of Lieb v. Topstone Indus., Inc., 788 F.2d 151 (3rd Cir. 1986). See Fantasy,
10 Inc. v. Fogerty, 94 F.3d 553, 557 (9th Cir. 1996). The Lieb case tells courts to exercise their
11 discretion after consideration of (1) frivolousness, (2) motivation, (3) objective unreasonableness
12 (both in factual and legal components of the case), and (4) the need in particular circumstances
13 to advance considerations of compensation and deterrence. Lieb, 788 F.2d at 156. This list of
14 factors is not exclusive. Id. The court should apply the Lieb factors, and any other relevant
15 factors, in a manner consistent with the purposes of the Copyright Act. Fogerty, 94 F.3d at 560.

16 [11] The Plaintiff asks the Court for a total of $659,000 in attorneys' fees, covering work
17 done since the 1994 bench trial on the issue of damages. The Plaintiff seeks the fees associated
18 with successfully defending an appeal to the Ninth Circuit, unsuccessfully defending an appeal
19 to the Supreme Court, and then retrying the statutory damages issue to a jury in 1999. The Court
20 previously awarded attorneys' fees of $750,000 to the Plaintiff after the bench trial on statutory
21 damages. The liability question has been resolved since 1993, after the Court granted summary
22 judgment on this issue, and the prior award of attorneys' fees reimbursed the Plaintiff for fees
23 expended to achieve this result. The Defendant was ultimately successful in his appeal of this
24 case, and the Supreme Court agreed with the Defendant that he had a right to a jury trial on the
25 issue of statutory copyright damages.

26 [12] Considering the factors of motivation, frivolousness, reasonableness, and
27 compensation and deterrence, as applied to the litigation since the prior award of attorneys' fees,
28 the Court declines to award fees to the Plaintiff. In addition, the jury verdict will serve both as

-4-

1  adequate compensation to the Plaintiff, and will serve to deter the Defendant and others from
2  infringing conduct. The Court exercises its discretion and declines to award attorneys' fees to
3  the Plaintiff.
4      [13] In light of the above ruling, the Court denies as moot the Plaintiff's Ex Parte
5  Application for an order Quashing Subpoenas relating to attorneys' fees records.
6      IT IS SO ORDERED.
7      IT IS FURTHER ORDERED that the Clerk of the Court shall serve, by United States
8  mail or by telefax, copies of this Order on counsel for the parties in this matter.
9      Dated:   JUN 10 1999

                                                /s/ Edward Rafeedie
                                                EDWARD RAFEEDIE
                                                Senior United States District Judge