Virgin Records America, Inc v. Thomas Doc. 132

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

CAPITOL RECORDS, INC., et al.,

Plaintiffs,

vs.

Jammie Thomas,

Defendant.

Case No.: 06-cv-1497-MJD-RLE

JUDGE: Michael J. Davis

MAGISTRATE: Raymond L. Erickson

**PLAINTIFFS' SURREPLY RE DEFENDANT'S MOTION FOR NEW TRIAL, OR IN THE ALTERNATIVE, FOR REMITTITUR**

---

Plaintiffs respectfully submit this Surreply Regarding Defendant's Motion For New Trial, Or In The Alternative, For Remittitur and state as follows:

## ARGUMENT

In her Reply (Doc. No. 128), Defendant makes the following statements:

1. "At trial, none of plaintiffs' witnesses identified which of the 1702 other song recordings were subject to copyrights held or controlled by plaintiffs." (Reply at 2.)

2. The holding in *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998), that a jury must decide issues of statutory damages under the Copyright Act "only applies if we accept that the damages assessed are not punitive in nature." (Reply at 7-8.)

3. That Plaintiffs incurred actual damages of "approximately $.70." (Reply at 9.)

All three of these statements are inaccurate as explained below.

First, although Plaintiffs do not have the benefit of a trial transcript as Defendant has not ordered one, Plaintiffs' evidence at trial showed that Defendant had 1,702 digital audio files in the KaZaA shared folder on her computer at the time Plaintiffs' investigators detected her infringement. Plaintiffs' evidence also showed that Plaintiffs' had copyrights in the 24 sound



Dockets.Justia.com

recordings at issue. Finally, representatives of the record company Plaintiffs who testified at trial went through the screen shots of Defendant's shared folder page by page (Plaintiffs' Trial Exhibit No. 6) and specifically identified many additional sound recordings belonging to Plaintiffs. Therefore, Defendant's statement that "none of plaintiffs' witnesses identified which of the 1702 other song recordings were subject to copyrights held or controlled by plaintiffs" is not accurate.

Second, in *Feltner*, the plaintiff copyright holder sued the defendant for copyright infringement arising from the defendant's television stations' unauthorized broadcasting of the plaintiff's copyrighted programs. *Feltner*, 523 U.S. 342-43. The district court denied the defendant's request for a jury trial on the issue of damages under the Copyright Act and awarded $8.8 million in statutory damages to the plaintiff, which the Ninth Circuit Court of Appeals affirmed. *Id.* at 344-45. The Supreme Court reversed, however, holding that the Seventh Amendment to the United States Constitution provides "a right to a jury determination of the amount of statutory damages" under section 504(c) of the Copyright Act. *Id.* at 342.

*Feltner* makes no exception for any amount of statutory damages that might serve a deterrent purpose. On the contrary, in reaching its decision, the Court observed that "an award of statutory damages may serve purposes traditionally associated with legal relief, *such as compensation and punishment*." *Id.* at 352 (emphasis added). With this historical background firmly in mind, the Court specifically held "that the Seventh Amendment provides a right to a jury trial *on all issues* pertinent to an award of statutory damages under § 504(c) of the Copyright Act, *including the amount itself*." *Id.* at 355 (emphasis added). Therefore, Defendant's contention that *Feltner* "only applies if we accept that the damages assessed are not punitive in

nature" is without merit. The Supreme Court has made it clear that the jury must determine "*all issues* pertinent to an award of statutory damages . . . including the amount itself." *Id.*[1]

Finally, Plaintiffs' evidence at trial showed that Defendant had copied many of the 1,702 sound recordings in her shared folder from other KaZaA users and that she had made Plaintiffs' copyrighted sound recordings available for download to potentially millions of other KaZaA users. Plaintiffs' witnesses testified to the substantial harm caused by the massive distribution of their copyrighted sound recordings over the Internet, including lost revenues, layoffs, and a diminished capability to identify and promote new talent. Defendant's assertion that Plaintiffs incurred actual damages of "approximately $.70" per sound recording ignores completely the harm to Plaintiffs caused by Defendant's unlawful *distribution* of Plaintiffs' sound recordings to potentially millions of other KaZaA users.

## CONCLUSION

WHEREFORE, Plaintiffs ask that Defendant's Motion be denied and that Plaintiffs be granted such other and further relief as the Court deems appropriate.

[1] Of course, where the amount of statutory damages is not in dispute, such as where a plaintiff seeks only minimum statutory damages of $750 per infringement, there is no right to a jury trial. *BMG Music v. Gonzalez*, 430 F.3d 888, 892-93 (7th Cir. 2005) (rejecting the defendant's argument that a jury must decide the amount of damage when only the statutory minimum is requested).

Respectfully submitted this 6th day of December 2007.

s/ Leita Walker
Felicia J. Boyd (No. 186168)
Leita Walker (No. 387095)
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
Telephone: (612) 766-7000
Facsimile: (612) 766-1600

Richard L. Gabriel (pro hac vice)
Timothy M. Reynolds (pro hac vice)
David A. Tonini (pro hac vice)
Andrew B. Mohraz (pro hac vice)
HOLME ROBERTS & OWEN LLP
1700 Lincoln, Suite 4100
Denver, Colorado 80203
Telephone: (303) 861-7000
Facsimile: (303) 866-0200

ATTORNEYS FOR PLAINTIFFS

fb us.2467523.01