UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

CAPITOL RECORDS INC.,
a Delaware corporation, et al.,

        Plaintiffs,

v.                            **ORDER**
                               Civil File No. 06-1497 (MJD/RLE)

JAMMIE THOMAS,

        Defendant.

_____

     This matter is before the Court on Defendant's Motion for New Trial, or in the Alternative, for Remittitur. [Docket No. 109]

     Thomas moves for a new trial or, in the alternative, for remittitur on the grounds that the amount of the jury award is excessive and in violation of the Due Process Clause of the United States Constitution. The Court is contemplating granting a new trial for a different reason – on the grounds that the Court committed a manifest error of law when, in Jury Instruction No. 15, it instructed the jury that "[t]he act of making copyrighted sound recordings available for electronic distribution on a peer-to-peer network, without license

1

from the copyright owners, violates the copyright owners' exclusive right of distribution, regardless of whether actual distribution has been shown."

"After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion." Fed. R. Civ. P. 59(d). The Court hereby gives the parties notice of the possible alternative grounds for a new trial.

The Court is concerned that Jury Instruction No. 15 may have been contrary to binding Eighth Circuit precedent. In <u>National Car Rental System, Inc. v. Computer Associates Int'l, Inc.</u>, the Eighth Circuit stated that "'[i]nfringement of [the distribution right] requires an actual dissemination of either copies or phonorecords.' 2 Nimmer on Copyright § 8.11[A], at 8-124.1." 991 F.2d 426, 434 (8th Cir. 1993). This statement appears to require that actual dissemination occur in order to infringe the distribution right under the Copyright Act. Neither party presented this Eighth Circuit case to the Court.

The Court further notes that, at least one authority relied upon by Plaintiffs in advocating Jury Instruction No. 15, <u>Atlantic Recording Corp. v. Howell</u>, No CV06-2076-PHX-NWB, 2007 WL 2409549 (D. Ariz. Aug. 20, 2007), has since been vacated, and, on reconsideration, that court has now held that making sound

recordings available for distribution is not actionable under the Copyright Act and that "actual distribution" is required. Atlantic Recording Corp. v. Howell, No. CV-06-02076-PHX-NVW, 2008 WL 1927353, at *8 (D. Ariz. Apr. 29, 2008) (unpublished).

The Court suggests that interested parties move to submit amicus briefs in accordance with the briefing schedule set forth below.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. By May 29, 2008, at noon, the parties shall submit briefs regarding whether the Court committed a manifest error of law in instructing the jury that "[t]he act of making copyrighted sound recordings available for electronic distribution on a peer-to-peer network, without license from the copyright owners, violates the copyright owners' exclusive right of distribution, regardless of whether actual distribution has been shown."

2. The parties' reply briefs are due by June 5, 2008, at noon.

3. The Court will hear oral argument on this issue on July 1, 2008, at 10:00 a.m. in Courtroom 1, in the Federal Courthouse in Duluth, Minnesota.

Dated: May 15, 2008

s/Michael J. Davis
Judge Michael J. Davis
United States District Court