Virgin Records America, Inc v. Thomas

Doc. 167

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

CAPITOL RECORDS INC.,
a Delaware Corporation, *et al.*

          Plaintiffs,

v.

JAMMIE THOMAS,

          Defendant.

Civil File No. 06-1497 (MJD/RLE)

**AMENDED MOTION OF MOTION PICTURE ASSOCIATION OF AMERICA, INC. FOR LEAVE TO FILE** *AMICUS CURIAE* **BRIEF**

**ORAL ARGUMENT REQUESTED**

---

Pursuant to the Court's Orders of May 15, May 20 and June 6, 2008, the Motion Picture Association of America, Inc. ("MPAA") respectfully requests leave to file the accompanying amicus brief in support of the Court's Jury Instruction No. 15 that "[t]he act of making copyrighted sound recordings available for electronic distribution on a peer-to-peer network, without license from the copyright owners, violates the copyright owners' exclusive right of distribution, regardless of whether actual distribution has been shown." As required by the Court's May 20 Order, MPAA explains below how its "expertise, special interest, and competent assistance could assist the Court" in

1

determining whether Jury Instruction No. 15 reflects a correct interpretation of U.S. copyright law consistent with Eighth Circuit precedent.

1. Founded in 1922, MPAA is a trade association that serves as the voice and advocate of the American motion picture, home video and television industries -- both domestically and, through its counterpart the Motion Picture Association, internationally. MPAA members include the largest distributors of motion pictures in the United States.[1] Those companies, like other copyright owners, increasingly have sought to take advantage of new ways to distribute their copyrighted works in electronic form. However, widespread, unauthorized distribution of the same works over peer-to-peer ("P2P") file-sharing networks has significantly undermined these efforts. As the Supreme Court correctly observed in *Metro-Goldwyn-Mayer Studios Inc. v. Grokster Ltd.*, 545 U.S. 913, 923 (2005), "the probable scope of copyright infringement [over peer-to-peer networks] is staggering." A primary objective of MPAA has been to combat such infringement on a worldwide basis.

MPAA has done so by assisting its members in copyright litigation they have initiated over unauthorized online file-sharing. MPAA also has participated as amicus in many copyright cases, including one involving the issue of whether U.S. copyright law

---

[1] MPAA's members are Paramount Pictures Corporation, Sony Pictures Entertainment Inc., Twentieth Century Fox Film Corporation, Universal City Studios LLLP, Walt Disney Studios Motion Pictures and Warner Bros. Entertainment Inc.

contains a making available right. See *Elektra Entm't Group Inc. v. Barker*, ___ F. Supp. 2d ___, 2008 WL 857527 (S.D.N.Y. Mar. 31, 2008). In addition, MPAA has closely monitored efforts of the Legislative and Executive branches of the U.S. Government -- as well as foreign governments and international bodies such as the World Intellectual Property Organization -- to ensure effective copyright protection through domestic and foreign copyright laws, international copyright treaties and trade policies.

2. For at least two reasons, MPAA and its members have a special interest in the Court's determination of whether Jury Instruction No. 15 correctly interprets U.S. copyright law as providing a right of making available. *First*, like plaintiffs, MPAA members also have initiated file-sharing litigation in which they assert that right. Any decision by this Court concerning the making available right could influence the outcome of other litigation where MPAA members' interests are directly at stake. MPAA members wish to ensure that courts interpret the Copyright Act correctly and in a way that does not hinder their ability to enforce rights under the Act and to reduce the massive amount of copyright infringement that occurs over P2P file-sharing networks.

*Second*, as explained in the accompanying brief, the United States has assured the international community that the U.S. Copyright Act affords a making available right, as required under various international copyright treaties and free trade agreements. MPAA is concerned that any lack of judicial support for this position, which accords with the language and legislative history of the Copyright Act, will impair the credibility of the United States in dealing with foreign governments on copyright issues -- and thereby

hamper U.S. efforts to secure meaningful copyright protection for U.S. copyright owners throughout the world. Moreover, as one legislator has correctly observed, "[w]e can hardly accuse the people abroad of stealing our intellectual property if we can't protect it at home." *Issues Related to MGM v. Grokster: Hearing Before the Senate Comm. on Commerce*, 109th Cong. (2005) (statement of Sen. Stevens). Failure of the United States to honor its international commitments and to provide the level of protection that the United States demands of other countries will only exacerbate the problems that MPAA members and other U.S. copyright owners face in dealing with online video piracy throughout the world.

3. MPAA is familiar with, and strongly supports, the arguments plaintiffs have already advanced before the Court concerning Jury Instruction No. 15. MPAA does not intend to repeat plaintiffs' arguments. Rather, MPAA urges the Court to consider those arguments in light of a well-established principle of statutory construction -- that courts should construe legislation, if at all "possible," in a manner that does not conflict with the U.S. obligations under international agreements. MPAA does not believe that any other court has addressed this principle or its effect on the issue of whether the exclusive rights of copyright owners under the U.S. Copyright Act include making copyrighted works available to the public. Consideration of MPAA's brief will thus help ensure that the Court is familiar with all the principles necessary to determine the proper scope of the U.S. Copyright Act and thereby assess the propriety of Jury Instruction No. 15.

# CONCLUSION

For the foregoing reasons, the MPAA respectfully requests that the Court grant MPAA leave to file the accompanying amicus brief. MPAA also is prepared to present oral argument during the hearing scheduled for August 4, 2008, if the Court believes it would be helpful for MPAA to do so.

Date: June 20, 2008

By: s/Marie L. van Uitert
    Christine L. Nessa (MN Bar #0277666)
    Marie L. van Uitert (MN Bar #0387875)
    OPPENHEIMER WOLFF & DONNELLY LLP
    Plaza VII, Suite 3300
    45 South Seventh Street
    Minneapolis, Minnesota 55402-1609
    (612) 607-7522

    Robert Alan Garrett (*pro hac vice* pending)
    ARNOLD & PORTER LLP
    555 Twelfth Street, N.W.
    Washington, D.C. 20004
    (202) 942-5000

    Eleanor M. Lackman (*pro hac vice* pending)
    ARNOLD & PORTER LLP
    399 Park Avenue
    New York, New York 10022-4690
    (212) 715-1000

    *Attorneys for Amicus Motion Picture Association of America, Inc.*