# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

_____
                                         )
CAPITOL RECORDS, INC., *et al.*,         )
                                         )
              Plaintiffs,              )
                                         )
  v.                                     ) Civil File No. 06-1497 (MJD/RLE)
                                         )
JAMMIE THOMAS,                           )
              Defendant.               )
_____      )

## MOTION OF THOMAS D. SYDNOR OF THE PROGRESS & FREEDOM FOUNDATION FOR PERMISSION TO FILE A BRIEF *AMICUS CURIAE*

    1.    This Motion and the attached proposed *Amicus Curiae* Brief of Thomas D. Sydnor of the Progress & Freedom Foundation Opposing the Motion for a New Trial are filed pursuant to the Order in the captioned cased dated May 20, 2008 and as modified by Order Granting Unopposed Motion to Extend Briefing Deadlines dated June 6, 2008 (Docket No. 149).

    2.    In the Court's Order of May 20, 2008, the Court directed potential *amici* to explain how their "expertise, special interest and competent assistance" could assist the Court in determining whether the Court erred "in instructing the jury that '[t]he act of making copyrighted sound recordings available for electronic distribution on a peer-to-peer network, without license from the copyright owners, violates the copyright owners' exclusive right of distribution, regardless of whether actual distribution has been shown'. . . ." Docket No. 143.

5396342v1

3. The Progress and Freedom Foundation ("PFF") is a non-profit, nonpartisan Section 501(c)(3) foundation that studies "the digital revolution and its implications for public policy. Its mission is to educate policymakers, opinion leaders and the public about issues associated with technological change, based on a philosophy of limited government, free markets and individual sovereignty." PFF, *Our Mission*, at http://www.pff.org/about/.

4. PFF pursues its mission through centers directed by analysts with specialized expertise in complex subject matters including telecommunications law and policy, media regulation law and policy, international relations and trade, and intellectual property law and policy.

5. PFF pursues its study of intellectual property primarily through the Center for the Study of Digital Property ("CSDP"). *See* http://www.ipcentral.info/. The Center's current Director is Senior Fellow Thomas D. Sydnor II. Before joining PFF, Mr. Sydnor served in the Copyright Group in the Office of International Relations at the U.S. Patent & Trademark Office and as Counsel for Intellectual Property and Technology to the Senate Committee on the Judiciary. Previously, Mr. Sydnor served for twelve years as an attorney in private practice litigating intellectual property and administrative law cases.

6. In addition to its own original research of its own Fellows and Adjunct Fellows, PFF also publishes papers by leading scholars of intellectual property law, including Professors Richard Epstein and Douglas Lichtman.

7. Through CSDP, PFF regularly files *amicus* briefs in cases that appear to have significant implications for the development of intellectual property law and policy. For example, it filed a Supreme Court *amicus* brief urging the Supreme Court to reverse in *MGM Studios, Inc. v. Grokster. See* 545 U.S. 519 (2005) (unanimously reversing the judgment below). It also filed an *amicus* brief urging the Supreme Court to reverse in *KSR Int'l Co. v. Teleflex, Inc.,* 128 U.S. 1727 (2007) (unanimously reversing the judgment below).

8. PFF is interested in filing an *amicus* brief in *Thomas* because the validity of the Court's jury instruction on "making available," while surely important to the Parties to this case, also has profound domestic and international implications for copyright law and policy.

9. In effect the Court instructed the jury that U.S. copyrights can be infringed by the unauthorized "making available" of a protected work on a public file-sharing network like the FastTrack network that connects users of the KaZaA file-sharing program. If that instruction was error, then the United States may be in breach of nine international agreements that it has purportedly implemented, including two leading international treaties that it helped negotiate and promote, the WIPO Copyright Treaty and the WIPO Performances and Phonograms Treaty, which are often called, collectively, the "WIPO Internet Treaties."

10. PFF has two forms of expertise that may assist the Court in analyzing the issues raised by its jury instruction and its potentially broad implications.

11. First, PFF has considerable expertise in the technology and associated effect of file-sharing programs and networks. Mr. Sydnor authored USPTO's ground breaking study of the problem of so-called "inadvertent sharing." *See* Thomas D. Sydnor II, et al., *Filesharing Programs and "Technological Features to Induce Users to Share"* (USPTO 2007) *at* http://www.uspto.gov/main/profiles/copyright.htm; s*ee also* Committee on Oversight and Government Reform, *Committee Holds Hearing on Inadvertent File Sharing over Peer-to-Peer Networks* (June 24, 2007) *at* http://oversight.house.gov/story.asp?ID=1424.

12. Second, PFF has expertise in the relationship between U.S. law, the WIPO Internet Treaties, and the so-called "making-available" right. For example, in December of 2007, the World Intellectual Property Organization, (WIPO), invited Mr. Sydnor to a conference in Kuala Lumpur, Malaysia to explain the U.S. implementation of the WIPO Internet Treaties to government officials from across Asia and the Indian subcontinent. While at USPTO, he also advised the United States Trade Representative on the copyright-related provisions of the proposed US-Korea Free Trade Agreement and, on behalf of the US government, advised officials of the Peoples Republic of China on their implementation of the WIPO Internet Treaties.

13. Mr. Sydnor has also authored a recent paper that reviews another recent judicial decision addressing the question of whether U.S. law provides a making-available right. *See* Thomas D. Sydnor II, *The Making-Available Right and the <u>Barker</u> Decision: Improving the Rationale for a Sound Result* (PFF May, 2008) at http://www.pff.org/issues-pubs/pops/pop15.7barker.pdf.

14. For these reasons, PFF believes that it has relevant expertise that can assist the Court in understanding the full implications of the legal issue now before it and thus moves for permission to file its accompanying proposed *amicus* brief.

Dated: June 20, 2008

s/ Tracey Holmes Donesky
Tracey Holmes Donesky (#302727)
LEONARD, STREET AND DEINARD
   *Professional Association*
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone: (612) 335-1500
Fax (612)335-1657

**ATTORNEYS FOR *AMICUS CURIAE* THOMAS D. SYDNOR OF THE PROGRESS & FREEDOM FOUNDATION**