## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| CAPITOL RECORDS INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; INTERSCOPE RECORDS, a California general partnership; WARNER BROS. RECORDS INC., a Delaware corporation; and UMG RECORDINGS, INC., a Delaware corporation,<br><br>      Plaintiffs,<br><br>v.<br><br>Jammie Thomas,<br><br>      Defendant. | Case No. 06-cv-1497 (MJD/RLE)<br><br><br><br>**DEFENDANT'S SECOND MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR NEW TRIAL (Dkt. No. 109)** |

### INTRODUCTION

On October 15, 2007, defendant Jammie Thomas ("Thomas") moved the Court for an order granting a new trial, or in the alternative, for remittitur (Dkt. No. 109). The stated grounds for the motion were that the amount awarded was excessive and in violation of the Due Process Clause of the United States Constitution. Briefing was submitted by the parties and by counsel for the United States as intervener defending the constitutionality of a federal statute. The Court took the matter under advisement.

On April 29, 2008, the United States District Court for the District of Arizona reconsidered its decision in *Atlantic Recording Corp. v. Howell*, No. CV06-2076-PHX-

NWB, 2007 WL 2409549 (D. Ariz. Aug. 20, 2007), a case relied upon by plaintiffs in advocating Jury Instruction No. 15, the "making available" instruction which the parties battled over during the course of the trial.

On May 15, 2008, this Court brought the *Howell* reconsideration to the parties' attention, providing a notice pursuant to Fed. R. Civ. P. 59(d) that it may grant a motion for new trial on grounds other than those set forth in Thomas' motion and ordering the parties to submit briefing on the "making available" issue.

The "making available" issue originated with the submission by the parties of proposed jury instructions that materially differed on the conduct required to establish a violation of the copyright owners' exclusive right of distribution. Thomas' proposed instruction was as follows:

> Each plaintiff claims in this case that the defendant violated its exclusive rights to reproduce and distribute its copyrighted works. One who reproduces or distributes a copyrighted work during the term of the copyright infringes the copyright, unless licensed by the copyright owner.[1]

Plaintiffs' proposed instructions included one identical to Thomas', *supra*, and an additional proposed instruction as follows:

> PLAINTIFFS' INSTRUCTION NO. 8
>
> The act of distributing and/**or making copyrighted sound recordings available** for electronic distribution on a peer-to-peer network, without license from the copyright owners, violates the copyright owners' exclusive right of distribution, regardless of whether actual distribution has been shown.

---

[1] Thomas' instruction was taken from 7 Kevin F. O'Malley, Jay E. Grenig, and Hon. William C. Lee, Federal Jury Practice & Instructions § 160.01 (2005) (modified). Dkt. No. 64.

2

> *See* 17 U.S.C. § 106(3); *BMG Music v. Gonzalez*, 430 F.3d 888, 889 (7th Cir. 2005); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014 (9th Cir. 2001); *Hotaling v. Church of JesusChrist of Latter-Day Saints*, 118 F.3d 199, 203 (4th Cir. 1997); *Atlantic Recording Corp. v. Howell*, No CV06-2076-PHX-NWB, 2007 WL 2409549 (D. Ariz. Aug. 20, 2007); *Sony MusicEntertainment Inc. v. Scott*, No. 03-CV-6886 (BSJ) (S.D.N.Y. Jan. 3, 2006).

Dkt. No. 61 (emphasis added).

Thomas' counsel argued in the strongest possible terms against inclusion of plaintiffs' "making available" instruction, demonstrating that the plain language of the copyright act and commentaries thereon require proof of an actual transfer. Plaintiffs argued that the cases they offered supported an expansion of the definition of "distributing." Ultimately the Court, relying on the authority proffered by plaintiffs' counsel instructed the jury as follows:[2]

> **JURY INSTRUCTION NO. 15**
>
> The act of making copyrighted sound recordings available for electronic distribution on a peer-to-peer network, without license from the copyright owners, violates the copyright owners' exclusive right of distribution, regardless of whether actual distribution has been shown.

Dkt. No. 97.

---

[2] The Court expresses its concern in its Order of May 15, 2008 (Dkt. No. 139) that Jury Instruction No. 15 may have been contrary to binding Eighth Circuit precedent as found in *Nat'l Car Rental System, Inc. v. Computer Associates Int'l, Inc.*, 991 F.2d 426, 434 (8th Cir. 1993) citing 2 Nimmer on Copyright § 8.11[A], at 8-124.1. The Nimmer citation, i.e., that infringement requires an actual dissemination of copies, was brought to the Court's attention by Thomas' counsel, but not in the context of the *Nat'l Car Rental System* case. In any event, *Nat'l Car Rental System* was heavily relied upon by the *Howell* court in its recent reconsideration of the 'making available" issue and may be dispositive in the instant matter.

