UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CAPITOL RECORDS, INC., <br> a Delaware corporation, *et al.*, <br><br>     Plaintiffs, <br><br> v. <br><br> JAMMIE THOMAS, <br><br>     Defendant. | Case No. 06-1497 (MJD/RLE) <br><br> **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO CERTIFY SEPTEMBER 24 ORDER FOR INTERLOCUTORY APPEAL AND FOR STAY OF PROCEEDINGS PENDING APPEAL** |

  The Plaintiff Record Companies respectfully submit this memorandum in support of their motion to certify the Court's September 24 Order for interlocutory appeal and for a stay of proceedings pending that appeal. In its September 24, 2008 Order, the Court reversed itself and concluded (1) that the Copyright Act did not provide for liability under 17 U.S.C. § 106(3) for making a copyrighted sound recording available to other users of a peer-to-peer network; (2) that Jury Instruction No. 15, which had endorsed a contradictory rule, was manifestly erroneous; and (3) that a new trial was necessary.

  The Eighth Circuit should review the September 24 Order before this Court conducts a new trial. Even more so than this Court's decision in *AT&T Comms. of the Midwest, Inc. v. Qwest Corp.*, No. 06-3786, 2007 WL 1994047 (D. Minn. July 3, 2007), this is the paradigmatic case for interlocutory review. Both cases involve a split in authority that indicates grounds for difference of opinion, *see id.* at *1, but where *AT&T* involved an issue that could limit further litigation, *see id.* at *1, this case involves an

#1365540 v1 den

issue that could eliminate an entire retrial altogether.  Holding a *second* full jury trial before the Court of Appeals rules will waste substantial resources if the Eighth Circuit ultimately agrees with Plaintiffs on this issue.  Accordingly, the Court should certify its September 24, 2008 Order as appropriate for interlocutory appeal under 28 U.S.C. § 1292(b).

Finally, if such a certification is granted, Plaintiffs respectfully suggest that a second trial and any other proceedings in this case should be stayed pending the Eighth Circuit's ruling on the certified question.

**INTRODUCTION AND BACKGROUND**

During the initial jury trial of this case and following oral argument on the issue, this Court instructed the jurors that "[t]he act of making copyrighted sound recordings available for electronic distribution on a peer-to-peer network, without license from the copyright owners, violates the copyright owners' exclusive right of distribution, regardless of whether actual distribution has been shown."  *See* Jury Instruction No. 15.  Thereafter, the jury unanimously found for Plaintiffs on both liability and damages.  But following a *sua sponte* order requesting additional briefing, the Court concluded in its September 24 Order that Jury Instruction No. 15 was erroneous as a matter of law, and it granted the defendant a new trial.

Either now or after a full retrial, the September 24 Order will be appealed.  Accordingly, the Eighth Circuit will eventually address the question of law addressed by the Court's September 24 Order:  whether a person violates the copyright owner's exclusive right of distribution, 17 U.S.C. § 106(3), by making sound recordings available

2

for unauthorized download on a peer-to-peer system. Pursuant to 28 U.S.C. § 1292(b), Plaintiffs respectfully submit that this question should be answered by the Eighth Circuit *before* any new trial is conducted. Under Section 1292(b), the question is not whether the Court believes it ruled correctly. *See, e.g.*, *Saunders v. Ace Mortgage Funding, Inc.*, No. 05-1437, 2007 WL 2008677, at *2 (D. Minn. July 6, 2007) (recognizing that "[a]lthough the Court is confident in its decision," certification was appropriate). An order should be certified for interlocutory appeal when "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The question of the appropriate jury instruction is a purely legal question. And as the parties' briefing, the Court's *sua sponte* reconsideration, and the many courts to have recognized the making-available right suggest, there is substantial ground for difference of opinion. Inasmuch as a trial has already been conducted under one of the two legal standards that would emerge from an appeal, the Eighth Circuit's ruling may obviate the need for a second trial. Accordingly, the case should be certified for interlocutory review, and proceedings in this Court should be stayed while the issue is resolved.

