## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| CAPITOL RECORDS INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; INTERSCOPE RECORDS, a California general partnership; WARNER BROS. RECORDS INC., a Delaware corporation; and UMG RECORDINGS, INC., a Delaware corporation,<br><br>                Plaintiffs,<br><br>v.<br><br>Jammie Thomas,<br><br>                Defendant. | Case No. 06-cv-1497 (MJD/RLE)<br><br>**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR INTERLOCUTORY APPEAL (DKT. NO. 199)** |

### INTRODUCTION

Plaintiffs have moved to certify this Court's Order of September 24, 2008, (Dkt. No. 197) for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), arguing that there is a split of authority sufficient to satisfy the requirements of that statute. There is of course no such split in the Eighth Circuit, and to the extent there was in the past some relevant split of authority in other circuits, analysis after analysis has laid to rest any argument that simply making a copyrighted work available is, without more, an infringement of the exclusive right to distribute. This Court carefully considered every argument advanced by plaintiffs in support of their instant motion and made no suggestion that there is any split of authority sufficient to satisfy the requirements of 28 U.S.C. § 1292(b).

More importantly, plaintiffs are mistaken that an immediate appeal would materially advance the ultimate termination of the litigation. Based upon the state of the case law within and without the Eighth Circuit, the most likely result of an interlocutory appeal would be two trials and two trips to the Eighth Circuit Court of Appeals.

**ARGUMENT**

"Section 1292(b) establishes three criteria for certification: the district court must be of the opinion that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994). A controlling question of law is a legal question and not "a matter for the discretion of the trial court." *Id.* Substantial grounds for difference of opinion exist if there are "a sufficient number of conflicting and contradictory opinions." *Id.* at 378. "When litigation will be conducted in substantially the same manner regarding of [the Eighth Circuit's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." *Id.* at 378-79. "A motion for certification must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *Id.* at 376.

This is not an "exceptional" case "in which immediate appeal is warranted. There is no *substantial* ground for difference of opinion within the meaning of 28 U.S.C. § 1292(b). When the making-available issue was in its infancy, there were a number of cases that that followed the lead of *Hotaling v. Church of Jesus Christ of Latter-Day Saints*, 118 F.3d 199 (4th Cir. 1997), but in the 11 years that followed, the

2

"overwhelming weight of authority"[1] in other circuits distilled the issue to the point where there is little left to support plaintiffs' position other than a sprinkling of district court opinions that have not relied on the authority of any higher courts.

Most importantly, if not dispositively, the Eighth Circuit has already considered the issue in *Nat'l Car Rental System, Inc. v. Computer Assoc. Int'l, Inc*., 991 F.2d 426, 434 (8th Cir. 1993) (citing 2 Nimmer on Copyright § 8.11[A], at 8-124.1, "infringement of the distribution right requires an actual dissemination of either copies or phonorecords."). In it September 24 Order, this Court considered the *National Car Rental* decision to be "the binding law of the Eighth Circuit on the meaning of §106(3)."

Although the facts in *National Car Rental* can be distinguished from the facts in the matter at bar, the general principle of law gleaned from the former solidly applies to the latter. There is no *substantial* ground for difference of opinion. Because there is no requisite *substantial* ground for difference of opinion, permitting an interlocutory appeal would not "materially advance the ultimate termination of the litigation." *White v. Nix*, 43 F.3d at 378-379. The reality is that permitting such an appeal would do just the opposite; there would be two appeals instead of one.

---

[1] *Atlantic Recording Corp. v. Howell*, No. CV06-2076-PHX-NWB, 2008 WL 1927353, at *6 (D. Ariz. Apr. 29, 2008).

## CONCLUSION

For the foregoing reasons, this Court should deny plaintiffs' motion in its entirety, finding that, given the state of the law in the Eighth Circuit, there is no substantial difference of opinion, and that an immediate appeal would not materially advance the ultimate termination of the litigation.

Respectfully submitted,

Dated:   November11, 2008              **CHESTNUT & CAMBRONNE, P.A.**

By /s/  Brian N. Toder
Brian N. Toder  (No. 17869X)
Bryan L. Bleichner (No. 0326689)
3700 Campbell Mithun Tower
222 South Ninth Street
Minneapolis, MN 55402
(612) 339-7300
Fax (612) 336-2940

**ATTORNEYS FOR DEFENDANT**