[Virgin Records America, Inc v. Thomas                                                           Doc. 208](top-left) [Dockets.Justia.com](bottom-right)

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

|  |  |
|---|---|
| CAPITOL RECORDS INC., <br> a Delaware corporation, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JAMMIE THOMAS, <br><br> Defendant. | ) <br> ) <br> ) Case No. 06-1497 (MJD/RLE) <br> ) <br> ) **PLAINTIFFS' REPLY MEMORANDUM** <br> ) **IN SUPPORT OF MOTION TO** <br> ) **CERTIFY SEPTEMBER 24 ORDER** <br> ) **FOR INTERLOCUTORY APPEAL AND** <br> ) **FOR STAY OF PROCEEDINGS** <br> ) **PENDING APPEAL** <br> ) <br> ) |

The Court's September 24, 2008 Order epitomizes the type of order that should be certified for interlocutory appeal under 28 U.S.C. § 1292(b). Of the three criteria laid out in that statute for interlocutory review, Defendant Jammie Thomas does not contest that the September 24 Order's making-available decision presents a controlling issue of law. Rather, she argues only, if meekly, that there is not "substantial" ground for difference of opinion on the making-available question and that a decision on it by the Eighth Circuit would not materially advance the termination of this litigation. Defendant's arguments do not comport with governing law. As a result, certification for interlocutory appeal should be granted.

## ARGUMENT

First, Defendant's argument that "[t]here is no *substantial* ground for difference of opinion" on the making-available question, Def. Opp. at 2, fails to address the governing legal standard. Defendant correctly identifies the proper question, noting that the issue turns on whether "there are 'a sufficient number of conflicting and contradictory

#1374141 v1 den

opinions.'" Def. Opp. at 2 (quoting *White v. Nix*, 43 F.3d 374, 378 (8th Cir. 1994)).  But Defendant never addresses that point, presumably because, as Plaintiffs demonstrated, this Court's September 24 Order conflicts with numerous decisions, Pls. Mem. at 5-6, including this Court's own initial ruling on Jury Instruction No. 15.  Instead, Defendant points to two unrelated points, neither of which is relevant to the certification issue.  Defendant observes that there is no contradictory ruling within this Circuit, Def. Opp. at 1, a factor that makes no difference.  *See Stearns v. NCR Corp.*, No. 98-2348, 2000 WL 34423090 (D. Minn. Oct. 11, 2000) (relying on split between District of Minnesota and Sixth Circuit Court of Appeals).  Defendant then argues that the September 24 Order conflicts only with a smattering of outdated decisions from other district courts, an argument that is both factually wrong, *see* Pls. Mem. at 5-6 (citing district court decisions from 2006 through 2008 as well as from the Ninth Circuit and a state supreme court),[1] and, as this Court has recognized, irrelevant, *see AT&T Comms. of the Midwest, Inc. v. Qwest Corp.*, No. 06-3786, 2007 WL 1994047, at *2 (D. Minn. July 3, 2007) (granting certification based on split with other district courts).  All that matters is the large number of conflicting decisions.[2]

---

[1] Defendant is also wrong that recent district court decisions do not rely on appellate authority.  *Universal City Studios Productions LLLP v. Bigwood*, 441 F. Supp. 2d 185, 190-91 (D. Me. 2006), expressly relied on *Hotaling v. Jesus Christ of Latter-Day Saints*, 118 F.3d 199 (4th Cir. 1997) to conclude that making movies available on the internet violated the copyright owner's exclusive distribution right.

[2] Defendant's related argument, that there are no grounds for disagreement because of *National Car Rental System, Inc. v. Computer Associates International, Inc.*, 991 F.2d 426, 434 (8th Cir. 1993), fares no better.  The September 24 Order itself recognized that *National Car Rental* is not dispositive.  9/24/08 Order at 30-31 (noting that Eighth Circuit "has not addressed" the making-available question).

2

Second, Defendant argues that an appeal at this stage would result in "two appeals instead of one." Def. Opp. at 3. But in arguing for a preservation of resources, Defendant ignores that denying certification here would *guarantee* two trials, *see* Pls. Mem. at 8-10, and would *not*, as a practical matter, be likely to result in a second appeal: Once the Eighth Circuit has weighed in on the making-available question, there is not likely to be a trial management issue arising from any subsequent trial that would justify a second appeal by either party. And the only issues left for a second appeal, if there were one, would in all likelihood be insubstantial compared to this one. In any event, the possibility of two appeals hardly weighs at all; if that possibility mattered, no issue could *ever* be certified for interlocutory review. But given the posture here, the possibility that the appeal would terminate the litigation completely is dispositive.

## CONCLUSION

For the foregoing reasons and the reasons stated in Plaintiffs' opening brief, the Court should, pursuant to 28 U.S.C. § 1292(b), certify the September 24, 2008 Order as involving a controlling question of law as to which there is substantial ground for difference of opinion and as a ruling from which an immediate appeal may materially advance the ultimate termination of the litigation, and should stay further proceedings in this case until any appeal is resolved.[3]

---

[3] Defendant has not opposed entry of a stay.

#1374141 v1 den

Respectfully submitted this 24th day of November 2008.

/s/ Timothy M. Reynolds
Timothy M. Reynolds (pro hac vice)
David A. Tonini (pro hac vice)
Andrew B. Mohraz (pro hac vice)
HOLME ROBERTS & OWEN LLP
1700 Lincoln, Suite 4100
Denver, Colorado 80203
Telephone: (303) 861-7000
Facsimile: (303) 866-0200

Donald B. Verrilli, Jr. (pro hac vice)
JENNER & BLOCK
1099 New York Avenue, NW
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile: (202) 661-4957

Felicia J. Boyd (No. 186168)
Leita Walker (No. 387095)
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
Telephone: (612) 766-7000
Facsimile: (612) 766-1600

ATTORNEYS FOR PLAINTIFFS