UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

CAPITOL RECORDS INC.,
a Delaware corporation;
SONY BMG MUSIC ENTERTAINMENT,
a Delaware general partnership;
ARISTA RECORDS LLC,
a Delaware limited liability company;
INTERSCOPE RECORDS,
a California general partnership;
WARNER BROS. RECORDS INC.,
a Delaware corporation; and
UMG RECORDINGS, INC.,
a Delaware corporation;

   Plaintiffs,

v.          **MEMORANDUM OF LAW & ORDER**
           Civil File No. 06-1497 (MJD/RLE)

JAMMIE THOMAS,

   Defendant.
_____

Donald B. Verrilli, Jr., Jenner & Block; Andrew B. Mohraz, David A. Tonini, and Timothy M. Reynolds, Holme Roberts & Owen, LLP; and Felicia J. Boyd, Kara L. B. Barrow, and Mary Andreleita Walker, Faegre & Benson LLP; Counsel for Plaintiffs

Brian N. Toder and Bryan L. Bleichner, Chestnut & Cambronne, PA, Counsel for Defendant.

_____

## I. INTRODUCTION

This matter is before the Court on Plaintiffs' Motion to Certify September 24 Order for Interlocutory Appeal and for Stay of Proceedings Pending Appeal. [Docket No. 198]

## II. BACKGROUND

Plaintiffs alleged that Defendant infringed on their copyrighted sound records by illegally downloading and distributing the recordings via the online peer-to-peer file sharing application known as Kazaa. On October 4, 2007, a jury found that Defendant had willfully infringed on 24 of Plaintiffs' sound recordings. The jury awarded Plaintiffs statutory damages in the amount of $9,250 for each willful infringement. On October 5, the Court entered judgment on the jury's verdict.

In the Court's September 24, 2008 Order, it vacated the jury verdict in favor of Plaintiffs and granted a new trial because the Court determined that liability for violation of the exclusive distribution right found in § 106(3) of the Copyright Act requires actual dissemination of the sound recordings. The Court held that Jury Instruction No. 15, which instructed the jury that actual dissemination was

not required, was erroneous and that the error substantially prejudiced Defendant's rights.

Plaintiffs now ask the Court to certify its September 24 Order as appropriate for interlocutory appeal.

## III. DISCUSSION

### A. Standard for Interlocutory Appeal

Under 28 U.S.C. § 1292(b), this Court may certify for appeal a civil order that would not otherwise be appealable if three criteria are met: "(1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation."  White v. Nix, 43 F.3d 374, 377 (8th Cir. 1994) (citation omitted). "A motion for certification must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." Id. at 376 (citation omitted).

### B. Whether the September 24 Order Involves a Controlling Question of Law

The Court agrees that its September 24 Order involves a controlling question of law. The Court's decision regarding whether actual dissemination is

required was a purely legal determination and was the basis for the Court's decision to vacate the jury verdict and order a new trial.

### C. Whether There Is Substantial Ground for Difference of Opinion

The Court holds that there is not substantial ground for difference of opinion regarding whether distribution under § 106(3) requires actual dissemination. While Plaintiffs can point to a number of courts from other jurisdictions that have disagreed with this Court's conclusion, the Eighth Circuit Court of Appeals has explicitly held that actual dissemination is required

As the Court fully explained in its September 24 Order, in <u>National Car Rental System, Inc. v. Computer Associates International, Inc.</u>, the Eighth Circuit held that "[i]nfringement of [the distribution right] requires an actual dissemination of either copies or phonorecords." 991 F.2d 426, 434 (8th Cir. 1993) (citation omitted). The <u>National Car Rental</u> decision is the controlling law of the Eighth Circuit on the meaning of § 106(3). In its September 24 Order, this Court noted that the appellate court's statement that "[i]nfringement of [the distribution right] requires an actual dissemination of either copies or phonorecords" is not dictum.

<u>National Car Rental</u>, not any other appellate or district court opinion, is

4

binding upon this Court. As the Court explained, National Car Rental is consistent with the logical statutory interpretation of § 106(3), the body of Copyright Act case law, and the legislative history of the Copyright Act. Within the Eighth Circuit, there is not substantial ground for difference of opinion regarding whether distribution under § 106(3) requires actual dissemination. See, e.g., Brown v. Mesirow Stein Real Estate, Inc., 7 F. Supp. 2d 1004, 1008 (N.D. Ill. 1998) ("If a controlling court of appeals has decided the issue, no substantial ground for difference of opinion exists and there is no reason for an immediate appeal.") (citation omitted).

### D. Whether Certification Will Materially Advance the Ultimate Termination of the Litigation

Plaintiffs argue that they will appeal the September 24 Order at some point – either now or after a full retrial. The Court is not convinced that appeal is inevitable – depending on the outcome of the retrial, Plaintiffs might not seek to appeal the September 24 Order. Moreover, even if this Court were to certify Plaintiffs' interlocutory appeal, no matter what decision is made by the appellate court, this litigation will continue. If the Eighth Circuit holds that Jury Instruction No. 15 was a correct statement of the law, this Court must still

address the constitutionality of the damages award and the possibility of a retrial remains. If the Eighth Circuit affirms this Court's September 24 Order, retrial is likely. Finally, the Court notes that, while this case raises important legal issues and addresses a new frontier in copyright law, the first trial took only a few days to try. The second trial is not likely to be particularly long or complex.

Because there is not substantial ground for difference of opinion and certification will not materially advance the ultimate termination of the litigation, the Court denies Plaintiffs' motion.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

> Plaintiffs' Motion to Certify September 24 Order for Interlocutory Appeal and for Stay of Proceedings Pending Appeal [Docket No. 198] is **DENIED**.

Dated: December 23, 2008
s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court