# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CAPITOL RECORDS INC., <br> a Delaware corporation, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JAMMIE THOMAS, <br><br> Defendant. | Case No. 06-1497 (MJD/RLE) <br><br> **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF DISCOVERY SCHEDULE** |

Plaintiffs respectfully submit this Response in Opposition to Defendant's Motion for Extension of Discovery Schedule ("Motion") and state as follows:

## INTRODUCTION

Defendant's Motion (Doc. No. 214) seeks an order extending the discovery deadline "solely" to allow Defendant to add a witness for the retrial of the case, and thereby change the nature of the evidence and arguments presented to the jury. Defendant's effort comes just weeks before the retrial of this case. As demonstrated below, Defendant's Motion should be denied.

First, a party seeking to endorse a second expert on retrial must demonstrate that not having the new expert would cause that party to suffer manifest injustice. Here, Defendant has already endorsed one expert in this case and her Motion fails to show any need for a second expert at all, let alone any manifest injustice that would result from not having a second expert. Indeed, Defendant's motion fails even to explain what opinions

#1387271 v4 den

her new expert might offer. The burden Defendant must meet to justify this change in the line-up has not been met.

Second, Defendant's Motion is untimely. The deadline for disclosing experts expired nearly two years ago, and Defendant can offer no justification for her failure to move to endorse a second expert before now.

Finally, allowing Defendant to endorse a new expert now would substantially and unfairly prejudice Plaintiffs.

For all of these reasons, and those more fully explained below, Defendant's Motion should be denied.

## BACKGROUND

The Court's Pretrial Order (Doc. No. 11) set a February 1, 2007 deadline for Defendant to make expert witness disclosures under Rule 26(a)(2). The parties agreed among themselves to extend that deadline to February 26, 2007.

On February 26, 2007, Defendant designated Eric Stanley as an expert witness and sent a copy of Mr. Stanley's report to Plaintiffs' counsel. (*See* Email to Plaintiffs' Counsel dated February 26, 2007, attached as Exhibit A hereto, and Mr. Stanley's Affidavit and Expert Report and Curriculum Vitae, attached hereto as Exhibit B.) Mr. Stanley's Affidavit and Expert Report demonstrates that Defendant compensated him for his analysis and report. (Stanley Aff. at 1.)

After a three-day trial in October 2007 during which Mr. Stanley testified, the jury rendered its verdict for Plaintiffs and against Defendant on Plaintiffs' claim of copyright infringement. (Doc. No. 100.) Subsequently, on September 24, 2008, the Court *sua*

2

*sponte* vacated the jury's verdict and ordered a new trial. (Doc. No. 197.) The Court then issued a Jury Trial Notice on October 29, 2008 setting a new trial in this case for March 9, 2009. (Doc. No. 202.)

Now, almost two years after designating her expert witness, Defendant seeks to reopen discovery so that she can disclose a second expert who Plaintiffs presume Defendant would seek to have testify at the retrial. (Doc. No. 214.) To support her Motion, Defendant argues that she had no ability to pay for an expert and is unable to provide a meaningful defense without one. (Memorandum, Doc. No. 216, at 1.) (Of course, this ignores the fact that she has already paid for one expert.) Defendant identifies her potential expert as a "distinguished professor from the University of Minnesota," but offers no facts whatsoever regarding his qualifications, his proposed testimony or how this new expert will differ from the prior one.

## ARGUMENT

**I.   Defendant is not permitted to endorse a second expert simply because the Court has ordered a new trial.**

An order for a new trial is "not an invitation to reopen discovery for newly retained expert witnesses." *Cleveland v. Piper Aircraft Corp.*, 985 F.2d 1438, 1450 (10th Cir. 1993). Rather, a party seeking to endorse a new expert witness on retrial must demonstrate that "manifest injustice" would result if the new expert is not allowed and must make a "timely motion" to endorse the new expert. *Cleveland*, 985 F.2d at 1450; *see also Steadfast Ins. Co. v. Auto Mktg. Network, Inc.*, 2003 U.S. Dist. LEXIS 22217, at *4-6 (N.D. Ill. Dec. 8, 2003) (denying request to add an expert witness before retrial);

3

*Whitehead v. K Mart Corp.*, 173 F. Supp. 2d 553, 565 (S.D. Miss. Aug. 15, 2000) (denying request to designate new expert witnesses because this was a matter "which easily could have been pursued prior to the first trial of this case"); *Clark v. R.E.L. Prods., Inc.*, 1993 U.S. Dist. LEXIS 4788, at *7 (D. Kan. Mar. 4, 1993) (affirming magistrate judge's decision to deny adding expert witness before retrial). Endorsement of a new expert should not be used to promote a "lawyer's theory of how to 'plug the holes' of a case." *Cleveland*, 985 F.2d at 1450.

Here, Defendant has failed to demonstrate any manifest injustice and failed to make a timely motion.

### A. Defendant has failed to show that any manifest injustice would result if she is not permitted to endorse a second expert.

