IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| CAPITOL RECORDS INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; INTERSCOPE RECORDS, a California general partnership; WARNER BROS. RECORDS INC., a Delaware corporation; and UMG RECORDINGS, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Jammie Thomas,<br><br>Defendant. | Case No. 06-cv-1497 (MJD/RLE)<br><br>**DEFENDANT'S UNOPPOSED MOTION TO CONTINUE TRIAL DATE** |

Defendant, by and through her undersigned counsel moves the Court for an order continuing the commencement of the trial in the above-entitled matter, presently calendared for March 9, 2009, to such other and later date as is convenient for the Court.

Defendant's counsel avows that he has conferred with plaintiffs' counsel, Timothy Reynolds, who has authorized defendant's counsel to represent to the Court that plaintiffs have no objection to such continuance.

Defendant's grounds for the request are several, and taken together would compel the conclusion that granting a continuance of the trial date would be in the best interests of the parties and the Court.

Defendant's counsel has a serious conflict respecting the March 9 trial date. He and Karl Cambronne, representing class plaintiffs are going to try *Mooney, et all v. Allianz,* Case No. 06-cv-545 (ADM/FLN). Although Judge Montgomery has suggested that that trial may have to wait until some time early this summer, March 9 has been long been set as the date other co-counsel from other states will all meet at the offices of the undersigned for several days of intensive trial preparation. This is a large complicated trial with billions of dollars at issue.

Although defendant's counsel was well-aware of the potential conflict, it was much later that circumstances developed that caused him to have a major role in the Allianz trial. In any event, plaintiffs' counsel is satisfied with the reasons.

Secondarily, there is a motion extant to permit a limited modification of the scheduling order that would allow defendant to identify a new expert witness.

This motion is opposed by plaintiffs, but plaintiffs' memorandum in opposition points out the fact that, if Judge Erickson grants defendant's motion, plaintiffs would not have enough time to deal with this new addition to defendant's trial arsenal. Granting a continuance of the trial date would cure that particular concern.

Finally, the parties have had a very limited dialogue respecting settlement. Having additional time before trial would facilitate the same.

There are other reasons that support the request, but because of their personal nature, would have to be presented *in camera*.

Dated: February 6, 2009   Respectfully submitted,

**CHESTNUT & CAMBRONNE, P.A.**

By /s Brian N. Toder
    Brian N. Toder #17869X
    Bryan L. Bleichner, #0326689
    3700 Campbell Mithun Tower
    222 South Ninth Street
    Minneapolis, MN 55402
    (612) 339-7300
    Fax (612)336-2940

**ATTORNEYS FOR DEFENDANT**