UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

MINUTE ORDER

* * * * * * * * * * * * * * * * * *

Capitol Records, Inc., a Delaware
corporation; Sony BMG Music
Entertainment, a Delaware general
partnership; Arista Records LLC,
a Delaware limited liability
company; Interscope Records, a
California general partnership;
Warner Bros. Records, Inc., a
Delaware corporation; and UMG
Recordings, Inc. a Delaware
corporation,

                                Plaintiffs,

vs.

Jammie Thomas,

                                Defendant.        Civ. No. 06-1497 (MJD/RLE)

* * * * * * * * * * * * * * * * * *

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Defendant's Motion for an Extension of the

Discovery Schedule, in order that she might designate another expert witness, who did not appear at the prior Trial of this matter. See, <u>Docket No. 214</u>. A Hearing on the Motion was telephonically conducted on February 12, 2009, at which time, the Plaintiffs appeared by Timothy M. Reynolds, and Andrew B. Mohraz, Esqs., and the Defendant appeared by Brian N. Toder, and Bryan L. Bleichner, Esqs. For reasons which follow, we grant the Motion.

## II. <u>Factual and Procedural Background</u>

This case was tried to a Jury which, on October 4, 2007, returned a Verdict for the Plaintiffs. On October 15, 2007, the Defendant filed a Motion for a New Trial or, in the alternative, for a Remittitur. See, <u>Docket No. 109</u>. Thereafter, the District Court, the Honorable Michael J. Davis, Chief Judge presiding, vacated the Verdict, and attendant Judgment, and granted the Motion for a New Trial, on the ground that the Court had erred in its Instructions to the Jury. See, <u>Docket No. 197</u>. Although, at the time that the Defendant's Motion to Extend was filed, the retrial of the matter was scheduled to begin on March 9, 2009, by Order dated February 9, 2009, the Trial has been reset to May 11, 2009. See, <u>Docket No. 226</u>.

In support of the Motion, the Defendant argues that, at the time of the original Trial, she was without the funds to retain an expert for testimonial purposes and, at

Trial, the expert, who the Defendant had designated, was called by the Plaintiffs to testify. The Plaintiffs have a different take on that argument, and contend that the Defendant had planned one strategy for Trial purposes, which was an unsuccessful one, and that, as a result, the Plaintiffs subpoenaed the Defendant's designated witness to testify at Trial. Counsel for the Defendant disagrees, and notes that his law firm funded, in no small part, the Defendant's case, inclusive of the retention of experts, and that, only recently, the Defendant received a grant from the Free Software Foundation to retain an expert for Trial purposes.

Although not disclosed in her Motion papers, counsel for the Defendant advised at the Hearing that a contact was made with Dr. Yongdae Kim, a professor at the University of Minnesota, who has agreed to testify, on the Defendant's behalf, on the techniques of group and internet security, inclusive of the means by which an internet protocol address can be "hijacked," or impersonated, by others who are not the owner of that address. As the Defendant underscores, and the Plaintiffs concede, that subject matter is not new, and was a focus of the parties' respective contentions, and proof, during the course of the first Trial. The Defendant maintains that, there being nothing new or unique in the issues that Dr. Kim will address, his addition to the witness list will not prejudice the Plaintiffs. The Plaintiffs, however, contend that, since the issue

is not new, the Defendant has no valid reason for not retaining an appropriate expert to address that same issue during the first Trial.

Lastly, the Plaintiffs emphasize that the Defendant's Motion to Extend is extremely untimely, since it follows the expiration of the parties' respective expert disclosure deadlines by over two (2) years. See, Docket No. 11 (setting January 1, 2007, as the Plaintiffs' expert disclosure deadline, and February 1, 2007, as the Defendant's). The Defendant responds, however, that the Trial of this matter will not commence until May 11, 2009, so the Plaintiffs will not be blind-sided by the content of Dr. Kim's anticipated opinions, and will have time to depose him well in advance of Trial, since the Defendant has only requested a period of seven (7) days, should the Court grant leave to do so, to disclose Dr. Kim's expert report.

III. Discussion

The Plaintiffs urge that "a party seeking to endorse a second expert on retrial must demonstrate that 'manifest injustice' would result if the new expert is not allowed and must make a "timely motion" to endorse the new expert." Plaintiffs' Response, Docket No. 223, at p. 3, citing Cleveland v. Piper Aircraft Corp., 985 F.2d 1438, 1450 (10th Cir. 1993), cert. denied, 510 U.S. 908 (1993). The Court's ruling in Piper Aircraft, however, is not so easily pigeonholed. There, while not reversing a

Trial Court's ruling, "that only the witnesses and exhibits presented in the first trial could be introduced in the second trial," Cleveland v. Piper Aircraft Corp., supra at 1440, the Court took pains to endorse a flexible approach to such questions. As the Court explained:

> The district court has broad discretion in its control and management of trials. This discretion extends on remand to all areas not covered by the higher court's mandate. * * * The Federal Rules of Civil Procedure require that all actions be disposed of in a fair and expeditious manner. * * * Trial judges exercise broad discretion in limiting issues to be tried, evidence to be used (such as by avoiding cumulative and collateral proof), the time for oral argument, and the number of witnesses and experts who can be produced. Pretrial procedures are designated to manage trials, schedule and make expeditious discovery procedures, formulate issues, and provide fair notice of witnesses and proof to be adduced by all parties to litigation.
>
> Notwithstanding the recognition of the trial court's broad discretionary authority over such issues, its rulings nevertheless must be balanced with constitutional fairness so as not to prejudice the basic rights of the parties.

