# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| CAPITOL RECORDS INC., a Delaware corporation, *et al.*, | ) ) ) Case No. 06-1497 (MJD/RLE) |
| Plaintiffs, | ) ) **PLAINTIFFS' RESPONSE IN** ) **OPPOSITION TO DEFENDANT'S** |
| v. | ) **MOTION FOR ADDITIONAL TIME TO** ) **SERVE EXPERT REPORT** |
| JAMMIE THOMAS, | ) ) |
| Defendant. | ) ) |

Plaintiffs respectfully submit this Response in Opposition to Defendant's Motion for Additional Time to Serve Expert Report ("Motion") and state as follows:

## ARGUMENT

Defendant's Motion (Doc. 230) seeks a two-week extension of time for Defendant to make the discloses required by Rule 26(a)(2) for her second expert in this case. Defendant's Motion should be denied.

An extension of time under Rule 16 requires a showing of good cause. Fed. R. Civ. P. 16(b) ("A schedule shall not be modified except upon a showing of good cause"). Here, Defendant has known that she intended to disclose a new expert since before January 26, 2009, when she filed her motion seeking to extend the discovery schedule. (Doc. 214.) With this knowledge, Defendant proposed a seven-day deadline to make the required Rule 26(a)(2) disclosures in the event her motion to extend the discovery schedule was granted. Based on Defendant's request, the Court granted Defendant's

motion and ordered Defendant to make her Rule 26(a)(2) disclosures within seven days, on or before February 20, 2009.  (Doc. 229, at 9.)

Now, Defendant seeks to extend this deadline by nearly two weeks, to March 5, 2009, on the basis that the trial date has been continued and that Plaintiffs purportedly agreed to the extension.  Neither reason has merit.  First, Defendant has already had more than three weeks to prepare the required Rule 26(a)(2) disclosures and has provided no explanation for why she now needs an additional two weeks.  Second, Plaintiffs did not unequivocally agree to the requested extension as Defendant contends.  Rather, subject to conferring with Plaintiffs, undersigned counsel discussed Defendant's requested extension and related issues with Defendant's counsel twice, on Tuesday morning and Wednesday morning, February 17 and 18.  On Wednesday afternoon, after conferring with Plaintiffs, undersigned counsel advised Defendant's counsel that Plaintiffs would not consent.  Even if Defendant delayed work on the disclosures while the parties were conferring, that would not justify the two-week extension that Defendant has requested.  Finally, Defendant herself requested the seven-day deadline, which the Court granted.  Defendant's Motion offers no reason for why she could not complete the required disclosures within the time frame that she requested.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's Motion.

Respectfully submitted this 26th day of February 2009.

#1393069 v1 den

/s/ Timothy M. Reynolds
_____

Timothy M. Reynolds (pro hac vice)
David A. Tonini (pro hac vice)
Andrew B. Mohraz (pro hac vice)
HOLME ROBERTS & OWEN LLP
1700 Lincoln, Suite 4100
Denver, Colorado 80203
Telephone: (303) 861-7000
Facsimile: (303) 866-0200

Felicia J. Boyd (No. 186168)
Leita Walker (No. 387095)
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
Telephone: (612) 766-7000
Facsimile:  (612) 766-1600

ATTORNEYS FOR PLAINTIFFS

#1393069 v1 den