# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| CAPITOL RECORDS INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; INTERSCOPE RECORDS, a California general partnership; WARNER BROS. RECORDS INC., a Delaware corporation; and UMG RECORDINGS, INC., a Delaware corporation,<br><br>                Plaintiffs,<br><br>v.<br><br>Jammie Thomas,<br><br>                Defendant. | Case No. 06-cv-1497 (MJD/RLE)<br><br><br>**DEFENDANT'S COUNSEL'S MEMORANDUM OF LAW IN SUPPORT OF HIS SECOND MOTION TO WITHDRAW AS COUNSEL** |

Defendant's undersigned counsel has moved the Court for an Order permitting him to withdraw as her attorney as provided by LR 83.7(c). Defendant has been served with the Notice of Motion and Motion, proposed order and the Declaration of Brian N. Toder for *In Camera* Review and defendant's Declaration of Jammie Thomas-Rasset offered in support of her counsel's motion

The Declaration of Brian N. Toder has been filed for *in camera* review, because it identifies matters that provide the requisite good cause required by LR 83.7, and at the same time provides information that, if made available to plaintiffs, would unfairly prejudice defendant's continued assertion of her defenses.

1

The nexus between Minnesota Rule of Professional Conduct 1.16(b) and the Declaration of Brian N. Toder are readily apparent, and to restate them herein would defeat the purpose of the *in camera* filing.

Counsel to plaintiffs, Timothy M. Reynolds has authorized the undersigned to represent to the Court that plaintiffs take no position with respect to the instant motion, however, plaintiffs object to any continuance. Plaintiffs counsel have also authorized the undersigned to represent to the court that they also waive a hearing on the motion and instead would like 10 days to submit a response addressing any continuance.

Plaintiffs' counsel have previously advised that they do not waive any rights they may have to cause defendant's *in camera* filing to be revealed to them. Defendant's counsel, note that Electronic Case Filing Procedures for the District of Minnesota, X.(B) provides in pertinent part: "A judge who receives a document submitted for in camera review may direct the party who submits it to file the document electronically, using normal ECF procedures, or may otherwise handle and address the document as he or she deems most appropriate." Given such discretion, the Court is urged to consider the Declaration, but not require it to be filed electronically.

Your movant is mindful of the close proximity of this motion and the trial date, but there is a good reason for that. Previously, defendant's counsel moved to withdraw, but that motion was denied. See respectively, Dkt. Nos. 33 and 48. In the Order denying that motion the Court placed great emphasis on the undersigned's duty to the Court as well as to his client. With that concept in mind, your movant did not bring this

motion earlier in hopes that the threat of trial and his participation in meaningful, scheduled attempts to settle this case would best honor the Court's directive.

The settlement attempts failed. A trial date looms. Defendant's counsel has been working as the Court has ordered, having expended thus far $129,485 of uncompensated-for time that will never be recovered, coupled with the likelihood that a similar, additional amount will be incurred if ordered to continue representation of defendant who originally caused this firm by means of false representations. Please see Declaration of Brian N. Toder filed concurrently (under seal) with the instant motion.

In its previous Order the Court noted "that the Defendant has offered to continue to make regular, monthly payments to Toder, which evinces a good faith effort, on her part, to make good on her debt to him, and is also an indication that communications have not, in fact, broken down between Toder, and his client, to such an extent as to warrant a withdrawal." Order of August 31, 1997 (Dkt. No. 48). Please see Declaration of Brian N. Toder filed concurrently (under seal) with the instant motion which demonstrate the opposite.

Because many documents filed in this case make their way to media that result in national attention, the more significant arguments of the undersigned are provided under seal and *in camera*. Please see Declaration of Brian N. Toder filed concurrently (under seal) with the instant motion. The Court is beseeched to consider that filing as well as the previous submissions of counsel in his first motion for withdrawal.

Finally, defendant's undersigned counsel is painfully aware of the effects his motion has on the Court's scheduling and plaintiffs' efforts to put together their case in

3

chief.  So aware, your movant avows that he has had meaningful dialogue with other counsel who have indicated a strong desire and possibility, if not probability, that they will represent defendant if they are provided with enough time to prepare.   These counsel are already intimately familiar with the issues of the case, and your movant promises to use his best efforts to facilitate defendant's acquisition of new, competent counsel thus benefiting the Court in the spirit of Judge Erickson's Order.

Dated:   May 15, 2009	Respectfully submitted,

**CHESTNUT & CAMBRONNE, P.A.**

By /s/  Brian N. Toder
Brian N. Toder  (No. 17869X)
3700 Campbell Mithun Tower
222 South Ninth Street
Minneapolis, MN 55402
(612) 339-7300
Fax (612)336-2940

**ATTORNEYS FOR DEFENDANT**