UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **CAPITOL RECORDS INC.; SONY BMG MUSIC ENTERTAINMENT; ARISTA RECORDS LLC; INTERSCOPE RECORDS; WARNER BROS. RECORDS INC.;** and **UMG RECORDINGS INC.**,<br><br>*Plaintiffs*,<br><br>v.<br><br>**JAMMIE THOMAS**,<br><br>*Defendant*. | Case No. 06-cv-1497 (MJD/RLE) |

**DEFENDANT'S CORRECTED OPPOSITION TO PLAINTIFFS' MOTION TO AMEND JUDGMENT**

K.A.D. Camara
Joe Sibley
Camara & Sibley LLP
2339 University Boulevard
Houston, Texas  77005
713 893 7973
713-583-1131 (fax)
camara@camarasibley.com

Garrett Blanchfield
Brant D. Penney
Reinhardt, Wendorf & Blanchfield
332 Minnesota Street, Suite E-1250
St. Paul, Minnesota  55101
651-287-2100
651-287-2103
g.blanchfield@rwblawfirm.com

*Attorneys for Defendant Jammie Thomas*

Dated August 14, 2009

# DEFENDANT'S OPPOSITION TO PLAINTIFF'S TO PLAINTIFFS' MOTION TO AMEND JUDGMENT

Reading Plaintiffs' points and authorities in support of this motion reveals a single glaring deficiency.  Plaintiffs present an argument that because they owned or controlled copyrights, which Defendant at one time was found to infringe, and despite the jury awarding Plaintiffs damages for such infringement, Plaintiffs are entitled to a permanent injunction.  Plaintiffs believe that the Court is "required" to order it[1].  Plaintiffs' belief cuts hard across the grain of recent and longstanding United States Supreme Court precedent that "has consistently rejected invitations to replace traditional equitable considerations with a rule that an injunction automatically follows a determination that a copyright has been infringed." *eBay, Inc. v. MercExhchange LLC*, 547 U.S. 388, 391 (2006).[2]

In support of this entitlement theory Plaintiffs argue that "[o]nce infringement has been established, irreparable harm is presumed in copyright infringement actions."[3]  However, in its landmark decision of *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006) ("eBay"), the United States Supreme Court unanimously abrogated the long-standing general rule of the Federal Circuit that courts will automatically issue permanent injunctions against infringement absent exceptional circumstances.  Id. at 393-94.  Keeping in line with traditional principles of equity, the Court held that a plaintiff seeking a permanent injunction

---

[1] Plaintiffs' Motion to Amend Judgment (Doc No. 342), p. 6, lines 6-7.
[2] Citing *New York Times Co. v. Tasini*, 533 U.S. 483, 505 (2001); *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 578 n.10 (1994); *Dun v. Lumbermen's Credit Ass'n*, 209 U.S. 20, 23-24 (1908)).
[3] Plaintiffs' Motion to Amend Judgment (Doc No. 342), p. 5, lines 12-19

"must demonstrate, (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." Id. at 391. "An injunction should issue only where the intervention of a court of equity 'is essential in order effectually to protect property rights against injuries otherwise irremediable.'" Id. at 312, (quoting *Cavanaugh v. Looney*, 248 U.S. 453, 456, 39 S.Ct. 142, 63 L.Ed. 354 (1919)). The meaning of the Court's decision is unmistakable: plaintiffs "must demonstrate" the presence of the traditional factors, and therefore have the burden of proof with regard to irreparable harm. Id. at 391.

Despite the clear mandates of this seminal case, Plaintiffs' motion is devoid of any meaningful eBay factors analysis. Their mixed bag of citations focuses exclusively on the foreclosed presumption of irreparable harm, impliedly alluding to the factors only in passing. Plaintiffs have failed to carry their burden of demonstrating by substantial evidence, any of the four factors referenced above, especially irreparable harm and the inadequacy of a legal remedy. These latter two factors have been traditionally viewed as the basis for injunctive relief in the federal courts. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311-313 (1982).

Despite Plaintiff's insinuation that an injunction must issue following the Court's finding of infringement and validity, that is simply not the law. Plaintiffs' Motion to Amend Judgment must therefore be denied.

