# IN THE UNITED STATES OF DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

CAPITOL RECORDS, INC., *et al.*,

    Plaintiffs,

vs.

JAMMIE THOMAS-RASSET,

    Defendant.

Case No.: 06cv1497-MJD/RLE

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO AMEND JUDGMENT**

## INTRODUCTION

Plaintiffs' Motion to Amend Judgment ("Motion," Doc. No. 342) demonstrated that Plaintiffs are entitled to injunctive relief as requested in the Complaint (Doc. No. 1 at 5-6). In her Opposition ("Opposition," Doc. No. 357), Defendant argues in conclusory fashion that the Court should deny Plaintiffs' request based on an analysis of the four factors set out in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006). The entire premise of Defendant's Opposition is that *eBay* changed the law relating to injunctions in the copyright context by precluding any presumption of irreparable harm in favor of a plaintiff, and that, as a result, Plaintiffs cannot establish that they are entitled to an injunction. As discussed below, Defendant is wrong on the law and wrong on the need for an injunction in this case.

First, *eBay* is a *patent* infringement case that considered, and overruled, the Federal Circuit's general rule, "*unique to patent disputes*," that a permanent injunction will issue automatically once patent infringement and validity have been adjudged. *eBay*,

547 U.S. at 393-94 (emphasis added).  As *eBay* itself implicitly acknowledges, there is no general rule of automatic injunctions in *copyright* cases and none is claimed by Plaintiffs here.  Contrary to Defendant's contention, *eBay* did not even address much less alter the established law with respect to the presumption of irreparable harm in cases of proven *copyright* infringement.

Second, Plaintiffs easily satisfy the four factor test for permanent injunctions set forth in *eBay*:  (1) Plaintiffs have suffered clear irreparable injury as a result of Defendant's illegal conduct; (2) the remedies available to Plaintiffs at law are inadequate to compensate Plaintiffs for their injuries; (3) the balance of hardships between Plaintiffs and Defendant weighs heavily in favor of an injunction; and (4) the public interest would clearly be served by a permanent injunction.

Many courts around the country have addressed injunctive relief in the copyright infringement context since *eBay* and have determined that (1) the presumption of irreparable harm survives *eBay*; and (2) even if the *eBay* factors are strictly applied without any presumption of harm, the record company plaintiffs are still entitled to injunctive relief in cases involving copyright infringement over peer-to-peer networks.  Indeed, post-*eBay*, this Court has entered the same injunctive language requested by the plaintiffs in another peer-to-peer infringement case.  *See Warner Bros Records Inc. v. Mollerud*, No. 08-cv-5444, 2009 U.S. Dist. LEXIS 63102, *2-3 (D. Minn. July 22, 2009).

The Court's *Mollerud* decision is in accord with courts around the country that have analyzed Plaintiffs' request for injunctive relief against peer-to-peer infringers post-*eBay* and have found that Plaintiffs easily satisfy the four *eBay* factors.  *See, e.g., Virgin*

2

*Records America, Inc. v. Bagan*, No. 08-cv-4694, 2009 U.S. Dist. LEXIS 62303, *11-14 (D.N.J. July 21, 2009); *Capitol Records, LLC v. McEwan*, No. 08-cv-473, 2009 U.S. Dist. LEXIS 2073, *6-8 (E.D.N.C. Jan. 13, 2009); *Sony BMG Music Entm't v. Gray*, No. 07-cv-4854, 2008 U.S. Dist. LEXIS 70128, *10-12 (N.D. Cal. Sept. 15, 2008); *UMG Recordings, Inc. v. Blake*, No. 06-cv-120, 2007 U.S. Dist. LEXIS 46414, *6-8 (E.D.N.C. June 26, 2007); *Lava Records, LLC v. Ates*, No. 05-cv-1314, 2006 U.S. Dist. LEXIS 46683, *11-13 (W.D. La. July 11, 2006).[1]

