UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CAPITOL RECORDS INC.; SONY
BMG MUSIC ENTERTAINMENT;
ARISTA RECORDS LLC;
INTERSCOPE RECORDS; WARNER
BROS. RECORDS INC.; and UMG
RECORDINGS INC.,

      Plaintiffs,

v.

JAMMIE THOMAS,

      Defendant.

Case No. 06-cv-1497 (MJD/RLE)
JURY DEMANDED

## REPLY IN SUPPORT OF MOTION FOR A NEW TRIAL, REMITTITUR, AND TO ALTER OR AMEND THE JUDGMENT

There is little in the response brief submitted by the plaintiffs or in the amicus brief submitted by the United States that Mrs. Thomas has not already addressed in her opening brief in support of this motion.

As explained in Mrs. Thomas's opening brief, the plaintiffs' contention that the Due Process Clause's limits on punitive damages awards do not apply when those awards are imposed by statute rather than by common law is nowhere supported in the case law.  The Due Process jurisprudence that is today embodied in *BMW v. Gore* has its roots in *Williams*, a case involving statutory damages.  *See St. Louis I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66 (1919).  And modern courts understand that statutory damages that are punitive in purpose or effect are subject to due process review.  *See, e.g., Murray v. Cingular Wireless II, LLC*, 242

F.R.D. 415, 421 (N.D. Ill. 2005) ("it is true that a grossly excessive statutory damages award creates a due process problem").  The concerns that trigger the due process inquiry --- arbitrariness, variability, and unpredictability in awards --- are here in spades; of this, the nearly order-of-magnitude difference between the verdicts in the first and second trials of Mrs. Thomas is unquestionable evidence. An arbitrary award imposed pursuant to a statute is still arbitrary.

The notion that Congress decided that the award of statutory damages in this case was somehow appropriate or tailored to ensure deterrence is a fiction that the plaintiffs would have this Court adopt.  The Congress that enacted the statutory-damages provision of the Copyright Act could not have had the kinds of illegal but noncommercial music downloading here at issue in mind.  And because the range of conduct that triggers statutory damages under the Copyright Act is so wide, it cannot be that Congress tailored the damages available to any particular subset of that conduct.  Rather, Congress left this tailoring to the ordinary process for assessment of punitive damages: a joint inquiry by jury and judge into what is just.  *See Honda Motor Co. v. Oberg*, 512 U.S. 415, 421–21, 434–35 (1994) (holding that judicial review is constitutionally required); *Cooper Industries v. Leatherman Tool Group Inc.*, 532 U.S. 424, 437 (2001) (holding that judicial review of punitive damages does not violate the Seventh Amendment — from which it follows that such review does not violate the Seventh Amendment right to jury trial on statutory damages guaranteed by *Feltner*).

The plaintiffs were not able to offer testimony about any actual damage

2

done to them by Mrs. Thomas's conduct beyond perhaps $1.29 per song or $15 per album in lost sales. In fact, under cross examination, Mr. Leak testified that he could not identify the particular harm, if any, caused by Mrs. Thomas's conduct in particular. The testimony that the plaintiffs describe in their response relates to harm to the music industry from illegal music downloading in general, not from Mrs. Thomas's conduct in particular. It would be unconstitutional to punish Mrs. Thomas for the generalized and widespread conduct of others, whatever the effect of that conduct might be on the plaintiffs.

Contrary to the plaintiffs' suggestion, *Phillip Morris* does indeed forbid considering the injury to others in assessing the proportionality of punishment to actual harm; the page cited by plaintiffs states this rule, then goes on to say that potential injury to others can be used in assessing the reprehensibility of the defendant's conduct. *Compare Philip Morris USA v. Williams*, 549 U.S. 346, 353–54 (2007) *with id.* at 355. But what Mrs. Thomas did, whether or not a violation, is certainly not a reprehensible one. See M. at 6-7 (citing cases and observing that Mrs. Thomas did no physical harm and did not target a particularly vulnerable individual). The reprehensibility inquiry being exhausted, the plaintiffs cannot use potential harm to third parties to cause a court to deem proportional an award of statutory damages that bears no relation at all to the actual damages suffered by the plaintiffs.

Finally, the plaintiffs' waiver argument is unpersuasive and disingenuous. Mrs. Thomas challenges the constitutionality of the Copyright Act's statutory-

damages provision as applied by this jury to her particular case.   There was nothing for Mrs. Thomas to challenge until the jury rendered its verdict awarding the plaintiffs $80,000 per song.   Promptly after this Court entered judgment on that verdict, Mrs. Thomas filed the present motion, arguing that the judgment should be altered or amended because the amount of the verdict rendered the Copyright Act's statutory-damages provision, as applied in her case, unconstitutional.

Had Mrs. Thomas raised her as-applied constitutional challenge earlier, plaintiffs would have argued that the challenge was not ripe: whether the statutory-damages provision is constitutional as applied in a particular case might well depend on the particular verdict handed up in that case.   Indeed, one of the three *Gore* guideposts is the proportionality of the punitive award to the actual damages suffered by the plaintiff, a ratio that cannot be calculated until the amount of the verdict is known.   And the broader concern underlying *Gore*, of the arbitrary and unpredictable nature of civil punishments, was best shown by showing the nearly order-of-magnitude difference between the verdicts in Mrs. Thomas's two trials.

Challenges to the constitutionality of damage awards that are punitive in nature are customarily made through post-verdict motions, either for new trial or to alter or amend the judgment, for precisely these reasons.   In *Hardeman v. City of Albuquerque*, 377 F.3d 1106 (10th Cir. 2004), the Tenth Circuit analyzed whether a constitutional challenge to damages had been waived and explained that the question was whether the challenge was raised in a post-verdict motion.   See

id. at 1122 (collecting cases).  The court nowhere suggested that such a challenge should have been raised even before the amount of the damages award could have been known.  *See also Harris v. City of Virginia Beach*, 923 F. Supp. 869, 872 (E.D. Va. 1996) (explaining that court reached constitutional challenges to particular damages awards because these challenges could not have been raised until the damages were known).  Because Mrs. Thomas raised the constitutionality of the particular damages award in her case at the first available opportunity, the argument that she has somehow waived consideration of this issue should be rejected.

Respectfully submitted,


/s/ K.A.D. Camara
K.A.D. Camara
Camara & Sibley LLP
2339 University Boulevard
Houston, Texas  77005
713 893 7973
713-583-1131 (fax)
camara@camarasibley.com

Garrett D. Blanchfield, Jr., 209855
Reinhardt, Wendorf & Blanchfield
332 Minnesota Street, Suite E-1250
St. Paul, Minnesota  55101
651-287-2100
651-287-2103
g.blanchfield@rwblawfirm.com

*Attorneys for Defendant Jammie Thomas*

Dated: August 28, 2009