**IN THE UNITED STATES OF DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| CAPITOL RECORDS, INC., *et al.*, | |
| Plaintiffs, | Case No.: 06cv1497-MJD/RLE |
| vs. | **JOINT MOTION FOR RELIEF FROM ANY FURTHER OBLIGATION TO CONDUCT SETTLEMENT DISCUSSIONS THROUGH THE SPECIAL MASTER** |
| JAMMIE THOMAS-RASSET, | |
| Defendant. | |

Plaintiffs and Defendant respectfully submit this Joint Motion for Relief From Any Further Obligation to Conduct Settlement Discussions Through the Special Master, and state as follows:

**A.   Joint Request for Relief:**

On June 18, 2010, the Court ordered the appointment of a Special Master for settlement purposes.[1] The parties hereby jointly move the Court to relieve them of any further obligation to conduct settlement discussions through the Special Master.

As the Court is aware, the parties have repeatedly attempted to settle this case, both on their own accord and by order of the Court. Those efforts have, unfortunately, been fruitless because of the substantially divergent views of the parties regarding copyright law and the merits of this case. In August 2007, the Court ordered the parties to participate in a settlement conference. Dkt #37. After submissions by both Plaintiffs and Defendant indicating that the

---

[1] The Court ordered the appointment of the Special Master under Fed. R. Civ. P. 53. The parties note that Rule 53 delineates limited circumstances for which a Special Master may be appointed. The appointment of the Special Master for settlement purposes can only be done with the consent of the parties and after the parties have been provided notice and an opportunity to be heard. Fed. R. Civ. P. 53(a)(1) and (b)(1). In this instance, the parties neither consented nor were provided an opportunity to be heard.

parties had previously discussed settlement and that further settlement efforts would be futile, the Court in September 2007 vacated its prior order. Dkt #74. Then, in April 2009, the Court once again ordered the parties to participate in a settlement conference before Magistrate Judge Erikson. Dkt #243. The parties and counsel all participated in a half-day mediation in Duluth, Minnesota, but remained unable to resolve the case. After the most recent jury verdict on June 24, 2009, the parties once again voluntarily discussed settlement, but once again were stymied by their substantially divergent views on the law and on this case.

In response to the Court's June 18, 2010 Order, the parties again engaged in settlement discussions, both on their own and via telephone with the Special Master. Once again, the parties have concluded that a settlement of the present case is not possible. Any further settlement efforts would be futile, wasting the time and resources of the parties and the Special Master.

**B.     Plaintiffs' Separate Request for Relief Concerning Fees of the Special Master:**

The Plaintiffs, on their own, also object to that portion of the June 18, 2010 Order that obligates them to pay the Special Master's fees. Plaintiffs brought this case alleging that they were the victims of Defendant's copyright infringement. Twice, Plaintiffs have obtained verdicts by juries that Defendant willfully infringed their rights. Twice, the Court has set aside those verdicts and the case is now set for a retrial on the question of damages alone. The Defendant is an adjudged, willful infringer of Plaintiffs' copyrights and, while Plaintiffs strongly subscribe to the Court's desire to settle this case, Plaintiffs believe that the financial burdens associated with the appointment of a Special Master for purposes of pursuing a Special Master should not be placed upon them. The perception that Plaintiffs have greater resources to shoulder those financial burdens should not automatically dictate that they should bear those costs, especially

given that they are the prevailing parties. Indeed, pursuant to 17 U.S.C. § 505, Plaintiffs have the right to obtain costs from Defendant, including any costs associated with a Special Master. As such, Plaintiffs do not believe that they should bear the burden of compensating a Special Master.

Based on the foregoing, the parties jointly request that the Court relieve them of any further obligation to conduct settlement discussions through the Special Master.

In the alternative, Plaintiffs ask that they not be required to pay the Special Master's fees or that the Court appoint a Magistrate Judge to preside over any court-ordered settlement discussions.

A form of order has been provided for the Court's convenience.

#1480772 v1 den

Respectfully submitted this 6th day of July 2010.

/s/ Timothy M. Reynolds
Timothy M. Reynolds (pro hac vice)
David A. Tonini (pro hac vice)
Andrew B. Mohraz (pro hac vice)
HOLME ROBERTS & OWEN LLP
1700 Lincoln, Suite 4100
Denver, Colorado 80203
Telephone: (303) 861-7000
Facsimile: (303) 866-0200

Matthew J. Oppenheim (pro hac vice)
THE OPPENHEIM GROUP, LLP
7304 River Falls Drive
Potomac, Maryland 20854
Telephone: (301) 299-4986
Facsimile: (866) 766-1678

Felicia J. Boyd (No. 186168)
BARNES & THORNBURG LLP
100 South Fifth Street, Suite 1100
Minneapolis, Minnesota 55402-1298
Telephone: (612) 333-2111
Facsimile: (612) 333-6789

ATTORNEYS FOR PLAINTIFFS

/s/ K.A.D. Camara
K.A.D. Camara (pro hac vice)
Joe Sibley (pro hac vice)
CAMARA & SIBLEY
2339 University Blvd.
Houston, Texas 77005
Telephone: (713) 893-7973
Facsimile: (713) 583-1131

Garrett Blanchfield
REINHARDT WENDORF & BLANCHFIELD
E1250 First National Bank Bldg.
332 Minnesota Street
St. Paul, Minnesota 55101
Telephone: (651) 287-2100
Facsimile: (651) 287-2103

ATTORNEYS FOR DEFENDANT