# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

CAPITOL RECORDS, INC., et al.,

        Plaintiffs,

v.

        **ORDER**
        Civil File No. 06-1497 (MJD/LIB)

JAMIE THOMAS-RASSET,

        Defendant.

Andrew B. Mohraz, David A. Tonini, and Timothy M. Reynolds, Holme Roberts & Owen, LLP; Felicia J. Boyd, Barnes & Thornburg, LLP; and Matthew J. Oppenheim, Oppenheim Group, LLP; counsel for Plaintiffs.

Joe Sibley and K. A. D. Camara, Camara & Sibley, LLP, and Brant D. Penney and Garrett D. Blanchfield, Jr., Reinhardt Wendorf & Blanchfield, counsel for Defendant.

This matter is before the Court on a damages retrial based on Plaintiffs' rejection of this Court's January 22, 2010, Remittitur Order.  [Docket No. 366]   A pretrial motions hearing was held on October 12, 2010.  Trial is set to begin November 2, 2010.  During the October 12 hearing, the parties requested that the Court consider their proposed jury instructions and issue a ruling on Defendant's request to instruct the jury regarding the standard for determining

the constitutionality of statutory damages awards and Plaintiffs' request to

instruct the jury regarding the elements of copyright infringement.  The Court

has reviewed the parties' arguments and submissions and makes the following

rulings.

Defendant requests that the jury be instructed regarding both the statutory

and constitutional standards for statutory copyright damages.  Specifically, she

requests a damages jury instruction that is substantially similar to this Court's

Instruction No. 21 from the previous trial [Docket No. 335], but with an

additional paragraph at the end of the instruction stating: "Your award of

statutory damages must bear a reasonable relationship to the harm suffered by

each plaintiff as a result of the defendant's actions."  Plaintiffs and the United

States of America oppose this request.

Defendant's request is denied.  There is no authority for the proposition

that a jury should be so instructed in a statutory damages case.  Additionally, the

standard for reviewing a statutory damages verdict for constitutionality is

precisely that – a standard for <u>review</u>, employed by the Court.  <u>See, e.g.</u>, <u>Zomba</u>

<u>Enters., Inc. v. Panorama Records, Inc.</u>, 491 F.3d 574, 587 (6th Cir. 2007) (holding

"we may review such [copyright statutory damages] awards under <u>St. Louis,</u>

2

I.M. & S. Ry. Co. v. Williams, to ensure they comport with due process") (citing to Williams, 251 U.S. 63, 66-67 (1919)).

Defendant objects to Plaintiffs' proposed jury instructions to the extent that they reiterate the liability instructions given during the previous trial on the grounds that this jury is deciding the sole issue of damages.  The Court overrules this objection.  In order for the jury to understand the meaning of the previous, binding verdict of willful infringement and the context of the current damages decision, these instructions are necessary.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1.      Defendant's request for a jury instruction regarding the constitutional limits on statutory damages awards is **DENIED**.

2.      Defendant's objection to instructing the jury regarding the elements of copyright infringement is **OVERRULED**.

3.      The Court's proposed jury instructions are attached to this Order as Exhibit A.


Dated:   October 13, 2010                    s/ Michael J. Davis
                                             Michael J. Davis
                                             Chief Judge
                                             United States District Court