IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

CAPITOL RECORDS, INC., *et al.*,

   Plaintiffs,

vs.

JAMMIE THOMAS-RASSET,

   Defendant.

Case No.: 06cv1497 (MJD/LIB)

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER REMITTITUR ORDER**

Plaintiffs respectfully submit this response in opposition to Defendant's Motion to Reconsider Remittitur Order ("Motion," Doc. No. 405), and state as follows:

### INTRODUCTION

"Motions for reconsideration are to be granted only upon a showing of compelling circumstances—namely, 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Buetow v. A.L.S. Enter., Inc.*, 2010 WL 2104641, at *1 (D. Minn. May 21, 2010) (*quoting Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988); internal quotation marks and citation omitted)). Thomas-Rasset failed to obtain proper permission to file her motion to reconsider, and has identified no compelling circumstances that warrant reconsideration of this Court's January 22, 2010 Memorandum of Law & Order ("Order") (Doc. No. 366).

## ANALYSIS

**I.   Defendant's Motion for Reconsideration is Procedurally Improper.**

"Motions to reconsider are prohibited except by express permission of the Court." Local Rule 7.1(h).  A request to file a motion to reconsider must be made in writing, with an opportunity to respond, and may be no more than two pages.  *See id.* ("Requests to make such a motion, and responses to such requests, shall be made by letter to the Court of no more than two pages in length, which shall be filed and served in accordance with the ECF procedures.").  In the ten months since the Court issued the challenged order in January, Thomas-Rasset has made no written request for reconsideration.  Instead, she waited until the eve of trial to raise the issue orally with the Court.  In light of her failure to comply with the clear requirements of Rule 7.1(h), Thomas-Rasset's motion for reconsideration is not properly before this Court.

Thomas-Rasset's request also does not satisfy the substantive standard of Rule 7.1(h).  Permission to file a motion for reconsideration "will be granted only upon a showing of compelling circumstances," Local Rule 7.1(h), namely, "to correct manifest errors of law or fact or to present newly discovered evidence." *Wind Turbine Indus. Corp. v. Jacobs Wind Elec. Co., Inc.*, 2010 WL 1416018, at *1 (D. Minn. Apr. 6, 2010) (internal quotation marks omitted).  Thomas-Rasset has not identified <u>any</u> circumstances that warrant reconsideration of the challenged order or provided any justification for her needless and extended delay in making her request.

This Court ruled on Thomas-Rasset's Motion for a New Trial, Remittitur, and to Alter or Amend the Judgment (Doc. No. 344) nearly ten months ago.  *See* Order (Doc.

2

No. 366). In doing so, the Court made crystal clear that it was deciding the motion on remittitur grounds and "w[ould] not reach the question of the constitutionality of the jury's damages award." Order at 26. Plaintiffs declined to accept the Court's proposed remittitur on February 8, 2010. *See* Notice of Pls.' Decision re: Remittitur (Doc. No. 371). Accordingly, Thomas-Rasset has been on notice for more than nine months that the Court's order would require a new trial on damages. Plaintiffs have diligently prepared for that anticipated trial. Yet the first time Thomas-Rasset suggested that this Court circumvent that process was on the eve of the scheduled trial.

Thomas-Rasset does not and cannot deny that this very same request could have been made many months ago. The only intervening event she points to is the issuance of an opinion on July 9, 2010, that involved the same constitutional issues in a similar context. *See* Motion at 1–2 (*citing Sony BMG Music Entm't v. Tenenbaum*, __ F. Supp. 2d ___, 2010 WL 2705499 (D. Mass. 2010)). Thomas-Rasset does not and could not contend that the *Tenenbaum* opinion constitutes "newly discovered evidence." Indeed, she concedes that she already made the constitutional argument in her post-trial motion that this Court rejected.

In short, Thomas-Rasset's request for reconsideration is based not on compelling circumstances, but rather on her desire to avoid another trial in this case, which she masks as an appeal to judicial economy. What Thomas-Rasset really seeks is not judicial economy, but to avoid the possibility of another verdict by a properly instructed jury that reinforces the reasonableness of statutory damages well above the range she thinks is appropriate or constitutional.

