# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| CAPITOL RECORDS, INC., *et al.*, | |
| Plaintiffs, | Case No.: 06cv1497 (MJD/LIB) |
| vs. | **PLAINTIFFS' RESPONSE TO** *AMICUS CURIAE* **BRIEF OF THE** |
| JAMMIE THOMAS-RASSET, | **ISSUE OF JURY INSTRUCTION** |
| Defendant. | |

Plaintiffs respectfully submit this response in opposition to *Amicus Curiae* Brief on the Issue of Jury Instruction (Doc. No. 413):[1]

## INTRODUCTION

The jury instruction given in the last two trials, informing the jury of the statutory range of damages and instructing them to award an amount within that range, is appropriate, consistent with every other case to address this issue, and conforms to the mandates of both the Copyright Act and the Supreme Court's decision in *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998). *Amicus*' proposed instruction usurps the role of the jury and is in direct contravention of both Congress' clear directive in the Copyright Act, and the Supreme Court's clear directive in *Feltner*.

---

[1] Charles Nesson is not a neutral friend of the Court. Rather, he is lead counsel for Joel Tenenbaum in *Sony BMG Music Entertainment v. Tenenbaum,* 07cv11446-NG (D. Mass.). Mr. Nesson is also affiliated with the law firm of Camara & Sibley LLP, counsel for Jammie Thomas-Rasset. *See* http://www.camarasibley.com/directory.html (last visited on Nov. 2, 2010). These same arguments Mr. Nesson makes here were rejected by Judge Gertner in *Tenenbaum* and the Court should reject them here as well.

# ANALYSIS

## A. The Jury Must Be Informed Of The Statutory Range, Up To The Maximum Of $150,000 Per Work, As Two Previous Juries Have Already Found Defendant Liable For Willful Infringement.

The parties agree that under the Copyright Act, and in cases of willful infringement like this one, the statutory damage range provided under the Copyright Act is $750 to $150,000 per work. This is the undisputed law.

*Amicus*' argument that the jury should not be instructed on the range of statutory damages is both wrong and unprecedented. *Amicus* has not cited a single case where a jury was not given the statutory range of damages, and Plaintiffs have been unable to find one. *Amicus* argues that this Court should depart from the instruction it gave twice before in this case, the instruction Judge Gertner gave in *Tenenbaum*, and every model jury instruction, and instead simply tell the jury to do what is "just." This is not what the law or the Constitution requires.

In *Feltner v. Columbia Pictures*, 536 U.S. 340 (1998), the Supreme Court held that the Seventh Amendment provides a right to a jury trial on the amount of statutory damages. Although the Court "discern[ed] no statutory right to a jury trial" in the language of § 504(c), it concluded that a statutory damages action is an action at law in which juries have historically had the authority to determine what amount of damages to award. *Id.* at 347, 351-52. Accordingly, the Court held that "[t]he Seventh Amendment provides a right to a jury trial on all issues pertinent to an award of statutory damages under § 504(c) of the Copyright Act, including the amount itself." *Id.* at 355. Thus, it is

constitutionally required, under the Seventh Amendment, that the jury, not the judge, award damages and the jury's award must be within the statutory range.

Since *Feltner*, Congress has amended § 504(c), but has not altered the statutory damages scheme under which the jury, not the district judge, has the authority to decide the amount of statutory damages to award within the range that Congress has specified. Indeed, in the wake of *Feltner*, the only amendment Congress enacted to the statutory damages regime has been to increase its amounts, thus substantially increasing the jury's discretion. Congress, at the time of the 1999 Amendments to increase statutory damages to their current levels, was fully aware of the *Feltner* decision and certainly could have, as they did in Title VII, decided that the jury should not be informed of the statutory damage range. It did not. It is the jury's constitutionally mandated role, under *Feltner*, to decide the statutory damages to award, within the range set by Congress.

Courts routinely instruct juries on the range they are to consider under the Copyright Act. *See e.g.*, 3B O'Malley, Grenig, and Lee, *Federal Jury Practice & Instructions* § 160.93 (2005) (instructing the jury on the available range); *Ninth Circuit Model Civil Jury Instructions* § 17.25 – Copyright Damages – Statutory Damages (17 U.S.C. § 504(c) (same); Holbrook and Harris, *Model Jury Instructions: Copyright, Trademark, and Trade Dress Litigation* § 1.7.7 (2008) (same). Moreover, while Congress has specifically directed courts not to instruct juries as to the limits of statutory damages in other contexts, *see e.g.,* The Civil Rights Act of 1991, 42 U.S.C. § 1981a(c)(2), Congress enacted no such provision in regards to statutory damages under the Copyright Act.

