UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CAPITOL RECORDS INC.;SONY BMY MUSIC ENTERTAINMENT; ARISTA RECORDS LLC; INTERSCOPE RECORDS; WARNER BROS. RECORDS INC.; and UMG RECORDINGS INC.,     Plaintiffs, v. JAMMIE THOMAS-RASSET,     Defendant. | Case No. 06-cv-1497 (MJD/RLE) *AMICUS* REPLY ON THE ISSUE OF JURY INSTRUCTION |

## I. STATUTORY DAMAGES ARE NOT PENAL.

The legal core of the plaintiffs' case is its assertion that copyright statutory damages can be used to teach people a lesson. Tim Reynolds in his opening makes clear that the jury's damage award is to be based in part on what the jury thinks needed to deter filesharing. Plaintiffs see copyright as a strict liability offense backed by penal statutory damages imposed with the function and purpose not only of compensating the plaintiffs for whatever damage this defendant has done to them and deterring the defendant from future infringing conduct, but, critically, to make an example of the defendant to deter others. This equation of exemplary with statutory damages is not the law.

Listen to Mr. Justice Roberts speaking for the Supreme Court in *Douglas v. Cunningham*, 294 U.S. 207 (1935), addressing the statutory precursor to 504(c):

> **The phraseology of the section was adopted to avoid the strictness of construction incident to a law imposing penalties.**

He goes on to explain the non penal purpose of statutory damage:

> **to give the owner of a copyright some recompense for injury done him, in a case where the rules of law render difficult or impossible proof of damages or discovery of profits.**

He is referring to cases in which there is actual damage, all the cases covered by section 504(b) but impeded in proof by evidentiary difficulty.

> **In this respect the old law was unsatisfactory.  In many cases plaintiffs,**

> **though proving infringement, were able to recover only nominal damages, in spite of the fact that preparation and trial of the case imposed substantial expense and inconvenience. The ineffectiveness of the remedy encouraged wilful and deliberate infringement.**

The idea that statutory damages could be justifiably used to impose exemplary punishment on a civil copyright defendant crept into the law not from any word spoken by the Supreme Court of the United States, which was at pains to assure their non-penal nature, and was surely never articulated in any debate in the United States Congress. No Congress ever gave the giants of corporate copyright the power of to impose mandatory exemplary damages on an individual civil defendant, without debate or dissent. Such an interpretation of the statute would test the constitutional limits on congressional power.

The idea that statutory damages could be justifiably used to impose exemplary damages on a civil copyright defendant crept into the law by casual use of words in situations in which the significance of their use was not

addressed, followed by repetition in the excellent briefs with which the plaintiffs supply the judges before whom they litigate.

Damages come in three flavors, compensatory, punitive against the individual, and exemplary, sending message out to others. Justice Roberts, referring to "penalties", was not ruling out treble damage awards and the like to deter the *defendant's* future conduct. He is speaking of exemplary damages, imposed on a defendant before the court to teach *others* a lesson. To so use federal civil process is wrong.

## II. "WILLFUL" MUST MEAN MORE THAN "KNOWING."

The plaintiffs legal theory rests on a two-legged stool. They pull the third leg out from under. Their strict liability copyright logic pulls them down.

The unmistakably three-legged structure of the statute allows mitigation if the copyright infringement is innocent, as in the case of one who has no understanding of copyright at all. Plaintiffs deny that this statutory

category of innocence any longer exists. They base this on the bizarre claim that copyright notice posted on physical album covers in record stores eliminates the innocence of a digital downloader. Plaintiffs somehow persuaded a panel of the Fifth Circuit innocence-eliminating theory, which Whitney Harper is presently asking the Supreme Court of the United States to review, with[link petition] Kiwi Camara as counsel to Ms. Harper and Charles Nesson as amicus.[1]

But even if their bizarre theory that notice on a CD cover on an album in a record store should eliminate the innocence of a digital downloader is accepted, the innocence category of section 504(c) is still the bottom category, it mitigation still available against copyright holders who have not put notices on their album covers. The innocence (not knowing) category still exists, distinct from the two categories above it.

Now consider the top category. Plaintiffs say that willful infringement requires "no more than knowledge."

---

[1] I am associated with Mr. Camara in that we have joined our pro bono energies in an effort to stop an abuse. Our association is not financial.

This cannot be right. The immensely wide range of damage awards demands that the top category be comprised of elements more culpable. If the top category is "no more than knowing", and the bottom category is "not knowing", nothing is left in the middle. Plaintiffs try to make this the category of innocence now that they say the innocent category is gone.

## III. NOW THAT THE JURY HAS BEEN TOLD THE STATUTORY MAXIMUM, THE COURT IS OBLIGED TO PUT ITS MEANING IN CONTEXT.

Plaintiffs response with respect to *Feltner* rests on inference drawn from congressional silence, and citation to cases that parroted the sentence from *Feltner* but never addressed the issue this is being raised for the first time here and in Judge Gertner's court. The issue is one of first impression.

The Court, having informed the jury of the statutory range, should now consider itself obliged to help the jury put the statutory maximum in context. The Court instruct the jury that the top of the range is reserved for the most heinous of cases, that Jammie Thomas Rasset is not

responsible for what others have done, and that the jury is <u>not</u> to choose an award to make an example of the defendant in order to deter others. The jury should be instructed that its overarching duty is to determine an award within the statutory range that is just.

Respectfully submitted,

Charles Nesson