## JURY INSTRUCTION NO. 1

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect.  I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now.  You must not single out some instructions and ignore others, because all are important.

The instructions I am about to give you now are in writing and will be available to you in the jury room.  Again, all instructions, whenever given and whether in writing or not, must be followed.

Do not allow sympathy or prejudice to influence you.  The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

## JURY INSTRUCTION NO. 2

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdicts should be.

During this trial I have occasionally asked questions of witnesses. Do not assume that because I asked questions I hold any opinion on the matters to which my questions related.

## JURY INSTRUCTION NO. 3

I have mentioned the word "evidence."  "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated - that is, formally agreed to by the parties; and any facts that have been judicially noticed - that is facts which I say you must accept as true.

Certain things are not evidence.  I will list those things for you now:

1.  Statements, arguments, questions and comments by the lawyers trying this case are not evidence.

2.  Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3.  Objections are not evidence.  Lawyers have a right and sometimes an obligation to object when they believe something is improper.  You should not be influenced by the objection.  If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4.  Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered.

5.  Anything you see or hear about this case outside the courtroom is not evidence.

## JURY INSTRUCTION NO. 4

There are two types of evidence that are generally presented during a trial – direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case.

## JURY INSTRUCTION NO. 5

The plaintiffs and the defendant have stipulated - that is, they have agreed - that if Kevin Havemeier, Eric Stanely, and Barbara Matul were called as a witness they would testify in the way counsel have stated.  You should accept that as being Kevin Havemeier's, Eric Stanely's, and Barbara Matul 's testimony, just as if it had been given here in court from the witness stand.

# JURY INSTRUCTION NO. 6

You are instructed that the parties have agreed that the following facts are not in dispute, and you should accept them as proven:

1.      Plaintiffs placed copyright notices on each of the compact disc containers and on the surface of each of the compact discs containing the 24 sound recordings listed on Amended Exhibit A (Plaintiffs' Trial Exhibit 1) and Amended Schedule 1 (Plaintiffs' Trial Exhibit 2) as provided in section 402 of the Copyright Act.

2.      Defendant subscribed to the Internet service provided by Charter Communications, Inc., which was the Internet Service Provider that connected Defendant's Computer to the Internet on February 21, 2005.

3.      On February 21, 2005 at approximately 11:09 p.m. EST, the MAC address for Defendant's modem which connected her computer to the Internet was 0002.8acf.5590.

## JURY INSTRUCTION NO. 7

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memory, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony, and the extent to which the testimony is consistent with other evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.  You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves.  In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the

number of witnesses testifying to the existence or nonexistence of any fact.  You

may find that the testimony of a small number of witnesses as to any fact is more

credible than the testimony of a larger number of witnesses to the contrary.

## JURY INSTRUCTION NO. 8

You are to consider only the evidence in the case.  However, you are not limited to the statements of the witnesses.  In other words, you are not limited to what you see and hear as the witnesses testify.  You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence of the case.

I am advised that reports about this trial are appearing in the newspapers, on television and radio, and on the internet.  The person who wrote or is reporting the story may not have listened to all of the testimony as you have, may be getting information from people who you will not see here in Court under oath and subject to cross-examination, may emphasize an unimportant point, or may simply be wrong.  The case must be decided by you solely and exclusively on the evidence received here in court.

## JURY INSTRUCTION NO. 9

The knowledge that a person possesses at any given time may not ordinarily be proved directly, because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence, which may aid in your determination of that person's knowledge.

## JURY INSTRUCTION NO. 10

Knowledge may be either actual or inferred from the evidence.  Moreover, knowledge can be established by intentional concealment of copyright infringement.

