IN THE UNITED STATES OF DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

CAPITOL RECORDS, INC., *et al.*,

        Plaintiffs,

vs.

JAMMIE THOMAS-RASSET,

        Defendant.

Case No.: 06cv1497 (MJD/LIB)

**PLAINTIFFS' MOTION TO AMEND JUDGMENT**

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Plaintiffs respectfully move the Court to amend the November 8, 2010 Judgment ("Judgment," Doc. No. 428) to include an injunction as originally requested by Plaintiffs in the Complaint (Doc. No. 1). As explained below, courts routinely grant injunctive relief to copyright holders under 17 U.S.C. § 502. Furthermore, an injunction pursuant to 17 U.S.C. §§ 502 and 503 in this matter will prohibit Defendant from causing additional irreparable injury to Plaintiffs. In support of their motion, Plaintiffs state as follows:

## STATEMENT OF FACTS

On April 19, 2006, Plaintiffs filed the Complaint in this matter (Compl., Doc. No. 1) based on evidence that Defendant was distributing and had downloaded 1,702 copyrighted sound recordings using the KaZaA online media distribution system on February 21, 2005. In addition to seeking statutory damages under 17 U.S.C. § 504(c) for infringement of Plaintiffs' copyrights and exclusive rights under copyright (Compl. ¶ 18), Plaintiffs also requested that the Court grant injunctive relief under 17 U.S.C. §§

#1506071 v2 den

502 and 503, prohibiting Defendant from further infringing Plaintiffs' copyrights and ordering Defendant to destroy all copies of sound recordings made in violation of Plaintiffs' exclusive rights (Compl. ¶ 19). Plaintiffs requested such injunctive relief because Defendant's conduct "is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money." (*Id.*) Accordingly, Plaintiffs requested that the Court enter the following injunction as part of any judgment against Defendant:

> Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (*i.e.*, download) any of Plaintiffs' Recordings, to distribute (*i.e.*, upload) any of Plaintiffs' Recordings, **or to make any of Plaintiffs' Recordings available for distribution to the public,** except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

(Compl. at 5-6) (emphasis provided).

On June 18, 2009, a jury impaneled in this case adjudged Defendant to be a willful infringer of 24 of the copyrighted sound recordings owned by Plaintiffs in this case. (Doc. No. 336.) A separate jury impaneled in this case on November 4, 2010 awarded statutory damages under 17 U.S.C. § 504(c) to Plaintiffs in the amount of $62,500 per

2

sound recording infringed by Defendant. (Doc. No. 427.) On November 8, 2010, the Court entered a Judgment (Doc. No. 428) against Defendant in this matter ordering her liable for damages as found by the jury. The Judgment accords with Plaintiffs' request for statutory damages from Defendant's infringement as petitioned in the Complaint (Compl. at 6) but does not include the requested injunctive relief (*id.* at 5-6).

Following the second trial in this matter in June 2009, the Court stated that it intended to enter a permanent injunction against Defendant. (Doc. No. 366 at 37.) In its January 22, 2010 Order, the Court found that: (i) irreparable harm exists based on Defendant's refusal to accept responsibility for her actions, the ease in accomplishing online infringement, and the difficulty in detecting such infringement (*id.* at 30-34); (ii) the balance of hardships favors an injunction (*id.* at 34-35); and (iii) the public interest weighs in favor of an injunction (*id.* at 35). Accordingly, the Court stated that it would amend the judgment[1] to include the following permanent injunction:

> Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the copyrighted recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any

---

[1] Because the Judgment (Doc. No. 338) was vacated, the Court did not enter the proposed injunction against Defendant.

3

> computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

(*Id.* at 37-38.) The proposed injunction omits Plaintiffs' request contained in the Complaint to enjoin Defendant from making any of Plaintiffs' Recordings available for distribution to the public (Compl. at 5).

## ARGUMENT

### THIS COURT SHOULD PERMANENTLY ENJOIN DEFENDANT FROM FUTURE INFRINGEMENT OF PLAINTIFFS' COPYRIGHTS.

**A. Plaintiffs are Entitled to an Injunction Against Defendant Because Defendant Infringed Plaintiffs' Copyrights.**

Plaintiffs respectfully submit that they are entitled to a permanent injunction against Defendant. The Copyright Act provides:

> Any court having jurisdiction of a civil action arising under this title may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.

17 U.S.C. § 502(a); *see also Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 968 (8th Cir. 2005) (affirming injunctive relief and reiterating that Section 502 of the Copyright Act authorizes the district court to grant "final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright"); *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 790 (5th Cir. 1999) (same); *Pac. & S. Co. v. Duncan*, 744 F.2d 1490, 1499 n.17 (11th Cir. 1984) (Copyright Act authorizes an injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright"). "Injunctions regularly are issued pursuant to the mandate of Section

4

#1506071 v2 den

502, because the 'public interest is the interest in upholding copyright protections.'" *Taylor Corp.*, 403 F.3d at 968 (further adding that "it is virtually axiomatic that the public interest can only be served by upholding copyright protections, and correspondingly, preventing the misappropriation of the skills, creative energies, and resources which are invested in the protected work."); *Autoskill Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1499 (10th Cir. 1993) ("Injunctions are routinely issued pursuant to the mandate of Section 502 because the public interest is the interest in upholding copyright protections."); *see also Apple Computer Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983) (same).

