U.S. COURT OF APPEALS - EIGHTH CIRCUIT
APPELLANT'S FORM A
Appeal Information Form
To be filed with the Notice of Appeal

Appeal Docket No. _____

| STYLE OF CASE: | COUNSEL: NAME, ADDRESS, AND TELEPHONE NUMBER |
|---|---|
| Capitol Records Inc.; Sony BMG Music Entertainment; Arista Records LLC; Interscope Records; Warner Bros. Records Inc.; and UMG Recordings Inc.<br><br>Appellant/Appellee,<br>vs. | Paul D. Clement<br>BANCROFT PLLC<br>1919 M Street, NW, Suite 470<br>Washington, D.C. 20036<br>Telephone: (202) 234-0090<br>Facsimile: (202) 234-2806<br>E-mail: pclement@bancroftpllc.com |
| Jammie Thomas-Rasset<br><br><br><br>Appellant/Appellee | COUNSEL: NAME, ADDRESS, AND TELEPHONE NUMBER<br><br>K.A.D. Camara<br>Joe Sibley<br>CAMARA & SIBLEY LLP<br>2800 Post Oak Boulevard, Suite 5220<br>Houston, Texas 77056<br>713 966 6789 |

LIST ISSUES ON APPEAL (For administrative purposes). You may indicate that this also serves as your statement of issues under FRAP 10(b)(3). [✓] Yes.   [ ] No.

See Appendix A.

FOR LEAD COUNSEL ONLY
I [X] have ( [ ] have not) discussed settlement possibilities on appeal with my client.
This appeal [ ] is ( [X] is not ) amenable to settlement.

Submitted by: s/ ___Paul D. Clement_____   August 22, 2011_____
Signature of Lead Counsel                                          Date

INSTRUCTIONS:
Filing of appellant's Form A is required to be submitted to the Clerk of the District Court with the Notice of Appeal (8 Cir. Rule 3B). If inadvertenly omitted, appellant may file Form A directly with the Clerk of the Court of Appeals before appeal is docketed. Forms are available at the District Court Clerk's Office and may be obtained electronically at:
www.ca8.uscourts.gov
    Copy 1 - Send to Appellee (together with an uncompleted Form B)
    Copy 2 & 3 - Send to Clerk, District Court with Notice of Appeal or Eighth Circuit (see above)
    Copy 4 - Retain

# APPENDIX A

Whether the District Court erred by concluding that making a copyrighted work available for download on an online file sharing network is insufficient to constitute a "distribution" under § 106(3) of the Copyright Act and therefore refusing to enjoin Defendant from making Plaintiffs' copyrighted sound recordings available to the public.

Whether the District Court erred by concluding that it had committed error in instructing the jury that making a copyrighted work available for download on an online file sharing network constitutes a "distribution" under § 106(3) of the Copyright Act and therefore vacating the jury's verdict and ordering a new trial.

Whether the District Court erred by holding that the jury's award of statutory damages for Defendant's willful copyright infringement violated the Due Process Clause even though it was well within the range of damages awards authorized by § 504(c) of the Copyright Act.