The "making available" issue was preserved for appeal, and the case went to the jury that returned a plaintiffs' verdict in the amount of $9,250 per each of the 24 song recordings for a total judgment of $222,000.

Thomas' undersigned counsel has had the benefit of the briefing by a number of *amici curiae* who support Thomas' instant motion. These briefs are by the Copyright Law Professors as *Amici Curiae* in Support of Defendant (Dkt. No. 152); by the Electronic Frontier Foundation, Public Knowledge, United States Internet Industry Association, and Computer & Communications Industry Association in Support of Defendant Jammie Thomas (Dkt. No. 164); and by the *Amicus Curiae* Intellectual Property Institute of William Mitchell College of Law in Support of Defendant's Motion for New Trial (Dkt. No. 174), all which present argument and authority adopted herein as though fully set forth by Thomas.

Thomas' counsel also has had the benefit of two *amici curiae* briefs supporting plaintiffs' objections to Thomas' motion for a new trial. These briefs are by the Motion Picture Association of America, Inc. (Dkt. No. 174); and by Thomas D. Syndor of the Progress & Freedom Foundation Opposing the Motion for a New Trial (Dkt. No. 178).

The Court is cautioned that the objecting briefs were authored by parties very closely related to plaintiffs herein. Plaintiff Sony BMG Music Entertainment has as an ultimate parent, Sony Corporation. Dkt. No. 2. Sony Pictures Entertainment, Inc. is a member of amicus Motion Picture Association of America, Inc. (Dkt. No. 160). Sony Pictures Entertainment, Inc. also has as an ultimate parent, Sony Corporation. In other words, Plaintiff and amicus Motion Picture Association of America are siblings.

4

Similarly, plaintiff UMG Recordings, Inc. is owned by Vivendi, SA which also owns 20 percent of NBC Universal which in turns owns Universal City Studios, LLLP, a member of amicus Motion Picture Association of America. Again, we have a plaintiff related to an amicus by corporate parentage.

Regarding amicus Progress & Freedom Foundation, its web page lists as its supporters plaintiff Sony BMG Music Entertainment, Inc.; EMI Group, parent of plaintiff Capital Records; and Vivendi, SA that owns plaintiff UMG Records.

## ARGUMENT

<u>The Court Committed an Error of Law When It Instructed the Jury that the Act of Making Copyrighted Sound Recordings Available for Electronic Distribution on a Peer-to-Peer Network, Without License from the Copyright Owners, Violates the Copyright Owners' Exclusive Right of Distribution, Regardless of Whether Actual Distribution has been Shown.</u>

1. **<u>If Instruction 15 is Erroneous, the Court Must Vacate the Judgment and Grant a New Trial</u>.**

The Special Verdict Form provides no incite as to what specific acts the jurors considered in reaching their verdict. The jurors are simply asked if "defendant committed an act of infringement with respect to one or more copyrighted song recordings . . . ." Dkt. No. 100. A juror could have answered in the affirmative if the juror believed that Thomas made a copyrighted song available even if there was no actual distribution. The fact that a juror could have answered the question in the affirmative by considering some other act is irrelevant for purposes of deciding whether or not to grant a new trial.

> "[W]hen it is impossible to know, in view of the general verdict returned whether the jury imposed liability on a permissible or an impermissible ground, the judgment must be reversed and the case remanded." *Greenbelt Cooperative Publishing Assn., Inc.* v. *Bresler*, 398 U. S. 6, 11 (1970) (internal quotation marks omitted).

*Exxon Shipping Co. et al v. Baker et al*, No. 07-219, 2008 WL 2511219, at *7 (U.S. June 25, 2008).

In the matter at bar, we have a general verdict returned where it is impossible to know what ground the jury imposed liability on. If Instruction 15 describes an impermissible ground, the judgment must be vacated and the case remanded. As will be shown, *infra,* Instruction 15 in fact does describe an impermissible ground.

**2.   The Totality of the Authority Cited By Plaintiffs Does Not Support Instruction 15 .**

The authority offered in support of plaintiffs' "making available" argument are enumerated in their proposed Plaintiffs' Instruction No. 8 (Dkt. No. 61) and in plaintiffs' Statement of the Case (Dkt. No. 55). They are in large measure inapposite, distinguishable and contrary to the plain language of the Copyright Act and binding Eighth Circuit precedent.