#1365540 v1 den

# ARGUMENT

I. **THIS CASE SATISFIES THE REQUIREMENTS FOR AN INTERLOCUTORY APPEAL.**

   A. **The September 24 Order Involves a Controlling Question of Law.**

The making-available question at issue in the September 24 Order was and is a pure question of law. It presents no questions of fact,[1] but is based entirely on the meaning of a federal statute, as interpreted by various courts, executive agencies, and Congress. *See McFarlin v. Conseco Servs.*, 381 F.3d 1251, 1258 (11th Cir. 2004) (interpreting "controlling question of law" to mean "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine"). It is not an issue left to judicial discretion. *See White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994) (distinguishing questions of law from questions left to judicial discretion, such as discovery matters, for purposes of Section 1292(b)).

Further, as the Court's September 24 Order cited no other basis for requiring a new trial, the legal question regarding Jury Instruction No. 15's "making available" right is controlling:

> Jury Instruction No. 15 was erroneous and that error substantially prejudiced Thomas's rights. Based on the Court's error in instructing the jury, it grants Thomas a new trial.

*See* 9/24/08 Order at 40; *see id.* at 12 ("[I]f the Court determines that Jury Instruction No. 15 was incorrect, it will grant a new trial."). Indeed, the Court expressly declined to rule on an alternative ground offered for a new trial — Defendant's motion for a new trial or

---

[1] Even if there were questions of fact, after a full trial the record is fully developed.

remittitur, which, even if granted, would touch only on her damages and not on liability. *See* 10/10/07 Def's. Mot. for New Trial or Remittitur at 1 (Docket No. 109) ("Defendant's singular grounds for the relief sought is that the amount of the award is excessive."). Thus, the Eighth Circuit's decision on this issue will control.

### B. The September 24 Order Presents Substantial Ground for Difference of Opinion.

As the Court and the Eighth Circuit have recognized, "a sufficient number of conflicting and contradictory opinions would provide substantial ground for disagreement" under Section 1292(b). *White*, 43 F.3d at 378 (8th Cir. 1994) (internal quotations marks omitted). This standard is clearly met here. The September 24 Order itself acknowledges that "[c]ourts have split regarding whether making copyrighted materials available for distribution constitutes distribution under § 106(3)," 9/24/07 Order at 12. Although this Court is not the only court to have questioned the making-available right, numerous others have concluded that making a copyrighted work available *does* constitute a distribution. *See, e.g.*, *Hotaling v. Church of Jesus Christ of Latter-Day Saints*, 118 F.3d 199, 203 (4th Cir. 1997); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014 (9th Cir. 2001) ("Napster users who upload file names to the search index for others to copy violate plaintiffs' distribution rights."); *Perfect 10 v. Amazon.com, Inc.*, 487 F.3d 701, 718-19 (9th Cir. 2007) (confirming that defendant who makes actual files available for distribution, not just links to files, "distributes" them under Section 106); *Maverick Recording Co. v. Harper*, No. 5:07-CV-026-XR, slip op. at 6 (W.D. Tex. Sept. 16, 2008) (rejecting reasoning of *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d