To begin with, Defendant has already endorsed one expert in this case, Eric Stanley. Mr. Stanley produced a report in support of Defendant's defenses on February 26, 2007, almost two years ago, and Plaintiffs expended time and resources to depose Mr. Stanley. For what appear to be obvious reasons, Defendant omits any explanation as to why she now needs a second expert. Indeed, it seems apparent that Defendant now seeks to add a new expert who will come to a different conclusion than her prior expert – a conclusion that will be more favorable to her defenses. Defendant's Motion fails to explain why she should be permitted to engage in such a course change immediately in advance of a retrial.

Moreover, a request to reopen discovery in advance of a new trial should be considered in light of the reasons behind the order for a new trial. *See Cleveland*, 985

4

F.2d at 1450. A retrial is not an "invitation to reopen discovery" and new experts are not permitted simply to "plug the holes" of a case. *Cleveland*, 985 F.2d at 1450; *see also Whitehead*, 173 F. Supp. 2d at 565 (refusing to allow a party to compensate for evidence "which easily could have been pursued prior to the first trial of this case").

Here, the Court ordered a new trial based on its view that one of the instructions provided to the jury in the first trial contained a legal error. (Doc. No. 197 at 40.) The Court's order for a new trial had nothing to do with any evidentiary issue or the discovery of new evidence after the first trial. Thus, there is no need for an additional witness, and Defendant should not be allowed to use the new trial as a means to plug the holes in her defense. Rather, the parties should present their evidence as they did in the first trial and submit the issues to the jury as instructed by the Court.

**B.     Defendant has failed to make a timely motion to endorse a second expert.**

This matter has been pending for more than two years and the Court's deadline to disclose experts expired nearly two years ago, in February 2007. (Doc. No. 11.) Defendant's Motion for leave to endorse a second expert is, thus, nearly two years late. In addition, Defendant has known of the new trial date since October 29, 2008, more than three months ago. Yet, Defendant waited until just weeks before the new trial date to make her Motion.

In an apparent effort to excuse her delay, Defendant claims to have recently received a $3,000 grant "to be used solely for engaging an expert." (Memorandum at 2.) This purported grant, however, does not excuse Defendant's delay for at least two

5

reasons.  First, Defendant endorsed Mr. Stanley as her expert and compensated him for his effort long before the first trial.  Thus, Defendant apparently had the funds and made a strategic decision to engage Mr. Stanley over another expert.  Second, Defendant also raised substantially more funds than the purported "grant" amount through her website more than a year ago,[1] and could easily have used that money to retain a second expert long ago had she chosen to do so.  In short, Defendant has no excuse for her failure to seek to endorse a second expert before now.

Because Defendant failed to show manifest injustice and failed to make a timely motion to endorse a second expert, her Motion should be denied.  Indeed, Plaintiffs are aware of no authority that would allow Defendant to endorse a second expert under the circumstances presented here and Defendant's Motion cites no such authority.

**II.  In the event the trial goes forward on March 9, Plaintiffs would also be substantially prejudiced if Defendant were allowed to endorse a second expert on the eve of the new trial date.**

Defendant's counsel has indicated he intends to move to continue the March 9 retrial to a later date.  As an initial matter, the date of retrial has no impact on the merits of Defendant's Motion.  As demonstrated above, Defendant has failed to demonstrate any need for a second expert, let alone any manifest injustice that would result from not having a second expert.  Defendant's Motion should be denied on this basis alone.  *See Cleveland*, 985 F.2d at 1450 (holding that moving party must demonstrate manifest injustice); *Whitehead*, 173 F. Supp. 2d at 565 (same).

---

[1] Defendant raised at least $13,900 for her legal defense.  (*See* Printout of "freejammie.com" dated October 13, 2007, attached hereto as Exhibit C.)

However, to the extent the retrial goes forward on March 9, allowing Defendant to endorse a new expert now would also cause substantial undue prejudice to Plaintiffs. March 9 is just weeks away, and Defendant has neither identified what opinions her purported expert might make nor stated when she intends to produce a report of such opinions. Even if Defendant could produce a report of her new expert by February 12, 2009, the hearing date set in her Motion, Plaintiffs would have less than four weeks to review the new expert's report, depose the new expert, find a rebuttal expert, prepare a rebuttal report, draft any necessary *Daubert* challenges, and prepare the new issues for trial. The limited amount of time before trial is simply not enough to allow Plaintiffs a meaningful opportunity to respond to a new, previously undisclosed expert.

Thus, in the event the Court does not continue the March 9 retrial date, the Court should deny Defendant's Motion for the additional reason that allowing Defendant to disclose a second expert at this late stage would substantially prejudice Plaintiffs.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's Motion.

Respectfully submitted this 5th day of February 2009.

7

#1387271 v4 den

/s/ Timothy M. Reynolds
Timothy M. Reynolds (pro hac vice)
David A. Tonini (pro hac vice)
Andrew B. Mohraz (pro hac vice)
HOLME ROBERTS & OWEN LLP
1700 Lincoln, Suite 4100
Denver, Colorado 80203
Telephone: (303) 861-7000
Facsimile: (303) 866-0200

Felicia J. Boyd (No. 186168)
Leita Walker (No. 387095)
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
Telephone: (612) 766-7000
Facsimile: (612) 766-1600

ATTORNEYS FOR PLAINTIFFS