Id. at 1449 [citations omitted].

As particularly apropos, here, the Court observed as follows:

> The trial court is much more familiar with the conduct of the original trial, the needs for judicial management and the requirements of basic fairness to the parties in a new trial. We do not feel, however, that the trial court's ruling should

> be inflexible. Clearly, if the trial court perceives in limiting evidentiary proof in a new trial, a manifest injustice, to one side or the other,[1] the court must retain broad latitude and may with proper notice allow additional witnesses and relevant proof. In this regard, if a party makes a timely motion to produce new and material evidence which was not otherwise readily accessible or known, the court should, within the exercise of discretion, consider whether denial of the new evidence would create a manifest injustice. If a lay or expert witness is deceased or ill or for whatever reason unable to attend trial, the court should give every consideration to allowing additional witnesses to testify. This does not mean the court should allow cumulative evidence, but it does mean that the court should allow sufficient leeway for the parties to produce new evidence, without undue prejudice to their interest.

Id. at 1450.

Ultimately, the Court remanded the issue to the lower Court for reconsideration in accordance with the principles that the Court had set forth in its ruling, and there is no public record of whether the remand resulted in a different ruling by the Trial Court. Id.; see also, CGB Occupational Therapy, Inc. v. RHA Health Services, Inc., 499 F.3d 184, 190 n. 2 (3rd Cir. 2007); Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of America Co., 195 F.3d 765, 775 (5th Cir. 1999).

---

[1] We cite, as did the Court, Rule 16 -- actually 16(e) -- Federal Rules of Civil Procedure ("The court may modify the order issued after a final pretrial conference only to prevent manifest injustice."). See, Cleveland v. Piper Aircraft Corp., supra at 1450 n. 25.

Here, there can be no doubt that Dr. Kim is expected to provide expert opinion evidence that is important to the Defendant's case, and that was not readily accessible to her prior to her receipt of a grant from an interested Foundation. While we have no independent means to corroborate the Defendant's representations as to her lack of sufficient resources so as to adequately fund her defense, we accept the representations of her counsel, as an officer of this Court, and in the absence of proof which undermines their legitimacy. In that sense, there would be manifest injustice in precluding the Defendant from securing those expert opinions, as the retrial, the same as the Trial, is fundamentally a search for the truth. We make plain, however, that we do not here exercise the gatekeeping oversight that is reserved to the Trial Court, see, <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), for we simply conclude, in an exercise of our broad discretion, that the Defendant should be allowed to designate an expert witness to testify at Trial, if the opinions that Dr. Kim holds are competent, and relevant to the issues upon retrial, as determined by the Trial Court.

Nor do we overlook the untimeliness of the Defendant's Motion. However, in this Circuit, the Court looks to four (4) factors in determining whether an expert disclosure should be excluded on timeliness grounds. See, <u>Patterson v. F.W.</u>

Woolworth Co., 786 F.2d 874, 879 (8th Cir. 1986), and progeny; Morfeld v. Kehm, 803 F.2d 1452, 1456 (8th Cir. 1986), and progeny. While each line of precedent has somewhat different factors, they tend to meld in the analytical process, as we generally look to the reason for any delay in disclosure, the importance of the testimony, the time needed to prepare for the testimony, whether a continuance would be useful, any particular prejudice in the late disclosure, the ability of the opposing party to cure that prejudice, disruption to the orderly progression of the Trial, and any bad faith, or willfulness, by the party failing to comply with the Court's Order. See, e.g, Citizens Bank v. Ford Motor Co., 16 F.3d 965, 966 (8th Cir. 1994); Martinez v. Union Pacific R. Co., 82 F.3d 223, 227 (8th Cir. 1996); Marti v. City of Maplewood, Mo., 57 F.3d 680, 683 (8th Cir. 1995).

We find that those factors favor the grant of the Defendant's Motion. As we have already determined, Dr. Kim's anticipated opinions are important to the Defendant's case should they prove to be admissible; the reason the opinions were not offered earlier was financial, and not because of bad faith, or willfulness; the proposed disclosure will not disrupt the orderly Trial of this case; any prejudice to the Plaintiffs is cured by allowing the deposition of Dr. Kim, and permitting the Plaintiffs to designate a rebuttal expert, if needed; the proposed opinion is not novel; and there

remains sufficient time to assure that the interests of justice are served. Ultimately, upon the full exploration of Dr. Kim's opinions, the District Court might well exercise its discretion to limit, or exclude, that evidence from the retrial, but we find no basis, at this juncture, to preclude the Defendant from proffering that opinion evidence in anticipation of its admissibility. Accordingly, we grant the Defendant's Motion to Extend.

NOW, THEREFORE, It is --

ORDERED:

That the Defendant's Motion for Extension of Discovery Schedule [Docket No. 214] is GRANTED, and the Defendant shall have seven (7) days after the date of this Order to disclose the expert opinions of Dr. Kim, in accordance with Rule 26(a)(2), Federal Rules of Civil Procedure.

BY THE COURT

Dated: February 12, 2009          *s/Raymond L. Erickson*
                                  Raymond L. Erickson
                                  CHIEF U.S. MAGISTRATE JUDGE