3

I.   **A FINDING OF INFRINGEMENT DOES NOT PRESUME IMPOSITION OF A PERMANENT INJUNCTION**

"It goes without saying that an injunction is an equitable remedy." *Weinberger v. Romero-Barcelo*, 456 U.S. 305 (1982). Naturally, "the decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts." *eBay,* 547 U.S. 388 at 1841 (2006). 17 U.S.C. § 502(a) gives the Court the power to grant a permanent injunction "as it may deem reasonable to prevent or restrain infringement of a copyright." Id. There is nothing in the text of Section 502 indicating a departure from traditional equitable practices for either a preliminary or a permanent injunction. It states only that the Court "may ... grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a).

A.   **THE PRESUMPTION OF IRREPARABLE HARM**

Before 2006, or "pre-eBay," many courts recognized that a finding of copyright infringement triggered a presumption of irreparable harm. *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.* 518 F.Supp.2d (collecting cases). It is upon this pre-eBay body of cases that Plaintiffs exclusively rely. See e.g. Plaintiffs' Motion to Amend Judgment (Doc No. 342), p. 5, lines 13-20 (citing several pre-eBay federal decisions) (*National Football League v. McBee & Bruno's, Inc.*, 792 F.2d 726, 729 (8th Cir. 1986); *Atari Inc. v. N. Am. Philips Consumer Elec. Corp.*, 672 F.2d 607, 620 (7th Cir. 1982); *MGE UPS Sys. v. Fakouri Elec. Eng'g*, 2004 U.S. Dist. LEXIS 19274, at 8 (N.D. Tex. 2004) ("When a plaintiff seeks an injunction under the Copyright Act, the plaintiff

4

establishes a rebuttable presumption of irreparable harm when the plaintiff shows that a valid copyright has been infringed."); *CBS Broad., Inc. v. Echostar Commc'ns, Corp.*, 276 F. Supp. 2d 1237, 1255 (S.D. Fla. 2003); *Universal City Studios v. Reimerdes*, 82 F. Supp. 2d 211, 215 (S.D.N.Y. 2000).

### B. THE ABROGATION OF THE PRESUMPTION OF IRREPARABLE HARM

In the permanent injunction context, the presumption of irreparable injury has been rejected[4]. In eBay, the Court relied on *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531 (1987), where the Court reversed the Ninth Circuit after it applied a presumption of irreparable harm in issuing an injunction pursuant to the federal Alaska National Interest Lands Conservation Act ("ANILCA"). eBay, 547 U.S. at 391. In doing so, *Amoco* held that "[t]his presumption is contrary to traditional equitable principles and has no basis in ANILCA." *Amoco*, 480 U.S. at 545. In relying on *Amoco*, and also its prior opinions under the Copyright Act, eBay foreclosed the possibility of "depart[ing] from the long tradition of equity practice" and applying a presumption of irreparable harm "following a determination that a copyright has been infringed." eBay, 547 U.S. at 391, 393.

---

[4] Many courts have held that, post-eBay, a presumption of irreparable harm does not exist. *Voile Mfg. Corp. v. Dandurand*, 551 F. Supp. 2d 1301, 1306 (D. Utah 2008); *Tiber Labs., LLC v. Hawthorn Pharms., Inc.*, 527 F. Supp. 2d 1373, 1380 (N.D. Ga. 2007); **Torspo Hockey Int'l., Inc. v. Kor Hockey Ltd., 491 F. Supp. 2d 871, 881 (D. Minn. 2007)**; *Novartis Pharms. Corp. v. Teva Pharms. USA, Inc.*, 2007 WL 2669338, at *13 (D.N.J. Sept. 6, 2007); *Sun Optics, Inc. v. FGX Int'l, Inc.*, 2007 WL 2228569, at *1 (D. Del. Aug. 2, 2007); *Allora, LLC v. Brownstone, Inc.*, 2007 WL 1246448, at *5 (W.D.N.C. Apr. 27, 2007); *Chamberlain Group, Inc. v. Lear Corp.*, 2007 WL 1017751, at 5 (N.D. Ill. Mar. 30, 2007); *Canon Inc. v. GCC Int'l Ltd.*, 450 F. Supp. 2d 243, 254 (S.D.N.Y. 2006); *z4 Techs., Inc. v. Microsoft Corp.*, 434 F. Supp. 2d 437, 442-45 (E.D. Tex. 2006).