These and other cases cited below demonstrate that *eBay* did not produce the seismic upheaval in analysis of copyright injunctions that Defendant claims. Whether Plaintiffs' request for injunctive relief had been made pre- or post-*eBay*, the result is the same – Plaintiffs are entitled to the injunction they have requested. Two separate juries have now found that Defendant engaged in *willful* copyright infringement of Plaintiffs' sound recordings. The evidence at trial showed that Defendant knew what she was doing was wrong and that she did it anyway. The evidence also demonstrated that, after Defendant was caught, she tried to conceal her infringing conduct and provided false evidence to Plaintiffs and to her own expert in an effort to avoid liability. Since the

---

[1] Plaintiffs also note that some courts have found that it may not be necessary to satisfy the four-factor *eBay* test in cases where Congress has specifically authorized injunctive relief. *See, e.g., CoxCom, Inc. v. Chaffee*, 536 F.3d 101, 112 n.14 (1st Cir. 2008) ("we note that where Congress has specifically authorized injunctive relief, as is the case with Section 553 and the DMCA, it may not be necessary to satisfy the four-factor test"). Plaintiffs do not concede that the factors apply where, as in this case, the Copyright Act specifically authorizes injunctive relief. *See* 17 U.S.C. § 502. Since the *eBay* standard is easily met here, however, Plaintiffs will analyze this case within that framework.

second jury verdict against her, Defendant has remained unrepentant and obstinate, and has avowed that Plaintiffs will never recover any monetary relief from her. These circumstances demonstrate that Defendant's illegal conduct will not be restrained by mere monetary damages, and that a permanent injunction in necessary to require that Defendant simply comply with the law under the Copyright Act.

## ARGUMENT

**A.    Irreparable Injury To Plaintiffs Is Presumed In This Case, Notwithstanding The Decision In *eBay*.**

Regarding the first *eBay* factor, once infringement has been established – as the jury found in this case (Doc. No. 336 at 6-9) – irreparable harm is presumed in copyright infringement actions. *See* Mot. at 5; *National Football League v. McBee & Bruno's, Inc.*, 792 F.2d 726, 729 (8th Cir. 1986). Defendant's argument that *eBay* reversed the presumption of irreparable harm *in copyright cases* (Opp. at 5-8) overstates the Supreme Court's holding and ignores subsequent case law holding that it did not.[2]

*eBay* overruled the Federal Circuit's general rule, "unique to patent disputes," that a permanent injunction will issue automatically once patent infringement and validity have been adjudged. *eBay*, 547 U.S. at 393-94. In rejecting the Federal Circuit's automatic injunction rule, *eBay* held that district courts must assess Plaintiffs' request for permanent injunctive relief in a patent infringement case under the traditional four-factor

---

[2] In fact, the overwhelming majority of cases cited by Defendant to demonstrate the abrogation of presumed irreparable harm post-*eBay* (Opp. at 5 n.4) are patent cases, not copyright cases. And the patent cases cited by Defendant from the District of Minnesota, the District of New Jersey, and the Southern District of New York ignore other decisions from these courts applicable to the copyright context. *See, supra*, pp. 2-3.

4

test for granting injunctions. *eBay*, 547 U.S. at 391. In reaching its decision, the Court stated that the use of the four-factor test is "consistent with our treatment of injunctions under the Copyright Act." *Id.* at 392. Nowhere in its opinion did the Court even address, let alone reverse, the long-standing presumption of irreparable harm that stems from a finding of copyright infringement.

Many courts that have addressed injunctive relief in the copyright infringement context since *eBay* have found that the presumption of irreparable harm survives. *See, e.g.*, *Salinger v. Colting*, No. 09-cv-5095, 2009 U.S. Dist. LEXIS 56012, *46 & n.6 (S.D.N.Y. July 1, 2009) (holding that *eBay* is not controlling in a copyright case and that success on the merits in a copyright case creates a presumption of irreparable harm to the copyright holder); *Warner Bros. Entm't Inc. v. RDR Books*, 575 F. Supp. 2d 513, 552 (S.D.N.Y. 2008) (considering a copyright infringement claim and holding that district courts have continued to apply the presumption of irreparable harm post-*eBay*); *Blake*, 2007 U.S. Dist. LEXIS 46414 at *7 (applying the four *eBay* factors in a copyright case and finding that "[i]rreparable injury is presumed when a plaintiff succeeds on the merits," and that, "[c]onsequently, plaintiffs need not show irreparable harm"); *Busch v. Seahawk Software Dev., L.L.C.*, No. 04-cv-0425, 2006 U.S. Dist. LEXIS 39484, *12-13 (D. Ariz. June 12, 2006) (applying *eBay* and holding that success on the merits in a copyright infringement case entitles the copyright holder to a presumption of irreparable harm).