By contrast, Plaintiffs were motivated by a genuine concern for judicial economy (as well as, concededly, their own legal fees) when they sought certification of an interlocutory appeal in an effort to avoid the need for a second trial in this case. *See* Pls.' Mem. in Supp. of Mot. to Certify Sept. 24 Order for Interlocutory Appeal and for Stay of Proceedings Pending Appeal at 9 ("[C]ertifying the case for interlocutory appeal would have substantial benefits for judicial economy."). The Court gave little weight to those concerns then, noting that "the first trial took only a few days to try," and that "the second trial is not likely to be particularly long or complex." Mem. of Law & Order, Dec. 13, 2008 (Doc. No. 211). Since the same is true here—indeed, the third trial is expected to be even shorter because it is limited to damages—it would hardly be equitable to now elevate judicial economy to a "compelling circumstance" warranting reconsideration of the Court's ten-month-old opinion. Accordingly, the Court should reject Thomas-Rasset's motion for failure to comply with Local Rule 7.1(h).

## II.   A New Trial Is Not a Waste of Judicial Resources.

### A.   The Verdict from a New Trial May Satisfy the Court.

While Plaintiffs do not concede that the jury's verdicts in this matter were unreasonable, they hope the process created by the Court will enable it to come to the same conclusion with the next jury's verdict and leave it undisturbed. It is curious that Thomas-Rasset contends that a new trial is unnecessary because "there is no reason to expect that a third trial on damages will lead to a result [materially] different from the result" in the first two trials or in *Tenenbaum*, Motion at 2. That is a pretty strong admission regarding the evidence in this case. And it certainly bears noting that these

other verdicts can hardly be considered unreasonable if Thomas-Rasset herself expects the same result again.  This would explain why Thomas-Rasset is no longer arguing the evidence in this case and has instead resorted to simply arguing that she should not have to face any jury.

In any event, the underpinnings of the Court's remittitur decision was that a properly instructed, reasonable jury will not award an amount above $2,250 per work.  Accordingly, for the Court to now dispense with a new trial on damages based on the assumption that the jury will inevitably award damages well above $2,250 would be an astounding about-face.  It would also amount to an implicit admission that the Court adopted $2,250 not as a reflection of what a reasonable *jury* would award, but rather as a reflection of what *the Court* considers the maximum reasonable award.  That, of course, would be flatly inconsistent with the Supreme Court's decision in *Feltner v. Columbia Pictures*, 526 U.S. 340 (1998), and the remittitur opinion itself.  The Court emphasized the maximum damages rule it applied does not permit a court to "substitute its judgment for the judgment of the jury."  Order at 18.

Alternatively, the Court may conclude after a new trial, during which Plaintiffs will more forcefully develop the facts concerning the harm caused by Thomas-Rasset's conduct, that an award above $2,250 per work is indeed reasonable.  A new trial would then allow the Court to enter final judgment in this case and would not trigger the "Groundhog Day" scenario of another trial.

#1498965 v1 den

### B.  Constitutional Avoidance Requires the Court to Hold a New Trial on Damages.

Defendant's motion would require this Court to find the jury's verdict, which was comfortably within the statutory range set by Congress in the Copyright Act, unconstitutional. This Court already declined to do that once, and may not come to this conclusion at all after a new jury renders its verdict, which is a compelling reason to go forward with the scheduled trial. *See Nw. Austin Mun. Util. Dist. No. One v. Holder*, 129 S. Ct. 2504, 2513 (2009) ("[J]udging the constitutionality of an Act of Congress is 'the gravest and most delicate duty that this Court is called on to perform.'" (*quoting Blodgett v. Holden*, 275 U.S. 142, 147–48 (1927) (Holmes, J., concurring)).