In rejecting this identical argument in *Tenenbaum*, Judge Gertner explained:

> Tenenbaum's challenge to my jury instruction also fails. He argues the I should not have instructed the jury in the language of the statute, specifically that its damages award had to fall within the range of $750 to $150,000 per infringed work. Instead, he contends that I should merely have instructed the jury to return whatever award it considered "just" without mentioning the statutory minimum and maximum. If the jury's award then fell outside of the permissible statutory range, I could have adjusted the wayward award to bring it within the bounds set by Congress. My instruction, however, correctly articulated the statutory damages range authorized by Congress and did so in a way that was neither confusing or misleading. . . . Indeed, as the plaintiffs point out, several pattern jury instructions for copyright infringement cases refer to the minimum and maximum statutorily authorized awards. . . . Absent any evidence that Congress intended to shield jurors from the knowledge of section 504(c)'s statutory damage ranges, informing them of the range in which the law requires their award to fall cannot be grounds for a new trial.

*Tenenbaum,* 07cv11446-NG (Doc. No. 47) at 14. And in a footnote, Judge Gertner continued, "While Congress has instructed courts not to inform juries in Title VII cases that their awards are subject to a statutory ceiling, see 42 U.S.C. § 1981a(c)(2), Sasaki v. Class, 92 F.3d 232, 236-37 (4th Cir. 1996), it has not compelled courts to take a similar approach in copyright infringement action. The fact that Congress spoke to this issue in the context of Title VII cases, while omitting any reference to it in the Copyright Act, suggests that it intended to permit judges to inform juries of section 504(c)'s statutory damages ranges." *Id.* at n.5.

Finally, Defendant has waived any argument that the statutory range should not be provided to the jury. First, Defendant's own proposed jury instructions informed the jury of the statutory damage range. (Doc. No. 394, p. 3 "Defendant's Proposed Jury Instruction No. 2 –Variation A".) Thus, Defendant agrees that the statutory range should

4

be provided to the jury. Second, Defendant's counsel, in voir dire, in opening statements and in cross examination of one of plaintiffs' witnesses already provided the statutory damages range to the jury. It does not make sense to provide the statutory damage range to the jurors throughout the case and then take exclude the same range from the jury instructions. Any prejudice that Defendant claims she would suffer as a result of informing the jury of the statutory range has already been done by her own counsel. Therefore, Defendant has waived any argument she is now seeking to assert that the jury should not be provided the statutory damage range.

*Amicus*' unprecedented suggestion that this Court should ignore the statutory range that Congress set to constrain the jury's discretion, and simply tell them to award an amount that is "just," is reversible error. This Court should not depart from every authority to have addressed this question to date. Instead, the Court should, as it has done twice before, instruct the jury on the range of statutory damages, in accordance with the Copyright Act and the Supreme Court's jurisprudence.

> **B.     The Copyright Act Has Two Levels Of Culpability, Not Three: Innocent Infringement Is A Mitigation Defense, Not An Individual Level Of Culpability.**
>
> > **1.     There are Only Two Levels of Infringement: Infringement and Willful Infringement.**

*Amicus*' brief is based on a fundamental misconception that the Copyright Act has three levels of culpability. *Amicus* suggests, without citation to any legal authority, that the Copyright Act includes one level for innocent infringement, for the "unknowing" infringer; one for standard infringement for the "knowing" infringer, and one for willful

5

infringement, which must, intuitively require something more than knowing infringement. This is simply incorrect. The Copyright Act has only two levels of culpability: infringement, which is a strict liability offense, and willful infringement, which requires knowledge or reckless disregard. The "innocent infringer" is not – as Defendant muses – a lower level of culpability but is, instead, a mitigation defense that is only available to a defendant when the copyright holder has failed to place proper copyright notices on the works at issue. 17 U.S.C. 504(c);[2] 17 U.S.C. § 402(d) ("If a notice of copyright . . .appears on the published [sound recording] . . .to which a defendant . . .had access, then no weight shall be given to such a . . .defense based upon innocent infringement in mitigation of actual or statutory damages."); *Maverick Recording Co. v. Harper*, 598 F.3d 193, 199 (5th Cir. 2010) ("The plain language of the statute [§ 402(d)] shows that the infringers knowledge or intent does not affect its application. Lack of legal sophistication cannot overcome a properly asserted § 402(d) limitation to the innocent infringer defense."); *BMG Music v. Gonzalez*, 430 F.3d 888, 892 (7th Cir. 2005) ("the statutory question is whether 'access' to legitimate works was available").