# JURY INSTRUCTION NO. 11

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  An exception to this rule exists for "expert witnesses." An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling.  Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

## JURY INSTRUCTION NO. 12

In these instructions you are told that your verdict depends on whether you find certain facts have been proved by the greater weight of the evidence. The burden of proving a fact is upon the party whose claim depends upon that fact.  The party who has the burden of proving a fact must prove it by the greater weight of the evidence.  In order to find that a fact has been proved by the greater weight of the evidence, you must find that it is more likely true than not true.  It is determined by considering all of the evidence and deciding which evidence is more believable.  If, on any issue in the case, you cannot decide whether a fact is more likely true than not true, you cannot find that it has been proved.

The greater weight of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard which applies in criminal cases.  It does not apply in civil cases such as this.  You should, therefore, put it out of your minds.

**JURY INSTRUCTION NO. 13**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar situations in life.  A corporation is entitled to the same fair trial as a private individual.  All persons, including corporations, and other organizations stand equal before the law, and are to be treated as equals.

## JURY INSTRUCTION NO. 14

This is an action for copyright infringement.  A "copyright" is the exclusive right to copy.  A copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, mask works fixed in semiconductor chip products, or a computer program.

The owner of a copyright generally has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time. One who reproduces or distributes a copyrighted work during the term of the copyright, infringes the copyright, unless licensed by the copyright owner.

In this case, a jury in an earlier trial determined that the plaintiffs are copyright owners or licensees of exclusive rights under United States copyright with respect to certain copyrighted sound recordings, which are listed on Trial Exhibit 1 and Trial Exhibit 2, and that the defendant, Jammie Thomas-Rasset, infringed plaintiffs' copyrights in these works by using an online media distribution system known as KaZaA to download the plaintiffs' copyrighted recordings and to distribute the copyrighted recordings without the plaintiffs'

authorization or a license.

## JURY INSTRUCTION NO. 15

"Willful" means that a defendant had knowledge that her actions constituted copyright infringement or acted with reckless disregard of the copyright holder's rights.

You are hereby instructed that a jury in a previous trial has already determined that the defendant's infringement of plaintiffs' copyrights was willful.

## JURY INSTRUCTION NO. 16

In this case, there is no issue as to the defendant's liability for willful copyright infringement.

As a result, your sole responsibility is to determine the amount of damages to be awarded to the plaintiffs for the defendant's willful infringement of the plaintiffs' copyrights.

## JURY INSTRUCTION NO. 17

In this case, each plaintiff has elected to recover "statutory damages" instead of actual damages and profits.  A copyright holder may recover statutory damages even if it did not submit evidence regarding actual damages.

Under the Copyright Act, each plaintiff is entitled to a sum of not less than $750 or more than $30,000 per act of infringement (that is, per sound recording downloaded or distributed without license).  Because the defendant's conduct was willful, then each plaintiff is entitled to a sum of up to $150,000 per act of infringement (that is, per sound recording downloaded or distributed without license), as you consider just.

In determining the just amount of statutory damages for an infringing defendant, you may consider the willfulness of the defendant's conduct, the defendant's innocence, the defendant's continuation of infringement after notice or knowledge of the copyright or in reckless disregard of the copyright, the effect of the defendant's prior or concurrent copyright infringement activity, whether profit or gain was established, harm to the plaintiff, the value of the copyright, the need to deter this defendant and other potential infringers, and any mitigating circumstances.

## JURY INSTRUCTION NO. 18

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

First, when you go to the jury room, you must select one of your members as your foreperson.  That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room.  You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.  Remember at all times that you are not partisans.  You are judges - judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the court security officer, signed by one or more

jurors.  I will respond as soon as possible either in writing or orally in open court.

Remember that you should not tell anyone - including me - how your votes stand

numerically.

Fourth, your verdict must be based solely on the evidence and on the law

which I have given to you in my instructions.  The verdict must be unanimous.

Nothing I have said or done is intended to suggest what your verdict should be -

that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that

you reach in this case.  The form reads: [THE FORM WAS READ TO THE JURY.]

You will take this form to the jury room, and when each of you has agreed on the

verdicts, your foreperson will fill in the form, sign and date it, and advise the

court security officer that you are ready to return to the courtroom.