In this case, the entry of an injunction is "necessary to preserve the integrity of the copyright laws which seek to encourage individual efforts and creativity by granting valuable enforceable rights." *Atari Inc. v. N. Am. Philips Consumer Elec. Corp.*, 672 F.2d 607, 620 (7th Cir. 1982) (preliminary injunction); *see also Taylor Corp.*, 403 F.3d at 968 (upholding district court's entry of a permanent injunction in addition to damages awarded to plaintiff); *Morley Music Co. v. Café Cont'l, Inc.*, 777 F. Supp. 1579, 1583 (S.D. Fla. 1991) ("A Plaintiff is entitled to a permanent injunction in a copyright action when liability has been established and where there is a threat of continuing violations.").

Here, Defendant has been found to have willfully infringed copyrights owned by Plaintiffs. (Doc. No. 336.) The jury found that Defendant willfully infringed 24 of the copyrighted sound recordings owned by Plaintiffs by copying (downloading) and distributing (uploading) those recordings without authorization. (*Id.*) Furthermore, the

5

evidence established that Defendant was distributing 1,702 sound recordings using the KaZaA online media distribution system to millions of other users. As copyright holders, Plaintiffs are entitled to avoid the irreparable damage that will occur if Defendant continues to infringe upon Plaintiffs' copyrights.

Moreover, the injunction should preclude Defendant from making any of Plaintiffs' Recordings available for distribution to the public through an online media distribution system. As discussed in Plaintiffs' Supplemental Brief Pursuant to May 15, 2008 Order and Plaintiffs' Reply Brief Pursuant to May 15, 2008 Order (Doc. Nos. 180, 183), the act of making copyrighted sound recordings available for electronic distribution on a peer-to-peer network, without license from the copyright owners, violates the copyright owners' exclusive right of distribution, regardless of whether actual distribution has been shown. An injunction that excludes this language nullifies the injunctive language related to Plaintiffs' distribution right. Specifically, without the making available language, the Court's injunction would not limit or impact Defendant's conduct vis-à-vis the infringement of Plaintiffs' distribution right. Defendant would be allowed to continue the very same conduct of storing copyrighted works in a public shared folder available to virtually anyone on the Internet. If Defendant makes Plaintiffs' copyrighted works available on a P2P network in this manner, she has completed all of the steps necessary for her to engage in the very same wholesale distribution of Plaintiffs' works for which she has already been found liable. Plaintiffs ask that Defendant be precluded from making Plaintiffs' copyrighted works available for download through an

#1506071 v2 den

online media distribution system because that is the only way to prohibit Defendant's illegal distribution of Plaintiffs' works.

### B. An Injunction is Necessary to Prevent Further Irreparable Harm by Defendant to Plaintiffs' Copyrights.

Once infringement has been established, irreparable harm is presumed in copyright infringement actions. *See, e.g., National Football League v. McBee & Bruno's, Inc.*, 792 F.2d 726, 729 (8th Cir. 1986); *Atari*, 672 F.2d at 620; *MGE UPS Sys. v. Fakouri Elec. Eng'g*, 2004 U.S. Dist. LEXIS 19274, at *8 (N.D. Tex. 2004) ("When a plaintiff seeks an injunction under the Copyright Act, the plaintiff establishes a rebuttable presumption of irreparable harm when the plaintiff shows that a valid copyright has been infringed."); *CBS Broad., Inc. v. Echostar Commc'ns, Corp.*, 276 F. Supp. 2d 1237, 1255 (S.D. Fla. 2003); *Universal City Studios v. Reimerdes*, 82 F. Supp. 2d 211, 215 (S.D.N.Y. 2000). Moreover, the Court has already found that irreparable harm exists based on Defendant's past and present conduct. (*See* Doc. No. 366 at 30-34.)

Once irreparable injury is presumed, injunctive relief is appropriate because damages alone are not an adequate remedy. *See, e.g., Universal City Studios v. Reimerdes*, 111 F. Supp. 2d 294, 343-344 (S.D.N.Y. 2000) ("[D]ifficulties [in calculating damages in copyright cases] have led to the presumption that copyright and trademark infringement cause irreparable injury, i.e. injury for which damages are not an adequate remedy."). Thus, Plaintiffs respectfully submit that an injunction in this case "is not only warranted but required." *See A&M Records, Inc. v. Napster*, 239 F.3d 1004, 1027 (9th Cir. 2001). Indeed, such injunctions are "regularly issued" because of the strong public

#1506071 v2 den

interest in copyright protections. *Taylor Corp.*, 403 F.3d at 968; *Arista Records, Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003). Additionally, pursuant to the equitable powers provided under 17 U.S.C. § 503(b), this Court has the power to order the destruction of all infringing copies in Defendant's possession as part of a final order or decree. *See Rogers v. Koons*, 960 F.2d 301, 313 (2d Cir. 1992).