*Atlantic Recording Corp. v. Howell*, No CV06-2076-PHX-NWB, 2007 WL 2409549 (D. Ariz. Aug. 20, 2007) was offered as plaintiffs' strongest authority. A copy was affixed to their statement of the case and for good reason. In its August 20, 2007 order the Arizona District Court opined that under 17 U.S.C. § 106(3), distribution of copyrighted material need not involve a physical transfer, and that "the owner of a collection of works who makes them available to the public may be deemed to have

distributed copies of the works in violation of copyright law." *Howell*, 2007 WL 2409549, at *5.

Subsequent to the trial of the instant matter, the *Howell* court reconsidered the issue and reversed itself. *Atlantic Recording Corp. v. Howell*, No CV06-2076-PHX-NVW, 2008 WL 1927353 (D. Ariz. Apr. 29, 2008).

The Arizona district court's analysis began with *Hotaling v. Church of Jesus Christ of Latter-Day Saints*, 118 F.3d 199, 203 (4th Cir. 1997), where a library was deemed to have violated 17 U.S.C. § 106(3) by making unauthorized copies of plaintiff's copyrighted work and sending them to its branch offices. The plaintiff was not able to prove that anyone had actually acquired the unlawful copies. The court acknowledged that ordinarily a party must show that an unlawful copy was disseminated to the public, citing *Nat'l Car Rental System, Inc. v. Computer Associates Int'l, Inc.*, 991 F.2d 426, 434 (8th Cir. 1993) (citing 2 Nimmer on Copyright § 8.11[A], at 8-124.1), but the *Hotaling* court concluded that this was not an ordinary situation, and deemed the defendant to have distributed the unlawful copies when it "list[ed] the work in its index or catalog system, and [made] the work available to the borrowing or browsing public." *Hotaling*, 118 F.3d at 203.

The *Howell* court continued its analysis of collected cases acknowledging that "District Courts have struggled to determine whether the requirement to prove actual dissemination or *Hotaling* should apply to cases of alleged copyright infringement through online file-sharing." *Howell*, 2008 WL 1927353, at *5. Ultimately the Arizona District Court concluded:

> The court agrees with the great weight of authority that § 106(3) is not violated unless the defendant has actually distributed an unauthorized copy of the work to a member of the public. The statute provides copyright holders with the exclusive right to distribute "copies" of their works to the public "by sale or other transfer of ownership, or by rental, lease, or lending." 17 U.S.C. § 106(3). Unless a copy of the work changes hands in one of the designated ways, a "distribution" under § 106(3) has not taken place. Merely making an unauthorized copy of a copyrighted work available to the public does not violate a copyright holder's exclusive right of distribution.

*Howell*, 2008 WL 1927353, at *6.

Plaintiffs in *Howell*, and here, highlighted *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014 (9th Cir. 2001) in support of their "making available" argument, but to no avail. The *Napster* court stated without citing any precedent or offering any analysis or explanation that "Napster users who upload file names to the search index for others to copy violate plaintiffs' distribution rights." *Napster*, 239 F.3d at 1014. Its review of the issue was cursory because neither party disputed that Napster users were using the system to disseminate actual, unauthorized copies of copyrighted works to the public. *Id.* The central issue in the case was secondary liability for the creators of the Napster file-sharing system.

The *Howell* court's analysis considered *Perfect 10, Inc. v. Amazon.com, Inc.*, 487 F.3d 701 (9th Cir. 2007) which grouped together the holdings of *Hotaling* and *Napster* and held that "the district court's conclusion [that distribution requires an 'actual dissemination'] is consistent with the language of the Copyright Act." *Perfect 10*, 487 F.3d at 718. "That holding contradicts *Hotaling* and casts doubt on the single

unsupported line from *Napster* upon which the recording companies rely." *Howell*, 2008 WL 1927353, at *5.