5

153 (D. Mass. 2008) and recognizing making-available right) (slip opinion attached hereto as Exhibit A); *Arista Records LLC v. Greubel*, 453 F. Supp. 2d 961, 969-71 (N.D. Tex. 2006); *Warner Bros. Records, Inc. v. Payne*, No. 06-051, 2006 WL 2844415, at *3 (W.D. Tex. July 17, 2006) ("Listing unauthorized copies of sound recordings using an online file-sharing system constitutes an offer to distribute those works, thereby violating a copyright owner's exclusive right of distribution."); *Advance Magazine Pubs., Inc. v. Leach*, 466 F. Supp. 2d 628, 637-38 (D. Md. 2006); *Playboy Enters., Inc. v. Russ Hardenburgh, Inc.*, 982 F. Supp. 503, 509 (N.D. Ohio. 1997) (finding distribution even without any finding of an actual download, and rejecting defendants' argument "that they had never 'distributed' [plaintiffs'] photographs to their customers because it was the customers themselves who chose whether or not to download the GIFs from the central system to their home computer"); *Marobie-FL, Inc. v. Nat'l Ass'n of Fire Equip. Distribs. & Northwest Nexus, Inc.*, 983 F. Supp. 1167, 1173-74 (N.D. Ill. 1997) (finding infringement without resolving whether there were any unauthorized transfers, and noting that "once the files were uploaded, they were available for downloading"); *State v. Perry*, 697 N.E. 2d 624, 628 (Ohio 1998) (finding state criminal law preempted by federal copyright law, because "[p]osting software on a bulletin board where others can access and download it is distribution"); *see also* Letter from Marybeth Peters, Register of Copyrights, to Rep. Howard L. Berman (Sept. 25, 2002) ("[M]aking [a work] available for other users of a peer to peer network to download … constitutes an infringement of the exclusive distribution right.").

6

The Court's September 24 Order did not distinguish those authorities. Rather, it acknowledged the split but reached a different conclusion. *See*, *e.g.*, 9/24/08 Order at 36 ("[T]he Court does not adopt the deemed-disseminated theory based on *Hotaling*."). The Court's recognition of the contrary authority establishes the "substantial ground for difference of opinion" that warrant certification for interlocutory review. *See Stearns v. NCR Corp.*, No. 98-2348, 2000 WL 34423090 (D. Minn. Oct. 11, 2000) (finding substantial ground based on recognition of conflict with Sixth Circuit ruling).

The September 24 Order is also particularly well-suited for interlocutory appeal because it rests on the Court's disposition of several strongly contested questions, each of which themselves present substantial grounds for disagreement. For example, there are reasonable (and, Plaintiffs believe, dispositive) arguments that the Supreme Court's decision in *New York Times Co. v. Tasini*, 533 U.S. 483, 488 (2001), concludes that a work is distributed under Section 106(3) when it is made available in a database from which others could download it. Similarly, numerous courts have concluded that Section 106's "right of distribution" is synonymous with the right of publication, and thus that offers to distribute constitute distributions. The Eighth Circuit may also be persuaded that Plaintiffs' exclusive right "to authorize" distribution under Section 106 is infringed when someone permits or enables a work's further dissemination to KaZaA users. And although this Court rejected the Plaintiffs' interpretation of Section 106(3), another court might find that interpretation sufficiently reasonable to require deferring to the Executive and Legislative branches' conclusions that Section 106(3) must include a making-available right if the United States is to be in compliance with its international

7

obligations. If the Eighth Circuit agrees with Plaintiffs on just *one* of these issues, a new trial will have been for naught.

Given the split of authorities across the country, there are substantial grounds to believe that the Eighth Circuit could reach a different conclusion from this Court's. This is particularly true in light of the Court's acknowledgement that the Eighth Circuit decision that it invoked, *National Car Rental System, Inc. v. Computer Associates International, Inc.*, 991 F.2d 426 (8th Cir. 1993), was not factually on-point. *See* 9/24/08 Order at 30-31 ("[T]he Eighth Circuit has not addressed the specific question of whether making a sound recording available for distribution is the equivalent of distribution."); *see also Saunders*, 2007 WL 2008677, at *2 (finding substantial grounds for disagreement when "neither the Eighth Circuit nor another district court in the District of Minnesota has specifically addressed" the issue in the same context). This Court has acknowledged that a split in authority like the split here is sufficient for a finding of substantial ground for a difference of opinion. *AT&T Comms.*, 2007 WL 1994047, at *2.