In rejecting presumptions under the Patent Act, the eBay Court relied on its prior decisions construing the Copyright Act. Id. at 392-93 ("And as in our decision today, this Court has consistently rejected invitations to replace traditional equitable considerations with a rule that an injunction automatically follows a determination that a copyright has been infringed") (citing *New York Times Co. v. Tasini*, 533 U.S. 483, 505 (2001); *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 578 n.10 (1994); *Dun v. Lumbermen's Credit Ass'n*, 209 U.S. 20, 23-24 (1908)).

Nearly all courts, including this Court, have concluded the presumption to be irreconcilable with eBay's holding that it is the plaintiff who "must demonstrate ... irreparable injury," 547 U.S. at 391, because indulgence in the presumption would shift the burden of proof to the defendant[5]. This line of reasoning, which "appears to have been followed by perhaps every court expressly considering eBay," is well established. *Grokster*, 518 F.Supp.2d at 1210. See e.g. *IMX, Inc. v. LendingTree, LLC*, 469 F.Supp.2d 203, 224 (D.Del.2007) (detailing the "now-overturned presumption that a patent holder is irreparably harmed upon

---

[5] See, e.g., *Grokster*, 518 F.Supp.2d at 1211 (reasoning "that the presumption of irreparable harm no longer inures to the benefit of Plaintiffs" because "[s]uch a rule would contravene the Supreme Court's intent that Plaintiffs establish not merely that infringement causes 'harm,' but how it amounts to irreparable harm"); *MercExchange, L.L.C. v. eBay, Inc.*, 500 F.Supp.2d 556, 568 (E.D.Va.2007) (holding that "a presumption of irreparable harm is inconsistent with the Supreme Court's instruction that traditional equitable principles require the plaintiff to demonstrate that it has suffered an irreparable injury"); see also *Torspo Hockey Int'l, Inc. v. Kor Hockey Ltd.*, 491 F.Supp.2d 871, 881 (D.Minn.2007) (holding that in light of eBay, the Court may not presume irreparable harm as a function of success on the merits).

a finding of infringement"); *Paice, LLC v. Toyota Motor Corp.*, 2006 WL 2385139, at 4 (E.D.Tex. Aug.16, 2006) ("The eBay decision demonstrates that no presumption of irreparable harm should automatically follow from a finding of infringement."); *z4 Technologies, Inc. v. Microsoft Corp.*, 434 F.Supp.2d 437, 440 (E.D.Tex.2006) ("This language does not imply a presumption, but places the burden of proving irreparable injury on the plaintiff").

In the District of Minnesota, on December 22, 2005, the jury in *3M Innovative Properties Co. v. Avery Dennison Corp.* found that defendant infringed five claims of 3M's patent. *3M Innovative Properties Co. v. Avery Dennison Corp.*, 2006 WL 2735499 (D.Minn. 2006). On March 17, 2006, this Court granted 3M's motion for a permanent injunction and entered an order prohibiting Avery from marketing the product. It broadened the permanent injunction by modifying it on April 25, 2006 to include distributors as well.

Three days after *eBay* was issued, on May 18, 2006, Avery asked this Court to reconsider its issuance of the permanent injunction. District Judge John R. Tunheim granted the motion to reconsider and shortly thereafter vacated the prior injunction order, but granted a new injunction under the standards set forth in eBay.

In its *z4 Technologies, Inc. v. Microsoft Corp.* analysis, plaintiff z4 argued — as Plaintiffs do now — "that a finding of infringement and validity raises a rebuttable presumption of irreparable harm." The Court disagreed: "z4's arguments for the application of a presumption of irreparable harm are creative,

7

but z4 cannot cite to any Supreme Court or Federal Circuit case that requires the application of a rebuttable presumption of irreparable harm with regard to a permanent injunction." 434 F.Supp.2d 437 (E.D.Tex. 2006).

## II. PLAINTIFFS DO NOT ADDRESS THE FACTORS AND SO CANNOT CARRY THEIR BURDEN OF PROOF

### A. PLAINTIFFS HAVE NOT SHOWN THAT THEY HAVE IN FACT SUFFERED IRREPARABLE HARM

Irreparable harm cannot be presumed; the plaintiff must prove irreparable harm by substantial evidence—something Plaintiffs have clearly failed to do. *MercExchange L.L.C. v. eBay. Inc.*, 500 F.Supp.2d 556, 568-69 (E.D. Va. 2007). Under eBay, past infringement alone can no longer satisfy the irreparable harm element of the four-part test governing permanent injunctive relief. See e.g. *Grokster*, 518 F.Supp.2d at 1214 ("After eBay, Plaintiffs cannot rely on the pure fact of infringement in order to establish irreparable harm.").