In fact, contrary to Defendant's contention (Opp. at 7),[3] this Court has found that the presumption of irreparable harm still exists in non-patent cases after *eBay*. *See Gold's Gym Licensing, LLC v. K-PRO Mktg. Group, Inc.*, No. 09-cv-1211, 2009 U.S. Dist. LEXIS 65329, *4 (D. Minn. July 28, 2009). In *Gold's Gym*, the court considered a plaintiff's motion for preliminary injunction based on a trademark infringement claim. In assessing the request for injunctive relief, the court determined that the presumption of irreparable harm exists after the *eBay* decision:

> In *eBay v. MercExchange, L.L.C.*, the Supreme Court disapproved the Federal Circuit's general rule that, in patent cases, a permanent injunction should issue once infringement and validity have been found. Instead, the Supreme Court held, courts must consider the traditional four-factor test to determine if an injunction is warranted. *Some courts have suggested that eBay may preclude a presumption of irreparable harm in other intellectual-property cases, including those involving trademark infringement. In this case, however, the Court will apply the presumption* . . .

*Id*. (internal citations removed) (emphasis provided).

Accordingly, the copyright jurisprudence both before and after the *eBay* decision supports a presumption of irreparable harm in favor of Plaintiffs.

---

[3] To support her contention that presumed harm no longer exists post-*eBay*, Defendant relies on two cases from the District of Minnesota: *Torspo Hockey Int'l, Inc. v. Kor Hockey Ltd.*, 491 F. Supp. 2d 871 (D. Minn. 2007) and *3M Innovative Props. Co. v. Avery Dennison Corp.*, No. 01-cv-1781, 2006 WL 2735499 (D. Minn. Sept. 25, 2006). Both of these cases are patent infringement cases, however, and Defendant cites no authority from the District of Minnesota regarding non-patent cases.

**B.      Plaintiffs Have, In Any Event, Proved Irreparable Harm In This Case.**

Not only are Plaintiffs entitled to a presumption of irreparable harm in this case, Plaintiffs have also demonstrated the irreparable harm caused by Defendant's willful infringement of their copyrights.

First, the facts of this case offer a textbook example of irreparable harm and why a permanent injunction is necessary.  Defendant's Opposition conveniently ignores the evidence presented at trial demonstrating the egregiousness of Defendant's infringement (downloading and distributing more than 1700 sound recordings including many whole albums on the KaZaA file sharing network), her continued unwillingness to take responsibility for her misconduct, her attempt to cover up her infringement *after she was caught* by providing the wrong hard drive during discovery, her repeated attempts to shift the blame for her conduct to others, and her ongoing commitment to ensure that Plaintiffs receive no monetary remedy for her illegal behavior.  Plaintiffs' evidence showed that Defendant knew what she was doing was wrong, that she did it anyway, and then lied about it for years.  Through two trials, Defendant still shows no remorse whatsoever for her actions and has made it clear that she has no intention of ever satisfying any portion of the judgment against her.  *See* Alex Ebert, *Download Damages: $1.9 Million*, STAR TRIBUNE, June 19, 2009, at A1 (quoting Defendant's response to a reporter's question regarding the damage award, "The only thing I can say is, 'Good luck getting it from me.'").  Defendant's argument (Opp. at 18) that Plaintiffs cannot demonstrate irreparable harm because the jury awarded them monetary damages falls flat considering Defendant's steadfast commitment never to satisfy any portion of the judgment.  *See*

7

#1425196 v6 den

*Ates*, 2006 U.S. Dist. LEXIS 46683 at *12 (irreparable harm includes that "which will not be remedied by a damage award that may or may not be collectible").