Although Thomas-Rasset apparently intends to challenge on constitutional grounds *any* award within the statutory framework of the Copyright Act, that is not a relevant consideration for this Court. The doctrine of constitutional avoidance is not concerned with avoiding *resolution* of constitutional questions raised by parties, no matter how implausible. *See Almendarez-Torres v. United States*, 523 U.S. 224, 238 (1998) (declining to apply constitutional avoidance principles where "the constitutional question [petitioner] raises, while requiring discussion, simply does not lead us to doubt gravely" the constitutionality of the statute). Rather, the doctrine of constitutional avoidance is designed to avoid the unnecessary determination that an Act of Congress is indeed unconstitutional. *See Nw. Austin*, 129 S. Ct. at 2513; *United States v. Jin Fuey Moy*, 241 U.S. 394, 401 (1916) (courts, when possible, should "avoid . . . the conclusion that [a statute] is unconstitutional"). That concern emanates from the judiciary's "respect

6

for Congress, which [courts] assume legislates in light of constitutional limitations." *Rust v. Sullivan*, 500 U.S. 173, 191 (1991). For that reason, it is irrelevant that Thomas-Rasset may raise a constitutional argument, no matter what verdict the jury renders. While Plaintiffs believe the prior jury's verdict was amply supported under the standard articulated by the Supreme Court in *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 67 (1919), if this Court disagrees, it must take steps to avoid that conclusion, if possible. In this case, holding a new trial satisfies the Court's obligation to avoid a constitutional determination.[1]

### C. Another Verdict Will Inform the Appellate Court.

In the event that the Eighth Circuit is called upon to determine the constitutionality of the jury's verdict in this case, it should do so under the standard set forth in *Williams*, supra. As discussed in Plaintiff's Response to Defendant's Motion for a New Trial (Doc. No. 353), the *Williams* standard is extremely deferential to the statutory range set by Congress. Indeed, Plaintiffs have found no reported decision in which a court relied on *Williams* to lower a statutory award. *Id*. at 22. Nevertheless, Plaintiffs recognize that appellate courts may want to assess a particular award against ones rendered by juries in similar cases to make sure that they are appropriately respectful of the jury's determination and do not attempt to substitute their own. See *Feltner*, supra. In this

---

[1] If the Court is really interested in revising earlier rulings to avoid the burden of a new trial, Plaintiffs would encourage the Court to withdraw its prior determination about the maximum reasonable award in file sharing cases generally and instead issue a more typical common law remittitur. As Plaintiffs indicated previously, a common law remittitur that did not attempt to set hard and fast rules for the massive piracy that Plaintiffs are facing on a daily basis would have been much easier for Plaintiffs to accept.

7

regard, the Eighth Circuit will be confronting a constitutional challenge to a jury verdict in a context with relatively few points of comparison to inform its analysis.  The verdict here—whether high or low—will clearly inform that decision.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court reject consideration of Defendant's motion for failure to comply with Local Rule 7.1(h), or in the alternative deny Defendant's motion on the merits.   Especially given that the new trial was long-ago ordered and is scheduled to begin, this Court should stay the course rather than engage in an abrupt about-face on the eve of trial.

#1498965 v1 den

Respectfully submitted this 20th day of October 2010.

/s/ Timothy M. Reynolds
Timothy M. Reynolds (pro hac vice)
David A. Tonini (pro hac vice)
Andrew B. Mohraz (pro hac vice)
HOLME ROBERTS & OWEN LLP
1700 Lincoln, Suite 4100
Denver, Colorado 80203
Telephone: (303) 861-7000
Facsimile: (303) 866-0200

Matthew J. Oppenheim (pro hac vice)
THE OPPENHEIM GROUP, LLP
7304 River Falls Drive
Potomac, Maryland 20854
Telephone: (301) 299-4986
Facsimile:  (866) 766-1678

Felicia J. Boyd (No. 186168)
BARNES & THORNBURG LLP
100 South Fifth Street, Suite 1100
Minneapolis, Minnesota 55402-1298
Telephone: (612) 333-2111
Facsimile:  (612) 333-6789

ATTORNEYS FOR PLAINTIFFS

#1498965 v1 den