---

[2] The innocent infringer defense is not at issue in this case for at least three reasons. First, Defendant has never plead the defense and did not oppose Plaintiffs' Motion in *Limine* on this issue before the second trial. (*See* Memorandum of Law & Order (Doc. No. 315), at 25). Second, there is no dispute that copyright notices were properly affixed to the copyrighted works at issue. And, third, Defendant has already been determined to be a willful infringer.

Since copyright infringement is a strict liability offense, non-willful infringement cannot include a knowledge or intent requirement. *See Chavez v. Arte Publico Press*, 204 F.3d 601, 607 (5th Cir. 2000). As Judge Gertner explained in the context of these very cases, "Plaintiffs are not required to prove knowledge of intent in order to make out a prima facie case of copyright infringement." *London-Sire Records, Inc. v. Does 1*, 542 F. Supp. 2d 153 (D. Mass. 2008). *See Pinkham v. Sara Lee Corp.*, 983 F.2d 824, 829 (8th Cir. 1992) ("The defendant's intent is simply not relevant: The defendant is liable even for 'innocent' or 'accidental' infringements.").

As standard infringement requires no knowledge or intent, it does not make sense that willful infringement requires more than knowledge or intent, as *Amicus* proposes. The bar for willful infringement, as *Amicus* proposes it, would be higher for civil copyright infringement than for criminal. *See* 17 U.S.C. § 506. Criminal copyright liability attaches to any "willful infringement" of a copyrighted work if the defendant did so for commercial gain, if the work had a value above $1000, or if the work was distributed by the defendant before its commercial release by the copyright holder. *Id.* There is no requirement that the defendant have some extra awareness or special intent that his conduct was infringing. To inject such a requirement in the civil context does not make sense and cannot be the law.

Moreover, there is simply no support in the language, law, or legislative history to support *Amicus*' musings on how the Copyright Act is (or should be) structured. *Amicus* took this same position in *Tenenbaum*. Judge Gertner, after receiving briefing on the issue (*Tenenbaum,* 03cv11661-NG, Doc. No. 906), found that the defendant's position

7

was contrary to the law and instead gave an instruction, providing the statutory damage range of $750 to $150,000, and defining "willful" to mean "that a defendant had knowledge that his actions constituted copyright infringement or acted with reckless disregard for the copyright holder's rights." (*Tenenbaum,* 03cv11661-NG, Doc. No. 909 at 3).

### 2. Legislative History Confirms That There Are Only Two Levels Of Copyright Infringement: Infringement And Willful Infringement.

The rationale for including an "innocent infringer" mitigation of damages in the Copyright Act was to encourage copyright holders to place copyright notices on their copyrighted works. The legislative history to the Copyright Act confirms that the innocent infringer defense is available to a party only when the copyright holder fails to provide notice on a copyrighted work. When Congress amended the Copyright Act in 1988, in the Berne Convention Implementation Act, it eliminated provisions requiring mandatory copyright notices. The Senate Judiciary Committee made clear that the mitigation of damages under section 504(c)(2) was reserved for those cases where a copyright holder failed to include notice on a copyrighted work that a defendant infringed:

> [T]he bill eliminates the mandatory notice provisions of current law, while creating a limited incentive for notice . . . the committee recognizes the value of including notice of copyright on publicly distributed works. The placement of such notices on copies of works alerts users to the fact that copyright is claimed in the work in question . . . Accordingly, section 7(a) also creates an additional incentive for notice by adding to 17 USC 401 a new subsection (d), which, in specified circumstances, *will allow a copyright proprietor who places notice on copies of the work to prevent an attempt by an infringer to mitigate damages.*

8

S. Rep. 100-352, at 43 (1988) (emphasis provided), reprinted in 1988 U.S.C.C.A.N. 3740-3741.3.  As a result, the Committee described the creation of section 402(d) as "direct[ing] the court to give 'no weight' to [an innocent infringer defense under section 504(c)(2)] in a case in which the copies to which the defendant had access included a notice of copyright in the form and position specified by the statute." *Id*. at 44, reprinted in 1988 U.S.C.C.A.N. 3741; *see also Qualey v. The Caring Center of Slidell*, 1995 U.S. Dist. LEXIS 19525, at *7, n.3 (E.D. La. Jan. 4, 1996) (emphasizing that compliance with the notice requirements under the Copyright Act effectively precludes an infringer from raising an innocent infringement defense).