Here, the ease, scope, and history of Defendant's infringement warrant the requested injunction. Defendant's infringements were widespread and continuous. She downloaded and distributed over 1,700 sound recordings, including the 24 copyrighted sound recordings that the jury found she willfully infringed. (Doc. No. 336.) Furthermore, the nature of Defendant's means of infringement—a peer-to-peer file sharing network with tens of millions of potential users—has resulted in the distribution of Plaintiffs' copyrighted sound recordings to innumerable other people, who, in turn, are likely to further distribute Plaintiffs' sound recordings to others. *See MGM Studios Inc. v. Grokster*, 259 F. Supp. 2d 1029, 1032-33 (C.D. Cal. 2001). The extent of the viral, or exponential, infringement set in motion by Defendant is literally incalculable. *Reimerdes*, 111 F. Supp. 2d at 331-32 (the distribution of digital works via the Internet "is exponential rather than linear," and "threatens to produce virtually unstoppable infringement of copyright."). Absent an injunction that includes prohibiting Defendant from making any of Plaintiffs' Recordings available for distribution to the public, there is nothing to stop Defendant from distributing more of Plaintiffs' copyrighted sound recordings through an online media distribution system. Injunctive relief therefore is

required to prevent further irreparable harm. Accordingly, Plaintiffs seek entry of an injunction, as requested in the Complaint. (*See* Compl. ¶ 19.)

### C. The Injunction Requested by Plaintiffs Reflects Standard Injunctions Entered by Courts in Copyright Infringement Cases.

Broad injunctions are regularly entered in copyright infringement cases. *See BMG Music v. Gonzalez*, 430 F.3d 888, 892-93 (7th Cir. 2005) (affirming lower court's injunction preventing the Defendant from further infringement of Plaintiffs' copyrighted sound recordings); *Sony Music Entm't, Inc. v. Global Arts Prod.*, 45 F. Supp. 2d 1345, 1347-48 (S.D. Fla. 1999) (enjoining defendants from infringing any of the copyrighted works owned by Plaintiff, including, but not limited to, those listed in the complaint); *Canopy Music, Inc. v. Harbor Cities Broad., Inc.*, 950 F. Supp. 913, 916 (E.D. Wis. 1997); *Picker Int'l Corp. v. Imaging Equip. Serv., Inc.*, 931 F. Supp. 18, 44 (D. Mass. 1995); *Jobette Music Co., Inc. v. Hampton*, 864 F. Supp. 7, 9 (S.D. Miss. 1994).

For the same reasons, and because Plaintiffs continually create new works—works that would be vulnerable to infringement and require litigation if the injunction were limited to existing works—the requested injunction follows standard practice in copyright cases by covering works to be created in the future. *See Olan Mills, Inc. v. Linn Photo Co.*, 23 F.3d 1345, 1349 (8th Cir. 1994) (stating that injunctions are entered for "works not yet in existence"); *Princeton Univ. Press v. Mich. Document Servs., Inc.*, 99 F.3d 1381, 1392 (6th Cir. 1996) ("The weight of authority supports the extension of injunctive relief to future works."); *Basic Books, Inc. v. Kinko's Graphics Corp.*, 758 F. Supp. 1522, 1542 (S.D.N.Y. 1991) (enjoining infringement of present and future copyrighted works).

#1506071 v2 den

The injunction would not, of course, prohibit Defendant from utilizing the Internet for legitimate, noninfringing purposes.

## CONCLUSION

For all of these reasons, Plaintiffs respectfully request that this Court amend the November 8, 2010 Judgment (Doc. No. 428) to include an injunction as requested by Plaintiffs in the Complaint (Compl. at 5-6).

A form of order is provided for the Court's convenience.

Respectfully submitted this 6th day of December 2010.

/s/ Timothy M. Reynolds
Timothy M. Reynolds (pro hac vice)
David A. Tonini (pro hac vice)
Andrew B. Mohraz (pro hac vice)
HOLME ROBERTS & OWEN LLP
1700 Lincoln, Suite 4100
Denver, Colorado 80203
Telephone: (303) 861-7000
Facsimile: (303) 866-0200

Matthew J. Oppenheim (pro hac vice)
THE OPPENHEIM GROUP, LLP
7304 River Falls Drive
Potomac, Maryland 20854
Telephone: (301) 299-4986
Facsimile: (866) 766-1678

Felicia J. Boyd (No. 186168)
BARNES & THORNBURG LLP
100 South Fifth Street, Suite 1100
Minneapolis, Minnesota 55402-1298
Telephone: (612) 333-2111
Facsimile: (612) 333-6789

ATTORNEYS FOR PLAINTIFFS

#1506071 v2 den