This Court should adopt as its own the thoughtful and compelling analysis of the "making available" issue solidly set forth in *Howell*, case by case. The facts there are virtually identical to the facts here. In neither case is there evidence that a copy changed hands. There is only evidence that defendant attempted to distribute a copy, and "there is no basis for attempt liability in the statute, no matter how desirable such liability may be as a matter of policy." *Howell*, 2008 WL 1927353, at *6.[3]

*Howell* also addresses the issue of whether or not Thomas is responsible for any distribution. There was no evidence of any distribution by Thomas to anyone. The only evidence of a distribution was the copying of 26 songs by plaintiffs' agents. In this Circuit a copyright owner cannot infringe its own copyright. *Olan Mills, Inc. v. Linn Photo Co.*, 23 F.3d 1345, 1348 (8th Cir. 1994). Its agent cannot infringe the copyright owner's rights when acting on the owner's behalf. *Howell*, 2008 WL 1927353, at *8 (citing *amicus curiae* Electronic Frontier Foundation).

Finally, *Howell* recognizes that providing the public with access to a copyrighted work and the means to make an unauthorized copy only gives rise to potential liability as a secondary infringer. *Id*. at *8. "The courts and commentators have recognized that making a copyrighted work and the facilities to copy it available to another implicates

---

[3] The *Howell* court, distinguishing the definition of "publication" from "distribution" also concluded that an offer to distribute does not constitute distribution. *Howell*, 2008 WL 1927353, at *6-7.

9

contributory, not direct liability for copyright infringement." *Id*. at *9 (citing 3 Nimmer, supra, § 12.04[A][3][b], at 12-87 (2007)). In the Ninth Circuit, "a defendant can only be held contributorily liable if a direct or primary infringement has been proved." *Id*. *See also*, [*Latin Am. Music CO. v. Archdiocese of San Juan*, 499 F.3d 32, 46 (1st Cir. 2007) (citing *Venegaas-Hernandez v. ACEMLA*, 424 F.3d 50, 57-59 (1st Cir. 2005).

Thomas could only face potential liability as a secondary infringer, but that potential could never be realized because the individuals who actually caused dissemination were authorized by plaintiffs to do so, and therefore there was no proof of the existence of a direct or primary infringer.

**3.**     ***Nat'l Car Rental System, Inc. v. Computer Associates Int'l, Inc*. is Binding Eighth Circuit Precedent Requiring a Vacation of the Judgment and New Trial.**

The *Howell* court utilized *Nat'l Car Rental System, Inc. v. Computer Associates Int'l, Inc*., 991 F.2d 426 (8th Cir. 1993) for the proposition that "a party must show that an unlawful copy was disseminated 'to the public.'" *Id*. at 434. This Court should do so as well, as it is controlling Eighth Circuit authority.

Plaintiffs and their amici complain that the *Nat'l Car Rental* opinion on the subject of the instant motion is *obiter dictum* and taken from a treatise that did not accompany the proposition with any authority and analysis, but such complaint is misplaced. While it is conceded that *Nat'l Car Rental* involved the use of computer software, as opposed to the downloading of song recordings, the general proposition of law gleaned from the

10

opinion is of far broader application and not limited to any unique facts. Moreover, it is a product of thoughtful deliberation, and it is the law of the Eighth Circuit.

In *Nat'l Car Rental*, Computer Associates Int'l ("CAI") licensed copyrighted computer software to Nat'l Car Rental for its use and for its contractor, a data processing company, solely to process Nat'l Car Rental's data. After Nat'l Car Rental began using the programs to process data of third parties, CAI threatened action. Nat'l Car Rental sought declaratory judgment, CAI counterclaimed for breach of contract. The lower court granted Nat'l Car Rental's motion for judgment on the pleadings. On appeal, the court reversed, holding that the lower court erred in dismissing CAI's breach of contract claim because the Copyright Act did not preempt it. Preemption applied only to those state law rights which were equivalent to federally protected rights. CAI was not alleging copyright violation, as infringement resulted only from unauthorized copying and, according to the pleadings, Nat'l Car Rental never actually distributed a copy of the software to third parties; instead Nat'l Car Rental allegedly breached a right not existing under the copyright law, which was created by the licensing agreement.

To get to its conclusion that there could be no infringement unless there was an actual dissemination of copies, the *Nat'l Car Rental* court considered the plain language of the Copyright Act and its legislative history, ultimately concluding that a court could not create a right not specifically articulated in the Act, and that the exclusive right to distribution could not be metamorphosed into a right that did not require an actual dissemination.