### C. An Immediate Appeal May Materially Advance the Ultimate Termination of the Litigation.

This case has already been tried once, and should the Eighth Circuit agree with the Court's initial Jury Instruction No. 15, the litigation will be effectively over. There will be no further litigation of the Defendant's liability; the only issue remaining will be the Defendant's excessive-damages motion. *See* 10/10/07 Defs. Mot. for New Trial or Remittitur at 1 (Docket No. 109). As Wright & Miller have recognized, this is precisely

#1365540 v1 den

the procedural posture in which an interlocutory appeal is called for; an interlocutory appeal is appropriate when, as now, there is

> a highly debatable question that is easily separated from the rest of the case, that offers an opportunity to terminate the litigation completely, and that may spare the parties the burden of a trial that is expensive for them even if not for the judicial system.

16C Wright & Miller, Fed. Prac. & Proc. § 3930, at 435-36. Courts in this circuit, including this Court, have found the "materially advance" element satisfied even when a ruling might only narrow the issues in play. *See AT&T Comms*, 2007 WL 1994047 at *1 (granting motion to certify order where reversal "preclude or substantially narrow further litigation"); *Saunders*, 2007 WL 2008677, at *3. When a ruling would end the liability proceedings altogether, the case for certification is even stronger.

In short, certifying the case for interlocutory appeal would have substantial benefits for judicial economy. As the case currently stands, the Court, parties, and a jury will have to prepare and participate in a second trial on the Defendant's liability and damages. The trial will require substantial resources, as every witness except the defendant will be travelling from out of state. And if the Eighth Circuit affirms the Court's September 24 Order, the parties will simply proceed with that second trial, having eliminated the most substantial issue that either side would have for later appeal. However, if the Eighth Circuit reverses the Court's September 24 Order, there will be no need for a second trial. Because this case has the benefit of a full jury trial and verdict, it is unusually well suited for interlocutory appeal. Although a second trial may ultimately

9
#1365540 v1 den

be necessary, the Court ought not mandate that waste of resources before the Eighth Circuit even has the opportunity to determine whether a new trial is in fact required.

## II. THE COURT SHOULD STAY FURTHER PROCEEDINGS PENDING RESOLUTION OF THE APPEAL.

If the Court does certify the case for interlocutory appeal, judicial economy is clearly best served by staying further proceedings until the Eighth Circuit rules. A stay will not change the status quo. Under the Court's September 24 Order, which remains in effect, the parties are simply awaiting a retrial that they could conduct just as easily after the appellate proceedings have finished. Neither party will be prejudiced by such a stay; to the contrary, both will benefit from an ultimate ruling on whether the retrial is necessary. Moreover, by conserving the parties' resources until it is necessary to expend them, a stay will ensure that the interlocutory appeal promotes judicial economy. *See Stearns*, 2000 WL 34423090, at *2 ("[I]n the absence of a stay the parties could be required to invest the unnecessary time and resources which, by certifying its Order for appeal, the Court has sought to avoid.").

## CONCLUSION

For the foregoing reasons, the Court should, pursuant to 28 U.S.C. § 1292(b), certify the September 24, 2008 Order as involving a controlling question of law as to which there is substantial ground for difference of opinion and as a ruling from which an immediate appeal may materially advance the ultimate termination of the litigation, and should stay further proceedings in this case until any appeal is resolved.

10

Respectfully submitted this 14th day of October 2008.

/s/ Timothy M. Reynolds
Timothy M. Reynolds (pro hac vice)
David A. Tonini (pro hac vice)
Andrew B. Mohraz (pro hac vice)
HOLME ROBERTS & OWEN LLP
1700 Lincoln, Suite 4100
Denver, Colorado 80203
Telephone: (303) 861-7000
Facsimile: (303) 866-0200

Donald B. Verrilli, Jr. (pro hac vice)
JENNER & BLOCK
1099 New York Avenue, NW
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile: (202) 661-4957

Felicia J. Boyd (No. 186168)
Leita Walker (No. 387095)
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
Telephone: (612) 766-7000
Facsimile: (612) 766-1600

ATTORNEYS FOR PLAINTIFFS