### 1. Over The Course of Three Years of Litigation Plaintiffs Have Never Sought Preliminary Injunctive Relief

As a threshold matter, Plaintiffs' failure to seek preliminary injunctive relief weighs against its contention that it is facing irreparable harm absent an injunction. *MercExchange, L.L.C. v. eBay, Inc.*, 500 F. Supp. 2d 556, 573 (E.D. Va. 2007); *PGBA v. U.S.*, 389 F.3d 1219, 1229 (Fed. Cir. 2004) (no error to lower court for "consider[ing] [plaintiff]'s failure to seek a preliminary injunction as a factor weighing against a grant of injunctive relief"). For over three years Plaintiffs have pursued a damages theory. Three years have passed since Plaintiffs discovered the alleged infringement, yet they did not once seek preliminary

8

injunctive relief. Plaintiff's approach during those years sharply contrasts with its newfound fear of future "irreparable harm." Plaintiffs' failure to seek preliminary injunctive relief is not surprising in light of its inability to articulate a theory of irreparable harm.

Plaintiffs set forth a number of factors that they believe weigh in favor of a finding of irreparable harm. However, the absence of such evidence at trial, and the meager discussion of the factors alluded to by Plaintiffs, will preclude any finding of irreparable harm.

Plaintiffs try to demonstrate irreparable injury by relying primarily on the Federal Circuit's "presumption" of irreparable harm. The anchor of Plaintiffs' motion is that "[o]nce irreparable harm is presumed, injunctive relief is appropriate because damages alone are not an adequate remedy.[6]" See e.g., Plaintiffs' Motion to Amend Judgment (Doc No. 342), p. 6, lines 3-9 ("Difficulties in calculating damages in copyright cases have led to the *presumption* that copyright and trademark infringement causes irreparable harm … [t]hus, Plaintiffs respectfully submit that an injunction in this case is not only warranted but <u>required</u>.") (emphasis added). Because Plaintiffs attempt to prove irreparable injury by relying primarily on the Federal Circuit's "presumption" of irreparable

---

[6] See Plaintiffs' Motion to Amend Judgment (Doc No. 342), p. 6, lines 1-2 (emphasis added).

9

harm abrogated by the United States Supreme Court in eBay,[7] each argument flowing from that extinct presumption is moot.

### B. PLAINTIFFS OFFER NO EVIDENCE CAPABLE OF SUPPORTING PERMANENT INJUNCTIVE RELIEF

To establish its right to injunctive relief, a plaintiff must present evidence in the form of declarations, affidavits and documents that support its request. Mere attorney argument is not enough. See *Nutrition 21 v. United States*, 930 F.2d 867, 872 (Fed. Cir. 1991) (finding that the patentee provided "no more than attorney's argument inappropriately invoking decisions where, unlike here, an adequate supporting record had been made"); *Tseng v. Home Depot USA, Inc.*, 2006 WL 521723 at 3 (W.D. Wash. Mar. 2, 2006) (striking portions of declaration in support of request for preliminary injunction because an "attorney's statement and argument is not evidence"); *Jamaica Ash & Rubbish Removal Co. v. Ferguson*, 85 F. Supp. 2d 174, 182 (E.D.N.Y. 2000) (denying injunctive relief because "the only 'evidence' offered by Plaintiffs in support of this argument is found in the February 18, 1999 affidavit of Stephen P. Scaring, Plaintiffs' attorney[, but] an attorney's statement or argument is not evidence.")

---

[7] In eBay, the Supreme Court instructed the lower courts to look to "well-established principles of equity," and cited *Amoco Production Co. v. Gambell*, 480 U.S. 531 (1987). eBay, 126 S. Ct. at 1839. In *Amoco,* the Court rejected any presumption of irreparable harm in the injunction context as "contrary to traditional equitable principles." 480 U.S. at 544-45; see also *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577, 584 (1994) (cited in eBay) (noting that an evidentiary presumption was improper in the analogous area of copyright law); eBay, 126 S. Ct. at 1839 ("A plaintiff must demonstrate: (1) that it has suffered an irreparable injury ....") (emphasis added).