Second, it is well established that post-infringing conduct can be used to establish the need for a permanent injunction. *Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 968 (8th Cir. 2005). Here, Defendant's misconduct after she was caught—including providing false evidence during discovery, refusing to take responsibility for her actions, attempting to shift blame to others, and committing herself not to satisfy any portion of the judgment against her—further demonstrates the need for a permanent injunction.

Third, as a practical matter, measuring damages from P2P copyright infringement is difficult, if not impossible, due to the fact that online "[p]iracy typically takes place behind closed doors and beyond the watchful eyes of a copyright holder." *Warner Bros. Records, Inc. v. Payne*, No. 06-cv-51, 2006 U.S. Dist. LEXIS 65765, *10 (W.D. Tex. July 17, 2006); *see also Universal City Studios, Inc. v. Reimerdes*, 111 F. Supp. 2d 294, 343-44 (S.D.N.Y. 2000) ("difficulties [in calculating damages in copyright cases] have led to the presumption that copyright and trademark infringement cause irreparable injury, *i.e.*, injury for which damages are not an adequate remedy.") Indeed, as Dr. Doug Jacobson and MediaSentry's Chris Connelly testified at trial, the very nature of KaZaA is to allow anonymous file sharing and, as a result, to prevent copyright holders from being able to record or even monitor every act of infringement over the P2P network. Thus, the very network that Defendant chose to use to infringe Plaintiffs' copyrights prevents

Plaintiffs from knowing the true extent of both Defendant's infringement and the harm to Plaintiffs caused by Defendant's infringement.

Fourth, Plaintiffs provided extensive evidence at trial demonstrating that Defendant's infringements have caused serious damage to Plaintiffs. Plaintiffs' witnesses, including Wade Leak and JoAn Cho, testified to the substantial harm caused by the massive distribution of their copyrighted sound recordings over peer-to-peer networks such as KaZaA, including lost revenues, layoffs, and a diminished capability to identify and promote new talent. As Mr. Leak testified, such conduct, as practiced by Defendant, has destroyed a large portion of Plaintiffs' market for the sound recordings at issue. Moreover, for obvious reasons, Plaintiffs do not license to anyone the right to distribute Plaintiffs' copyrighted sound recordings for free to millions of others on P2P networks. Yet, that is exactly what Defendant did here and, as Plaintiffs' witnesses testified at trial, the cost of such a license is impossible to calculate because no such license exits and because obtaining such a license would require "buying the company."

Finally, courts routinely find irreparable harm where infringing material competes directly with protected works. *EZ Gard Indus., Inc. v. XO Athletic Co.*, No. 07-cv-4769, 2008 U.S. Dist. LEXIS 33483, *12 (D. Minn. Apr. 23, 2008). As demonstrated at trial, MediaSentry downloaded a sample of the 1700 sound recordings which Defendant maintained in the shared directory of her computer. Plaintiffs' representatives testified at trial and demonstrated to the jury that these downloaded sound recordings are exact replicas of Plaintiffs' copyrighted sound recordings. By illegally obtaining these sound recordings, and then distributing them to other KaZaA users, Defendant is directly

9

competing with Plaintiffs' copyrighted works. Further, the testimony of Dr. Jacobson and others was clear that, by distributing these songs on the network, Defendant perpetuated further distribution by others on the network in a viral type fashion. *See also In re Aimster Copyright Litig.*, 334 F.3d 643, 646-47 (7th Cir. 2003) (describing conduct like Defendant's as causing ongoing viral infringement). Under these circumstances, it is impossible to know the full ramifications of Defendant's conduct. *See Reimerdes*, 111 F. Supp. 2d at 331-32 (describing harm from infringement over the Internet as "exponential rather than linear"). Inevitably, this results in significant losses in sales of the legitimate works for which it is impossible to calculate the full extent of damages, requiring injunctive relief. *Id*. at 343-44.

In sum, Defendant's conduct throughout this lawsuit makes clear that, unless she is specifically enjoined from the illegal activity that was the subject of this case, Defendant will continue to infringe Plaintiffs' copyrights in the future without any regard for the law or Plaintiffs' rights.