In 1999, corresponding with the advent of Napster, Congress passed the Digital Theft Deterrence and Copyright Damages Improvement Act in order to increase statutory damages for willful and non-willful infringement.  *See* Digital Theft Deterrence and Copyright Damages Improvement Act of 1999, Pub. L. No. 106-160, 113 Stat. 1774.  Legislative history makes clear that Congress sought to increase penalties for at least two types of internet infringement cases: those where individuals were ignorant of the law (unknowing) and those where the individuals simply did not believe that they would be caught (the situation two juries have already concluded applies here).  Congress did not amend the innocent infringement defense.

If Congress intended unknowing infringement to fall within the innocent infringement provision, and given the Report of the Committee on the Judiciary explanation that increases were needed to achieve "more stringent deterrents to copyright infringement and stronger enforcement of the laws," H.R. Rep. No. 106-216, at 2 (1999),

9

Congress would have also adjusted the innocent infringement statutory damage range – something it did not do. As such, the legislative history disproves the notion that unknowing infringement falls within the innocent infringer mitigation defense. The House Report elaborated in a way that resonates with Plaintiffs' allegations in this case:

> Many computer users are *either ignorant that copyright laws apply to Internet activity*, or they simply *believe that they will not be caught* or prosecuted for their conduct. Also, many infringers do not consider the current copyright penalties a real threat and continue infringing even after a copyright owner puts them on notice . . . . In light of this disturbing trend, it is manifest that Congress respond appropriately with *updated penalties to dissuade such conduct*. H.R. 1761 increases copyright penalties to have a *significant deterrent effect* on copyright infringement.

*Id.* at 3 (emphasis added). Clearly, Congress' intent was to increase penalties in order to address the exact infringement at issue in this case. *Amicus*' interpretation would substantially undermine that explicit goal.

### C. Knowledge, Actual or Constructive, Is Sufficient to Establish Willfulness.

#### 1. The Case Law and Model Jury Instructions Establish that Knowledge, Actual or Constructive, Constitutes Willfulness.

Every Circuit Court to have confronted the issue has held that the defendant's knowledge that her conduct constituted copyright infringement is sufficient to establish willfulness for purposes of statutory damages. *See RCA/Ariola Int'l, Inc. v. Thomas & Grayston Co.*, 845 F.2d 773, 779 (8th Cir. 1988)*; Fitzgerald Pub. Co., Inc. v. Thomas Pub. Co., Inc.,* 807 F.2d 1110, 1115 (2d Cir. 1986); *Cable/Home Comc'n v. Network Prod.,* 902 F.2d 829 (11th Cir. 1990)*;Broadcast Music, Inc. v. Xanthas, Inc.,* 855 F.2d 233, 236 (5th Cir. 1988).

10

The ABA Model Jury Instructions: Copyright, Trademark and Trade Dress Litigation Model Instruction 1.7.7 (2008), "State of Mind and Corresponding Ranges of Statutory Damages" defines willful infringement as follows:

> *Innocent Infringement:* An infringement is innocent if defendant was not aware, and had no reason to believe, that his acts constituted an infringement of conduct.. . . If plaintiff provided proper notice of copyright prior to the infringement, such as by affixing a copyright notice on the work, the infringement cannot be innocent.
>
> \*\*\*
>
> *Willful Infringement:* An infringement is willful if defendant had actual knowledge that he was infringing plaintiff's copyright, or acted in reckless disregard of that right. It is plaintiff's burden to prove, by a preponderance of the evidence, that the infringement was willful.
>
> You need not find that defendant acted maliciously in order to find willful infringement. Also, you may infer defendant's state of mind, including reckless disregard, from him conduct.
>
> \*\*\*
>
> *Infringement Neither Innocent Nor Willful*: If you find that the infringement was neither innocent nor willful, you must award between $750 and $30,000 for each work so infringed.