That is the state of the Eighth Circuit law on the plain-meaning interpretation of § 106(3) and is supported by *Atlantic Recording Corp. v. Howell,* No. CV06-2076-PHX-NWB, 2008 WL 1927353, at *8 (D. Ariz. Apr. 29, 2008); *London-Sire Records, Inc. v. Doe 1,* No. 04cv12434-NG, 2008 WL 887491, at *7-10 (D. Mass. Mar. 31, 2008); *Atlantic Recording Corp. v. Brennan*, 534 F. Supp. 2d 278, 281-82 (D. Conn. 2008); *In re Napster, Inc. Copyright Litig.*, 377 F. Supp. 2d 796, 802-05 (N.D. Cal. 2005); *Arista Records, Inc. v. Mp3Board, Inc.*, No. 00 CIV. 4660 (SHS), 2002 WL 1997918, at *4 (S.D.N.Y. Aug. 29, 2002); *Paramount Pictures Corp. v. Labus*, No. 89-C-797-C.1990 WL 120642, at *4 (W.D. Wis. Mar. 23, 1990); *Obolensky v. G.P. Putnam's Sons*, 628 F. Supp. 1552, 1555-56 (S.D.N.Y.), *aff'd mem.*, 795 F.2d 1005 (2d Cir. 1986); and all three of the leading copyright treatises, 2 PAUL GOLDSTEIN, GOLDSTEIN ON COPYRIGHT § 7.5.1, AT 7:127 (3D ED. 2007); 2 NIMMER & NIMMER, *supra,* 8.11[A], at 8-149; and 4 WILLIAM PATRY, PATRY ON COPYRIGHT, 19:9, at 13-13 (2008).

**4.** **Construing the Copyright Act to Not Recognize "Making Available" Without an Actual Distribution as an Infringement Entitling a Copyright Owner to Damages Pursuant to 17 U.S.C. § 504 Is Not Contraindicated by the WIPO Copyright Treaty or the WIPO Performance and Phonograms Treaty.**

*Amici* supporting plaintiffs' objection to Thomas' motion singularly emphasize and exaggerate the role of the WIPO Copyright Treaty and the WIPO Performances and Phonograms Treaty (collectively "WIPO Internet Treaties"), Congress' comments respecting their ratification and the role of the executive department, including the opinion of Registrar Marybeth Peters. These arguments were only briefly touched upon by plaintiffs in one paragraph and in a footnote in their Statement of the Case (Dkt. No.

55). The argument appears for the first time in the briefs of the *amici* supporting plaintiffs, and is almost non-existent in the case law that has been analyzed by those courts struggling with the subject issue.

Because the arguments suggesting that the WIPO Internet Treaties have surfaced so late in these proceedings, and because it is expected that plaintiffs' briefing will emphasize the same, Thomas will fully address this set of issues in her forthcoming Reply Brief. In the interim, the Court should take note of the fact the effect of WIPO Internet Treaties has not been considered to be significant factors touching upon the making-available issue. That is because there is no inconsistency between the rights recognized by the WIPO Internet Treaties and 17 U.S.C. § 106(3).

The WIPO Internet Treaties might very well recognize an exclusive making-available right, but that right is not abrogated by the Copyright Act. All that the Copyright Act does is confer a set of very specific exclusive rights that if infringed permits a remedy of damages, statutory or actual. As demonstrated in *Nat'l Car Rental*, *supra*, the plain language of the Copyright Act will not be tortured to create an additional right to relief under the Act, but that is not tantamount to declaring the making-available right does not exist under the WIPO Internet Treaties.

The foregoing is not to say that strictly construing the Copyright Act leaves a copyright owner remediless under the provisions of the WIPO Treaties. Injunction may be available to prevent infringement, or further infringement, pursuant to 17 U.S.C. § 502, and as *Amici* for plaintiffs concede, "In October 1998, Congress adopted legislation, as part of the Digital Millennium Copyright Act, to implement fully WCT and WPPT

[the WIPO Internet Treaties]." Brief of *amici* Motion Picture Assoc. of America, p. 8-9 (Dkt. No. 169). The Copyright Act, strictly construed to its plain language by the courts in *Howell* and *Nat'l Car Rental*, does not emasculate the WIPO Internet Treaties as *amici* to plaintiffs suggest.

## CONCLUSION

For the foregoing reasons, the Court should find that the submission of Jury Instruction No. 15 was error requiring vacation of the judgment and a new trial.

Respectfully submitted,

Dated: June 30, 2008　　　　**CHESTNUT & CAMBRONNE, P.A.**

By /s/ Brian N. Toder
Brian N. Toder (No. 17869X)
Bryan L. Bleichner (No. 0326689)
3700 Campbell Mithun Tower
222 South Ninth Street
Minneapolis, MN 55402
(612) 339-7300
Fax (612) 336-2940

**ATTORNEYS FOR DEFENDANT**