The difference between Plaintiffs' trial strategy and post-judgment strategy is time. At the second trial, Plaintiffs focused on past acts; whereas now, the success of Plaintiffs' motion turns on convincing the Court that Defendant is the likely cause of future speculative acts of "innumerous" unidentified "potential" internet users. No record evidence reasonably supports such a conclusion. Plaintiffs' brief contains conclusory arguments, but no substantial evidence linking Defendant in her individual capacity to Plaintiffs' alleged irreparable harm.

Looking at the purported evidence offered in both; Plaintiffs' motion for injunctive relief shares common features with its notorious litigation campaign. Noticeably, each seeks to impute a perceived general injury, caused by the independent actions of a large number of individuals — without any nexus of causation — to a single defendant.

At trial, Plaintiffs offered no evidence showing that Defendant's individual conduct caused the "great and irreparable injury that cannot be fully compensated or measured in money" of which Plaintiffs claimed to be victims of. Opting not to offer evidence of their actual injuries, Plaintiffs elected instead to pursue an award of statutory damages entirely for purposes of punishment and deterrence. The closest they came was in identifying, mainly in arguments by counsel, injuries to their industry as a whole caused by illegal music sharing as a whole; when pressed, their witnesses — recall the testimony of Mr. Leak — were not able to attribute any particular part of this injury to Mrs. Thomas's alleged actions.

The flaw in Plaintiffs' reasoning is their failure to acknowledge that eBay changed the law.  Under eBay, *Plaintiffs* have the burden of presenting evidence that establishes their entitlement to a permanent injunction.  126 S. Ct. at 1839.  Instead of presenting evidence to meet their burden, Plaintiffs argue that they are so entitled — that injunctive relief "is not only warranted but required." Plaintiffs" Motion to Amend Judgment, p. 6, lines 6-7.

Plaintiffs' attempt to shift the burden to Defendant to prove that an injunction should not issue was rejected by the Supreme Court in eBay.  126 S. Ct. at 1840.  Plaintiffs more quietly rely on the historical practice of the courts ordering injunctive relief in copyright cases.  But, as Chief Justice Roberts himself acknowledged in eBay, "[t]his historical practice ... does not entitle … a permanent injunction or justify a general rule that such injunctions should issue." eBay, 126 S. Ct. at 1841 (emphasis in original).

### 1.   Any Harm That Plaintiffs Allege Is Entirely Speculative

Plaintiffs further attempt to satisfy their burden by making the unsupported, conclusory and speculative argument that "[h]ere the ease, scope, and history of Defendant's infringement warrant the requested [permanent] injunction." Plaintiffs' Motion to Amend Judgment, p. 6, lines 14-15.  But such conclusory and speculative attorney argument cannot establish the existence of irreparable injury. See *Nutrition 21*, 930 F.2d at 872; *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 488 (3d. Cir. 2000) ("insist[ing] that the risk of irreparable harm must not be speculative");  injunctive relief is unavailable where claim of future injury is

speculative, *Guerrero v. Gates*, 110 F. Supp. 2d 1287, 1290 (C.D. Cal. 2000) (injunctive relief is unavailable where claim of future injury is speculative). Moreover, in eBay, the Court indicated that a violation of the right to exclude is not enough on its own to justify permanent injunctive relief. 126 S. Ct. at 1840.

Certain sections of Plaintiffs' brief are nonsensical. Take the following statement for example:

> "Furthermore, the nature of Defendant's means of infringement—a peer-to-peer file sharing network with tens of millions of potential users—has resulted in the distribution of Plaintiffs' copyrighted sound recordings to innumerable other people, who, in turn, are likely to further distribute Plaintiffs' sound recordings to others."

Plaintiffs Motion to Amend Judgment, p. 6, lines 18-21.

This is speculation within speculation. The statement first presupposes that "tens of millions of **potential users**" exist. No empirical evidence is offered in support. Second, it draws a hard factual conclusion: those millions of potential (not actual) users actually caused the distribution of Plaintiffs' sound recordings. A conclusory statement; again made without proof of any kind. Third comes a final conclusory statement: this time that those potential (not actual) users, who Plaintiffs conclude (without evidence) actually distributed its sound recordings to "innumerable other people" make it somehow "likely" that those "innumerable other[s]" will distribute Plaintiffs' sound recordings to more (presumably also innumerable) "others."