C.   **Monetary Damages Are Inadequate To Compensate Plaintiffs For The Harm Caused By Defendant.**

The second *eBay* factor—the inadequacy of monetary damages to compensate the harm to Plaintiffs—also weighs in Plaintiffs' favor. First, as discussed in the Motion, the harm to Plaintiffs from Defendant's conduct is nearly impossible to quantify. *See* Mot. at 6; *Gray*, 2008 U.S. Dist. LEXIS 70128 at *10 (finding monetary damages inadequate in a P2P file-sharing case because "damages for violation of these kinds of rights are inherently difficult to value"); *McEwan*, 2009 U.S. Dist. LEXIS 2073 at *7-8. Among

10

other things, Plaintiffs' representatives testified to the lost sales they suffered, and the consequent effect on Plaintiffs' workforce and Plaintiffs' ability to identify and promote new talent, as a result of the illegal reproduction and distribution of Plaintiffs' sound recordings through the conduct of Defendant and other KaZaA users. Monetary damages alone are insufficient to compensate for such losses. *See, e.g., EZ Gard Indus.*, 2008 U.S. Dist. LEXIS 33483 at *12 ("Lost sales, particularly sales lost to an infringing product, cannot be remedied by dollar damages alone.")

Second, as discussed above, Defendant has stated in press reports that Plaintiffs will never recover monetary damages from her. *See* Ebert, *Download Damages: $1.9 Million*. The fact that Plaintiffs will likely never collect on the judgment issued against Defendant further demonstrates that monetary damages are inadequate to redress Plaintiffs' injuries in this case. *See Ates*, 2006 U.S. Dist. LEXIS 46683 at *12 (irreparable harm includes that "which will not be remedied by a damage award that may or may not be collectible"). Accordingly, Plaintiffs are entitled to injunctive relief to help remedy the harm that monetary damages alone cannot undo.

Third, Defendant's argument (Opp. at 8-9) that Plaintiffs' failure to seek a preliminary injunction precludes them from seeking a permanent injunction is wrong. By Defendant's reasoning, every plaintiff in any intellectual property case would be required to seek preliminary injunctive relief or be foreclosed from ever seeking an injunction against an infringer. Such a requirement would be entirely impractical for plaintiffs and the courts. Defendant's argument further defies logic because, in a case like this where a plaintiff has gone through an entire trial and obtained a jury verdict establishing willful

11

infringement and intentional concealment of that infringement, that plaintiff has established the need for an injunction. *See Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 546 n.12 (1987) ("The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success.").

Finally, the cases cited by Defendant (Opp. at 8) do not help her here. In *MercExchange, L.L.C. v. eBay, Inc.*, the court stated that a plaintiff's failure to seek a preliminary injunction "is plainly not dispositive" and was only relevant to that particular case because the decision to forgo seeking a preliminary injunction was "consistent with [the plaintiff's] strategy of pursuing market participants to exact licenses for infringement." 500 F. Supp. 2d 556, 573 (E.D. Va. 2007). And in *PGBA, LLC v. United States*, the trial court only considered plaintiff's failure to seek a preliminary injunction because the plaintiff attempted to circumvent the equitable balancing for injunctive relief. 389 F.3d 1219, 1228 (Fed. Cir. 2004). Instead of moving for a preliminary injunction, the plaintiff moved for entry of a declaratory judgment finding a government contract award arbitrary and capricious and requested an order setting aside the award. *Id*. The lower court rejected the plaintiff's attempt "to avoid the equitable calculus associated with injunctive relief", *id*., and determined that an injunction was against the public interest and twice found that the balance of hardships weighed against entering an injunction. *Id*. at 1223. Neither of these cases at all reflect the facts in this case, which involve an individual twice found to have willfully infringed Plaintiffs' copyrights who continues to seek to avoid responsibility for her actions.

12

**D.     An Assessment Of The Hardships Weighs Heavily In Plaintiffs' Favor.**

Plaintiffs also satisfy the third *eBay* factor, because the balance of hardships in assessing whether to enter an injunction in this case clearly favors Plaintiffs. Not only has Defendant's conduct caused significant and exponential harm to Plaintiffs, but any hardship to Defendant from entry of the requested injunction is minimal. "While the magnitude of harm that internet file sharing potentially could create is great and difficult to quantify, the risk of harm to defendant that would be created by issuance of the injunction is small." *Gray*, 2008 U.S. Dist. LEXIS 70128 at *10.