Judge Gertner, in Tenenbaum, similarly defined willful to mean "that a defendant had knowledge that his actions constituted copyright infringement or acted with reckless disregard for the copyright holder's rights." (Tenenbaum, 03cv11661-NG, Dock. No. 909 at 3).

### 2. The Plain Meaning of the Statute Governs.

Rules of statutory construction require the court to look to the plain meaning of the statute. If the statutory language is unambiguous, in the absence of a clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive.

*Consumer Prod. Safety Comm'n v. Gte Sylvania*, 447 U.S. 102, 108 (1980).  The Supreme Court has "stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992) (citations omitted). When the words of a statute are unambiguous, then, this first canon is also the last: "judicial inquiry is complete." *Id*.

In common usage the word "willful" is considered synonymous with such words as "voluntary," "deliberate," and "intentional." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988) (citing Roget's International Thesaurus § 622.7, p. 479; § 653.9, p. 501 (4th ed. 1977)). Moreover, the word "willful" is widely used in the law and has a well-established meaning in the civil context to mean a knowing or reckless violation of a standard. *McLaughlin*, 486 U.S. at 133; *Safeco. Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007) (*citing United States v. Illinois Central R. Co*., 303 U.S. 239, 242-43 (1938)) ("willfully," as used in a civil penalty provision, includes "'conduct marked by careless disregard whether or not one has the right so to act'") (other citations omitted).  Thus, the unambiguous statutory language, read in its common and generally understood sense, provides for increased statutory damages where the defendant had knowledge or recklessly disregarded that his actions constituted copyright infringement.  Accordingly, it would be improper to reinterpret the language to require a higher level of culpability than Congress intended.

#1501056 v2 den

### D. *Amicus*' Proposed Instruction Unconstitutionally Usurps The Role Of The Jury.

Finally, based on *Amicus*' faulty analysis, he then states that the Court should interpret and characterize the evidence presented and conclude for the jury that Defendant "reaped no pecuniary reward" and "caused plaintiffs minimal harm." (*Amicus* at 4.) This conclusion regarding the benefits reaped by Defendant benefit and the harm caused to Plaintiffs usurps the jury's fundamental role in American jurisprudence, to interpret and characterize the evidence presented to it in determining an appropriate verdict.

*Amicus* also proposes that the Court inform the jury that it may only award damages between a range of $750 to $2250 (or treble the minimum award of $750), in direct contravention of Congress' unequivocal directive that the range of statutory damages in the case of willful infringement is $750 to $150,000 per work. Finally, and even more outrageously, *Amicus* states that the Court should inform the jury that the "appropriate" award is the minimum of $750 if it finds that Defendant acted only "knowingly" and not willfully and up to a maximum of three times that if Defendant's actions were willful. This, of course, is contrary to two previous findings by juries in this case that Defendant acted willfully. But more fundamentally, it violates the Supreme Court's ruling in *Feltner* by dictating to the jury where in the statutory range the jury should award damages.

The instruction *Amicus* seeks is not an instruction on the law. In fact, it is contrary to the law. Instead, *Amicus* is seeking to use the Court's authority to persuade the jury regarding the appropriate damage award. Such an instruction would usurp the role of the

13

jury in determining the appropriate damage award within the statutory range, and is contrary to the Seventh Amendment of the U.S. Constitution.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court reject *Amicus*' Brief and instruct the jury on the statutory damage range, as previously ordered.

Respectfully submitted this 2nd day of November 2010.

/s/ Timothy M. Reynolds
Timothy M. Reynolds (pro hac vice)
David A. Tonini (pro hac vice)
Andrew B. Mohraz (pro hac vice)
HOLME ROBERTS & OWEN LLP
1700 Lincoln, Suite 4100
Denver, Colorado 80203
Telephone: (303) 861-7000
Facsimile: (303) 866-0200

Matthew J. Oppenheim (pro hac vice)
THE OPPENHEIM GROUP, LLP
7304 River Falls Drive
Potomac, Maryland 20854
Telephone: (301) 299-4986
Facsimile: (866) 766-1678

Felicia J. Boyd (No. 186168)
BARNES & THORNBURG LLP
100 South Fifth Street, Suite 1100
Minneapolis, Minnesota 55402-1298
Telephone: (612) 333-2111
Facsimile: (612) 333-6789

ATTORNEYS FOR PLAINTIFFS