In *Precision Automation, Inc. v. Tech. Servs.*, although the plaintiff submitted several declarations to claim past harm, because it failed to "provide

13

evidence of any specific examples of such lost sales," the Precision court found its submission insufficient to establish irreparable injury. Id. at 4-7. The Precision court particularly rejected "speculation about possible future harm" because it was not "supported by evidence in the record such as customer statements, sales data, or market-share information." Id. 2007 WL 4480739, at 2-3 (D. Or. Dec. 14, 2007).

### 2. Plaintiffs' Evidence Does Not Establish Proximate Cause

Moreover, Plaintiffs cannot establish proximate cause. A copyright holder's injury is defined by the harm to the infringed materials and the copyright holder's rights in those materials — not by harm to a copyright holder's other non-infringed, unrelated products. *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 512 (9th Cir. 1985) ("'[a]ctual damages' are the extent to which the market value of a copyrighted work has been injured or destroyed by an infringement"); *Cream Records, Inc. v. Jos. Schlitz Brewing Co.*, 754 F.2d 826, 827-828 (9th Cir. 1985). In the patent context for example, the Ninth Circuit has found that lost sales on non-infringed products caused by defendant's infringement are not compensable. *Velo-Bind, Inc. v. 3M Co.*, 647 F.2d 965, 973 (9th Cir. 1981). As explained by that court, there are "many elements of damage which may be caused by an infringement and yet which are unrecoverable as a matter of law." Id. Just because Plaintiffs' lost market share may have theoretically been connected to Defendant's infringement does not mean that such lost market share constitutes injury which the Copyright Act is designed to protect.

14

### 3. Plaintiffs Evidence Does Not Define The Market

Importantly Plaintiffs' failed to factually establish any loss. They presented no evidence of actual lost market share, nor did Plaintiffs define the market. *Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l*, 246 F.3d 1336, 1356 (Fed. Cir. 2001) (to determine a plaintiffs lost market share, record must accurately identify the market). Thus, Plaintiffs cannot as a matter of law establish a market share theory of irreparable injury. *Advanced Cardiovascular Sys. Inc. v. Medtronic Vascular, Inc.*, F.Supp.2d, 2008 WL 4397476, at 4 (D. Del. Sept. 26, 2008) (plaintiff failed to provide evidence of specific customers it lost, or stands to lose, as a direct result of infringement); *IMX, Inc. v. LendingTree LLC*, 469 F. Supp. 2d 203, 225 (D. Del. 2007) (no injury based on market share where plaintiff "put forward no evidence of irreparable harm resulting from defendant's infringement, for example, market or financial data, to support its sweeping statements"); *Precision*, 2007 WL 4480739.

Plaintiffs have failed to support their conclusions with even a scintilla of evidence and have fallen woefully short of the substantial evidence standard by which Plaintiffs' motion must be measured.

### 4. Infringement of Exclusive Rights Is Insufficient to Establish Irreparable Injury

Although not expressly asserted, Plaintiffs allude to the notion that interference with exclusive rights under the Copyright Act standing alone constitutes irreparable injury. This notion is incorrect. In *Grokster*, for example, the court held in rejecting *Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d

15

958 (8th Cir. 2005), a case relied upon by Plaintiffs, that: "[T]his Court is not persuaded by the Eighth Circuit's pre-eBay conclusion in *Taylor* that because '[a plaintiff] certainly has the right to control the use of its copyrighted materials, ... irreparable harm inescapably flows from the denial of that right.' In substance, such language is nothing more than a disguised presumption, particularly with the use of the word 'inescapably.'" After eBay, Plaintiffs cannot rely on the pure fact of infringement in order to establish irreparable harm. *Grokster*, 518 F. Supp. 2d at 1211 n.13. Likewise, *Amado v. Microsoft Corp.*, 2007 U.S. Dist. LEXIS 96487, at 37, held that construction of irreparable harm like that alluded to here by Plaintiffs clearly conflicts with "the Supreme Court's reasoning that the right to exclude does not automatically justify the issuance of injunction."

### C. THE BALANCE OF HARDSHIPS DOES NOT WARRANT INJUNCTIVE RELIEF

To prevail on its Motion for the extraordinary remedy of injunctive relief, Plaintiffs also must demonstrate that the balance of hardships weighs in their favor. eBay, 547 U.S. at 391. For their part, Plaintiffs do not address this element in their brief and offer no related evidence. Accordingly, Plaintiffs cannot carry the burden of this element as a matter of law. Plaintiffs merely repeat their claim that they will be irreparably harmed, but fail to even speculate as to what specific form that hardship would allegedly take in the absence of a permanent injunction.