There can be no harm from Defendant being enjoined from doing something that is clearly against the law and for which Defendant has already been found liable. As one District Court observed, "the balance weighs strongly in favor of Plaintiffs where all that is requested is that Defendant comply with the Copyright Act." *Ates*, 2006 U.S. Dist. LEXIS 46683 at *12. The injunction sought by Plaintiffs does not prevent Defendant from doing anything she is lawfully allowed to do with legitimately obtained sound recordings. In fact, Defendant identifies not a single hardship that would befall her were the Court to enter the requested injunction. *See* Opp. at 16.

In contrast, given Defendant's repeated failure to take responsibility for her actions and her deliberate attempts to conceal her infringements, the failure to issue the requested injunction is likely to result in substantial harm to Plaintiffs. As the Court explained in *Blake*:

> As to the consideration of the balance of hardship between Plaintiffs and Defendant, the fact that Plaintiffs' recordings can be replicated into infinity, for free, establishes that a distinct hardship rests with Plaintiffs. Defendant,

13

> on the other hand, faces little, if any, harm.  These recordings will still be just as accessible to Defendant; [she] will have to pay to download them.

2007 U.S. Dist. LEXIS 46414 at *7-8.  Thus, the balance of hardships weighs heavily in Plaintiffs' favor.

### E.   The Public Interest Is Served By Entry Of A Permanent Injunction.

Finally, the Eighth Circuit has squarely held the "public interest is the interest in upholding copyright protections." *Taylor Corp.*, 403 F.3d at 968 ("it is virtually axiomatic that the public interest can only be served by upholding copyright protections and, correspondingly, preventing the misappropriation of the skills, creative energies, and resources which are invested in the protected work."); *see also Blake*, 2007 U.S. Dist. LEXIS 46414 at *8 (holding that the public interest supports the issuance of an injunction because "there is a substantial public interest in preserving a copyright holder's exclusive rights and no public interest will be disserved by enjoining Defendant from continuing this activity."); *Gray*, 2008 U.S. Dist. LEXIS 70128 at *10-11 ("the public interest in protecting copyrighted material in order to encourage artistic expression will be served" by entry of an injunction).  Because of the strong public interest favoring the protection of copyrights, "[i]njunctions regularly are issued pursuant to the mandate of section 502." *Four Seasons Greetings*, 403 F.3d at 968.

Under the circumstances presented here, a permanent injunction against Defendant squarely serves the public interest in protecting copyrights, and Defendant offers no specific reason why the public interest would not be served by entry of an injunction. Instead, Defendant falls back merely on generalized, unsupported rhetoric and bluster

14

regarding Plaintiffs' efforts to protect their copyrights. *See* Opp. at 17-18. Defendant's pounding of the table and continued refusal to acknowledge her own illegal conduct only serves to reemphasize the need for injunctive relief.

## CONCLUSION

For these reasons and those set forth in Plaintiffs' Motion, Plaintiffs respectfully request that this Court amend the June 19, 2009 Judgment (Doc. No. 338) to include an injunction as requested by Plaintiffs in their Complaint (Compl. at 5-6).

#1425196 v6 den

Respectfully submitted this 28th day of August 2009.

/s/ Timothy M. Reynolds
Timothy M. Reynolds (pro hac vice)
Andrew B. Mohraz (pro hac vice)
HOLME ROBERTS & OWEN LLP
1700 Lincoln, Suite 4100
Denver, Colorado 80203
Telephone: (303) 861-7000
Facsimile: (303) 866-0200

Matthew J. Oppenheim (pro hac vice)
THE OPPENHEIM GROUP, LLP
7304 River Falls Drive
Potomac, Maryland 20854
Telephone: (301) 299-4986
Facsimile: (866) 766-1678

Felicia J. Boyd (No. 186168)
Leita Walker (No. 387095)
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
Telephone: (612) 766-7000
Facsimile: (612) 766-1600

ATTORNEYS FOR PLAINTIFFS