### D.   THE PUBLIC INTEREST WOULD NOT BE SERVED BY AN INJUNCTION

Injunctive relief is inappropriate where it would run counter to the public interest. eBay, 547 U.S. at 391. The goals of copyright law are not always served by granting injunctive relief. *Campbell*, 510 U.S. at 578 n.10. The goals of copyright are to promote creativity and competition; rewarding the author is merely a secondary by-product. See *Sony Corp. v. Universal Studios*, 464 U.S. 417, 499-500 (1984). As one leading scholar has said, "copyright doctrine should ... conform to the general constitutional rule which restricts use of the injunctive remedy against conduct which is consonant with first amendment rights, once again with the qualification that those rights encompass the public's right to receive information and knowledge." James L. Oakes, Copyrights and Copyremedies: *Unfair Use and Injunctions*, 18 Hofstra L. Rev. 983, 997 (1990).

This case has never been about protecting copyright interests but about setting a fierce example intended to instill fear in Plaintiffs' former and current customers. For nearly a decade, Plaintiffs have pursued its overly broad claims using scare tactics and brute legal force against the unrepresented and less advantaged customer. For years, Plaintiffs have known about the minimal impact of its litigation campaign on peer-to-peer file sharing activity and Plaintiffs' sales figures. Nonetheless Plaintiffs went full force ahead because it was profitable.

Instead of eliminating the source of the problem, Plaintiffs have elected to sue their own unsuspecting customers who as a result may develop a certain disdain for the Plaintiffs and the sound recording industry generally. Such ill will

between consumers and an entire segment of the United States economy is bad for consumers, bad for corporations like Plaintiffs, and ultimately runs contrary to the public interest.

### D. PLAINTIFFS HAVE AVAILED THEMSELVES OF AN ADEQUATE REMEDY AT LAW

The monetary judgment entered in favor of Plaintiffs is extraordinary.  It is beyond sufficiently adequate to compensate Plaintiffs for any past infringing acts alleged.  Plaintiffs have voluntarily settled literally thousands of nearly identical lawsuits against similarly situated defendants for fractional amounts of the judgment awarded in the second trial of this case.

Plaintiffs allege continuing infringement generally, but have not alleged that Defendant is herself is now infringing.  Nor do they allege any facts or offer evidence demonstrating a likelihood that Defendant will act in the future in a manner threatening or harmful to Plaintiffs' copyright.

17 U.S.C. § 502(a) gives the Court the power to grant a permanent injunction "as it may deem reasonable to prevent or restrain infringement of a copyright."  However, the permanent injunction Plaintiffs seek can neither prevent or restrain the future threat of infringement claimed.

Plaintiffs' motion is not directed at Defendant.  Plaintiffs allege that Defendant's past conduct "has resulted in the distribution of Plaintiffs' copyrighted sound recordings to innumerable other people, who, in turn, are likely to further distribute Plaintiffs' sound recordings to others."  Plaintiffs' Motion to Amend Judgment, p. 6, lines 20-23.  But directly regulating the conduct of

"innumerable other people" who are not parties to these proceedings is an unrealistic notion. Permanently enjoining Defendant individually, by Plaintiffs' own admission, could do nothing to prevent the future threat described. If Plaintiffs truly believe that the wheels have been set in motion, then assuming that Defendant never even so much as checks her email again, Plaintiffs would be in no better position than they are now.

From a practical perspective, the shocking dollar amount awarded in the second trial is adequate standing alone. The deterrent effect of the highly publicized verdict has already done far more to protect Plaintiffs' copyright than Plaintiffs could reasonably expect to accomplish by means of even the broadest injunction. Ironically, Plaintiffs shy away from such publicity.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' request for an injunction should be denied since they have have not demonstrated irreparable harm or any of the other factors required by the Supreme Court in eBay.

Respectfully submitted,

/s/ K.A.D. Camara
K.A.D. Camara
Camara & Sibley LLP
2339 University Boulevard
Houston, Texas  77005
713 893 7973
713-583-1131 (fax)
camara@camarasibley.com

Garrett Blanchfield
Brant D. Penney
Reinhardt, Wendorf & Blanchfield
332 Minnesota Street, Suite E-1250
St. Paul, Minnesota  55101
651-287-2100
651-287-2103
g.blanchfield@rwblawfirm.com

*Attorneys for Defendant Jammie Thomas*

Dated: August 14, 2009